IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

|  |  |
|---|---|
| MONSANTO COMPANY and MONSANTO TECHNOLOGY LLC,<br><br>Plaintiffs,<br><br>v.<br><br>E.I. DU PONT DE NEMOURS AND COMPANY and PIONEER HI-BRED INTERNATIONAL, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 4:09-CV-00686 (ERW)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PROTECTIVE ORDER**

Pursuant to Fed. R. Civ. P. 26(c), the Court hereby orders the entry of the following Protective Order in this matter:

**I.    PROCEEDINGS AND FORM OF INFORMATION GOVERNED**

1.   This Protective Order shall govern any document, information or other thing which is designated as containing "Confidential" information as defined herein, and is furnished by any party or nonparty to any party in connection with Civil Action 4:09-CV-00686-ERW (referred to herein as "this action"). The parties intended to be bound by this protective order include:

   a.   Monsanto Company and Monsanto Technology LLC ("Monsanto" collectively), including all U.S. subsidiaries and affiliates.

   b.   E.I. du Pont de Nemours and Company ("DuPont") and Pioneer Hi-Bred International, Inc. ("Pioneer") (collectively, "Defendants"), including all U.S. subsidiaries and affiliates.

1

2. The form of information protected includes, but is not limited to, documents and things, responses to requests to produce documents or other things, interrogatories, requests for admissions, and subpoenas, deposition testimony and exhibits, and all copies, extracts, summaries, compilations, designations and portions of the foregoing. For purposes of this Order, "document" shall be accorded its broadest possible meaning, and shall include, without limitation, the whole page or file or any portion thereof of any written, printed or graphic matter, any computer file, record or tape produced by or obtained from any party or nonparty, any electronically stored information, or any copy, extract, or complete or partial summary prepared there from, and any document or thing covered by Fed. R. Civ. P. 34.

II. **TYPES OF MATERIALS WHICH MAY BE DESIGNATED "CONFIDENTIAL" OR "RESTRICTED CONFIDENTIAL"**

3. Any documents, answers to interrogatories, responses to requests for admission, deposition testimony, deposition transcripts and exhibits, other responses to requests for information and/or other written information, produced in response to discovery requests in this litigation by any party (hereinafter, collectively, "Discovery Materials"), may be designated by a producing party or non-party as "Confidential" or "Restricted Confidential" under this Protective Order.

4. "Confidential" information shall include any Discovery Material which the producing party or non-party reasonably believes not to be in the public domain and contains any trade secret or other confidential, strategic, research, development, or commercial information. To facilitate discovery, unless stated otherwise by the producing party or non-party, all Discovery Material produced by each party or non-party in the course of this action – including deposition testimony and response to interrogatories and request for admission – shall presumptively be considered and treated as Confidential information under the terms of this order.

5. Any Producing Party may designate as "Restricted Confidential": (i) current and future business and marketing plans, except for advertisements or

communications that have been disclosed to the public; (ii) research and development activities, including technology, know how and the like, which have not been disclosed to the public; (iii) commercial agreements with third parties containing competitively sensitive information, and the negotiations concerning such agreements, provided that the producing party has taken reasonable steps to keep the terms of such agreements and related negotiations – as distinct from the existence of the commercial relationship – out of the public domain; (iv) non-public communications with United States and foreign patent offices; (v) non-public communications with United States or foreign regulatory agencies; (vi) financial information, including non-public sales information, customer lists, purchases by customers, communications with potential customers, sales projections, profit calculations, income and costs (i.e., production, marketing and overhead)); (vii) non-public breeding records (i.e., pedigree and breeding designations for proprietary germplasm); (viii) Confidential information that a party is required to maintain as confidential under the terms of an agreement or other understanding; and (ix) any other category of information subsequently agreed to by the parties in writing as constituting "Restricted Confidential" information.

6. Any copies, reproductions, excerpts, summaries, compilations, notes, memoranda, or analyses that paraphrase, extract or contain Confidential information or Restricted Confidential information and any electronic image of database containing Confidential information or Restricted Confidential information shall be subject to the terms of this Protective Order to the same extent as the material or information from which such summary, compilation, notes, copy, memoranda, analysis, electronic image, or database is derived. Any person found to have made an impermissible use of any Confidential information or Restricted Confidential information produced in this action may be subject to, without limitation, appropriate civil penalties including for contempt of court.

