UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MONSANTO COMPANY and MONSANTO TECHNOLOGY LLC, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No. 4:09-CV-00686-ERW ) |
| E.I. DUPONT DE NEMOURS AND COMPANY and PIONEER HI-BRED INTERNATIONAL, INC., | ) ) ) ) |
| Defendants. | ) ) |

**REPLY IN SUPPORT OF ORAL MOTION TO COMPEL
PRIOR LITIGATION DOCUMENT PRODUCTION**

Defendants/Counterclaim Plaintiffs E.I. du Pont de Nemours and Co. and Pioneer Hi-Bred International, Inc. ("DuPont & Pioneer") respectfully submit this reply memorandum in response to Monsanto's Opposition to Oral Motion to Compel Pre-Markman Document Production (Dkt. # 235), in further support of their filed motion for Expedited Status Conference (Dkt. # 212), and also with regard to the requests made at oral argument of that motion before the Court on June 21, 2010.

**BACKGROUND**

Plaintiffs have tried to cast this application as an oral motion related "solely" to what the parties refer to as "pre-Markman" discovery, and not to document production in the main case. That is not entirely correct.

There certainly was agreement between the parties as to the scope of the Pre-Markman production to be made by Monsanto on May 3 and again on June 14, and DuPont & Pioneer are not altering that agreement. It is also certain that DuPont & Pioneer challenged the completeness

1

of that pre-Markman production, in their moving papers (Dkt. # 212), during a meet and confer on document production between the parties on June 16, 2010, and again before this Court at the hearing on June 21.[1]

What DuPont & Pioneer were suggesting to the Court during oral argument on June 21 is that the issues surrounding the insufficiency of that pre-Markman production could be addressed and obviated by having the Court order the production of certain enumerated prior litigation documents, which had been requested in Request No. 2 of Defendants' Third Set of Requests for Production of Documents to Plaintiffs served months earlier.  (*See* relevant excerpts of Defendants' Requests served on March 30, 2010, attached as Ex. A).  More specifically, DuPont & Pioneer are requesting that the Court order Monsanto to produce written discovery responses, deposition transcripts, expert reports, test data used to prove infringement, substantive motions, and hearing and trial transcripts from all prior litigations involving either U.S. Patent No. RE39,247 (the "'247 RE Patent"), or U.S. Patent No. 5.633,435 (the "'435 Patent").  If DuPont & Pioneer did not clearly articulate this issue to the Court at the oral argument, we apologize for that confusion.

To the extent that these enumerated documents relate to Monsanto's obligation to produce documents in the main case, all Monsanto counters is that the issue is somehow not ripe, seeking again to delay resolution of this issue.  If the Court is inclined to accept that the issue of discovery in the main case is not yet ripe, rather than delaying the issue to some indeterminate time in the future as Monsanto proposes, perhaps this could be the topic of a telephone conference with the Court in the near term to advance this issue.  DuPont & Pioneer respectfully

---

[1]   Monsanto is not correct when it suggests that there has not been a meet and confer on this issue.  Not only has the issue of Monsanto's deficient Markman production been discussed in Defendants' opening brief (Dkt. # 212) and in interim party communications, but it was addressed at the June 16 meeting.  Moreover, at that June 16 meeting, Defendants met and conferred on Request No. 2 of the Third Request for Production of Documents, although whether that issue would be raised with the Court on June 21 was not expressly discussed.

suggest, however, that the most expedient way of handling this matter and moving discovery in this case forward is for the Court to order Monsanto to produce all written discovery responses, deposition transcripts, expert reports, test data used to prove infringement, substantive motions, and hearing and trial transcripts from all prior litigations involving either the '247 RE Patent or the '435 Patent as requested at the June 21 hearing. (Hg. Tr. at 109-112). Such documents are clearly relevant to numerous issues in this case and such documents can be produced promptly.

The issues raised with the Court on June 21, 2010, were indeed related to the pre-Markman issues, but were not restricted to those documents. We did raise the issue to put to the Court that there were deficiencies in Monsanto's "pre-Markman" disclosures (Hg. Tr. at 110:7-8), but the larger issue for DuPont & Pioneer, in the spirit of moving discovery in the main case forward, was DuPont & Pioneer's intent to ask the Court to order production of litigation documents from prior litigations involving the '247RE patent as well as the '435 patent, as had already been requested in DuPont and Pioneer's document requests. It is true that the scope of the materials suggested was, in part, broader than what was requested for pre-Markman (only by category of documents not in the number of cases from which they were to be produced). But what DuPont & Pioneer were attempting to request from the Court at the June 21 hearing was commensurate with the scope of what was already requested in Defendants' Third Document Requests, and not so much broader as to create a burden for Monsanto.

