# Exhibit C

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MONSANTO COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 99-CV-4197-MJR |
| v. ) | |
| ) | |
| EUGENE STRATEMEYER, ) | |
| ) | |
| Defendant. ) | |

## MOTION TO STAY ENTRY OF JUDGMENT

NOW COMES the Defendant, Eugene Stratemeyer, by his attorneys, Ronald E. Osman & Associates, Ltd. and Winters, Brewster, Crosby & Schafer, and, for his Motion to Stay Entry of Judgment in this case under the general power of this Court to stay its proceedings, states as follows:

1. The action was tried by jury, resulting in a jury verdict which was filed on November 21, 2002.

2. Subsequent to the jury verdict, Plaintiff filed a Motion for Treble Damages Pursuant to 35 U.S.C. § 284, a Motion for Prejudgment Interest, and a Motion for Attorney Fees on June 13, 2003.

3. Plaintiff and Defendant both briefed the issues raised in Plaintiff's Motions.

4. This Court has had the motions under advisement and has not yet entered judgment in this case.

5. In the prosecution of this case, Count I of Plaintiff's action claims patent infringement of Patent Number 5,633,435 (hereafter "435 Patent").

6. Evidence was produced by Plaintiff at trial in the form of testimony by Dr. Tim Conner that Plaintiff's 435 Patent was valid and that Defendant infringed the 435

Patent by saving soybean seed from patented seed in violation of one or more of the 87 claims made by Plaintiff in the 435 Patent.

7. Specifically, Dr. Conner testified that Defendant infringed claims 4 and 32 of the 435 Patent (see testimony of Dr. Conner, Trial Transcript, Vol. 2, November 6, 2002, Morning Session, p. 78, ln 9 – p. 81, ln. 11, attached hereto and made a part hereof as Exhibit A).

8. On July 18, 2002, approximately five months before trial in this matter, Plaintiff, in the unrelated lawsuit of Monsanto Company v. Mitchell Scruggs, et al., Civil Action No. 3:00CV151-P-A, United States District Count of the Northern District of Mississippi, Western Division, requested permission to file a Fourth Amended Complaint to withdraw its patent infringement claim for the 435 Patent against Scruggs. (A copy of the motion and Court's Order denying the motion is attached hereto and made a part hereof as Exhibit B).

9. The purported reason given the Mississippi Court requesting the withdrawal of the 435 Patent was to "clarify the issues for trial."

10. On December 8, 2003, Monsanto filed a Notice of Dismissal of Count One (the 435 Patent claim) in the Scruggs case in a second attempt to remove the 435 Patent from the action. (A copy of the only Court document available to the public regarding the dismissal is attached hereto and made a part hereof as Exhibit C.)

11. The contents of the motion and the reason for the requested dismissal in the Scruggs case is unknown as the document was filed under seal.

12. On July 18, 2003, Plaintiff filed an application with the Patent and Trademark Office in accordance with 35 U.S.C. 251 for the reissuance of the 435 Patent

(hereafter the "Application"). (A copy of the complete application is attached hereto as Exhibit D.)

13. In Plaintiff's Application, it is seeking amendment of claims 4 and 32, along with 18 other claims of the 435 Patent. (See page 1 of Preliminary Amendment and Remarks of Exhibit D.)

14. 35 U.S.C. 252, Effect of reissue, states in part:

> The surrender of the original patent shall take effect upon the issue of the reissued patent, and every reissued patent shall have the same effect and operation in law, on the trial of the action for causes thereafter arising, as if the same had been originally granted in such amended form, but in so far as the claims of the original and reissued patents are identical, such surrender shall not affect any action then pending nor abate any cause of action then existing, and the reissued patent, to the extent that its claims are identical with the original patent, shall constitute a continuation thereof and have effect continuously from the date of the original patent.

*See* 35 U.S.C. 252.

15. The Application indicates that claims 4 and 32 are being changed to add the following language: <u>provided that when $X_1$ is $D_2$, $X_2$ is T, $X_3$ is S, and $X_4$ is V, then $X_5$ is not P</u>. (See pages 1-2 and 4-6 of the Preliminary Amendment and Remarks, Exhibit D.)

16. The addition of the above referenced language in the Application renders those claims different from the original claims and thus they are not identical as required by 35 U.S.C. 252.

17. Upon information and belief, Defendant states that Plaintiff was aware of the infirmities in the 435 Patent at the time it filed its Motion to File Fourth Amended Complaint (Exhibit B) in the <u>Scruggs</u> case and its statement that its motion was the clarify the issues was pretextual.

