UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MONSANTO COMPANY and<br>MONSANTO TECHNOLOGY LLC,<br><br>            Plaintiffs,<br><br>    v.<br><br>E.I. DUPONT DE NEMOURS and<br>COMPANY AND PIONEER HI-BRED<br>INTERNATIONAL, INC.<br><br>            Defendants. | Civil Action No. 4:09-CV-00686-ERW |

### SUR-REPLY IN OPPOSITION TO ORAL MOTION TO COMPEL
### PRIOR LITIGATION DOCUMENT PRODUCTION

Plaintiffs Monsanto Company and Monsanto Technology LLC (collectively, "Monsanto") submit this sur-reply in opposition to Defendants' recast oral motion to compel prior litigation document production. Defendants' reply brief materially changes the relief requested at the June 21 oral hearing (noticed on other issues) from a request to compel expedited pre-Markman production, to a request to compel main case production. Monsanto therefore submits this short sur-reply (i) to answer incorrect assertions regarding alleged deficiencies regarding Monsanto's pre-Markman production newly raised in Defendants' reply (and never mentioned at a meet and confer), and (ii) to answer Defendants' request for discovery now that they have changed the requested relief from pre-Markman discovery to main-case production.

Changing the procedural posture of the request from pre-Markman to main case production is of great significance. As made clear in Monsanto's opposition brief, Monsanto has worked diligently and in good faith to meet the ever-changing target presented by Defendants

1

regarding the expedited production of prior litigation documents. Defendants' new complaints regarding Monsanto's pre-Markman production raised in their reply were not raised in any meet and confer. With the exception of a ***single*** document which Monsanto thought had been produced, all of these new complaints about Monsanto's production from these past dozens of cases are wrong, and all could have easily been addressed on the phone rather than in briefing before the Court.

Because Defendants are "clarifying" the motion to be directed to production in the main case as a whole, the motion plainly is not ripe. As a motion to compel directed to main-case production, Defendants made the oral motion (i) while the parties were in the midst of a meet-and-confer process which encompassed this precise issue, (ii) with no notice to Monsanto, (iii) with no certificate of conference, and (iv) with no written motion of any kind. Now that Defendants have clarified that the documents identified in their reply brief are the additional documents from the prior litigations required for the "main case" production, Monsanto is largely amenable to producing such documents (with the two exceptions noted below). We would note, however, that there is an appropriate mechanism set forth in the Rules and Local Rule regarding the resolution of discovery disputes. Those procedures should be adhered to in the future to avoid the need to raise discovery issues before the Court that could have been easily resolved through the meet and confer process.

**ARGUMENT**

I.  **MONSANTO HAS COMPLIED WITH ITS OBLIGATIONS RELATING TO PRE-MARKMAN DOCUMENTS**

The parties have stipulated to a specific, written list of documents from the prior litigations that must be produced on an expedited pre-Markman basis, and Monsanto has substantially complied with its obligations. The purported deficiencies about which Defendants

now complain are largely based upon their expectations and conjecture. As explained in Monsanto's opposition, the prior cases asserting the '247 RE and '435 Patents have been smaller cases against farmers, which have not been nearly as involved as other patent litigations involving corporate defendants. With the exception of one document which Monsanto thought had been produced, Defendants have identified no documents that were not produced in accordance with the parties' agreement (as set forth in Defendants' Reply at 5).

<u>First</u>, Defendants allege that Monsanto failed to produce "inventor depositions relating to the work disclosed in the patents." Reply at 5-6. However, there has only been one inventor deposition in the many prior cases, which was of Dr. Padgette in the <u>Scruggs</u> case. Monsanto thought Padgette's transcript was produced with the latest production of '435 patent case materials. But upon review of those materials after seeing Defendants' reply brief, it was apparently inadvertently omitted, and is being produced now. The omission of this one document could have easily been identified in a phone call rather than a motion to compel.

Defendants also complain that Monsanto produced "but one hearing transcript" from the prior litigations. Reply at 6. This is factually incorrect. Summary judgment hearing transcripts have been produced for the <u>McFarling</u>, <u>Scruggs</u>, and <u>Stratemeyer</u> cases. The parties' agreement specifies that Monsanto is to produce transcripts only for hearings concerning summary judgment or claim construction. Reply at 5 (category 5). Based upon our search, Monsanto has located no other summary judgment hearing transcripts involving the '247 RE and '435 patents that Defendants do not now have and, given that no formal <u>Markman</u> process occurred for the prior litigations, there were no <u>Markman</u> hearing transcripts.

Defendants also presume that expert depositions relating to '247 RE and '435 patent issues (*i.e.*, infringement, validity, enforceability) occurred in these cases. Reply at 6. Yet

3

Monsanto's search of these files uncovered no expert depositions in the prior litigations relating to such issues for the '247 RE or '435 patent.

