## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| MONSANTO COMPANY and | ) | |
| MONSANTO TECHNOLOGY LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:09-CV-00686-ERW |
| | ) | |
| E.I. DUPONT DE NEMOURS AND | ) | |
| COMPANY and PIONEER HI-BRED | ) | |
| INTERNATIONAL, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## LIMITED RESPONSE TO MONSANTO'S SUR-REPLY IN OPPOSITION TO ORAL MOTION TO COMPEL PRIOR LITIGATION DOCUMENT PRODUCTION

Defendants/Counterclaim Plaintiffs E.I. du Pont de Nemours and Co. and Pioneer Hi-Bred International, Inc. ("DuPont & Pioneer") respectfully submit this limited response to address the new proposal in Monsanto's Sur-Reply in Opposition to Oral Motion to Compel Prior Litigation Document Production (Dkt. # 242, Attachment 1) ("Monsanto's Sur-Reply"), which the Court granted Monsanto leave to file on July 12, 2010 (Dkt. # 263)..

## ARGUMENT

Defendants will not impose on the Court or the record with a further point-by-point refutation of Monsanto's characterizations of the status of the parties' negotiations on the issue of Monsanto's production of materials from prior litigations.  Let it suffice that the parties see the development of these events differently.

Defendants are compelled to respond simply to Monsanto's offer, made for the first time in its Sur-Reply, to produce certain additional materials.

Monsanto's offer is certainly progress from its earlier position at the June 16, 2010 meet and confer.  If Monsanto is willing to expand the scope of its proposed production as discussed below, this issue can be resolved.

The categories offered by Monsanto, with some minor modifications, would be acceptable to Defendants.  Working from Monsanto's list, Defendants would also include a few additional categories, so that the entire list we ask the Court order be produced is as follows (changes to Monsanto's list are noted in **underline and bold**):

(1) Written discovery responses from Monsanto concerning '247 RE or '435 patents**, and other Monsanto genetic trait patents in those cases**;

(2) Deposition transcripts for Monsanto witnesses pertaining to '247 RE or '435 patent**, and other Monsanto genetic trait patents in those cases**;

(3) Expert reports concerning '247 RE or '435 patent**, and other Monsanto genetic trait patents in those cases**;

(4) Test data to prove infringement of the '247 RE or '435 patent;

(5) Substantive motions concerning '247 RE or '435 patent**, and other Monsanto genetic trait patents in those cases**;

(6) Hearing transcripts concerning '247 RE or '435 patent**, and other Monsanto genetic trait patents in those cases**;

(7) Trial transcripts concerning the 247 RE and '435 patents;

**(8) Monsanto's document productions in these cases related to the above 1-7;**

**(9) Any exhibits, demonstratives, or attachments used at any deposition, hearing or trial or with any declaration or other related submission above;**

**(10)  Any Pre-trial Orders, Trial Briefs, proposed Findings and Conclusions of Law; Exhibit Lists (whether or not it went to trial); and any JMOL or Post trial briefs, appeal briefs and appeal appendixes from the above.**

(*See* Surreply at 6-7).

Monsanto's attempt to limit the scope of these materials to its definition of "patent issues" is not entirely acceptable.  Monsanto says "Exception 1: The production should be

2

limited to such documents to the extent that they pertain to patent infringement, validity, and/or enforceability issues ("patent issues") with respect to the '247 RE or '435 patent, which is the only basis asserted by Defendants for their relevance."   (Surreply at 5-6).  We agree that the production should include materials from those litigations concerning "the infringement, validity and enforceability" of the patents, but it should not stop just there.  As explained in Defendants' Reply Memorandum (Dkt. # 239), the dispute with Monsanto for materials from these prior litigations  relates to only a single Request (No. 2) from Defendants' Third Set of Requests For Production from Monsanto, and not the other requests.  The materials from prior litigation also involve several issues in this case beyond just how Monsanto describes the "patent issues," including the contract claims, damages and remedies claims.

