UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MONSANTO COMPANY and<br>MONSANTO TECHNOLOGY LLC,<br><br>        Plaintiffs,<br><br>        v.<br><br>E.I. DUPONT DE NEMOURS and<br>COMPANY AND PIONEER HI-BRED<br>INTERNATIONAL, INC.<br><br>        Defendants. | Civil Action No. 4:09-CV-00686-ERW |

**MOTION TO STRIKE DEFENDANTS' SUR-SUR REPLY
IN SUPPORT OF THEIR ORAL MOTION TO COMPEL
PRIOR LITIGATION DOCUMENT PRODUCTION**

Through their proposed sur-sur-reply in support of their oral motion to compel prior litigation document production (Dkt. 273), Defendants continue to exceed the bounds of legitimate discovery motion practice on this issue. Defendants now ask – in a type of pleading not even recognized under the Court's rules – for additional categories of documents never raised in their prior motion to the Court. A primary purpose of the Federal Rules of Civil Procedure and this Court's Local Rules is to provide an orderly discovery process to prevent trial – and discovery – by ambush. Defendants' sur-sur-reply ignores these rules and should be stricken on that basis alone. Moreover, the sur-sur-reply is principally aimed at exceeding the relief requested in the original oral motion (which was also outside the Court's normal procedures). Defendants' new requests are incredibly broad and burdensome, and Defendants have not demonstrated – and cannot demonstrate – that the documents they seek are relevant. Defendants' sur-sur reply should be stricken, and the new relief requested denied, for these additional reasons as well.

1

Monsanto will not burden the Court with extensive briefing on this motion. By way of brief background, Defendants' initial improper oral motion to compel appeared to seek production of expedited pre-*Markman* documents. Monsanto's opposition noted the procedural improprieties of the oral request and demonstrated a pattern where every time Monsanto thought final agreement had been reached upon the scope of production, Defendants changed their positions and asked for more. (Dkt. 235). Defendants' reply brief conceded that the oral motion was instead directed at documents sought in the main case – not as part of the *Markman* production. (Dkt. 239). Because this was the first time Defendants' stated their demand related to the "main case" production, Monsanto filed a sur-reply, largely agreeing with the request except for two well-founded, limited exceptions in an effort to move discovery forward. (Dkt. 242, pgs. 5-6). Defendants' sur-sur-reply now improperly attempts to expand their oral motion well beyond what was originally requested and what Monsanto has agree to produce.

Defendants' sur-sur-reply should be stricken for numerous reasons. *First*, every step of the way, Defendants' approach to this discovery motion has violated this Court's rules. Defendants started with an oral motion with no notice and no conference with Monsanto as is required. Defendants followed with a reply brief which, for the first time, defined the categories of documents which Defendants were seeking to be produced in the "main case," again without first conferring with Monsanto on that list. While Defendants title their current motion a "Limited Response," it is in fact a sur-sur-reply seeking new and additional relief beyond what had been requested before. There is nothing in the Court's rules that permits sur-sur-reply briefing (not to mention the fact that Defendants have gone to the well too many times in filing sur-replies, much less sur-sur-replies).

Moreover, even if a sur-sur-reply could ever be proper, it would need to discuss and be consistent with the relief requested in the original briefing. Defendants' oral motion defined a

2

specific set of documents sought from the prior litigations, and appeared to be directed to expedited pre-*Markman* production. Defendants' reply brief supposedly "clarified" that the requested relief was for "main case" production and set forth the specific documents demanded in writing. (Dkt. 239, pg. 8). The most significant aspect of Defendants' sur-sur-reply is to significantly expand what is requested to include the following categories never mentioned in the prior oral or written briefing:

> 8. Monsanto's document productions in these cases related to [seven prior listed categories]
>
> 9. Any exhibits, demonstratives, or attachments used at any deposition, hearing or trial or with any declaration or other related submission above, and
>
> 10. Any Pre-trial Orders, Trial Briefs, proposed Findings and Conclusions of Law, Exhibit Lists (whether or not it went to trial); and any JMOL or Post trial briefs, appeals briefs and appeal appendixes from the above.

(Dkt. 273, pg. 2). Indeed, these new requests are far more extensive and burdensome that what was requested earlier. Accordingly, even if sur-sur-replies were proper, this one should be stricken because it is principally aimed at exceeding the relief requested in the underlying motion.

As to these specific additional documents, Defendants' sur-sur-reply simply adds them with no explanation at all for why they are relevant or needed. The purported relevance of the documents that Monsanto has agreed to produce from the prior litigations is that they are a well-defined set of documents directed to issues that could potentially pertain to validity or infringement issues. Demanding this additional extensive production (particularly all prior "document production" in other cases) is more in the nature of a highly burdensome fishing expedition with no explanation for how it would yield anything specifically relevant to this case.

