**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

MONSANTO COMPANY and
MONSANTO TECHNOLOGY LLC,

                        Plaintiffs,

           v.                                 Case No. 09-cv-0686 (ERW)

E.I. DU PONT DE NEMOURS AND CO. and
PIONEER HI-BRED INTERNATIONAL, INC.,

                        Defendants.

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION**
**TO BIFURCATE AND STAY DISCOVERY WITH RESPECT TO**
**WILLFUL INFRINGEMENT PURSUANT TO FED. R. CIV. P. 42(b)**

**TABLE OF CONTENTS**

Page

I.     INTRODUCTION .................................................................................. 1

II.    FACTUAL BACKGROUND ................................................................... 4

III.   ARGUMENT ........................................................................................ 4

       A.     Bifurcation Will Avoid Incalculable Prejudice To DuPont ................................... 5

              1.     Advice-Of-Counsel Defense To A Claim Of Willfulness ........................ 5

              2.     Bifurcation And A Stay Of Discovery Is Warranted Here ........................ 8

       B.     Courts Routinely Bifurcate And Stay Discovery On Willfulness ........................ 9

       C.     Bifurcation Will Simplify The Issues, Conserve Judicial Resources, And
              Expedite Resolution Of This Case ........................................................ 11

              1.     The Issues In This Case Are Complex ...................................... 11

              2.     Bifurcation Promotes Judicial Economy .................................. 12

              3.     There Is No Overlap Of Issues............................................... 13

       D.     Monsanto Will Not Be Prejudiced If Willfulness Is Bifurcated .......................... 14

IV.    CONCLUSION.................................................................................... 14

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Allergan Inc. v. Pharmacia Corp.*,
  No. Civ.A.01-141- SLR, 2002 WL 1268047 (D. Del. May 17, 2002) ............................11

*Aptargroup, Inc. v. Owens-Illinois, Inc.*, No. 02 C 5058, 2003 WL 21557632, (N.D. Ill.
  Jul. 3, 2003)........................................................................................................................13

*AVIA Group Int'l Inc. v. Nike, Inc.*,
  No. 91-326-JU, 1991 WL 340569 (D. Or. Nov. 21, 1991)..............................................11, 13

*Biagro Western Sales, Inc. v. Regents of the Univ. of Cal.*,
  423 F.3d 1296 (Fed. Cir. 2005).........................................................................................1

*Biovail Corp. Int'l v. Andrx Pharms., Inc.*,
  239 F.3d 1297 (Fed. Cir. 2001).........................................................................................1

*Brown v. Toscano*,
  630 F. Supp. 2d 1342 (S.D. Fla. 2008)..............................................................................12

*Ciena Corp. v. Corvis Corp.*,
  210 F.R.D. 519 (D. Del. 2002) ..........................................................................................10

*Flex Prods. Inc. v. BASF Corp.*,
  No. 97-CV-60233-AA, 1998 WL 425475 (E.D. Mich. May 13, 1998) ......................8, 12

*Fuji Mach. Mfg. Co., Ltd. v. Hover-Davis, Inc.*,
  982 F. Supp. 923 (W.D.N.Y. 1997) ...................................................................................10

*In re EchoStar Comm'cns Corp.*,
  448 F.3d 1294 (Fed. Cir. 2006)..........................................................................................7

*In re Seagate Tech., LLC*,
  497 F.3d 1360 (Fed. Cir. 2007)............................................................................... *passim*

*Kloster Speedstell AB v. Crucible Inc.*,
  793 F.2d 1565 (Fed. Cir. 1986)..........................................................................................6

*Kos Pharms., Inc. v. Barr Labs., Inc.*,
  218 F.R.D. 387 (S.D.N.Y. 2003) .......................................................................................12

*Medpointe Healthcare Inc. v. Hi-Tech Pharmacal Co., Inc.*,
  Nos. 03-5550 & 04-1686, 2007 WL 188285 (D.N.J. Jan. 22, 2007)................................10, 12

Page(s)

*Morton Grove Pharm., Inc. v. Par Pharm. Cos.*,
    No. 04-C-7007, 2005 WL 1766369 (N.D. Ill. July 22, 2005)............................................11

*Novopharm Ltd. v. Torpharm, Inc.*,
    181 F.R.D. 308 (E.D.N.C. 1998) ....................................................................................8, 11

*Ortho-McNeil v. Teva Pharm. USA*,
    No. 02-2794, 2003 WL 25888720 (D.N.J. Jan. 28, 2003)...........................................8, 13, 14

*Pfizer Inc. v. Novopharm Ltd.*,
    No. 00-1475, 2000 WL 1847604 (N.D. Ill. Dec. 14, 2000) .................................. 11, 13, 14

