UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **MONSANTO COMPANY, and** <br> **MONSANTO TECHNOLOGY LLC** <br><br> **Plaintiffs,** <br><br> v. <br><br> **E.I. DUPONT DE NEMOURS AND** <br> **COMPANY and PIONEER HI-BRED** <br> **INTERNATIONAL, INC.,** <br><br> **Defendants.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 4:09-cv-00686(ERW) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**MONSANTO'S MOTION FOR LEAVE TO FILE A SURREPLY IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF INVALIDITY FOR <u>BROADENED REISSUE CLAIMS</u>**

Plaintiffs, Monsanto Company and Monsanto Technology LLC (collectively "Monsanto"), respectfully request leave of Court allowing Monsanto to file Monsanto's Surreply in Opposition to Defendants' Motion for Summary Judgment of Invalidity for Broadened Reissue Claims, consisting of 20 pages. In support of this Motion, Monsanto states as follows:

1.  Defendants' reply brief materially changes the claim construction that formed the basis for their motion for summary judgment.

2.  Defendants' reply materially changes their theory of broadening, citing a substantial amount of new putative evidence with their reply. The law is clear that "[o]n a motion for summary judgment, when a moving party advances new evidence and reasons in support of its motion for summary judgment in its reply, the court should either grant the nonmoving party an opportunity to respond or not consider or rely on any new evidence, materials or arguments

1

SLC-6172562-2

propounded by the moving party." *See Sowers v. Gatehouse Media Mo. Holdings, Inc.*, No. 4:08-cv-633 TIA, 2010 WL 1633389, at *2 (E.D. Mo. Apr. 22, 2010) (citing *Black v. TIC Inv. Corp.*, 900 F.2d 112, 116 (7th Cir. 1990) ("Where new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the movant an opportunity to respond.")). Consistent with this case law, Monsanto should be permitted the opportunity to respond to this newly-cited evidence. If Monsanto is not granted this opportunity, the Court should disregard all of the new evidence cited and arguments based thereon in Defendants' reply brief.

3. Defendants' reply materially changes the relief originally requested. Defendants originally moved to invalidate only certain specifically-identified claims of the patent. In their reply brief, Defendants now say that *all* of the reissued claims are invalid (except claims 1-3) even if only one is found to be broadened. In support of this novel position, Defendants misstate the law. Monsanto should be given a chance to respond and provide the correct legal analysis.

4. Monsanto respectfully submits that it has established good cause for filing a sur-reply to address brand new issues injected by Defendants for the first time in their reply brief.

5. During a conference with the Court concerning Defendants' motion to extend the date regarding disclosure of opinions of counsel, Monsanto notified the Court that it would be filing this Motion. After that, Monsanto communicated with Defendants regarding the sur-reply. Defendants stated that they would consent to Monsanto's sur-reply on this Motion if and only if (i) Monsanto agreed to consent to Defendants filing a sur-reply on a different, unrelated Motion *and* (ii) that Monsanto file this sur-reply one day from the date that Defendants made such a demand of Monsanto. Monsanto consented to Defendants filing a sur-reply on the unrelated Motion, thus satisfying the first of Defendants' requests.

6. Monsanto could not, however, meet the one-day filing deadline unilaterally imposed by Defendants. As the Court is aware from prior scheduling issues brought to the Court's attention, Dr. Stephen Dellaporta, Monsanto's expert (whose responsive declaration is submitted with Monsanto's sur-reply), was on vacation when Defendants' reply was filed. He returned from vacation early in order to be deposed in connection with claim construction on Saturday, August 28, 2010, and then immediately began helping counsel prepare for the September 2, 2010 *Markman* hearing. Given that timing and Dr. Dellaporta's teaching schedule, Monsanto could not reasonably respond to Defendants' new evidence and argument before now.

7. This Motion, therefore, is filed over Defendants' objections because Monsanto could not meet Defendants' one-day filing limitation.

WHEREFORE, Monsanto respectfully requests the Court grant leave to file a sur-reply in opposition to Defendants' motion for summary judgment of invalidity for broadened reissued claims.

Respectfully submitted,

HUSCH BLACKWELL SANDERS LLP

Dated: September 14, 2010

By: /s/ Joseph P. Conran .
Joseph P. Conran, E.D.Mo. # 6455
joe.conran@huschblackwell.com
Omri E. Praiss, E.D.Mo. # 35002
omri.praiss@huschblackwell.com
Greg G. Gutzler, E.D.Mo. # 84923
greg.gutzler@huschblackwell.com
Tamara M. Spicer, E.D.Mo. # 122214
tamara.spicer@huschblackwell.com
Steven M. Berezney, E.D.Mo. # 499707
steve.berezney@huschblackwell.com
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
(314) 480-1500 – telephone
(314) 480-1505 – facsimile

WINSTON & STRAWN LLP
Dan K. Webb
dwebb@winston.com
George C. Lombardi
glombardi@winston.com
Todd J. Ehlman
tehlman@winston.com
James M. Hilmert
jhilmert@winston.com
35 W. Wacker Drive, Suite 4200
Chicago, IL 60601
(312) 558-5600 – telephone
(312) 558-5700 – facsimile

John J. Rosenthal
jrosenthal@winston.com
Matthew A. Campbell
macampbell@winston.com
Jovial Wong
jwong@winston.com
1700 K Street, N.W.
Washington, DC 20006
(202) 282-5000 – telephone
(202) 282-5100 – facsimile

>Gail J. Standish
>gstandish@winston.com
>333 South Grand Avenue
>Los Angeles, CA 90071-1543
>(213) 615-1700 – telephone
>(213) 615-1750 – facsimile
>
>MCDERMOTT WILL & EMERY
>Steven G. Spears
>sspears@mwe.com
>Scott W. Clark
>sclark@mwe.com
>1000 Louisiana Street, Suite 3900
>Houston, TX  77002-5005
>(713) 653-1700 – telephone
>(713) 739-7592 – facsimile
>
>*Attorneys for Plaintiff Monsanto Company and Monsanto Technology LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 14th day of September, 2010, the foregoing was filed electronically with the Clerk of the Court for the United States District Court for the Eastern District of Missouri, Eastern Division, and was served by operation of that Court's electronic filing system, upon the following:

Andrew Rothschild, Esq.
C. David Goerisch, Esq.
Lewis, Rice & Fingersh, L.C.
600 Washington, Suite 2500
St. Louis, MO 63102

Leora Ben-Ami, Esq.
Thomas F. Fleming, Esq.
Christopher T. Jagoe, Esq.
Howard S. Suh, Esq.
Jeanna Wacker, Esq.
Kaye Scholer LLP
425 Park Avenue
New York, NY  10022

Donald L. Flexner, Esq.
Hershel Wancjer, Esq.
Cynthia Christian, Esq.
Robert M. Cooper, Esq.
Boies, Schiller & Flexner LLP
575 Lexington Avenue, 7th Fl.
New York, NY  10022

James P. Denvir, Esq.
Amy J. Mauser, Esq.
Boies, Schiller & Flexner LLP
5301 Wisconsin Avenue, N.W.
Washington, D.C.  20015

*Attorneys for Defendants*

　　　　　　　　　　　　　　　　　　　　　　　/s/ Joseph P. Conran　　　　　．