**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| MONSANTO COMPANY and<br>MONSANTO TECHNOLOGY LLC,<br><br>Plaintiffs,<br>v.<br><br>E.I. DU PONT DE NEMOURS AND CO. and<br>PIONEER HI-BRED INTERNATIONAL, INC.,<br><br>Defendants. | Case No. 09-cv-0686 (ERW) |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO**
**MONSANTO'S MOTION FOR EXTENSION OF TIME**
**TO RESPOND TO DEFENDANTS' COUNTERCLAIMS**

Defendants E.I. du Pont de Nemours and Co. and Pioneer Hi-Bred International, Inc. (collectively, "Defendants") respectfully submit this memorandum in opposition to Monsanto's Motion for Extension of Time (Dkt. # 337).

Monsanto seeks an extension of time to file a response to those counterclaims that are not at issue in its contemporaneously-filed Motion to Dismiss Certain Antitrust, Patent, and Contract Counterclaims and/or to Strike Certain Patent and Contract Affirmative Defenses (Dkt. # 334) ("Monsanto's Motion to Dismiss").[1]   For the reasons explained below, the Court should deny Monsanto's Motion for Extension of Time and should order Monsanto to file a complete response to Defendants' Second Amended Answer and Counterclaims (including a response to

---

[1]   Defendants will file a response to Monsanto's Motion to Dismiss in due course, but they believe that motion is without merit and should be denied.

the counterclaims addressed in Monsanto's Motion to Dismiss) in order to prevent prejudicial delay of the trial date and other significant case management deadlines.

Monsanto's Motion for Extension of Time is premised on Fed. R. Civ. P. 12(a)(4), which provides in relevant part as follows:

> (4)    Effect of Motion.  Unless the court sets a different time, serving a motion under this rule alters these periods [including the time in which to serve an answer to a counterclaim] as follows:
>
>    (A)    if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action….

Defendants acknowledge the cases cited by Monsanto in which the courts have held that the filing of a Rule 12 motion enlarges the time for filing a responsive pleading to all claims, including those not addressed in the motion to dismiss.  (Dkt. # 337 at 2).  In each of those cases, however, the filing of the motion to dismiss was one of the first actions in the case by the defendant(s), occurring not long after the filing or service of the initial complaint and before the entry of a case management order.  *See*, *e.g.*, *Ideal Instruments, Inc. v. Rivard Instruments, Inc.*, 434 F. Supp. 2d 598, 605-06 (N.D. Iowa 2006) (motion to dismiss filed 46 days after initial complaint); *Godlewski v. Affiliated Computer Servs., Inc.*, 210 F.R.D. 571, 572 (E.D. Va. 2002) (motion to dismiss filed 17 days after initial complaint); *Tingley Sys., Inc. v. CSC Consulting, Inc.*, 152 F. Supp. 2d 95 (D. Mass. 2001) (motion to dismiss filed 36 days after initial complaint).

By contrast, Monsanto filed the instant case over 16 months ago and the trial in this case is less than one year away.  Pursuant to the Court's Amended Case Management Order, Defendants' brief in opposition to Monsanto's Motion to Dismiss is not due until October 11, 2010, and Monsanto's reply brief will not be due until November 10, 2010.  (*See* Dkt. # 282 at 3, ¶ I.6).  It is likely that Monsanto's Motion to Dismiss will not be decided until shortly before or

even after the completion of fact discovery in this case.  If Monsanto is not required to answer Defendants' Counterclaims until after a decision on Monsanto's Motion to Dismiss, Defendants will be significantly prejudiced because either they will have little or no time to engage in discovery directed to Monsanto's affirmative defenses to these Counterclaims or the trial date will have to be continued.

Defendants respectfully suggest that the Court should "set[] a different time" for Monsanto to answer Defendants' Counterclaims, as it is permitted to do by Fed. R. Civ. P. 12(a)(4).  Monsanto has been aware of the allegations in Defendants' Second Amended Answer and Counterclaims for almost seven months.[2]  In order to expedite this litigation and preserve the Court's case management deadlines, the Court should order Monsanto to file its answer to all of Defendants' Counterclaims within 10 days or promptly at such other time that the Court deems appropriate.

