**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| MONSANTO COMPANY and<br>MONSANTO TECHNOLOGY LLC,<br><br>       Plaintiffs,<br>  v.<br><br>E.I. DU PONT DE NEMOURS AND CO. and<br>PIONEER HI-BRED INTERNATIONAL, INC.,<br><br>       Defendants. | Case No. 09-cv-0686 (ERW) |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DUPONT'S MOTION TO
BIFURCATE AND STAY DISCOVERY WITH RESPECT TO
WILLFUL INFRINGEMENT PURSUANT TO FED. R. CIV. P. 42(b)**

# TABLE OF CONTENTS

Page

I. Monsanto Is Wrong That Staying Willfulness Is Improper Because It Is "Inextricably Linked" to Other Issues ............................................................................... 4

II. Monsanto's Claim of Prejudice Is Not Credible, While the Prejudice to DuPont Would Be Substantial .................................................................................................. 7

III. Staying the Willfulness Claim Could Avoid Unnecessary Discovery and Litigation.................................................................................................................... 10

IV. CONCLUSION............................................................................................................ 12

## **TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Allergan Inc. v. Pharmacia Corp.*,
  No. Civ.A.01-141- SLR, 2002 WL 1268047 (D. Del. May 17, 2002) ...................................... 9

*Aptargroup, Inc. v. Owens-Illinois, Inc.*,
  No. 02 C 5058, 2003 WL 21557632 (N.D. Ill. Jul. 3, 2003) ..................................................... 6

*AVIA Group Int'l Inc. v. Nike, Inc.*,
  No. 91-326-JU, 1991 WL 340569 (D. Or. Nov. 21, 1991) .................................................. 5, 9

*Broadcom Corp. v. Qualcomm Inc.*,
  543 F.3d 683 ( Fed. Cir. 2008) ................................................................................................ 7

*Brown v. Toscano*,
  630 F. Supp. 2d 1342, 1352 (S.D. Fla. 2008) ......................................................................... 9

*Ciena Corp. v. Corvis Corp.*,
  210 F.R.D. 519 (D. Del. 2002) .......................................................................................... 4, 12

*Computer Ass'c Int'l v. Simple.com, Inc.*,
  247 F.R.D. 63 (E.D.N.Y. 2007) ............................................................................................... 4

*DePuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*,
  567 F.3d 1314 (Fed. Cir. 2009) ............................................................................................... 5

*In re Seagate*,
  497 F.3d 1360 (Fed. Cir. 2007) ...................................................................................... 5, 7, 11

*In re Unilin Decor N.V.*,
  153 Fed. App'x 726 (Fed. Cir. 2005) .................................................................................... 11

*Kimberly-Clark Corp. v. James River Corp. of Va.*,
  131 F.R.D. 607 (N.D. Ga. 1989) ............................................................................................. 5

*Medpointe Healthcare Inc. v. Hi-Tech Pharmacal Co., Inc.*,
  Nos. 03-5550 & 04-1686, 2007 WL 188285 (D.N.J. Jan. 22, 2007) ....................................... 5

*Ortho-McNeil v. Teva Pharm. USA*,
  No. 02-2794, 2003 WL 25888720 (D.N.J. Jan. 28, 2003) ................................................... 5, 7

*Pfizer Inc. v. Novopharm Ltd.*,
  No. 00-1475, 2000 WL 1847604 (N.D. Ill. Dec. 14, 2000) ..................................................... 5

*Princeton Biochems., Inc. v. Beckman Instruments Inc.*,
  180 F.R.D. 254 (D.N.J. 1997)..........................................................................................5, 9

*Quantum Corp. v. Tandon Corp.*,
  940 F.2d 642 (Fed.Cir.1991)................................................................................................9

*Real v. Bunn-o-Matic Corp.*,
  195 F.R.D. 618 (N.D. Ill. 2000)........................................................................................4, 5

*Sage Prods. Inc. v. Devon Indus., Inc.*,
  No. 93-2403, 1994 WL 791601 (C.D. Cal. Jan. 25, 1994)..................................................9

*Square D Co. v. E.I. Elecs., Inc.*,
  264 F.R.D. 385 (N.D. Ill. 2009) ..........................................................................................8