## III. ACCESS TO AND USE OF "CONFIDENTIAL" & "RESTRICTED CONFIDENTIAL" INFORMATION

7.  All information designated as Confidential or Restricted Confidential shall be used solely for the purpose of this action and not for any other purpose. Notwithstanding the foregoing, Confidential or Restricted Confidential information produced by any party in this action may be used subject to the same constraints set forth herein in the arbitration between the parties styled as *Monsanto Company and Monsanto Technology, LLC v. E.I. DuPont de Nemours and Company and Pioneer Hi-Bred International, Inc.,* (American Arbitration Association Case No. 13 122 Y 01206 09) (the "Arbitration"). Similarly, information (including "Confidential" and "Restricted Confidential" information) produced by any party in the Arbitration may be used in this action. The parties agree and understand that this Paragraph 7 is not intended to expand the scope of relevant information in either this action or the Arbitration, and further agree and understand that this Paragraph 7 does not impair or alter any party's rights to object to the use of material produced in this action in the Arbitration.

8.  Access to information marked "Confidential" shall be limited to, and only to, the following "qualified persons":

   a.  Outside attorneys of record to any party in connection with this action and, if the attorney of record is a member of a law firm, the employees and staff of the law firm (collectively "Outside Counsel"), provided that before any such person is permitted access to any of the Confidential Information, such person shall be informed of the existence and contents of this Protective Order;

   b.  Organizations (e.g., non-testifying experts, jury research consultants, graphics consultants) retained by Outside Counsel to provide litigation support services in this action, provided that before any such person is permitted access to any of the Confidential information, such person shall be informed of the existence and contents of this Protective Order and execute a declaration, in substantially the same form attached hereto as Exhibit A, agreeing to be bound by the terms of the Protective Order;

  c. Independent experts and consultants retained in this action by Outside Counsel, in so far as Outside Counsel, may deem it necessary for the preparation or trial of this case to consult with such experts or consultants, provided that any such actual or contemplated expert or consultant is not a current or former employee of the parties hereto or their respective counsel and each such expert or consultant shall be informed of the existence and contents of this Protective Order and execute a declaration, in substantially the same form attached hereto as Exhibit A, agreeing to be bound by the terms of the Protective Order;

  d. Kyle McClain, David Snively, Scott Partridge, and Myles Hansen for Plaintiffs and Justin Miller, Daniel Jacobi, and Steven Smith for Defendants, provided that they be informed of the existence and contents of this Protective Order and execute a declaration, in substantially the same form attached hereto as Exhibit A, agreeing to be bound by the terms of the Protective Order.  Defendants shall have the right to identify one additional in-house counsel.

  e. One in-house technical person to be identified by Plaintiffs and one in-house technical person to be identified by Defendants, provided that such technical persons have no sales, marketing, or patent prosecution function, and be informed of the existence and contents of this Protective Order and execute a declaration, in substantially the same form attached hereto as Exhibit A, agreeing to be bound by the terms of the Protective Order;

  f. The Court, its personnel, and any court reporters involved in taking or transcribing testimony in this action; and

  g. Such other persons as hereafter may be designated by written agreement in this action or by order of the Court.

9. Access to information marked "Restricted Confidential" shall be limited to, and only to, the "qualified persons" identified in ¶ 8 a, b, c, f, and g.  In addition, Kyle McClain, David Snively, Scott Partridge, and Myles Hansen (in-house counsel for the Plaintiffs) and Justin Miller, Daniel Jacobi, and Steven Smith (in-house counsel for the Defendants) shall have access to "Restricted Confidential" information submitted to the Court, but such information must be protected and securely stored, and sufficient protections must be employed to prevent inadvertent disclosure to any individual not permitted to have access to Restricted Confidential information.  Either party may file a motion for good cause to limit the ability of Messrs. McClain, Snively, Partridge, or

Hansen or Messrs. Miller, Jacobi, or Smith to have access to specific "Restricted Confidential" information filed with the Court.

10. All materials containing Confidential or Restricted Confidential information shall be maintained at a location and under circumstances to ensure that access is limited to those persons entitled to have access under the Protective Order.

11. Notwithstanding the provisions in paragraphs 8 and 9 above, Confidential and Restricted Confidential information may be disclosed, at deposition or otherwise, to any employee of the party or non-party producing such information or to any author or recipient of the Confidential or Restricted Confidential information unless a different result is agreed to by counsel for the parties.

12. Counsel for a party may disclose Confidential or Restricted Confidential information to any actual or potential witness provided counsel has obtained prior written consent of counsel for the party or non-party who produced such information. Notwithstanding the provisions in paragraphs 6 and 7 above, consent need not be obtained if the person is an author or recipient of the Confidential or Restricted Confidential information.