As counsel for DuPont & Pioneer told the Court on June 21 (Hg. Tr., at 109:21-111:1.):

> And we went to Monsanto and we said that we need to see what you have been saying in those cases about these patents, because they have a direct bearing on claim construction ***and they have direct bearing even more so on the substantive plenary issues in the case.*** And there was agreement to produce materials from those earlier litigations in both the '435 cases and in the '247 cases.

3

> What are the things that we are looking for? We were looking for substantive motions, summary judgment type, expert reports, deposition transcripts, trial and hearing transcripts. And those were the things that we were to receive. ***We received some of them***. Clearly Monsanto reviewed everything it had because it said to us during a meet and confer, well, we looked at it and we sent you whatever we thought was relevant. Somewhat of a unilateral standard Your Honor.
>
> If in fact they have them and they review[ed] them, Your Honor, ***they were called for in document requests, we ask you to order them to produce them***. (emphasis added).
>
> THE COURT:   Okay, now what? Ask -- that all -- all -- pre Markman materials they have reviewed? Is that what you are asking for?
>
> MR. FLEMING:   No, Your Honor, what we are asking for, and I can make it a bit more specific, of the lists of litigations that we have asked for, we want those litigation documents in Monsanto's possession.
>
> THE COURT: Now, explain "litigation documents." Is that explained in what you have requested?
>
> MR. FLEMING:  ***It's set forth in, among other places, in our document request number 3[sic] [should have been 2]***...

DuPont and Pioneer's argument was merely that Monsanto should be made to produce, without further delay, the prior litigation documents rightfully requested by DuPont & Pioneer, since it would pose no burden on Monsanto, as it admitted to having already collected and reviewed these litigation materials to complete its pre-Markman discovery. This subset of materials is what DuPont & Pioneer asked the Court to order Monsanto to produce.

**ARGUMENT**

**I.     Monsanto has not complied with its obligations relating to pre-Markman Documents**

Over the course of several months, the parties negotiated the scope of what Monsanto would produce in pre-Markman discovery. After a lengthy exchange of emails and letters, it

4

was agreed that Monsanto would produce a number of patent file histories.[2] In addition, Monsanto agreed to produce categories of documents <u>from all prior litigations</u> involving either U.S. Patent No. RE39,247 (the "'247 RE Patent"), or U.S. Patent No. 5.633,435 (the "'435 Patent"). In fact, on April 7, 2010, an email was sent to Monsanto specifying the materials requested from Prior Litigation, and noting that they had already been requested in document requests (*See* email attachment attached as Ex. B). It was ultimately agreed that Monsanto would produce such materials from both the '247 Patent litigations as well as the '435 Patent litigations. The agreed upon materials consist of:

> 1. Contention interrogatory responses by Monsanto on issues pertaining to infringement or validity or unenforceability; antitrust violations
>
> 2. Markman Briefing
>
> 3. Depositions of Monsanto employees relating to work disclosed in the patent-in-suit
>
> 4. Summary Judgment Motions on issues of validity or infringement
>
> 5. Any court orders (hearing transcripts from oral arguments) on such summary judgment motions, or claim construction orders
>
> 6. If an expert declaration was submitted supporting a summary judgment motion (or other substantive motion such as Markman) for a prior litigation(s), Monsanto will also produce that expert's expert report from that litigation (and any deposition transcript) as part of Monsanto's pre-Markman production.

After reviewing Monsanto's production of documents in response to the agreement between the parties, it was clear that Monsanto had not fully complied with this obligation. For one, from what we can discern, no inventor depositions relating to the work disclosed in the

---

[2] There are many gaps in this production of file histories that the parties are addressing separately.

patents were produced as set forth in item 3 above.[3]  In addition, there was but one hearing transcripts produced as set forth in item 5 above.[4]  Also noteworthy, is the fact that while a limited number of expert reports were produced (many of which dealt with damages issues), there were no expert depositions provided as set forth in item 6 above.  We are still comparing the public records to Monsanto's production to discover other deficiencies.