18.     At the time Monsanto presented its proof in the instant matter, it knew its 435 Patent contained infirmities that would render the 435 Patent unenforceable against Defendant and others and was at that time taking steps to file the Application.

19.     A portion of the jury verdict specifically finds that Defendant infringed the 435 Patent and that the infringement was willful.

20.     The 435 Patent was unenforceable against Defendant at the time of trial ,and Plaintiff was aware of its nonenforceability.

WHEREFORE, Defendant moves this Court enter a stay of its Judgment in this matter until the Court holds a hearing to determine whether the proposed amendment to claims 4 and 32 in the Application are identical to claims 4 and 32 in the 435 Patent in accordance with 35 U.S.C. §252.

s/Ronald E. Osman
Ronald E. Osman & Associates, Ltd.
1602 West Kimmel Street, P.O. Box 939
Marion, IL  62959
Tele:  618-997-5151
Fax: 618-997-4983
E-Mail: rosman@marion.quitamlaw.com

Ronald E. Osman & Associates, Ltd.
    Ronald E. Osman #3123542
1602 West Kimmel Street, P.O. Box 939
Marion, IL  62959
Tele:  618-997-5151
Fax: 618-997-4983
E-Mail: rosman@marion.quitamlaw.com

Patchett Law Office
    Randy Patchett, #02151677
104 West Calvert Street
P.O. Box 1176
Marion, IL 62959
Tele:  618-997-1984
Fax:   618-998-1495

Winters, Brewster, Crosby & Schafer
    Thomas F. Crosby #3128836
111 W. Main St., P.O. Box 700
Marion, IL  62959
Tele:  618-997-5611
Fax:  618-997-6522
E-Mail: tcrosby@winterslaw.com

Barrett Law Offices, P.A.
    Don Barrett
104 Court Square North
P.O. Box 987
Lexington, MS 39095
Tele: 662-834-2376
Fax: 662-834-2628

E-Mail: rpatchet@midwest.net                    E-Mail: dbarrett@barrettlawoffice.com

Lieff, Cabraser, Heimann & Bernstein, LLP
    Elizabeth J. Cabraser
    Robert G. Eisler
    Lori E. Andrus
3319 West End Avenue, Suite 600
Nashville, TN 37203
Tele:  615-313-9000
Fax:   615-313-9965

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MONSANTO COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 99-CV-4197-MJR |
| v. | ) | |
| | ) | |
| EUGENE STRATEMEYER, | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

    I hereby certify that on February 20, 2004, I electronically filed a Motion to Stay Entry of Judgment with the Clerk of Court using the CM/ECF System which will send notification of such filing to the following:

| | |
|---|---|
| Robert E. Becker | Phillip A. Bradley |
| Matthew R. Grant | Kenneth R. Heineman |
| James F. Monafo | Joseph Orlet |
| Gregory E. Upchurch | |

and I hereby certify that on February 20, 2004, I mailed by United States Postal Service, the document to the following non-registered participants:

Douglas P. Matthews       Philip D. Bartz
Joel E. Cape       McKenna, Long & Aldridge LLP
Wayne K. McNeil       1900 K Street N.W.
Frilott, Partridge, Kohnke       Washington, DC 20006
& Clements, L.C.
3600 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-3600

                                             s/Ronald E. Osman
                                             Ronald E. Osman & Associates, Ltd.
                                             1602 West Kimmel Street, P.O. Box 939

Marion, IL  62959
Tele:  618-997-5151
Fax: 618-997-4983
E-Mail: rosman@marion.quitamlaw.com

6    Q    Okay. Is the CP4 gene patented?

7    A    Yes, it is.

8    Q    What patent covers it?

9    A    That is covered by the 435 patent.

10        MR. HEINEMAN: May I approach the witness, Your Honor?

11        THE COURT: You may.

12        MR. HEINEMAN: This is Plaintiff's Exhibit 1.

13   Q    Let me hand to you what is marked as Plaintiff's Exhibit

14   1 and ask you to examine that and identify it for me, please?

15   A    This is the United States patent, patent number

16   56633435, called 435.

17   Q    What does this patent cover?

18   A    So this patent covers primarily the CP4 EPSP synthase

19   and sequences related to it that were identified, for example,

20   in that Louann, Louisiana, waste stream.

21   Q    Now when you refer to it as the 435 patent, which

22   portions of the number are you referring to?