Defendants further allege that certain materials from "two important recent cases, Trivette and Stratemeyer," were not produced. Reply at 6. Defendants fail to explain what they deem lacking from Trivette. With respect to Stratemeyer, Defendants complain that Monsanto failed to produce "any report, deposition, or testimony" from Dr. Timothy Conner, based upon "references to testimony from a Monsanto expert, Dr. Timothy Conner, on validity and infringement issues" in that case. Id.

However, the testimony of Dr. Conner was limited to *trial* testimony (which is evident on the face of exhibit C, attached to Defendants' reply). Trial testimony was not part of the list of documents for pre-Markman production, to which Defendants' stipulated. See id. at 5 (categories 5-6). Rather, the agreement was limited to summary judgment and claim construction hearing transcripts and deposition transcripts. Id. It is Monsanto's understanding that Dr. Conner (i) did not sit for a deposition in Stratemeyer, (ii) did not testify at a summary judgment or claim construction hearing, and (iii) did not provide an expert declaration in support of any summary judgment motion. Defendants also imply that Monsanto was obligated to produce the trial transcript from Stratemeyer. Reply Br. at 6, n.4. But the agreed upon materials for pre-Markman production did not include trial transcripts.

Lastly, Defendants complain that Monsanto failed to produce "any prior litigation documents from a number of cases," specifically citing Wood, Rogers, and Swann as examples. Reply at 6. However, many of the prior litigations were settled before discovery commenced, or shortly thereafter. Accordingly, no responsive documents exist for many of these litigations. As for Wood, Rogers, and Swann, Defendants fail to identify what specific documents they contend

4

Monsanto failed to produce. If Defendants are referring to summary judgment briefing, the only such briefing in those cases had nothing to do with the '435 or '247 RE patents. There was summary judgment briefing directed to a completely different patent, U.S. Patent No. 5,352,605 (the "'605 patent"), which was also asserted in those cases. The '605 patent, however, is not in suit here, is not in the same family as the '435 or '247 RE patents, and has a completely different disclosure and set of inventors. The irrelevance of this briefing would be evident from publicly available information which Defendants claim to be reviewing. See Reply at 6.

## II. DESPITE DEFENDANTS' TOTAL DISRScalaREGARD FOR THE MEET AND CONFER NOTICE AND MOTION REQUIREMENTS OF THE FEDERAL RULES AS WELL AS THE LOCAL RULES, MONSANTO IS WILLING TO LARGELY AGREE TO THE SCOPE OF DISCOVERY FOR THE MAIN CASE SOUGHT BY DEFENDANTS

Defendants' reply now "clarifies" that their oral motion was not directed to expedited, pre-Markman production, but rather to the remaining documents which should be produced from the prior litigations in the "main case." As required by the Federal Rules, Monsanto would have preferred to work this issue out in the on-going meet and confer process as to "main case" production, with the hopes of resolving the issue or having the opportunity to properly brief the Court on the issue as required under the Federal and Local Rules. Had Defendants followed such a process, this motion would have been unnecessary. Indeed, the list of documents contained in Defendants' Reply was the first time Defendants made any offer to resolve the dispute as to the remaining scope of prior litigation production for the "main case." Notwithstanding Defendants' failure to adhere to basic procedure and in an effort to move discovery forward, Monsanto is willing to collect and produce the additional materials listed in Defendants' reply, with two exceptions.

Exception 1: The production should be limited to such documents to the extent that they pertain to patent infringement, validity, and/or enforceability issues ("patent issues") with respect

5

to the '247 RE or '435 patent, which is the only basis asserted by Defendants for their relevance. This would exclude documents pertaining only to (i) the '605 patent and (ii) damages issues. As explained above, the '605 patent was asserted in many of the prior "farmer" suits along with the '435 and '247 RE patent, but it is not asserted in this case against Defendants here. The '605 patent has a completely different disclosure, claims, and set of inventors. Likewise, damages-related litigation materials in the prior litigations would be similarly irrelevant because what damages Monsanto sought from individual farmers in those cases would have no bearing on the damages issues against the large corporate Defendants in this case.

Exception 2: The production should be limited to discovery, briefing, transcripts, etc. from Monsanto and not from the individual defendants in the prior litigations. For example, deposition transcripts or discovery responses of individual farmers would not be relevant to prior positions taken by Monsanto as to the patents in suit. Defendants' reply brief offers no explanation for how such documents would be relevant.

Accordingly, Monsanto would agree to produce the following,[1] to the extent located:

(1) Written discovery responses from Monsanto concerning '247 RE or '435 patent issues;

(2) Deposition transcripts for Monsanto witnesses pertaining to '247 RE or '435 patent issues;

(3) Expert reports concerning '247 RE or '435 patent issues;

(4) Test data to prove infringement of the '247 RE or '435 patent;

(5) Substantive motions concerning '247 RE or '435 patent issues;

---

[1] In proposing this agreement, Monsanto advises that issues may arise pertaining to third-party confidential information which is under a protective order in those prior cases. Monsanto will work to resolve those issues consistent with the protective order in this case.