For example, Monsanto acknowledges that its damages claim in this case centers on a "reasonable royalty" analysis.  Under the prevailing patent damages law, such an analysis involves the parties undertaking a hypothetical negotiation.  There are 15 factors that the factfinder must consider in addressing this hypothetical negotiation.  The 1970 decision in *Georgia-Pacific v. United States Plywood*, 318 F. Supp. 1116 (S.D.N.Y. 1970), *modified in part on other grounds*, 446 F.2d 295 (2d Cir. 1971), *cert. denied*, 404 U.S. 870 (1971), laid down what has become the case law bible for assessing reasonable royalty damages, listing 15 factors for consideration in assessing such damages.  The first two factors under *Georgia-Pacific* are the history of licensing and negotiations involving the patents in suit, and ***comparable patents;*** which means other Monsanto patents relating to genetically modified (GMO) traits and crops. 318 F. Supp. at 1120.  So if those prior litigations involved other GMO patents in addition to the '247RE and the '435 patents, those materials are certainly also relevant.

Among other considerations are:

9. The utility and advantages of the patent property over the old modes or devices, if any, that had been used for working out similar results.

10. The nature of the patented invention; the character of the commercial embodiment of it as owned and produced by the licensor; and the benefits to those who have used the invention.

11. The extent to which the infringer has made use of the invention; and any evidence probative of the value of that use.

12. The portion of the profit or of the selling price that may be customary in the particular business or in comparable businesses to allow for the use of the invention or analogous inventions.

13. The portion of the realizable profit that should be credited to the invention as distinguished from non-patented elements, the manufacturing process, business risks, or significant features or improvements added by the infringer.

15. The amount that a licensor (such as the patentee) and a licensee (such as the infringer) would have agreed upon (at the time the infringer began) if both had been reasonably and voluntarily trying to reach an agreement...

*Id.*

It is clear that facts and issues from those prior litigations relate to more than just the infringement, validity and enforceability of the '247 and '435 patents, and are relevant here. Particularly, Monsanto cannot withhold from production any Monsanto financial and economic information which was adduced in those other cases, nor can it withhold information relating to the resolution and settlement of those cases as it impacts on the *Georgia Pacific* analysis.

Moreover, Monsanto has asked this Court for injunctive relief against Defendants. The current law on post-verdict injunctive relief, *eBay Inc. v. MercExchange, L.L.C.*, 126 S. Ct. 1837, 1841 (2006), sets out a far-reaching and probing analysis that the Court must undertake in assessing such a remedy. The Supreme Court's majority opinion in *eBay* held that the Federal Circuit's general rule for awarding injunctions in patent cases was incorrect. Instead, the Court

ruled a <u>patent owner must prove</u>, as in all other types of cases requesting injunctive relief, the following: (1) it has suffered an irreparable injury; (2) the remedies available at law, such as monetary damages, are inadequate to compensate for its injury; (3) a remedy in equity is warranted after considering the balance of hardships between the patent owner and the alleged infringer; and (4) the public interest would not be disserved by an injunction. *eBay*, 126 S. Ct. at 1839.

Next, Monsanto advises the Court that it would withhold from production "documents pertaining only to (i) the '605 patent and (ii) damages issues. As explained above, the '605 patent was asserted in many of the prior "farmer" suits along with the '435 and '247 RE patent, but it is not asserted in this case against Defendants here."   (Surreply at 6).  Again, Monsanto's limitations are too restrictive.  As shown above, information going to other Monsanto GMO and trait patents involved in prior litigations, such as the '605 Fraley patent, is also relevant to both the damages, injunction and contract issues.   First, the '605 Fraley patent is one of the patents listed in the contracts at issue in this case under the parties' Soybean License Agreement, and thus relevant to contract claims.  Second, the '605 patent is prior art to the '247 patent.  It discloses CaMV promoter which is an issue in our case and specifically claimed in the asserted claims of the '247RE patent against Defendants.   Monsanto's statements and positions relating to that patent is integral not only to the remedy and contract issues, but to the patent issues as well.  Indeed, the term "CaMV35S promoter" is one of the terms that the Court is to construe for purposes of its *Markman* analysis.  (*See* Dkt. # 259 at 41(Monsanto's Claim Construction Brief)).