3

The rest of Defendants' sur-sur-reply is aimed at giving brand new arguments for the relevance of certain demanded documents when the prior explanations were shown to hold no water. As to Monsanto's "Exception 1" (Dkt. 242, pg. 5-6), Defendants for the first time say (without citing authority) that prior damages expert reports could be relevant to a reasonable royalty analysis, because the *Georgia-Pacific* factors include a consideration of the history of licensing and negotiations of the patents-in-suit. Damages expert reports and damages assertions in litigations, however, are not arms-length licensing discussions and thus give no evidence at all as to the history of licensing the patents. Instead, the law is clear that licenses resulting from litigation are irrelevant to a reasonable royalty analysis. *Uniloc USA, Inc. v. Microsoft Corp.,* 632 F. Supp. 2d 147, 159 (D.R.I. 2009); *Wang Labs., Inc. v. Mitsubishi Elecs. Am., Inc.,* 860 F. Supp. 1448, 1452 (C.D. Cal. 1993); *Pioneer Hi-Bred Int'l, Inc. v. Ottawa Plant Food, Inc.,* 219 F.R.D. 135, 144-45 (N.D. Iowa 2003) (granting Pioneer's motion in limine to exclude evidence of a prior patent litigation settlement in part because "it will invite a 'mini-trial' on similarities and differences in the facts regarding the 'same' claims against the other defendants to determine what, if any, light the Decree sheds on the value of the claim against Ottawa."). Defendants then, for the first time, try to present an argument for how prior assertions regarding the '605 patent made in the prior litigations could be relevant to this case. (Dkt. 273, pg. 5.). Defendants do not, however, dispute that the '605 patent is not asserted here, is not related to that patents asserted here, has different inventors, and claims different technology. While it is one of the patents licensed in the Soybean License Agreement, and was filed prior to the '247 RE patent, Defendants give absolutely no explanation for why this makes all litigation documents in prior cases where it was asserted relevant to any claim or defense in this action.

If Defendants had approached this discovery issue the right way, with a prior meet and confer followed by a proper written motion, the parties would have been in a position to discuss

4

and narrow the issues and make a proper presentation to this Court. Defendants' attempts to proceed in this manner, namely to present entirely new requests and arguments in an unauthorized sur-sur-reply brief, should be rejected and the proposed pleading should be stricken.

Dated: July 16, 2010

Respectfully submitted,

HUSCH BLACKWELL SANDERS LLP

By:  /s/ Joseph P. Conran            .
Joseph P. Conran, E.D.Mo. # 6455
joe.conran@huschblackwell.com
Omri E. Praiss, E.D.Mo. # 35002
omri.praiss@huschblackwell.com
Greg G. Gutzler, E.D.Mo. # 84923
greg.gutzler@huschblackwell.com
Tamara M. Spicer, E.D.Mo. # 122214
tamara.spicer@huschblackwell.com
Steven M. Berezney, E.D.Mo. # 499707
steve.berezney@huschblackwell.com
190 Carondelet Plaza, Suite 600
St. Louis, MO  63105
(314) 480-1500 – telephone
(314) 480-1505 – facsimile

MCDERMOTT WILL & EMERY
Steven G. Spears
sspears@mwe.com
Scott W. Clark
sclark@mwe.com
1000 Louisiana Street
Suite 3900
Houston, TX  77002-5005
(713) 653-1700 – telephone
(713) 739-7592 – facsimile

COVINGTON & BURLING LLP
Kurt G. Calia
kcalia@cov.com
1201 Pennsylvania Avenue, NW
Washington, DC  20004-2401
(202) 662-6000 – telephone
(202 662-6291 – facsimile

WINSTON & STRAWN LLP
Dan K. Webb
dwebb@winston.com
Todd J. Ehlman
tehlman@winston.com
35 W. Wacker Drive, Suite 4200
Chicago, IL  60601
(312) 558-5600 – telephone
(312) 558-5700 – facsimile

John J. Rosenthal
jrosenthal@winston.com
Matthew A. Campbell
macampbell@winston.com
1700 K Street, N.W.
Washington, DC  20006
(202) 282-5000 – telephone
(202) 282-5100 – facsimile

ARNOLD & PORTER LLP
Anthony J. Franze
anthony.franze@aporter.com
555 Twelfth Street, N.W.
Washington, DC  20004
(202) 942-5000 – telephone
(202) 942-5999 – facsimile

*Attorneys for Plaintiff Monsanto Company and Monsanto Technology LLC*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 16th day of July, 2010, the foregoing was filed electronically with the Clerk of the Court for the United States District Court Eastern District of Missouri, Eastern Division, and was served by operation of that Court's electronic filing system, upon the following:

Andrew Rothschild, Esq.
C. David Goerisch, Esq.
Lewis, Rice & Fingersh, L.C.
600 Washington, Suite 2500
St. Louis, MO 63102

Leora Ben-Ami, Esq.
Thomas F. Fleming, Esq.
Christopher T. Jagoe, Esq.
Howard S. Suh, Esq.
Jeanna Wacker, Esq.
Kaye Scholer LLP
425 Park Avenue
New York, NY  10022

Donald L. Flexner, Esq.
Hershel Wancjer, Esq.
Cynthia Christian, Esq.
Robert M. Cooper, Esq.
Boies, Schiller & Flexner LLP
575 Lexington Avenue, 7th Fl.
New York, NY  10022

James P. Denvir, Esq.
Amy J. Mauser, Esq.
Boies, Schiller & Flexner LLP
5301 Wisconsin Avenue, N.W.
Washington, D.C.  20015

*Attorneys for Defendants*

　　　　　　　　　　　　　　　　　　　　　　　　 /s/ Joseph P. Conran             .