*Plasmanet, Inc. v. Apax Partners, Inc.*,
    No. 02 Civ. 9290 (BSJ)(THK), 2003 WL 21800981 (S.D.N.Y. Aug. 5, 2003) .......................7

*Princeton Biochems., Inc. v. Beckman Instruments, Inc.*,
    180 F.R.D. 254 (D.N.J. 1997)................................................................................8, 11, 13, 14

*Quantum Corp. v. Tandon Corp.*,
    940 F.2d 642 (Fed Cir. 1991)....................................................................................7, 8, 9

*Safeco Ins. Co. v. Burr*,
    551 U.S. 47 (2007)......................................................................................................6

*Sage Prods., Inc. v. Devon Indus., Inc.*,
    No. CV 93-2403, 1994 WL 791601 (C.D. Cal. Jan. 25, 1994) ........................................8, 11

*Scientific-Atlanta, Inc. v. Gen. Instrument Corp.*,
    No. Civ. A. HAR 92-99, 1993 WL 56790 (D. Md. Feb. 2, 1993) ...................................11

*Square D Co. v. E.I. Elecs., Inc.*,
    264 F.R.D. 385 (N.D. Ill. 2009)................................................................................2

*St. Clair Intellectual Prop. Consultants, Inc. v. Sony Corp.*,
    No. Civ.A.01-557-JJF, 2002 WL 1901268 (D. Del. Aug. 16, 2002).................................10

*Thule, Inc. v. Yakima Prods. Inc.*, No. Civ. 303CV1730, 2003 WL 22909821 (D. Conn.
    Dec. 8, 2003)................................................................................................................3

*U.S. Gypsum Co. v. Nat'l Gypsum Co.*,
    No. 89-C-7533, 1994 WL 74989 (N.D. Ill. Mar. 10, 1994)...............................................7

*Underwater Devices, Inc. v. Morrison-Knudsen Co.*,
    717 F.2d 1380 (Fed. Cir. 1983)................................................................................6

*Vishay Dale Elecs., Inc. v. Cyntec Co.*,
    No. 8:07CV191, 2008 WL 4868772 (D. Neb. Nov. 6, 2008)...............................................2

Page(s)

**OTHER AUTHORITIES**

Creel & Taylor, Bifurcation, Trifurcation, Opinions of Counsel, Privilege and Prejudice,
    424 PLI/Pat 823, 826 (1995)....................................................................................................10

**RULES**

Fed. R. Civ. P. 42(b) ...............................................................................................1, 4, 11, 15

D.N.J. Local Patent Rule 3-8................................................ ...............................................3

N.D. Cal. Local Patent Rule 3-8................................................ ...........................................3

Defendants E.I. du Pont de Nemours and Co. and Pioneer Hi-Bred International, Inc. (collectively, "DuPont" or "Defendants") respectfully submit this memorandum of law in support of their Motion to Bifurcate and Stay Discovery with respect to Monsanto Co.'s and Monsanto Technology Inc.'s (collectively, "Monsanto") claim of Willful Infringement pursuant to Rule 42(b) of the Federal Rules of Civil Procedure.  Bifurcation is necessary to avoid the prejudice to Defendants of having to decide whether to waive the attorney-client privilege at this preliminary stage of fact discovery in defending against Monsanto's claim of willful infringement.

## I.    INTRODUCTION

On May 4, 2009, Monsanto filed the instant action against DuPont alleging, *inter alia*, that Defendants had infringed U.S. Patent No. RE39,247 (the "'247 RE Patent").  This motion relates to Monsanto's additional claim that the alleged infringement of the '247 RE Patent was willful and deliberate.  These two claims – infringement and willfulness – are distinct, involving different burdens of proof and elements.  Further, a finding of willfulness cannot be made without a threshold finding of liability for infringement, meaning that the patent in suit is valid, enforceable and infringed.

For infringement, Monsanto must show by a preponderance of the evidence that each and every limitation of a valid and enforceable patent claim is found in an accused DuPont product.  *Biovail Corp. Int'l v. Andrx Pharms., Inc.*, 239 F.3d 1297, 1302 (Fed. Cir. 2001).  This determination requires the construction of an asserted '247 RE Patent claim and a comparison between the claim, as construed, and the accused product.  *Biagro Western Sales, Inc. v. Regents of the Univ. of Cal.*, 423 F.3d 1296, 1301 (Fed. Cir. 2005).

By contrast, for the separate claim of willful infringement, Monsanto must prove two elements by clear and convincing evidence, in addition to the patent being valid and infringed.

*In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (*en banc*).  First, as a threshold matter, Monsanto must show that the infringement was objectively reckless.  *Id.*  Second, if that burden is met, Monsanto must also show that DuPont acted despite subjective knowledge of the heightened risk of an adverse finding on infringement.  *Id*.