In analogous situations, district courts have required defendants to file answers notwithstanding the pendency of Rule 12 motions to dismiss.  For example, in *Merchants Nat'l Bank v. Safrabank*, No. 90-4194-R, 1991 WL 173784 (D. Kan. Aug. 28, 1991), the magistrate judge ordered defendants to file their answers even though motions to dismiss were pending so that discovery could proceed in a timely and orderly manner.  *Id.* at *1.  The magistrate judge stated:

> Without a determination as to what defenses defendants would interpose and whether there will be counterclaims or crossclaims filed in this case, discovery will be limited and perhaps, unnecessarily lengthened, duplicative and more costly. The court's view of this case is that the case should not be delayed due to the pendency of the Rule 12 motions.

---

[2] Defendants provided Monsanto with a copy of their proposed Second Amended Answer and Counterclaims on February 17, 2010, two days before they filed their Motion for Leave to File a Second Amended Answer and Counterclaims.

*Id.*  The district court affirmed the magistrate judge's decision, recognizing the exception to Rule 12(a) that permits the court to set a different time for the filing of answers.  *Id.*  The court further stated:

> This court does not find that the magistrate judge's decisions were clearly erroneous or contrary to law, particularly under the circumstances of this case. . . . the motions to dismiss for failure to state a claim will not dispose of all of the claims in this case. Accordingly, *the magistrate judge's decision to move this case expeditiously and efficiently is to be commended, not condemned.*

*Id.* (emphasis added); *see also In re Longhorn Sec. Litig.*, 573 F. Supp. 255, 263 (W.D. Okla. 1983) ("To expedite this litigation, see Fed. R. Civ. P. 1, the Court has required the defendants to answer the complaints even though their pre-answer motions were still under consideration.").

For the foregoing reasons, the Court should deny Monsanto's Motion for Extension of Time and should order Monsanto to file its answer to all of Defendants' Counterclaims within 10 days, or by September 27, 2010.

Dated:  September 17, 2010                          Respectfully submitted,

**LEWIS, RICE & FINGERSH, L.C.**

By:_____/s/ C. David Goerisch_____
           Andrew Rothschild, #4214
           C. David Goerisch, #77207
500 N. Broadway, Suite 2000
St. Louis, Missouri  63102
(314) 444-7600
(314) 241-6056 (facsimile)
arothschild@lewisrice.com
dgoerisch@lewisrice.com


Leora Ben-Ami
Thomas F. Fleming
Christopher T. Jagoe
Howard S. Suh
**KAYE SCHOLER LLP**
425 Park Avenue
New York, New York  10022
(212) 836-8000
(212) 836-8689 (facsimile)
lbenami@kayescholer.com
tfleming@kayescholer.com
cjagoe@kayescholer.com
hsuh@kayescholer.com


Donald L. Flexner
**BOIES, SCHILLER & FLEXNER LLP**
575 Lexington Avenue, 7th Fl.
New York, New York 10022
(212) 446-2300
(212) 446-2350 (facsimile)
dflexner@bsfllp.com


James P. Denvir
Amy J. Mauser
**BOIES, SCHILLER & FLEXNER LLP**
5301 Wisconsin Avenue, N.W.
Washington, D.C. 20015
202-237-2727
202-237-6131 (facsimile)
jdenvir@bsfllp.com
amauser@bsfllp.com


*Counsel for Defendants E.I. du Pont de Nemours and
Company and Pioneer Hi-Bred International, Inc.*

5

**CERTIFICATE OF SERVICE**

I hereby certify that on September 17, 2010, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

- **Steven M. Berezney**
  steve.berezney@huschblackwell.com
- **Kurt G. Calia**
  kcalia@cov.com
- **Matthew A. Campbell**
  macampbell@winston.com
- **Scott W. Clark**
  sclark@mwe.com
- **Joseph P. Conran**
  joe.conran@huschblackwell.com
- **Todd J. Ehlman**
  tehlman@winston.com
- **Anthony J. Franze**
  Anthony.Franze@aporter.com
- **Greg G. Gutzler**
  greg.gutzler@huschblackwell.com
- **James M. Hilmert**
  jhilmert@winston.com
- **George C. Lombardi**
  glombardi@winston.com
- **Kurt A. Mathas**
  kmathas@winston.com
- **Omri E. Praiss**
  omri.praiss@huschblackwell.com
- **John J. Rosenthal**
  jrosenthal@winston.com
- **Rebecca M. Ross**
  rmross@winston.com
- **Mark A. Smith**
  markasmith@winston.com
- **Steven G. Spears**
  sspears@mwe.com,jjknapp@mwe.com
- **Tamara M. Spicer**
  tamara.spicer@huschblackwell.com,jean.melenbrink@huschblackwell.com
- **Gail J. Standish**
  gstandish@winston.com
- **Dan K. Webb**
  dwebb@winston.com

_____/s/ C. David Goerisch_____