*St. Clair Intellectual Prop. Consultants, Inc. v. Sony Corp.*,
  No. Civ.A.01-557-JJF, 2002 WL 1901268 (D. Del. Aug. 16, 2002)...................................9

*THK Am. Inc. v. NSK Co. Ltd.*,
  151 F.R.D. 625 (N.D. Ill. 1993)...........................................................................................5

*Thule, Inc. v. Yakima Prods. Inc.*,
  No. Civ. 303CV1730, 2003 WL 22909821 (D. Conn. Dec. 8, 2003).................................8

*Trading Tech. Int'l v. Espeed, Inc.*,
  431 F. Supp. 2d 834 (N.D. Ill. 2006) ..................................................................................4

*Vishay Dale Elecs., Inc. v. Cyntec Co.*,
  No. 8:07CV191, 2008 WL 4868772 (D. Neb. Nov. 6, 2008).............................................8

*Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*,
  520 U.S. 17 (1997)............................................................................................................1, 4

*Wyeth v. Anchen Pharms.*,
  2006 WL 6103249 (C.D. Cal. Dec. 20, 2006) (Op. Br. at 10-11) .......................................4

*Yamaha Hatsukoki Kabushiki Kaisha v. Bombardier, Inc.*,
  No. CV 00-548, 2001 WL 501354 (C.D. Cal. May 4, 2001) ..........................................6, 8

**RULES**

D.N.J., Local Patent Rule 3-8..........................................................................................................9

E.D. Mo. Executive Summary: Draft Local Patent Rules, May 2010, Rule 3-9 .........................8

Fed. R. Civ. P. 26-37....................................................................................................................12

Fed. R. Civ. P. 42(b) ....................................................................................................................13

Judge Shaw, Local Patent Rules, Rule 3-8 ....................................................................................8

N.D. Cal., Local Patent Rule 3-8..................................................................................................9

**STATUTES**

35 U.S.C. § 271(e)(1)..................................................................................................................10

**OTHER AUTHORITIES**

Creel & Taylor, Bifurcation, Trifurcation, Opinions of Counsel, Privilege and Prejudice,
    424 PLI/Pat 823, 826 (1995)....................................................................................................4

Monsanto does not dispute that its claim of willfulness could be foreclosed by any one of DuPont's several defenses or counterclaims, nor that the early disclosure of an opinion of counsel inflicts substantial prejudice.  Instead, Monsanto opposes bifurcation based on three contentions that:  (1) willfulness is inextricably linked to other issues in this suit; (2) Monsanto would be prejudiced by bifurcation; and (3) staying the willfulness claim would be inefficient.  Each of these contentions is legally and factually incorrect.

*First*, the elements and standard of proof for willfulness are distinct from issues of liability.  From the Supreme Court to the Federal Circuit to district courts, there is virtually universal agreement that direct and willful infringement are unrelated claims with little to no overlap.  *See, e.g.*, *Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 34 (1997) (proof of intent is not required under either literal or doctrine of equivalents infringement analysis).  With respect to DuPont's contract claims, Monsanto has it exactly backwards.  A ruling for reformation forecloses Monsanto's claim for willfulness entirely.  A finding of an implied negative covenant (meaning that the negative covenant is not express but implied by the contract), however, would still require Monsanto to prove direct and willful infringement, which have entirely different elements than the contract issues.  Finally, any overlap between the claims of willfulness and inducement is of no practical import.  DuPont has never sold OGAT/RR seeds, and thus cannot be liable for inducing infringement.  Monsanto's claim will never make it beyond summary judgment.

*Second*, Monsanto's claim of prejudice is filled with contradictions and is not credible. While Monsanto complains it is prejudiced by the delay caused by a separate trial on willfulness, it is because of Monsanto's motion to bifurcate that there will be at least two trials – a patent-contract trial and a trial based on various antitrust claims.  While Monsanto complains of the

supposed added expense of discovery and motion practice bifurcation would cause, it has been Monsanto who has requested the staggering of issues.  Finally, while Monsanto asserts it would be prejudiced from staying discovery of any sensitive DuPont opinion of counsel because it "needs" this for claim construction, just days ago at the *Markman* hearing Monsanto took the position that extrinsic evidence should not generally be considered for purposes of claim construction.[1]  Monsanto fails to cite any authority stating that a defendant's opinion of counsel is relevant to claim construction.  These illusory complaints of prejudice are outweighed by the substantial harm to DuPont caused by a premature disclosure of an opinion of counsel, waiver of privilege and the tactical advantage to Monsanto that would result.