### IV. DESIGNATION OF INFORMATION AS "CONFIDENTIAL" OR "RESTRICTED CONFIDENTIAL"

13. Any information produced in this action that is reasonably believed by the producing party to contain Confidential information may be designated as Confidential or Restricted Confidential, as appropriate. Other designations may also be used to identify the confidentiality of information provided their meaning is clear. For example, the designations "CONFIDENTIAL – FOR COUNSEL ONLY," "CONFIDENTIAL-ATTORNEYS EYES ONLY" and "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" shall have the same meaning as "RESTRICTED CONFIDENTIAL" as used herein.

14. The designation of information as Confidential or Restricted Confidential shall be made at the following times:

    a.    For documents and things, at the time of the production of the documents or things. However, in the event a producing person or party elects to produce documents and things for inspection pursuant to F.R.C.P. Rule 34(b), no designation need be made prior to inspection. For purposes of the inspection, all documents shall be considered RESTRICTED CONFIDENTIAL until any such materials are produced. Upon request for copying, the producing person or party shall designate such documents with the appropriate confidentiality marking;

    b.    For written responses to interrogatories or requests for admissions, at the time of the written response;

    c.    For declarations and pleadings, at the time of the filing of such declaration or pleading or as otherwise required by the Court;

    d.    For deposition testimony, at the time of the testimony or within 30 days after receipt by the designating party of the transcript of the deposition (thus, all deposition testimony is to be presumptively treated as Restricted Confidential during that 30-day period), as set forth in paragraph 13.e, below; and

    e.    For oral disclosures (other than deposition testimony), through confirmation in writing within 10 days of the disclosure thereof.

15.    The designation of Confidential information shall be made in the following manner:

    a.    For documents, by placing a legend on each page of such document;

    b.    For tangible objects, by placing a label or tag on the object or the container therefore, or if not practicable, as otherwise agreed;

    c.    For written responses to interrogatories or requests for admissions, in writing on the face of any such responses;

    d.    For declarations or pleadings, in writing on the face of any such declaration or pleading;

    e.    Deposition testimony and the transcripts and video recordings thereof obtained during pretrial discovery shall be treated as Restricted Confidential for a period of 30 days or as many days as the parties shall agree, after receipt of such deposition transcript and/or video recordings to allows time for the deponent or counsel for the deponent, or any party or counsel to any party, to notify all parties of any Restricted Confidential information contained

therein. Such Restricted Confidential information contained in Deposition testimony shall be designated by page and line number, and video cassettes, DVDs, or other storage media shall be labeled in accordance with the provisions of this Order. Any portion of the transcript not designated to contain Restricted Confidential information shall be deemed to contain Confidential information, unless and until any portion of the testimony is de-designated by the Court or by consent of the deponent or counsel for that deponent. The court reporter shall include on the cover page of each deposition a clear indication that the deposition contains Restricted Confidential information. Any document designated as Confidential or Restricted Confidential that is marked as an exhibit in any deposition shall be treated according to the designation of that document prior to the deposition; and

f.  For other oral disclosures, through confirmation in writing within 10 days of the disclosure.

16. It shall be the duty of the party seeking protection of Confidential or Restricted Confidential information to indicate to the other party and its attorney of record which of the materials and testimony are considered Confidential or Restricted Confidential information.

17. Each party retains the right to subsequently redesignate documents and to require such documents to be treated in accord with such designations from that time forward.

## V.  FILING UNDER SEAL

18. All information designated as Confidential or Restricted Confidential information which is filed or lodged with the Court shall be filed or lodged in sealed envelopes on which shall be affixed a copy of the cover page of the document contained therein. The cover page shall include the words "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" as appropriate and a legend substantially in the following form:

> This sealed container filed in this case, *Monsanto Company and Monsanto Technology LLC v. E.I. du Pont de Nemours and Company and Pioneer HiBred International, Inc.,* Civil Action No. 4:09-CV- 00686 (B.D. Mo.) contains confidential materials generally identified as ["CONFIDENTIAL" or

8

"RESTRICTED CONFIDENTIAL"] pursuant to the Protective Order in this case. This envelope shall not be opened nor the contents thereof revealed except by the Court, including court personnel as necessary for handling of the matter, or as directed by further Order of the Court. After any such opening or revelation, the envelope shall be resealed with the contents inside.