Moreover, for two important recent cases, *Trivette* and *Stratemeyer*, it does not appear that all of the relevant requested materials for pre-Markman purposes were produced.   For example, in a filing from one such case before the District Court of the Southern District of Illinois, *Monsanto Company v. Eugene Stratemeyer*, 99-CV-4197 (MJR) (attached as Ex. C) (which DuPont & Pioneer secured on their own and was not produced by Monsanto), there are references to testimony from a Monsanto expert, Dr. Timothy Connor, on validity and infringement issues, which would fall under items 5 and 6 above.  Yet, Monsanto did not produce in their pre-Markman production any report, deposition, or testimony from this expert.

From a further review of Monsanto's production, it also appears that Monsanto did not produce <u>any</u> prior litigation documents from a number of cases involving either the '435 patent or the '247 RE patent.  For example, Monsanto did not produce any documents from *Monsanto Co. v. Wood*, No. 00-3142 (W.D. Tenn.), *Monsanto Co. v. Rogers*, No. 02-358 (D.S.C.), *Monsanto Co. v. Byrd*, No. 99-154 (E.D.N.C.) or *Monsanto Co. v. Swann*, No. 00-1481 (E.D. Mo.).  All of these cases involve the relevant patents, and as such, pursuant to the agreement between the parties, Monsanto is obligated to produce documents from these cases.  DuPont & Pioneer raised this issue with the Court at the oral argument, as this appeared the most expedient

---

[3] Monsanto provided some of the <u>farmer defendants</u>' depositions, but these of course are not Monsanto scientists, and were not on the pre-Markman list

[4] That transcript was from a Pretrial conference in the *Stratemeyer* case, but no other transcript from that case, such as the trial transcript was produced.

6

means for DuPont & Pioneer to obtain meaningful assistance.  Since the information is solely in Monsanto's possession there appeared to be no other meaningful means to challenge Monsanto's production.

Even in the April 7 email to Plaintiffs, to which Plaintiffs agreed, DuPont & Pioneer specifically noted and preserved their rights:

> It is understood that Monsanto's production of the following information pursuant to the Court's Order is without prejudice and in no way limits DuPont's or Pioneer's right or ability to seek or demand any and all further or other documents, information or things in this action, **including anything requested in the document requests served by DuPont and Pioneer to date**.  (Ex. B, emphasis added).

These pre-Markman deficiencies need not be debated at this time by the parties, since the same and more materials were already requested by DuPont & Pioneer in Defendants' Third Requests for Production of Documents (attached as Ex. A), served months before Monsanto made its pre-Markman production.  As these items were already requested in discovery from Monsanto, and Monsanto admitted to having these materials available to it, DuPont & Pioneer asked the Court to order the production of the requested materials from Monsanto.

At oral argument, DuPont & Pioneer limited their request for materials from the prior litigations to what they requested in their Third Set of Document Requests, which sought litigation documents including written discovery responses, deposition transcripts, expert reports, underlying data to prove infringement, hearing and trial transcripts and substantive motions. (Hg. Tr., at 109-112).  Overall, this request was not particularly broader that what Monsanto had already agreed to produce in the pre-Markman production.

7

## II. Monsanto Should be Ordered to Produce the Requested Materials from Prior Litigations

As stated during the June 21, 2010 hearing, DuPont & Pioneer are specifically requesting written discovery responses, deposition transcripts, expert reports, test data used to prove infringement, substantive motions, and hearing and trial transcripts from the relevant prior litigations. (Hg. Tr., at 110:23-112:25). It is not disputed that these materials were also requested from Monsanto in DuPont & Pioneer's previously served Third Request for Production, and specifically Request No. 2. (Ex. A).

Production of these documents would not be burdensome to Monsanto, as Monsanto admitted that it has already reviewed all of these documents from prior litigations to make its pre-Markman production. In its memorandum, Monsanto incorrectly argues that DuPont & Pioneer made "no complaints" about Monsanto's compliance with the agreed-upon pre-Markman production. To the contrary, at the meet and confer between the parties held on June 16, 2010, DuPont & Pioneer specifically raised the issue of Monsanto's insufficient production of documents from prior litigations. In response, Monsanto stated that it had reviewed all of the documents from the prior litigations and had produced to DuPont & Pioneer the documents it believed were relevant for pre-Markman purposes. Having already assembled, collected and reviewed these materials, it should be no burden now for Monsanto to produce them in response to Defendants' document requests.