23   A    The last three numbers.

24   Q    Okay. And is this gene found in Roundup Ready

25   biotechnology, the CP4 gene that is patented here?

MORNING SESSION

78

1    A    Yes, it is.

2    Q    Is this gene found in Roundup Ready?

3    A    Yes.

4    Q    Now would you explain the invention disclosed in claim

EXHIBIT A

5    number 4, please?

6    A    Claim number 4 discloses a recombinant DNA molecule that

7    has a promoter, which is to derive expression, and it has

8    structural sequences, the CP4 protein sequences and other

9    sequences related to CP4 EPSP synthase, and it has the stop

10   signal in one molecule.

11   Q    All right.  Now have we prepared a slide for the jury

12   that would explain that claim in number 4?

13   A    Yes.

14   Q    All right, sir.

15   A    So claim 4, as I said before, it covers the promoter,

16   this coding sequence from CP4 and related genes and the three

17   prime stop sign, stop signal.

18   Q    Okay.  Now would you explain the invention disclosed in

19   claim 5 in that patent?

20   A    Claim 5 covers --

21        THE COURT:  Was that 6 that you just had up?

22        MR. HEINEMAN:  6 was the first one that we just had

23   there, yes.

24   Q    Claim 5 in the patent?

25   A    So claim 5 claim is right here.  Claim 5 essentially

MORNING SESSION
79

1    covers the DNA in claim 4 where you actually have an addition

2    to that chloroplast transit peptide that is used for the amino

3    terminal of EPSP synthase.  In other words, there is another

4   component that is required to make the CP4 EPSP synthase work,
5   and that is CPH or chloroplast transit peptide.
6   Q     And we prepared a slide to let you explain how that
7   works.
8   A     So claim 4 has this promoter which makes this RNA;
9   essentially allows the production of this RNA. The RNA
10  contains the CP4 EPSP synthase coded sequence and the stop
11  signal with the addition of claim 5. What you get is protein
12  produced from this RNA that contains a signal CTP, which what
13  it does is takes the whole protein and it allows it to insert
14  into a very specific part of the plant cell where it is
15  required to be to do its job, to essentially make aromatic
16  amino acids in the presence of glyphosate. So it allows an
17  additional step in terms of moving the protein from one part of
18  the cell to another part of the cell.
19  Q     All right. Now would you explain the invention
20  disclosed in claim 32 of the 435 patent?
21  A     So claim 32 -- your eyes are better than mine -- starts
22  there. It is a method's claim. What it really covers is
23  plants that contain what we talked about the invention in
24  claims 4 and 5 that give the plant the ability to live when
25  treated with glyphosate under conditions where you kill normal

MORNING SESSION

80

1   weeds, but the crop plant itself lives, so it is a methods
2   claim that teaches how to practice the invention.

3    Q     Now is there or does the 435 patent cover more than just
4    plants and seed?
5    A     Yes, it does.
6    Q     Are how many total claims are there?
7    A     There are 87.
8    Q     And are seeds covered in that?
9    A     Right, so it covers everything from the DNA to the
10   protein sequence to the plant cell that it is put into,
11   including the plant and then also the seed.
12   Q     Now I would like to go to patent number 605. If I may
13   approach the witness? This is Exhibit No. 2. Let me hand you,
14   sir, what is marked as Plaintiff's Exhibit 2. Would you
15   identify that for the jury, please, sir?
16   A     This is United States patent 5352605, which we refer to
17   as patent 605.
18   Q     What, sir, does that patent cover?
19   A     So this patent covers the promoter which is used in the
20   Roundup Ready technology when fused to a heterologous protein.
21   That just means the promoter when fused to any other protein
22   but its native protein.
23   Q     What is that promoter?
24   A     So the promoter in 605 are the 35S CAMV promoter, which
25   is cauliflower mosaic virus, plant virus with identified

MORNING SESSION
81

1    promoter that can be used to express or derive expression of

# MONSANTO COMPANY v. MITCHELL SCRUGGS, ET AL.

## MONSANTO'S NOTICE OF DISMISSAL OF COUNT ONE, THIRD AMENDED COMPLAINT WITH PREJUDICE AND MOTION TO DISMISS DEFENDANTS' COUNTERCLAIM ALLEGING INVALIDITY OF THE '435 PATENT FOR LACK OF SUBJECT MATTER JURISDICTION

# FILED UNDER SEAL

EXHIBIT C

Document3                    1