6

     (6)     Hearing transcripts concerning '247 RE or '435 patent issues; and

     (7)     Trial transcripts concerning the 247 RE and '435 patents.

Again, Monsanto offers this compromise as an accommodation, and in an effort to provide final clarity and certainty as to the scope of discovery from the prior litigations, particularly in view of Defendants' ever-shifting position on this issue, as chronicled in Monsanto's opposition. Despite Defendants' assertions to the contrary, many of these materials are not readily available to Monsanto, and as such, Defendants should not presume that all of these documents were collected in conjunction with the pre-<u>Markman</u> effort. These files are not located in any central depository, and are instead disbursed among the files of various outside counsel for Monsanto who are not of record in this case.

## III. REGULARLY SCHEDULED DISCOVERY CONFERENCES

It was discussed at the June 21 hearing in this action whether the parties should have regularly scheduled discovery conferences in this case. Monsanto agrees that such conferences would be beneficial in a controversy of this magnitude, and believes that having such a conference scheduled on a monthly basis would greatly aid in maintaining an efficient discovery schedule. Monsanto believes, however, that the parties should follow a process in order to ensure that District Court and the parties' time is efficiently used. In this regard, we respectfully suggest that the parties should be required to meet and confer in advance of such a monthly conference to discuss any pending discovery disputes. If the parties are unable to resolve all pending disputes, the parties shall submit no later than three days before the conference a short joint statement identifying the dispute and each parties' respective position. The statement should be no longer than 5 pages. At the conference, the District Court can indicate whether it will entertain the dispute based upon the statement or whether additional briefing is required.

7

## IV. CONCLUSION

Monsanto seeks a final resolution to this dispute, with a reasonable, fixed scope as to discovery from this large pool of prior litigations. With the proposal set forth above—in accordance with Defendants' requests—the Court should deny Defendants' oral motion and limit the scope of production from the prior litigations to the above categories of documents.

Dated: July 8, 2010

Respectfully submitted,

HUSCH BLACKWELL SANDERS LLP

By: /s/ Joseph P. Conran
Joseph P. Conran, E.D. Mo. #6455
joe.conran@huschblackwell.com
Omri E. Praiss, E.D. Mo. #35002
omri.praiss@huschblackwell.com
Greg Gutzler, E.D. Mo., #84923
greg.gutzler@huschblackwell.com
Tamara M. Spicer, E.D. Mo. #122214
tamara.spicer@huschblackwell.com
Steven M. Berezney, E.D. Mo. #499707
steve.berezney@huschblackwell.com
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
Telephone: 314.480.1500
Facsimile: 314.480.1505

WINSTON & STRAWN
Dan K. Webb
dwebb@winston.com
Todd Ehlman
tehlman@winston.com
35 W. Wacker Drive, Suite 4200
Chicago, IL 60601
Telephone: 312.558.5600
Facsimile: 312.558.5700

John J. Rosenthal
Matthew A. Campbell
1700 K Street, N.W.
Washington DC 20006

Telephone: 202.282.5000
Facsimile: 202.282.5100

ARNOLD & PORTER LLP
Anthony Franze
anthony.franze@aporter.com
555 Twelfth Street, N.W.
Washington, DC 20004
Telephone: 202.942.5000
Facsimile: 202.942.5999

MCDERMOTT WILL & EMERY LLP
Steven G. Spears
sspears@mwe.com
1000 Louisiana Street, Suite 3900
Houston, TX 77002
Telephone: 713.653.1700
Facsimile: 713.739.7592

COVINGTON & BURLING LLP
Kurt G. Calia
kcalia@cov.com
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: 202.662.5602
Facsimile: 202.662.6291

*Attorneys for Plaintiffs Monsanto Company and Monsanto Technology LLC*

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that on the 8th day of July, 2010, the foregoing was filed electronically to the Clerk of Court for the United States District Court Eastern District of Missouri, Eastern Division and served by ECF notice by operation of that Court's electronic filing system upon the following:

  Andrew Rothschild, Esq.
  C. David Goerisch, Esq.
  LEWIS, RICE & FINGERSH, L.C.
  500 N. Broadway, Suite 2000
  St. Louis, MO  63102

  Leora Ben-Ami, Esq.
  Thomas F. Fleming, Esq.
  Christopher t. Jagoe, Esq.
  KAYE SCHOLER LLP
  425 Park Avenue
  New York, NY  10022

  Donald L. Flexner, Esq.
  BOIES, SCHILLER & FLEXNER LLP
  575 Lexington Avenue, 7th Floor
  New York, NY  10022

  James P. Denvir, Esq.
  Amy J. Mauser, Esq.
  BOIES, SCHILLER & FLEXNER LLP
  5301 Wisconsin Avenue, N.W.
  Washington, DC  20015

*Attorneys for Defendants*

               _____/s/ Joseph P. Conran_____