Similarly, the settlements and the full and unrestricted terms of the resolutions of those prior cases involving all of Monsanto's GMO patents and claims go to both the remedy damages issues, injunctive relief under *eBay,* and the contract issues.  If, as Monsanto contends, the cases

did not advance very far, or were settled quickly, then this should not be any burden on Monsanto to produce.

Lastly, Monsanto argues:  "Exception 2:  The production should be limited to discovery, briefing, transcripts, etc. from Monsanto and not from the individual defendants in the prior litigations."  (Surreply at 6).  This is needlessly restrictive.  For example, if there are such materials, including depositions, expert reports, declarations, or documents from the counterparties, which go infringement, validity, unenforceability or damages issues, they should be produced by Monsanto.  Granted, some farmers and other adverse parties to Monsanto did not have the financial ability to fight Monsanto, but some did, and in those instances, Monsanto had to make considerable concessions some of which are particularly insightful into Monsanto's conduct.  (See *Trivette* and *Scruggs*).  It is also relevant if a prior defendant in the '435 patent cases raised a defense, because it should have been disclosed to the PTO during prosecution of the reissue application.

If Monsanto did the diligent work of searching these files for the pre-Markman disclosure, then the burden of producing these materials now to Defendants should be minor.  In any event, nothing in Monsanto's sur-reply satisfies the standard in the Federal Rules for demonstrating such a burden excusing production.

## CONCLUSION

With the modifications detailed above Defendants respectfully request that the Court order Monsanto to produce the specified materials requested by DuPont & Pioneer relating to prior litigations.

Dated:  July 12, 2010                    Respectfully submitted,

                                         **LEWIS RICE FINGERSH, L.C.**

                                         By:    /s/ C. David Goerisch
                                         Andrew Rothschild, #4214
                                         C. David Goerisch, #77207
                                         600 Washington Ave., Suite 2500
                                         St. Louis, Missouri  63101
                                         arothschild@lewisrice.com
                                         dgoerisch@lewisrice.com

                                         Leora Ben-Ami
                                         Thomas F. Fleming
                                         Christopher T. Jagoe
                                         Howard S. Suh
                                         **KAYE SCHOLER LLP**
                                         425 Park Avenue
                                         New York, New York  10022
                                         lbenami@kayescholer.com
                                         tfleming@kayescholer.com
                                         cjagoe@kayescholer.com

                                         Donald L. Flexner
                                         **BOIES, SCHILLER & FLEXNER LLP**
                                         575 Lexington Avenue, 7th Fl.
                                         New York, New York 10022
                                         dflexner@bsfllp.com

                                         James P. Denvir
                                         Amy J. Mauser
                                         **BOIES, SCHILLER & FLEXNER LLP**
                                         5301 Wisconsin Avenue, N.W.
                                         Washington, D.C. 20015
                                         jdenvir@bsfllp.com
                                         amauser@bsfllp.com

                                         ***Counsel for Defendants E.I. du Pont de Nemours
                                         and Company and Pioneer Hi-Bred International,
                                         Inc.***

7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 12th day of July, 2010, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

- **Steven M. Berezney**
  steve.berezney@huschblackwell.com
- **Kurt G. Calia**
  kcalia@cov.com
- **Matthew A. Campbell**
  macampbell@winston.com
- **Scott W. Clark**
  sclark@mwe.com
- **Joseph P. Conran**
  joe.conran@huschblackwell.com
- **Todd J. Ehlman**
  tehlman@winston.com
- **Anthony J. Franze**
  Anthony.Franze@aporter.com
- **Greg G. Gutzler**
  greg.gutzler@huschblackwell.com
- **Omri E. Praiss**
  omri.praiss@huschblackwell.com
- **John J. Rosenthal**
  jrosenthal@winston.com
- **Rebecca M. Ross**
  rmross@winston.com
- **Mark A. Smith**
  markasmith@winston.com
- **Steven G. Spears**
  sspears@mwe.com,jjknapp@mwe.com
- **Tamara M. Spicer**
  tamara.spicer@huschblackwell.com,jean.melenbrink@huschblackwell.com
- **Dan K. Webb**
  dwebb@winston.com

                                    /s/ C. David Goerisch