The reliance on an opinion of counsel to demonstrate good faith intent is a defense that is only relevant to this second prong.  To assert this defense, the defendant must waive the attorney-client privilege with respect to the opinion.  This waiver of the privilege is a momentous decision, not to be undertaken lightly.  It requires a defendant to hand over to its adversary opinions that set forth a roadmap of legal analysis about the patent issues involved in the case when deciding to proceed with the allegedly infringing activity.

In this case, the prejudice to DuPont in having to decide whether to rely on advice of counsel and waive the attorney-client privilege is particularly severe.  The parties are in the process of document production  and have not completed their exchange of substantive contention interrogatories on patent issues.  Expert discovery has also been limited:  expert reports on the full scope of validity and infringement issues have not been exchanged, and no experts have yet been deposed except as to claim construction.  The Court is not even scheduled to hear oral arguments regarding claim construction until September 2, 2010, a matter which is only the very first step in the infringement analysis.[1]

---

[1]  Although Monsanto has asserted that it "needs" DuPont to determine whether it will rely on advice of counsel, and to disclose opinions of counsel before the *Markman* hearing (*see* Defendants' Motion to Extend Date to Disclose Opinions of Counsel [Dkt. 319], and Ex. A attached thereto), courts have explained that such information is irrelevant to claim construction.  *See Vishay Dale Elecs., Inc. v. Cyntec Co.*, No. 8:07CV191, 2008 WL 4868772, at *3 (D. Neb. Nov. 6, 2008) (denying plaintiff's motion to compel responses to interrogatories relating to advice of counsel as a defense:  "The plaintiff's argument that such information is relevant to the upcoming Markman hearing is misplaced."); *Square D Co. v.*

(continued...)

Absent bifurcation of willfulness, DuPont would be forced to prejudicially and prematurely waive the attorney-client privilege to the extent it decides to rely on opinions of counsel (and thereby hand over opinions that will give Monsanto an unfair advantage at this stage of fact discovery), or give up the opportunity to assert an important defense to the charge of willfulness. DuPont cannot realistically assess whether to waive privilege without an opportunity for fact and expert discovery regarding Monsanto's substantive contentions on noninfringement, invalidity and unenforceability, and before the Court has construed the asserted claims. At this point, Monsanto has made no showing that suggests it will be able to establish infringement. Moreover, Defendants' motion for summary judgment of invalidity, if granted, would limit or end the patent case. Additionally, there has been no articulated basis to suggest that Defendants' conduct was objectively baseless. Without such showings, Monsanto's willfulness claim would fail, and DuPont would not need to rely on opinions of counsel and waive privilege: its subjective intent would not be at issue. The Federal Circuit has expressly cautioned against compelling defendants to make a choice regarding waiver prematurely, and favor bifurcation of willfulness issues from liability issues in appropriate cases, such as this one, where the prejudice from an early waiver would be particularly serious.

---

*E.I. Elecs., Inc.*, 264 F.R.D. 385, 389 (N.D. Ill. 2009) ("[I]t makes sense to table the issue until after the Court construes the relevant claims; at that point, the parties should have a better idea of where things stand concerning infringement, invalidity, etc., and, if necessary, they can then take up the issue of willfulness (and the attendant issues concerning advice of counsel) at that time"); *Thule, Inc. v. Yakima Prods. Inc.*, No. Civ. 303CV1730, 2003 WL 22909821, at *1 (D. Conn. Dec. 8, 2003) ("For under relevant case law, the views of [defendant's] counsel have little, or no, relevance to either claim construction or infringement.") (citing *Hilton Davis v. Warner-Jenkinson Co.*, 62 F.3d 1512, 1519 (Fed. Cir. 1995)). Several district court's local patent rules also recognize that the advice of counsel is irrelevant to claim construction, requiring disclosure of an opinion of counsel only after the court's claim construction order. *See, e.g.*, N.D. Cal., Local Patent Rule 3-8 (requiring disclosure 50 days after claim construction order); D.N.J., Local Patent Rule 3-8 (requiring disclosure 30 days after claim construction order).

Further, Monsanto would not be prejudiced in any manner, having themselves moved for the Court to bifurcate Defendants' antitrust counterclaims. (*See* Dkt. 77). The Court already has decided to try this case in several pieces and given that reality there is no reason to force a waiver decision now. Thus, Defendants respectfully request that the Court bifurcate willfulness and stay discovery on those issues pending a resolution of liability.