Monsanto brushes aside this harm arguing DuPont missed the time to decide whether to rely on any opinion of counsel and took Monsanto by surprise in filing this motion.  The record, however, is clear:  DuPont, Monsanto and the Court agreed at the August 23, 2010 hearing that DuPont would file its motion to bifurcate, and its decision as to an opinion of counsel would be deferred until after that briefing:

> Mr. Fleming:  Your Honor, I think that the general framework is something that we're comfortable with, of course.  And further to that, what we would do, so the Court is not held inordinately in limbo, as I mentioned, **we intend to make a Motion to Bifurcate. We intend to do so quickly so Your Honor will have some additional briefing on the issue to inform you about some of the underlying issues** as well so that you're not somehow denied the information about our arguments about this while all of this is still going on.
>
> So, Your Honor, if I might, just to recapitulate what we're – what we're – what we're saying here is that the hearings and all the pre-Markman proceedings will go forward as before.  **Our time to decide whether to assert an opinion of counsel is deferred, and – and – and Your Honor will undertake to withhold its [*Markman*] decision until such time as we then make a**

---

[1] *See, e.g.*, 9/2/10 Hearing Tr. I-A at 25:5-11, attached as Ex. A.

2

> **decisions as to disclosure**. And if there are disclosures, to afford the parties an opportunity to say something briefly about the relevance or irrelevance about any such disclosure.
>
> The Court: "**That's as I understand it**. I'll hear again; we'll go around one more time just to make sure. And I would like that somehow capsulated in a stipulation that is on file so everyone is operating under the same assumption. . . . Let me hear – **Mr. Lombardi, are you in accord with what Mr. Fleming just reported?**
>
> Mr. Lombardi: Yeah. Your Honor, I believe, if I heard Mr. Fleming correctly, that that's essentially what – what I had proposed. **And so that would be acceptable to us**."[2]

DuPont informed Monsanto and the Court that it would move to bifurcate and stay willfulness and all agreed that whether to disclose any opinion of counsel would be deferred during this briefing. It is therefore troubling that Monsanto refused to sign the stipulation memorializing that understanding[3] and now claims surprise at DuPont's motion.[4] Even if this is a misunderstanding on Monsanto's part as to timing, given the recent extension of time for document production until November 1, 2010 (Dkt. 350), it is reasonable for the Court to decide the bifurcation issue first and then have production, if necessary.

*Finally*, bifurcation is efficient and appropriate in this complex, wide-ranging case. In arguing that bifurcation is inefficient, Monsanto relies on judicial decisions made in very narrow, and highly distinguishable patent cases.[5] *This* case has been assigned to Track 3, reserved for the

---

[2] 8/23/10 Hearing Tr. at 15:14-17:3, attached as Ex. B. (emphasis added).

[3] *See* Dkt. 333, Pls.' Op. to Defs.' Mot. to Bifurcate, Ex. C (hereinafter "Op. Br.").

[4] In arguing DuPont missed the time to decide whether to rely on any opinion of counsel, Monsanto not only takes a position that is contrary to the record, but also contrary to its counsel's August 30, 2010 email to DuPont wherein Monsanto proposed an October 1 deadline for such disclosure. *See* Op. Br., Ex. C.

[5] *Real v. Bunn-o-Matic Corp.*, 195 F.R.D. 618, 626 (N.D. Ill. 2000) ("The court has not seen a more simple patent case:") (Op. Br. at 4); *Computer Ass'c Int'l v. Simple.com, Inc.*, 247 F.R.D. 63 (E.D.N.Y. 2007) (noting the case does not concern a voluminous amount of evidence, and the technology is familiar to a large portion of the population) (cited by Op. Br. at 2, 3, 6, 7);
(continued...)