19. If the Court clerk shall refuse to lodge or file a sealed pleading or memorandum, the party attempting to file or lodge the pleading or memorandum shall not be prejudiced from refiling an unsealed version of the pleading or memorandum as soon as reasonably practicable, and seeking to have such pleading or memorandum sealed through a motion.

20. Upon default of the filing or lodging party to properly designate Confidential or Restricted Confidential information and file or lodge such information in accordance with this Protective Order, any party who in good faith believes that designation and filing under seal is required may do so within ten (10) days of learning of the defective filing or lodging. Notice of such designation shall be given to all parties.

## VI. DEPOSITION PROCEDURES

21. At any deposition session, when counsel for a party or the deponent deems that the answer to a question will result in the disclosure of Confidential or Restricted Confidential information, counsel shall have the option, in lieu of taking other steps available under the Federal Rules of Civil Procedure, to request that all persons other than the reporter, counsel, and individuals specified in paragraph 6 hereof who have access to the appropriate category of information, leave the deposition room during the Confidential or Restricted Confidential portion of the deposition. The failure of such other persons to comply with such requests shall constitute substantial justification for counsel to advise the witness that he or she need not answer the question pending.

## VII. USE OF "CONFIDENTIAL" OR "RESTRICTED CONFIDENTIAL" INFORMATION AT TRIAL

22. In the event that any Confidential or Restricted Confidential information is used in any pre-trial court hearing or proceeding in this action, and there is any dispute as to whether such material continues to be Confidential or Restricted Confidential, the parties will meet and confer to resolve such dispute.

23. The parties shall confer and attempt to agree before any trial or other hearing on the procedures under which Confidential and Restricted Confidential information may be introduced into evidence or otherwise used at such trial or hearing. Upon reaching agreement, the parties shall give notice of the terms of such agreement to each non-party producing any Confidential or Restricted Confidential information which may be used or introduced at such trial or hearing. Absent agreement, the Court shall be asked to issue an order governing the use of such Confidential or Restricted Confidential information at trial or hearing upon reasonable notice to all parties and non-parties who have produced such information. The parties shall provide non-parties with notice of potential use at trial of any Confidential or Restricted Confidential information produced by them if and when they are listed as potential exhibits in the required filings prior to commencement of trial. The parties shall give such notice as soon as practicable after Confidential or Restricted Confidential information which is not listed on the exhibit list is determined to be used by counsel for a party in the course of examination or cross-examination at trial.

## VIII. PRODUCTION OF POTENTIALLY PRIVILEGED INFORMATION

24. The production of any privileged or otherwise protected or exempted information, as well as the production of information without an appropriate designation of confidentiality, shall not be deemed a waiver or impairment of any claim of privilege or protection, including, but not limited to, the attorney-client privilege, the protection afforded to work product materials, or the subject matter thereof, or the confidential

nature of any such information, as to the inadvertently produced document and any related material.

25.  The producing party must notify the receiving party promptly, in writing, upon discovery that a document has been produced which it believes to contain privileged and/or work product material.  Upon receiving written notice from the producing party that privileged and/or work product material has been produced, all such information, and all copies thereof, shall be returned to the producing party within ten (10) business days of receipt of such notice and the receiving party shall not use such information for any purpose, except as provided in paragraph 25, until further Order of the Court.  The receiving party shall also attempt, in good faith, to retrieve and return or destroy all copies of the documents in electronic format.

26.  If the receiving party contests the privilege or work product designation by the producing party, the receiving party shall return the information to the producing party but be entitled to maintain a log of information sufficient to identify the document (date, author, recipients, bates numbers).  However, the receiving party may not challenge the privilege or immunity claim by arguing that the disclosure itself is a waiver of any applicable privilege.  In that instance, the receiving party shall, within fifteen (15) business days from the initial notice by the producing party, seek an Order from the Court compelling the production of the material.  Any analyses, memoranda, or notes which were internally generated based upon such produced information shall immediately be placed in sealed envelopes, and shall be destroyed in the event that (a) the receiving party does not contest that the information is privileged, or (b) the Court rules that the information is privileged.  Such analyses, memoranda, or notes may only be removed from the sealed envelopes and returned to its intended purpose in the event that (a) the producing party agrees in writing that the information is not privileged, or (b) the Court rules that the information is not privileged.