In addition, at the June 16 meet and confer on document production, Monsanto suggested that it was not prepared to produce any other documents from those prior litigations beyond what it produced in pre-Markman discovery, even though these documents were requested by DuPont & Pioneer in written discovery for the case in main. It was for this reason,

too, that DuPont & Pioneer believed it was appropriate to raise this issue with the Court during the status conference.

From only the few materials from prior litigations discovered to date, much of which did not come from Monsanto, it appears that Monsanto has taken inconsistent and contrary positions in prior litigations involving the '435 patent and the '247 patent. At a minimum, the Court has seen an example of this from DuPont & Pioneer's submissions in opposition to Monsanto's Motion for Summary Judgment discussing the evidence uncovered from the *Trivette* litigation. (Dkt. # 111). As the Court is aware from the allegations in Defendants' Second Amended Answer and Counterclaims, Monsanto's prosecution and enforcement of both the '435 patent and the '247 patent are directly in issue in this case, for among other reasons, Defendants' allegations of infringement, and Defendants' claims of patent invalidity and unenforceability.

Because these documents have already been reviewed by Monsanto and are directly relevant to the issues in this litigation, the Court should order Monsanto to produce them immediately. If the Court is inclined to accept Monsanto's contention that this issue is not yet ripe, then Defendants respectfully request that the Court schedule a telephonic conference to address production of these documents.

## CONCLUSION

For the reasons stated above, Monsanto should be compelled to produce all written discovery responses, deposition transcripts, expert reports, test data used to prove infringement, substantive motions, and hearing and trial transcripts from all prior litigations involving either the '247 RE Patent or the '435 Patent, as requested by DuPont & Pioneer at the June 21 hearing.

Dated:  July 1, 2010                              Respectfully submitted,

**LEWIS RICE FINGERSH, L.C.**

By:    /s/ C. David Goerisch
Andrew Rothschild, #4214
C. David Goerisch, #77207
600 Washington Ave., Suite 2500
St. Louis, Missouri  63101
(314) 444-7600
(314) 241-6056 (facsimile)

Leora Ben-Ami
Thomas F. Fleming
Christopher T. Jagoe
Howard S. Suh
**KAYE SCHOLER LLP**
425 Park Avenue
New York, New York  10022
(212) 836-8000
(212) 836-8689 (facsimile)

Donald L. Flexner
**BOIES, SCHILLER & FLEXNER LLP**
575 Lexington Avenue, 7th Fl.
New York, New York 10022
(212) 446-2300
(212) 446-2350 (facsimile)

James P. Denvir
Amy J. Mauser
**BOIES, SCHILLER & FLEXNER LLP**
5301 Wisconsin Avenue, N.W.
Washington, D.C. 20015
(202) 237-2727
(202) 237-6131 (facsimile)

*Counsel for Defendants E.I. du Pont de Nemours and Company and Pioneer Hi-Bred International, Inc.*

## **CERTIFICATE OF SERVICE**

       I hereby certify that on July 1, 2010, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

- **Steven M. Berezney**
  steve.berezney@huschblackwell.com
- **Kurt G. Calia**
  kcalia@cov.com
- **Matthew A. Campbell**
  macampbell@winston.com
- **Scott W. Clark**
  sclark@mwe.com,knappj@howrey.com
- **Joseph P. Conran**
  joe.conran@huschblackwell.com
- **Todd J. Ehlman**
  tehlman@winston.com
- **Anthony J. Franze**
  Anthony_Franze@aporter.com
- **Greg G. Gutzler**
  greg.gutzler@huschblackwell.com
- **Susan K. Knoll**
  sknoll@mwe.com
- **Omri E. Praiss**
  omri.praiss@huschblackwell.com
- **John J. Rosenthal**
  jrosenthal@winston.com
- **Steven G. Spears**
  sspears@mwe.com,knappj@howrey.com,jordanc@howrey.com
- **Tamara M. Spicer**
  tamara.spicer@husch.com,jean.melenbrink@husch.com
- **Dan K. Webb**
  dwebb@winston.com

                                                               /s/ C. David Goerisch