## II.   FACTUAL BACKGROUND

In this case, filed on May 4, 2009, Monsanto alleges that the Defendants have willfully infringed Monsanto's '247 RE Patent. DuPont denies Monsanto's infringement and willfulness allegations. (Second Am. Answer & Countercls. at ¶¶ 64-66, 539-541). DuPont also asserts defenses of, *inter alia*, noninfringement, invalidity, unenforceability, license, patent misuse, equitable estoppel, antitrust, claim or issue preclusion, and fraud (*see id.* at 14-17), and has brought declaratory judgment counterclaims of, *inter alia*, noninfringement, invalidity unenforceability, and antitrust violations (*see id.* at ¶¶ 483-607). By prevailing on any one of these issues DuPont would defeat Monsanto's willfulness claim and make DuPont's reliance on an opinion of counsel wholly irrelevant to any issue remaining in the case.

The current Scheduling Order and Case Management Plan was adopted on March 3, 2010. (*See* Dkt. 178). Oral argument regarding claim construction is scheduled to occur on September 2, 2010. Fact discovery in this case is on-going, with the parties producing documents in response to the numerous and varied requests propounded by each side. Fact discovery will not be complete until November 30, 2010. Opening expert reports are not due until January 5, 2011, and expert depositions will not be completed until March 23, 2011.

## III.   ARGUMENT

Rule 42(b) of the Federal Rules of Civil Procedure gives the Court discretion to bifurcate issues and claims "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R.

Civ. P. 42(b).  Bifurcation will serve all three purposes here.  Most importantly, the extreme prejudice to DuPont mandates bifurcation of willfulness and a stay of discovery pending resolution of liability issues.  Bifurcation will also conserve judicial resources and streamline the resolution of this case.  A finding of noninfringement, invalidity or unenforceability of the '247 RE Patent obviates the need for a willfulness determination altogether.  In a case such as this, involving a highly technical patent and other claims, defenses and counterclaims, judicial economy dictates that the Court and the parties not needlessly expend resources addressing willfulness unless or until necessary.  Finally, bifurcation is particularly appropriate here because Monsanto will not be prejudiced if the Court grants DuPont's motion to bifurcate.

## A.    Bifurcation Will Avoid Incalculable Prejudice To DuPont

Bifurcating willfulness from liability and staying discovery on willfulness will avoid severe prejudice to DuPont.  Absent bifurcation, DuPont will be forced to choose between waiving the attorney-client privilege to defend against Monsanto's willfulness allegations and supplying Monsanto with critical DuPont attorney insight or maintaining the privilege but losing that important defense.  There is no reason to require DuPont to make that choice at the present stage of litigation.

### 1.    Advice-Of-Counsel Defense To A Claim Of Willfulness

A patentee may obtain enhanced damages of up to three times compensatory damages if it establishes, by clear and convincing evidence, that the defendant willfully infringed its patent. *See Seagate*, 497 F.3d at 1368-71.  In a recent *en banc* decision, the Federal Circuit raised the legal standard of proof for willfulness from mere negligence to recklessness. *Id.* at 1370-71.

In *Seagate,* the Federal Circuit held that "proof of willful infringement permitting enhanced damages requires ***at least*** a showing of ***objective recklessness***." *Id.* at 1371 (emphasis added).  The Court repudiated its earlier decisions that had set "a lower threshold for willful

infringement that is more akin to negligence" as inconsistent with the Supreme Court's decision in *Safeco Ins. Co. v. Burr*, 551 U.S. 47 (2007), which interpreted the term "willful" in another civil context.  *Seagate*, 497 F.3d at 1371.

Now, under *Seagate,* a patentee must establish two separate elements in order to prove willfulness.  First, it must prove that the accused infringer "acted despite an objectively high likelihood that its actions constituted infringement of a valid patent."  *Id.*  The state of mind of the accused infringer is "not relevant to this objective inquiry."  *Id.*  Second, only if this threshold objective standard is satisfied, "the patentee must also demonstrate that this objectively defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer."  *Id.*  The patentee bears the burden of proving these two elements by clear and convincing evidence.  *Id.*

In addition to raising the burden of proof, the Federal Circuit addressed the burden of production with respect to willfulness.  In its earlier cases, the Court had placed the initial burden on the accused infringer to produce evidence of good faith or face a presumption that it had willfully infringed.  *See*, *e.g.*, *Underwater Devices, Inc. v. Morrison-Knudsen Co.*, 717 F.2d 1380, 1389-90 (Fed. Cir. 1983); *Kloster Speedstell AB v. Crucible Inc.*, 793 F.2d 1565, 1580 (Fed. Cir. 1986).  In *Seagate,* the Court reversed course and placed the burden of production squarely on the patentee to show that the accused infringer acted willfully.  497 F.3d at 1371.