3

most complex cases. (Dkt. 350). This case concerns advanced technology, a reissue patent with an extensive file history, 127 claims, 47 of which are asserted, with multiple counterclaims and defenses at issue. In such complex litigations, bifurcation is "common," regularly employed to manage the varied legal issues, mitigate jury confusion and avoid undue expense to the parties. *See, e.g.*, *Ciena Corp. v. Corvis Corp.*, 210 F.R.D. 519, 521 (D. Del. 2002) (stating "bifurcation of complex patent trials has become common" and "'experienced judges use bifurcation and trifurcation both to simplify the issues in patent cases and to maintain manageability of the volume and complexity of the evidence presented to a jury'") (citing Creel & Taylor, Bifurcation, Trifurcation, Opinions of Counsel, Privilege and Prejudice, 424 PLI/Pat 823, 826 (1995)). Indeed, these factors were key to the Court's order bifurcating DuPont's antitrust counterclaims. (Dkt. 77, at 3).

### I.   Monsanto Is Wrong That Staying Willfulness Is Improper Because It Is "Inextricably Linked" to Other Issues

There is little to no factual or legal overlap between willfulness and direct infringement. Patent infringement is a strict liability offense concerning the asserted claims and the accused product.[6] Willfulness is an intent-based inquiry that must be proven by clear and convincing evidence. The Supreme Court and Federal Circuit have repeatedly stated that infringement is a strict liability offense, unrelated to willfulness or an alleged infringer's state of mind. *See Warner-Jenkinson*, 520 U.S. at 34; *In re Seagate*, 497 F.3d 1360, 1368 (Fed. Cir. 2007); *DePuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*, 567 F.3d 1314, 1336 (Fed. Cir. 2009)

---

*Wyeth v. Anchen Pharms.*, 2006 WL 6103249 (C.D. Cal. Dec. 20, 2006) (simple ANDA case) (Op. Br. at 10-11); *Trading Tech. Int'l v. Espeed, Inc.*, 431 F. Supp. 2d 834, 840 n.2 (N.D. Ill. 2006) ("At its heart, it is not that complicated for a patent case.") (Op. Br. at 11).

[6] Monsanto oddly claims that *its* commercial embodiment of the '247 RE Patent is at issue for infringement, without citation to the pleadings or record. Op. Br. at 4. Clearly Monsanto has accused DuPont's products not its own. Thus, Monsanto's argument and cited authority is unavailing and does not make direct infringement at all relevant to its willfulness claim.

4

(distinguishing willfulness inquiry from direct infringement, and noting evidence of copying is "of no import" to infringement and only relevant to the intent element of willfulness) (quotations omitted); *see also*, *Princeton Biochems., Inc. v. Beckman Instruments Inc.*, 180 F.R.D. 254, 258 (D.N.J. 1997) ("no significant overlap"); *AVIA Group Int'l Inc. v. Nike, Inc.*, No. 91-326-JU, 1991 WL 340569, at *4 (D. Or. Nov. 21, 1991) ("willfulness is not relevant to the issue of liability"); *Pfizer Inc. v. Novopharm Ltd.*, No. 00-1475, 2000 WL 1847604, at *4 (N.D. Ill. Dec. 14, 2000) (noting "little, if any, evidentiary overlap between the issues of liability and willfulness"); *Ortho-McNeil v. Teva Pharm. USA*, No. 02-2794, 2003 WL 25888720, at *4 (D.N.J. Jan. 28, 2003); *Medpointe Healthcare Inc. v. Hi-Tech Pharmacal Co., Inc.*, Nos. 03-5550 & 04-1686, 2007 WL 188285, at *5-6 (D.N.J. Jan. 22, 2007) (same). Monsanto's citation to two out-lying, out-dated, pre-*Seagate* district court cases that state the two claims are somehow linked are swamped by this overwhelmingly contrary authority.[7]

Monsanto also attempts to blur the lines between the contract issues of this case with willfulness, arguing that the two are related because each generally concerns state of mind. Yet, Monsanto fails to identify a single case where a court has ever found that the clear and convincing proof of objective recklessness and subjective knowledge of infringement required for a willfulness claim overlaps in any way with the completely separate issues of reformation and implied negative covenant. Monsanto's confusion of these completely distinct issues provides a compelling reason for bifurcation: if Monsanto fails to distinguish these very different claims in its briefing or presentation at trial, how could we expect a jury not to get

---

[7] Op. Br. at 4 (citing *Kimberly-Clark Corp. v. James River Corp. of Va.*, 131 F.R.D. 607, 609 (N.D. Ga. 1989) (stating alleged infringer's state-of-mind is bound to facts of infringement without any analysis); *Real,* 195 F.R.D. at 625 (claiming overlap by relying on a district court opinion from 1993) (citing *THK Am. Inc. v. NSK Co. Ltd.*, 151 F.R.D. 625 (N.D. Ill. 1993)).