## IX. RESOLUTION OF DISPUTES REGARDING DESIGNATION OF "CONFIDENTIAL" OR "RESTRICTED CONFIDENTIAL" INFORMATION

27. If any party disagrees with the designation by the producing party or non-party of any Discovery Material or Confidential or Restricted Confidential information, then the parties to the dispute, after providing notice to all parties in this action, will attempt first to resolve the dispute on an informal basis before presenting the dispute to the Court. All items objected to shall continue to be treated as Confidential or Restricted Confidential pending resolution of the parties' dispute. If the dispute can be resolved, all parties shall promptly be informed of the resolution. If the dispute cannot be resolved informally, the producing party or non-party bears the burden of persuading the Court that the information is in fact Confidential or Restricted Confidential within the definition(s) of those term(s) set forth above.

28. Entering into, agreeing, and/or complying with the terms of this Order shall not: (a) operate as an admission by any party that any particular documents, material or information contain or reflect currently valuable trade secrets or proprietary or commercial information; or (b) prejudice in any way the right of a party at any time: (i) to seek a determination by the Court of whether any particular document, item of material or piece of information should be subject to the terms of this Order; (ii) to seek relief on appropriate notice from any provision(s) of this Order, either generally or as to any particular document, item or piece of information; (iii) to object to any discovery request, including the right to assert that no discovery should be had of certain documents or information; (iv) to seek a higher level of protection than provided for by this Order if the party believes that unique circumstances warrant that higher level of protection; or (v) to seek documents or other information from any source.

## X. REQUEST FOR DOCUMENTS OR INFORMATION SUBJECT TO THIS ORDER IN UNRELATED ACTIONS

29. If any party has obtained Confidential or Restricted Confidential information under the terms of this Protective Order and receives a subpoena or other

12

compulsory process commanding the production of such Confidential or Restricted Confidential information, such party shall promptly notify the producing party or non-party, including in such notice the date set for the production of such subpoenaed information. The subpoenaed party shall not produce any Confidential or Restricted Confidential information in response to the subpoena without the prior written consent of the producing party or non-party unless in response to an order of a court of competent jurisdiction.

## XI. PARTY'S OWN INFORMATION

30. The restrictions on the use of Confidential or Restricted Confidential information established by this Protective Order are applicable only to the use of Confidential or Restricted Confidential information received by a party from another party or from a nonparty. A party is free to do whatever it desires with its own Confidential or Restricted Confidential information.

31. Nothing herein shall impose any restrictions on the use or disclosure by a party or witness of documents, material or information obtained by such party or witness independently of the discovery proceedings in this action, whether or not such documents, material or information are also obtained through discovery proceedings in this action.

## XII. APPLICABILITY OF ORDER TO THIRD PARTIES

32. In the course of this action, the parties may attempt to discover documents and information from third parties. Any third party from whom discovery is sought by the parties may avail itself upon the protections and limitations of disclosure provided for in this Order. The third party shall identify any Confidential or Restricted Confidential information produced in accordance with this Order. The parties hereby agree to treat any material designated Confidential or Restricted Confidential and produced by a third party in accordance with the terms of this Order. The parties shall reference this Protective Order in any subpoena or discovery request they serve or otherwise provide to any third party.

## XIII. NO WAIVER

33. Other than as specified herein, the taking of or the failure to take any action to enforce the provisions of this Protective Order, or the failure to object to any designation or any such action or omission, shall not constitute a waiver of any right to seek and obtain protection or relief in this action or any other action, such right including, but not limited to, the right to claim that any information is or is not proprietary to any party, is or is not entitled to particular protection, or that such information does or does not embody trade secrets of any party. The procedures set forth herein shall not affect the rights of parties to object to discovery on grounds other than those related to trade secrets or proprietary information claims, nor shall it relieve a party of the necessity of proper response to discovery devices.

## XIV. NO PROBATIVE VALUE

34. This Protective Order shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any party or person with respect to any Confidential information. The fact that information is designated Confidential or Restricted Confidential under this Protective Order shall not be deemed to be determinative of what a trier of fact may determine to be confidential or proprietary. This Protective Order shall be without prejudice to the right of any party to bring before the Court the question of (a) whether any particular material is or is not confidential; (b) whether any particular information or material is or is not entitled to a greater or lesser degree of protection than provided hereunder; or (c) whether any particular information or material is or is not relevant to any issue of this case, provided that in doing so the party complies with the foregoing procedures. Absent a stipulation of all parties, the fact that information has been designated Confidential or Restricted Confidential under this Protective Order shall not be admissible during the trial of this action, nor shall the jury be advised of such designation. The fact that any information is disclosed, used or produced in discovery or trial herein shall not be construed admissible or offered in any

action or proceeding before any court, agency or tribunal as evidence of or concerning whether or not such information is confidential or proprietary.