Thus, *Seagate* heightened (and clarified) the standard for willfulness by requiring that: (1) the patentee must show that the defendant's action was objectively reckless; (2) the patentee must then show that the defendant subjectively knew or should have known of the objectively high risk of infringing a valid patent; (3) the patentee bears the burden of proving (1) and (2) by

clear and convincing evidence, and (4) the patentee bears the burden of production with respect to its allegations of willful infringement.  *Id.*

Good-faith reliance on competent advice of counsel is commonly asserted as a defense to a charge of willful infringement, which weighs against prong (2).  *See, e.g., Plasmanet, Inc. v. Apax Partners, Inc.*, No. 02 Civ. 9290 (BSJ)(THK), 2003 WL 21800981, at *1 (S.D.N.Y. Aug 5, 2003) (recognizing that an accused infringer "may rely on an advice-of-counsel defense to rebut Plaintiff's allegations of willful infringement.").  Asserting this defense, however, has a heavy price – it constitutes a waiver of the attorney-client privilege with respect to the opinions upon which the accused infringer intends to rely.  *In re EchoStar Comm'cns Corp.*, 448 F.3d 1294, 1299 (Fed. Cir. 2006).

For this reason, the Federal Circuit encourages district courts to give "serious consideration" to bifurcation of willful infringement issues from liability to avoid forcing defendants into a premature and potentially unnecessary choice between waiving privilege or an important defense to willfulness.  *Quantum Corp. v. Tandon Corp.*, 940 F.2d 642, 643-44 (Fed. Cir. 1991).  As the Federal Circuit explained in *Quantum:*

> An accused infringer . . . should not, without the trial court's careful consideration, be forced to choose between waiving the [attorney-client] privilege in order to protect itself from a willfulness finding, in which case it may risk prejudicing itself on the question of liability, and maintaining the privilege, in which case it may risk being found to be a willful infringer if liability is found.

*Id.*; *accord Seagate*, 497 F.3d at 1369 (quoting *Quantum*).

Accordingly, since the Federal Circuit's decision in *Quantum,* courts frequently bifurcate willfulness issues from liability determinations, and stay willfulness discovery pending resolution of liability.  *See infra* pages 10-11; *see also U.S. Gypsum Co. v. Nat'l Gypsum Co.*, No. 89-C-7533, 1994 WL 74989, at *2 (N.D. Ill. Mar. 10, 1994) ("If both issues are tried

7

together, [the defendant] will either be deprived of a colorable defense to the willfulness

claim or be damaged by the admissions in those documents in the liability phase.  That is an

untenable situation."); *Novopharm Ltd. v. Torpharm, Inc.*, 181 F.R.D. 308, 312 (E.D.N.C.

1998) ("Delaying an adjudication on willfulness, even absent a specific showing of a threat to the

attorney-client privilege, avoids 'even the possibility of prejudice to a patent defendant's

litigation rights.'") (quoting *Princeton Biochems., Inc. v. Beckman Instruments, Inc.*, 180

F.R.D. 254, 258 (D.N.J. 1997)); *Ortho-McNeil v. Teva Pharm. USA*, No. 02-2794, 2003 WL

25888720, at *4 (D.N.J. Jan. 28, 2003) (courts "have properly held [that] willful infringement is

more appropriately determined after liability has been established, thereby avoiding even the

possibility of prejudice to a patent defendant's litigation rights" (quoting *Princeton Biochems.*),

in part because "allowing Plaintiffs to pursue discovery on the willful infringement issue may

cause Defendant to prematurely waive its attorney-client privilege, thereby possibly prejudicing

its case"); *Sage Prods., Inc. v. Devon Indus., Inc.*, No. CV 93-2403, 1994 WL 791601, at *2

(C.D. Cal. Jan. 25, 1994) (noting the defendant would otherwise be "trapped in a catch-22,"

bifurcation is appropriate to "allow [the defendant] to retain the privilege without sacrificing its

willfulness defense"); *Flex Prods. Inc. v. BASF Corp.*, No. 97-CV-60233-AA, 1998 WL

425475, at *2 (E.D. Mich. May 13, 1998) ("As the Supreme Court has noted, the attorney-

client privilege is the oldest common law privilege, and is worthy of protection by the

courts," and "[t]hus, it is not uncommon in willful infringement cases for a court to stay

discovery of attorney opinions relevant to the willfulness defense.").

### 2.    Bifurcation And A Stay Of Discovery Is Warranted Here

Proving willful infringement under the newly articulated recklessness standard is no easy

task.  To prevail, Monsanto must come forward with clear and convincing evidence that

8

(1) DuPont acted recklessly from an objective point of view, and (2) DuPont subjectively knew or should have known of that objectively high risk.  *Seagate*, 497 F.3d at 1371.

Monsanto has not made – and in fact, cannot make – even a threshold showing that DuPont's pre-litigation conduct was objectively reckless in order to sustain its claim for willful infringement.  It would be plainly unfair to force DuPont to decide at this point whether to waive attorney-client privilege and disclose its opinions of counsel to defend against a willfulness charge that, at present, suffers from a complete failure of proof.  The prejudice is particularly acute now, at this preliminary stage of fact discovery, when DuPont would be compelled to turn over the theories and analysis of opinion counsel on liability, or face an increased risk of a willful infringement finding.  Such a result would be completely contrary to the Federal Circuit's reasoning in *Seagate,* which sought to discourage unsubstantiated claims for enhanced damages, such as Monsanto makes here.