5

"mixed up." *See, e.g.*, *Aptargroup, Inc. v. Owens-Illinois, Inc.*, No. 02 C 5058, 2003 WL 21557632, at *1 (N.D. Ill. Jul. 3, 2003) (bifurcating liability and willfulness, stating "we think there is a basis for believing that an 'intent' issue mixed up with an infringement issue will have a tendency to confuse and possibly prejudice the jury without any real relevant evidence benefit").[8]

Monsanto's argument that bifurcation is inappropriate because willfulness overlaps with DuPont's equitable defenses is also not well founded. Monsanto cites authority stating that the patent defenses of equitable estoppel and laches can be defeated by a showing of willful infringement, and argues therefore, that these defenses should be tried with a willfulness claim. (Op. Br. at 5). First, there is no laches claim and therefore the issue is irrelevant. Second, courts recognize that an affirmative defense of estoppel and reliance on the advice of counsel "involve different facts" and a "jury will be able to decide one matter independently of the other." *Yamaha Hatsukoki Kabushiki Kaisha v. Bombardier, Inc.*, No. CV 00-548, 2001 WL 501354, at *2 (C.D. Cal. May 4, 2001) (trying liability and equitable defenses separately from willfulness). For an estoppel defense, the defendant offers proof of reliance on the acts of the plaintiff, whereas for an advice of counsel defense, the defendant offers proof of reliance on his own counsel. *Id.* Furthermore, DuPont's equitable estoppel defense applies to the *contracts, not Monsanto's patent*, so there is no overlap.[9]

---

[8] DuPont recognizes the burden this case will put on a jury and therefore has and will file summary judgment motions when appropriate to resolve true legal issues and make the case manageable for a jury. Nonetheless, as long as Monsanto insists on asserting anything near 47 claims, the risk of jury confusion must be considered serious.

[9] Dkt. 316, Second Am. Answer & Counterclaims at Eighth Additional Defense (stating "Each and every one of Monsanto's **breach of contract causes of action** contained in the Complaint is barred by reason" of equitable estoppel) (emphasis added).

Finally, Monsanto argues that its claim of inducement overlaps with its willfulness claim based on *Broadcom Corp. v. Qualcomm Inc.*, 543 F.3d 683, 699 (Fed. Cir. 2008). That case has no bearing on this bifurcation motion for one simple reason. Inducement of infringement requires that there be a separate, third party who is a direct infringer. *Id.* at 697. *Broadcom* states that the absence of an opinion of counsel is only relevant after a plaintiff proves that such a third party directly infringed its patent. *Id.* at 699 (noting opinion of counsel is only "relevant to the second prong of the intent analysis"). However, Monsanto will never be able to make that threshold showing as DuPont never sold its accused product to a third party. Thus, any purported overlap between willfulness and inducement is of no import.[10]

## II. Monsanto's Claim of Prejudice Is Not Credible, While the Prejudice to DuPont Would Be Substantial

Monsanto imagines that the delay caused by bifurcation will "stretch the case out indefinitely," (Op. Br. at 11) an ironic complaint as Monsanto is now attempting to disrupt the fundamental schedule on basic liability and DuPont's antitrust claims through delay. (Dkt. 345, Pls.' Mot. to Modify the Scheduling Order). In reality, however, given the clear standards set forth in *Seagate*, should willfulness ever need to be addressed, the necessary discovery could be performed in an expedited fashion. *See, e.g.*, *Ortho-McNeil*, 2003 WL 25888720, at *3 (stating "once the validity of the patent is determined and infringement is or is not found, then the Court can speedily proceed with its determination of willfulness" and thus "promote efficiency and judicial economy"); *Yamaha*, 2001 WL 501354, at *3 (bifurcating and staying discovery on willfulness, noting discovery could be expeditiously

---

[10] Even assuming Monsanto's inducement claim could survive summary judgment, inducement, like willfulness, requires a predicate finding of direct infringement. *Id*. at 697. Thus, the state of mind element of inducement should also be bifurcated along with the willfulness claim until a ruling on liability is made.

completed and "[b]y staying discovery, neither party is unfairly advantaged or disadvantaged, and all parties will receive information they are entitled to at the appropriate time"). Monsanto's past motion to bifurcate and recent motion to delay the trial schedule show that it is less concerned here about delay than with the tactical advantage it hopes to gain from a premature disclosure of an opinion of counsel. (Dkts. 35, 345).