## XV. TERMINATION OF LITIGATION

35. Within 60 days of the final disposition of this action, whether by judgment and exhaustion of all appeals, or by settlement, attorneys of record:

    a. Shall destroy or return to the producing party, or its attorney of record, materials produced or designated as Confidential information or Restricted Confidential information in their possession, custody, or control or in the possession, custody, or control of their staff;

    b. Shall ensure that all the materials produced or designated as Confidential information or Restricted Confidential information in the possession, custody, or control of their experts and consultants is destroyed, or returned to the producing party or its attorney of record;

    c. Shall deliver to the producing party, or its attorney of record, written confirmation that there has been compliance with the terms of this paragraph or that there has not been compliance and the reason for such noncompliance, upon receipt of which the producing party may make application to the Court for such further order as may be appropriate.

36. Notwithstanding the foregoing, one designated outside attorney of record for each party may maintain in its files one copy of each affidavit, affirmation, certification, declaration, brief, record on appeal, notice of motion, deposition transcript, exhibit to a deposition or affidavit (or the like), exhibit at a hearing or trial, pleading, discovery request, stipulation, correspondence between counsel for the parties to this action, written response to a discovery request, document filed with the Court, and court transcript in this action, consisting of or containing Confidential information or Restricted Confidential information.

## XVI. ENFORCEMENT OF THIS PROTECTIVE ORDER AND JURISDICTION

37. With respect to the case identified in Paragraph 1 hereof, defined as "this action," this Protective Order shall survive the final conclusion of this action and the Court shall have jurisdiction to enforce this Protective Order beyond the conclusion of this action.

38. The recipient of any Confidential or Restricted Confidential information hereby agree to subject himself/herself to the jurisdiction of this Court of the purpose of any proceedings related to the performance under, compliance with, or violations of this Protective Order.

## XVII. MODIFICATION OF THIS PROTECTIVE ORDER

39. This Protective Order shall not affect the right of any party or non-party to oppose production of Discovery Material on any ground permitted by the Federal Rules of Civil Procedure, including any applicable privilege. Moreover, the Order shall not affect the scope of discovery by any party that is not otherwise proper under the Federal Rules of Civil Procedure.

40. Nothing in this Order shall prejudice the right of any party or non-party to move the Court to broaden or restrict the rights of access to and use of particular Discovery Material, or to seek modifications of this Order upon due notice to all other parties and affected non-parties in the form of a written stipulation or noticed motion to all parties that must be served and filed in accordance with local court rules.

SO ORDERED:

_____  Dated: June 28, 2010
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| MONSANTO COMPANY and MONSANTO TECHNOLOGY LLC, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 4:09-CV-00686 (ERW) ) |
| E.I. DU PONT DE NEMOURS AND COMPANY and PIONEER HI-BRED INTERNATIONAL, INC., | ) ) ) ) |
| Defendants. | ) ) |

I, _____, declare that:

1. My address is _____, and the name and address of my present employer is _____ _____

2. My present occupation or job description is _____ _____

3. In addition to my other job functions, I am working as a consultant to: _____.

4. My relationship to _____ is _____ _____.

5. I have received a copy of the Protective Order (the "Protective Order") in this action.

6. I have carefully read and understand the provisions of the Protective Order, agree to be bound by them, and specifically agree I will not use or disclose to anyone any of the contents of any Confidential information or Restricted Confidential information received under the protection of the Protective Order in violation thereof.

7. I understand that I am to retain all copies of any of the materials that I receive which have been so designated as Confidential information or Restricted Confidential information in a container, cabinet, drawer, room, or other safe place in a manner consistent with the Protective Order and that all copies are to remain in my custody until I have completed my assigned or legal duties. I will return all Confidential information or Restricted Confidential information which comes into my possession or which I have prepared relating thereto, to counsel for the party by whom I am retained. I acknowledge that such return or the subsequent destruction of such materials shall not relieve me from any of the continuing obligations imposed upon me by the Protective Order.

8. I consent to the exercise of personal jurisdiction by this Court in connection with this Declaration and my obligations under the Protective Order.

9. I declare under penalty of perjury that the foregoing is true and correct.

Executed this _____ day of , _____ 20_ at _____ in the State of _____

By:_____
(SIGNATURE)