### B.      Courts Routinely Bifurcate And Stay Discovery On Willfulness

In patent litigation, bifurcation is regularly employed as a means of managing the complexity of a given case.  *Fuji Mach. Mfg. Co., Ltd. v. Hover-Davis, Inc.*, 982 F. Supp. 923, 924 (W.D.N.Y. 1997) (collecting cases); *see also Ciena Corp. v. Corvis Corp.*, 210 F.R.D. 519, 521 (D. Del. 2002) (stating "patent cases, 'experienced judges use bifurcation and trifurcation both to simplify the issues in patent cases and to maintain manageability of the volume and complexity of the evidence presented to a jury'") (citing Creel & Taylor, Bifurcation, Trifurcation, Opinions of Counsel, Privilege and Prejudice, 424 PLI/Pat 823, 826 (1995)).  Indeed, the Court has previously bifurcated DuPont's antitrust counterclaims in an effort to streamline the case and the logic of doing so applies even more here.

Where, as here, the case involves technical subject matter and there is little to no evidentiary overlap between the liability and willfulness issues sought to be bifurcated, district

courts routinely bifurcate and stay discovery of the subordinate willfulness claim.  *See*, *e.g.*, *Medpointe Healthcare Inc. v. Hi-Tech Pharmacal Co., Inc.*, Nos. 03-5550 & 04-1686, 2007 WL 188285, at *5-6 (D.N.J. Jan. 22, 2007) (bifurcating willfulness and damages from liability in a case involving highly technical patents, complex damages issues, and little evidentiary overlap between the issues); *Ciena Corp.*, 210 F.R.D. at 521 (bifurcating willfulness and damages from liability in case involving numerous patent claims and complex technology); *St. Clair Intellectual Prop. Consultants, Inc. v. Sony Corp.*, No. Civ.A.01-557-JJF, 2002 WL 1901268, at *2 (D. Del. Aug. 16, 2002) (bifurcating and staying discovery regarding willfulness); *AVIA Group Int'l Inc. v. Nike, Inc.*, No. 91-326-JU, 1991 WL 340569, at *2-4 (D. Or. Nov. 21, 1991) (same); *Morton Grove Pharm., Inc. v. Par Pharm. Cos.*, No. 04-C-7007, 2005 WL 1766369, at *1 (N.D. Ill. July 22, 2005) (same); *see also Allergan Inc. v. Pharmacia Corp.*, No. Civ.A.01-141- SLR, 2002 WL 1268047, *2 n.1 (D. Del. May 17, 2002)  ("The court recognizes that the scope of discovery allowed at bar is relatively broad and potentially prejudicial to plaintiffs.  Therefore . . . the court will bifurcate the issue of willfulness, stay discovery relating to willfulness, and conduct a separate trial with a new jury in the event plaintiffs are found to infringe valid patents."); *Pfizer Inc. v. Novopharm Ltd.*, No. 00-1475, 2000 WL 1847604, at *4 (N.D. Ill. Dec. 14, 2000) (bifurcating willfulness and staying discovery in case involving one patent where there was "little, if any, evidentiary overlap between the issues of liability and willfulness"); *Novopharm*, 181 F.R.D. at 311-12 (same); *Princeton Biochems.*, 180 F.R.D. at 261 (same); *Sage Prods. Inc. v. Devon Indus., Inc.*, No. 93-2403, 1994 WL 791601, at *3 (C.D. Cal. Jan. 25, 1994) (ordering bifurcation and stay of discovery in case where there would be only "some duplication of effort" in proving liability and willfulness); *Scientific-Atlanta, Inc. v. Gen. Instrument Corp.*, No. Civ. A. HAR 92-99,

1993 WL 56790, at *2 (D. Md. Feb. 2, 1993) ("The Court concludes that severing the trial of liability and damages and staying proceedings related to damages and willfulness pending a final determination of liability is most consistent with the considerations set forth in Fed. R. Civ. P. 42(b).").

Alternatively, courts also grant stays of discovery on willfulness, even without ordering bifurcation of trial, pending the completion of fact and expert discovery on liability issues to mitigate any prejudice caused by the disclosure of the opinion of counsel. *See, e.g., Kos Pharms., Inc. v. Barr Labs., Inc.*, 218 F.R.D. 387, 393-94 (S.D.N.Y. 2003) (denying bifurcation but staying discovery of legal opinions relating to advice of counsel defense); *Brown v. Toscano*, 630 F. Supp. 2d 1342, 1352 (S.D. Fla. 2008) (same); *Flex Prods.*, 1998 WL 425475, at *2 ("[I]t is not uncommon in willful infringement cases for a court to stay discovery of attorney opinions relevant to the willfulness defense").