Indeed, Monsanto complains that it would be prejudiced if it cannot use a DuPont opinion of counsel for claim construction. (Op. Br. at 8). However, the uncontroverted case law states just the opposite, that opinions of counsel are irrelevant to claim construction. *See Vishay Dale Elecs., Inc. v. Cyntec Co.*, No. 8:07CV191, 2008 WL 4868772, at *3 (D. Neb. Nov. 6, 2008) ("The plaintiff's argument that [advice of counsel] is relevant to the upcoming *Markman* hearing is misplaced."); *Square D Co. v. E.I. Elecs., Inc.*, 264 F.R.D. 385, 389 (N.D. Ill. 2009); *Thule, Inc. v. Yakima Prods. Inc.*, No. Civ. 303CV1730, 2003 WL 22909821, at *1 (D. Conn. Dec. 8, 2003) ("For under relevant case law, the views of [defendant's] counsel have little, or no, relevance to either claim construction or infringement.") (citations omitted). Indeed, the draft local patent rules for the Eastern District of Missouri, and the local patent rules of District Court Judge for the Eastern District of Missouri, Judge Shaw, also recognize that advice of counsel is not relevant to claim construction, requiring its disclosure only many days after the issuance of a claim construction ruling. E.D. Mo. Executive Summary: Draft Local Patent Rules, May 2010, Rule 3-9 (49 days), attached as Ex. C; *and* Judge Shaw's Local Patent Rules, Rule 3-8 (50 days) (available at http://www.moed.uscourts.gov/judges/cas.html); *see also*, N.D. Cal., Local Patent Rule 3-8 (50 days); D.N.J., Local Patent Rule 3-8 (30 days).

8

In contrast, by requiring disclosure now, DuPont would experience significant and well documented prejudice, losing privilege, and providing Monsanto with key insight into its legal theories.  *See*, *e.g.*, *Quantum Corp. v. Tandon Corp.*, 940 F.2d 642, 643-44 (Fed.Cir.1991); *St. Clair Intellectual Prop. Consultants, Inc. v. Sony Corp.*, No. Civ.A.01-557-JJF, 2002 WL 1901268, at *2 (D. Del. Aug. 16, 2002); *AVIA*, 1991 WL 340569, at *4; *Allergan Inc. v. Pharmacia Corp.*, No. Civ.A.01-141- SLR, 2002 WL 1268047, *2 n.1 (D. Del. May 17, 2002); *Princeton Biochems.*, 180 F.R.D. at 260; *Sage Prods. Inc. v. Devon Indus., Inc.*, No. 93-2403, 1994 WL 791601, at *2 (C.D. Cal. Jan. 25, 1994).

Monsanto's only rebuttal is that DuPont must first present an opinion of counsel for an *in camera* review before establishing prejudice.  However, this misconstrues the nature of DuPont's motion.  As stated during the August 23, 2010 hearing, DuPont, Monsanto and the Court agreed that DuPont's decision whether to assert any opinion of counsel was deferred pending this motion, providing the parties a chance to apprise the court of all the relevant issues attendant to that choice.  (Ex. B, at 16:1-9).  Once the Court determines whether bifurcation and a stay of discovery is appropriate, then DuPont will be able to decide whether it should rely on any opinion and disclose it to the Court for an *in camera* review.  To submit an opinion at this stage, however, forces DuPont to make the very premature decision that its motion to bifurcate and stay was intended to avoid.  *See, e.g.*, *Brown v. Toscano*, 630 F. Supp. 2d 1342, 1352 (S.D. Fla. 2008) ("[T]his Court will delay discovery of any legal opinions relating to the advice of counsel defense, at least until Defendants have notified Plaintiff and the Court whether they will assert an advice of counsel defense to the issue of willfulness and the Court, if necessary, has examined the legal opinions *in camera*.").