As in the cases above, the concerns of mitigating complex issues, promoting judicial economy, avoiding unnecessary prejudice to DuPont, and the lack of overlapping issues between infringement and willfulness all weigh heavily in favor of bifurcation and a stay of willfulness discovery.

### C. Bifurcation Will Simplify The Issues, Conserve Judicial Resources, And Expedite Resolution Of This Case

#### 1. The Issues In This Case Are Complex

The liability issues in this case are complex.  At issue here is a reissue patent comprising a total of 127 patent claims, each of which recites highly technical terms, and the meaning of at least 22 terms is still in dispute.  (*See, e.g.,* Defs.' Resp. Claim Construction Brief).  In response to Monsanto's patent claims, DuPont has asserted defenses of, *inter alia*, noninfringement, invalidity, unenforceability, license, patent misuse, equitable estoppel,

antitrust, claim or issue preclusion, and fraud (*see* Second Am. Answer & Countercls. at 14-17), and has brought declaratory judgment counterclaims of, *inter alia*, noninfringement, invalidity unenforceability, and antitrust violations.  (*See id.* at ¶¶ 483-607).  Setting aside the issue of willfulness now will ease the burden on the Court in addressing this already complex mix. *See*, *e.g.*, *Medpointe Healthcare*, 2007 WL 188285, at *5-6 (bifurcating willfulness and damages from liability in a case involving highly technical patents, complex damages issues, and little evidentiary overlap between the issues).  In addition to its patent claims, Monsanto has brought claims for breach of contract and unjust enrichment, further complicating the issues involved in this case.  (*See* Compl. at ¶¶ 76-122).  In response, Defendants have asserted defenses and counterclaims of, *inter alia*, a declaration of non-breach of contract, Plaintiffs' breach of contract, reformation due to mutual mistake, unilateral mistake, and fraudulent misrepresentation.  (*See* Second Am. Answer & Countercls. at 16 & ¶¶ 552-607).

### 2.    Bifurcation Promotes Judicial Economy

Bifurcation of liability and willfulness in this case would be highly efficient and economical because a determination that the asserted claims are invalid, unenforceable or not infringed would completely obviate the need for discovery and a trial on willfulness. *See Ortho-McNeil v. Teva Pharm. USA*, 2003 WL 25888720, at *3 (stating "once the validity of the patent is determined and infringement is or is not found, then the Court can speedily proceed with its determination of willfulness" and thus "promote efficiency and judicial economy"); *Pfizer*, 2000 WL 1847604, at *3.  Thus, it makes little sense to proceed with discovery on willfulness now, expending resources, and energy of the Court and the parties, when such discovery may ultimately prove unnecessary.  Indeed, it was this very rationale that partly led the Court to bifurcate DuPont's antitrust claims.  (*See* Dkt. 77, at 3).

### 3.    There Is No Overlap Of Issues

Bifurcation is also appropriate here because there is little to no potential for evidentiary overlap in the two trials, should a second trial on willfulness even be necessary.  As numerous courts have held, the issues of liability and willfulness in patent infringement cases are separate and distinct.  *See, e.g., Princeton Biochems.*, 180 F.R.D. at 258 (finding that "a determination regarding patent infringement . . . does not require a detailed inquiry into the elements of willful infringement"); *AVIA Group Int'l*, 1991 WL 340569, at *4 (stating that "willfulness is not relevant to the issue of liability"); *see also Ortho-McNeil v. Teva Pharm. USA*, 2003 WL 25888720, at *4 (evidentiary overlap is particularly minimized where only one patent is at issue in the litigation).  Patent infringement is a strict liability offense, concerning the asserted claims and the accused product.  The alleged infringer's state of mind is not relevant to the noninfringement and invalidity inquiries.  *See Seagate*, 497 F.3d at 1368.

By contrast, the focus of the willfulness inquiry – which is only necessary if there is a predicate finding of infringement – is whether the actions of the alleged infringer rise to the level of recklessness.  Accordingly, the proof required to demonstrate willfulness is distinct from that which is necessary to prove infringement.  Further, the risk of jury confusion regarding willful infringement and infringement is palpable as juries can mistakenly believe that knowingly making the product itself is willfully doing the act and thus, if there is infringement it is willful.  *See, e.g., Aptargroup, Inc. v. Owens-Illinois, Inc.*, No. 02 C 5058, 2003 WL 21557632, at *1 (N.D. Ill. Jul. 3, 2003) (bifurcating liability and willfulness, stating "we think there is a basis for believing that an 'intent' issue mixed up with an infringement issue will have a tendency to confuse and possibly prejudice the jury without any real relevant evidence benefit").  Thus, there is no savings or efficiency to be had at conducting discovery or trial of these issues concurrently – just prejudice to DuPont.