**III.     Staying the Willfulness Claim Could Avoid Unnecessary Discovery and Litigation**

Monsanto does not dispute that its claim of willful infringement may be mooted by a finding of no liability, calling this fact a "truism." However, a chart of the Second Amended Answer and Counterclaim ("SAAC") underscores that if DuPont prevails on any number of issues, Monsanto's willfulness claim would be foreclosed, saving judicial and party resources and avoiding jury confusion, the unnecessary disclosure of any opinion of counsel and waiver of privilege.

| Allegations, Defenses and Counterclaims | Paragraphs of SAAC | Foreclosure of Willfulness Claim |
|---|---|---|
| 1. **License.** Monsanto licensed the accused conduct. | Second Additional Defense. | Yes |
| 2. **Patent Misuse**. Monsanto has improperly engaged in baseless enforcement of patents and attempted to expand the geographic and temporal scope of that patent. | Fourth Additional Defense, ¶¶ 360-405. | Yes |
| 3. **Non-infringement**. DuPont has not infringed the '247 Re Patent or has intervening rights over the claims of that patent. | Fifth Additional Defense, Count Eight, ¶¶ 539-543. | Yes |
| 4. **Invalidity**. The '247 RE Patent is invalid for failure to satisfy the requirements for patentability. | Sixth Additional Defense, Count Ten, ¶¶ 544-47. | Yes |
| 5. **Unenforceability**. The '247 RE Patent is unenforceable because Monsanto committed inequitable and wrongful conduct in procuring the patent before the PTO. | Seventh Additional Defense, Count Ten, ¶¶ 548-551. | Yes |
| 6. **Equitable Estoppel**. Monsanto's breach of contract cause of action is barred by reasons of Monsanto's acts, omissions, representations. | Eighth Additional Defense. | Yes |
| 7. **Reformation**. The contract at issue requires reformation due to mutual mistake, unilateral mistake with Monsanto's knowing silence, or fraud by Monsanto. | Ninth and Twelfth Additional Defenses, Counts Eleven to Thirteen, ¶¶ 552-561, 571-607. | Yes |
| 9. **Safe Harbor**. DuPont's conduct does not constitute infringement under 35 U.S.C. § 271(e)(1). | Thirteenth Additional Defense. | Yes |
| 10. **Judicial Estoppel**. Monsanto is judicially estopped from asserting claims of the '247 Re Patent due to inconsistent positions taken in litigations. | Fourteenth Additional Defense. | Yes |

Despite these many ways in which willfulness would be foreclosed, Monsanto nonetheless opposes bifurcation claiming it is inefficient for three erroneous reasons: (1) there is some overlap between some of the above issues and willfulness; (2) a stay will force the Court into difficult line drawing as to discovery; and (3) the parties will likely dispute what is discoverable under any ruling. As to the purported overlap, DuPont has already shown that it is minuscule and no impediment to bifurcation.

Monsanto's concerns of difficult line-drawing are also overblown. Courts draw difficult lines on discovery daily. *See, e.g.*, *In re Unilin Decor N.V.*, 153 Fed. App'x 726, 728 (Fed. Cir. 2005) ("The determination of what is a legal strategy and what is a discoverable fact is undoubtedly a tough line to draw and . . . is best left to the supervision of the trial judge on a case-by-case basis."). While Monsanto poses a litany of supposedly difficult discovery issues, in reality, implementing such a stay would be relatively straightforward. Willfulness has two elements: (1) proof that the direct infringement committed by the defendant was objectively reckless; and (2) that the defendant knew of that risk or should have known. *See Seagate*, 497 F.3d at 1371. Under a stay, discovery into DuPont's supposed awareness of an objectively reckless risk would be stayed until Monsanto proves at trial that direct infringement and liability exist. Far from intractable line-drawing, this stay has been successfully implemented by numerous courts.