### D.    Monsanto Will Not Be Prejudiced If Willfulness Is Bifurcated

Finally, bifurcation of liability and willfulness will not prejudice Monsanto.  As discussed above, the relevant issues for a willfulness determination have little or no evidentiary overlap with the issues of noninfringement or invalidity of the '247 RE Patent.  *See*, *e.g.*, *Pfizer*, 2000 WL 1847604, at *4 (bifurcating willfulness and staying discovery where there was "little, if any, evidentiary overlap between the issues of liability and willfulness"); *Princeton Biochems.*, 180 F.R.D. at 258 ("While some overlap is possible, plaintiff's argument that willful infringement substantially overlaps liability . . . is unconvincing.").  Thus, bifurcation will not put Monsanto in the position of having to present the same evidence twice.  Further, Monsanto cannot complain of delay having moved to bifurcate previously, and especially where the issue of willfulness – should it ever arise – with the clear standards set forth in *Seagate*, could be addressed in an expedient fashion as compared to the involved and complex issues of liability.  A finding of willfulness allows a court (not a jury) to consider whether to enhance damages up until a trebling of damages.  Thus it has no bearing on the fundamental issue Monsanto is raising – whether Pioneer's OGAT/RR product may be sold.  If Monsanto prevails and the court declines to allow the sale, the damages will be at best limited.  If Pioneer prevails, there is no issue.  Therefore, given that willfulness does not touch on any of the fundamental disputes between the parties, there is no prejudice to Monsanto and certainly none outweighing the need to avoid the prejudice resulting from waiver of privilege.

## IV.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their motion to bifurcate and stay discovery on willful infringement pursuant to Fed. R. Civ. P. 42(b).

14

Dated:  August 31, 2010

Respectfully submitted,

**LEWIS, RICE & FINGERSH, L.C.**

By: _____/s/ C. David Goerisch_____
       Andrew Rothschild, #4214
       C. David Goerisch, #77207
500 N. Broadway, Suite 2000
St. Louis, Missouri  63102
(314) 444-7600
(314) 241-6056 (facsimile)
arothschild@lewisrice.com
dgoerisch@lewisrice.com

Leora Ben-Ami
Thomas F. Fleming
Christopher T. Jagoe
Howard S. Suh
**KAYE SCHOLER LLP**
425 Park Avenue
New York, New York  10022
(212) 836-8000
(212) 836-8689 (facsimile)
lbenami@kayescholer.com
tfleming@kayescholer.com
cjagoe@kayescholer.com
hsuh@kayescholer.com

Donald L. Flexner
**BOIES, SCHILLER & FLEXNER LLP**
575 Lexington Avenue, 7th Fl.
New York, New York 10022
(212) 446-2300
(212) 446-2350 (facsimile)
dflexner@bsfllp.com

James P. Denvir
Amy J. Mauser
**BOIES, SCHILLER & FLEXNER LLP**
5301 Wisconsin Avenue, N.W.
Washington, D.C. 20015
202-237-2727
202-237-6131 (facsimile)
jdenvir@bsfllp.com
amauser@bsfllp.com

*Counsel for Defendants E.I. du Pont de Nemours and*
*Company and Pioneer Hi-Bred International, Inc.*

15

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 31, 2010, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

- **Steven M. Berezney**
  steve.berezney@huschblackwell.com
- **Kurt G. Calia**
  kcalia@cov.com
- **Matthew A. Campbell**
  macampbell@winston.com
- **Scott W. Clark**
  sclark@mwe.com
- **Joseph P. Conran**
  joe.conran@huschblackwell.com
- **Todd J. Ehlman**
  tehlman@winston.com
- **Anthony J. Franze**
  Anthony.Franze@aporter.com
- **Greg G. Gutzler**
  greg.gutzler@huschblackwell.com
- **James M. Hilmert**
  jhilmert@winston.com
- **George C. Lombardi**
  glombardi@winston.com
- **Kurt A. Mathas**
  kmathas@winston.com
- **Omri E. Praiss**
  omri.praiss@huschblackwell.com
- **John J. Rosenthal**
  jrosenthal@winston.com
- **Rebecca M. Ross**
  rmross@winston.com
- **Mark A. Smith**
  markasmith@winston.com
- **Steven G. Spears**
  sspears@mwe.com,jjknapp@mwe.com
- **Tamara M. Spicer**
  tamara.spicer@huschblackwell.com,jean.melenbrink@huschblackwell.com
- **Gail J. Standish**
  gstandish@winston.com
- **Dan K. Webb**
  dwebb@winston.com

                                      _____/s/ C. David Goerisch_____