Finally, Monsanto's assertion that DuPont has somehow been uncooperative in discovery is totally without merit or citation to the record. The rules of civil procedure provide more than a sufficient guide and sufficient recourse for either party in the event that the Court's orders are not respected. *See* Fed. R. Civ. P. Rules 26-37. Bifurcating willfulness and staying its discovery

11

poses no greater burden or danger to the parties or the Court than the prior grant of bifurcation as to several antitrust counterclaims.

In cases as complex as this, involving a reissue patent comprising a total of 127 patent claims, reciting highly technical terms with numerous counterclaims and defenses at issue, bifurcation of willfulness is appropriate to avoid jury confusion and promote judicial efficiency. Staying discovery of willfulness and trying it after liability, if necessary, will enable the Court to handle the issues in a logical order, while eliminating the potential for superfluous discovery, litigation and waiver of privilege. *See, e.g.*, *Ciena Corp.*, 210 F.R.D. at 521.

The issue of willfulness must be put in context. This case includes very detailed patent, contract and antitrust issues. Willful infringement, if found, is simply a predicate for a decision by a judge, in his discretion, whether to treble damages. Willfulness does not impact the fundamental issue here – whether there will be an alternative to Monsanto's platform technology or whether competition will be stifled. Because the willfulness claim is not fundamental to this case, requires consideration of waiver of privilege, and further complicates and confuses an already complicated case, bifurcation should be granted.

## IV.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their motion to bifurcate and stay discovery on willful infringement pursuant to Fed. R. Civ. P. 42(b).

Dated: September 20, 2010

Respectfully submitted,

**LEWIS, RICE & FINGERSH, L.C.**

By:    /s/ C. David Goerisch
      Andrew Rothschild, #4214
      C. David Goerisch, #77207
600 Washington Avenue, Suite 2500
St. Louis, Missouri 63101
(314) 444-7600
(314) 241-6056 (facsimile)
arothschild@lewisrice.com
dgoerisch@lewisrice.com

Leora Ben-Ami
Thomas F. Fleming
Christopher T. Jagoe
Howard S. Suh
**KAYE SCHOLER LLP**
425 Park Avenue
New York, New York 10022
(212) 836-8000
(212) 836-8689 (facsimile)
lbenami@kayescholer.com
tfleming@kayescholer.com
cjagoe@kayescholer.com
hsuh@kayescholer.com

Donald L. Flexner
**BOIES, SCHILLER & FLEXNER LLP**
575 Lexington Avenue, 7th Fl.
New York, New York 10022
(212) 446-2300
(212) 446-2350 (facsimile)
dflexner@bsfllp.com

James P. Denvir
Amy J. Mauser
**BOIES, SCHILLER & FLEXNER LLP**
5301 Wisconsin Avenue, N.W.
Washington, D.C. 20015
202-237-2727
202-237-6131 (facsimile)
jdenvir@bsfllp.com
amauser@bsfllp.com

*Counsel for Defendants E.I. du Pont de Nemours and Company and Pioneer Hi-Bred International, Inc.*

**CERTIFICATE OF SERVICE**

    I hereby certify that on September 20, 2010, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

- **Steven M. Berezney**
steve.berezney@huschblackwell.com
- **Kurt G. Calia**
kcalia@cov.com
- **Matthew A. Campbell**
macampbell@winston.com
- **Scott W. Clark**
sclark@mwe.com
- **Joseph P. Conran**
joe.conran@huschblackwell.com
- **Todd J. Ehlman**
tehlman@winston.com
- **Anthony J. Franze**
Anthony.Franze@aporter.com
- **Greg G. Gutzler**
greg.gutzler@huschblackwell.com
- **James M. Hilmert**
jhilmert@winston.com
- **George C. Lombardi**
glombardi@winston.com
- **Kurt A. Mathas**
kmathas@winston.com
- **Omri E. Praiss**
omri.praiss@huschblackwell.com
- **John J. Rosenthal**
jrosenthal@winston.com
- **Rebecca M. Ross**
rmross@winston.com
- **Mark A. Smith**
markasmith@winston.com
- **Steven G. Spears**
sspears@mwe.com,jjknapp@mwe.com
- **Tamara M. Spicer**
tamara.spicer@huschblackwell.com,jean.melenbrink@huschblackwell.com
- **Gail J. Standish**
gstandish@winston.com
- **Dan K. Webb**
dwebb@winston.com

                                                      /s/ C. David Goerisch