UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MONSANTO COMPANY and<br>MONSANTO TECHNOLOGY LLC,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>E.I. DU PONT DE NEMOURS AND CO. and<br>PIONEER HI-BRED INTERNATIONAL, INC.,<br><br>　　　　　　　　　　Defendants. | Case No. 09-cv-0686 (ERW) |

# EXHIBIT B

August 23, 2010 Transcript from Telephonic Motion Hearing
Pages 15, Line 14 through Page 17, Line 3

REPLY MEMORANDUM OF LAW IN SUPPORT OF DUPONT'S MOTION TO
BIFURCATE AND STAY DISCOVERY WITH RESPECT TO
WILLFUL INFRINGEMENT PURSUANT TO FED. R. CIV. P. 42(b)

```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION


MONSANT COMPANY, et al.,          )
                                  )
              Plaintiffs,         )
                                  )
      vs.                         ) No. 4:09-CV-00686(ERW)
                                  )
E.I. DUPONT DE NEMOURS & COMPANY, )
et al.,                           )
                                  )
              Defendants.         )


                   TELEPHONIC MOTION HEARING
            BEFORE THE HONORABLE E. RICHARD WEBBER
                 UNITED STATES DISTRICT JUDGE

                       AUGUST 23, 2010


APPEARANCES:

FOR PLAINTIFFS:        GEORGE C. LOMBARDI
                       WINSTON & STRAWN, LLP
                       35 W. Wacker Drive
                       Chicago, IL  60601
                       (312) 558-5600

                       JOHN J. ROSENTHAL
                       WINSTON & STRAWN, LLP
                       1700 K Street, NW
                       Washington, DC  20006
                       (202) 282-5000

                       JOSEPH P. CONRAN
                       GREG G. GUTZLER
                       HUSCH, BLACKWELL, SANDERS, LLP
                       190 Carondelet Plaza, Suite 600
                       St. Louis, MO  63105
                       (314) 480-1500

FOR DEFENDANTS:        THOMAS F. FLEMING
                       LEORA BEN-AMI
                       KAYE SCHOLER, LLP
                       425 Park Avenue
                       New York, NY  10022
```

```
                    (212) 836-7515

                    C. DAVID GOERISCH
                    LEWIS, RICE & FINGERSH
                    600 Washington, Suite 2500
                    St. Louis, MO  63101
                    (314) 444-7600

                    CHRISTOPHER L. HAYES
                    BOIES & SCHILLER, LLP
                    5301 Wisconsin Avenue, Suite 800
                    Washington, DC  20015
                    (202) 237-2727

COURTROOM CLERK:    MARY GRACE KOST

REPORTED BY:        DEBORAH A. KRIEGSHAUSER, FAPR, RMR, CRR
                    Official Court Reporter
                    United States District Court
                    111 South Tenth Street, Third Floor
                    St. Louis, MO  63102
                    (314) 244-7449
```

1   whether there was discussion of the reason for the dates.  The
2   fact is that the parties agreed to a disclosure of opinions
3   prior to Markman, and -- and we have our reasons for thinking
4   that's appropriate, and it was agreed to by the parties.
5           Now they're attempting to change those, that -- that
6   sequence, that order of proceeding, and we were -- they
7   asserted that it has no relevance.  We think it does have
8   relevance.  And so that was the genesis of my comments about
9   part of the relevance here is to avoid gamesmanship.
10          THE COURT:  All right.  All right.  Well, let's leave
11  that where it is.
12          The -- Mr. Lombardi's recommendation seems sound to
13  me.  Mr. Fleming, do you care to respond?
14          MR. FLEMING:  Your Honor, I think that the general
15  framework is something that we're comfortable with, of course.
16  And further to that, what we would do, so the Court is not
17  held inordinately in limbo, as I mentioned, we intend to make
18  a Motion to Bifurcate.  We intend to do so quickly so
19  Your Honor will have some additional briefing on the issue to
20  inform you about some of the underlying issues as well so that
21  you're not somehow denied the information about our arguments
22  about this while all of this is still going on.
23          So, Your Honor, if I might, just to recapitulate what
24  we're -- what we're -- what we're saying here is that the
25  hearings and all the pre-Markman proceedings will go forward

as before.  Our time to decide whether to assert an opinion of counsel is deferred, and -- and -- and Your Honor will undertake to withhold its decision until such time as we then make a decision as to disclosure.  And if there are disclosures, to afford the parties an opportunity to say something briefly about the relevance or irrelevance about any such disclosure.

THE COURT:  That's as I understand it.  I'll hear again; we'll go around one more time just to make sure.  And I would like that somehow capsulated in a stipulation that is on file so everyone is operating under the same assumption.

One thing that I would like to discuss a little bit further today, since everyone is here, is my overriding concern that enough time is given for the Markman hearing; that all arguments are thoroughly made because those are very helpful to me.  And so this is really my concern that in proposing one day, that I may have cut it too short.  And I want to make it clear that going in, while I do -- I am not necessarily inviting anyone from covering the same ground several times just to extend the time, if there is a realistic view among counsel that more time is necessary, then I would like somehow to build it in in terms of -- well, before we -- before we -- before we launch out on the date set.

Let me hear -- Mr. Lombardi, are you in accord with what Mr. Fleming just reported?

```
 1            MR. LOMBARDI:  Yeah.  Your Honor, I believe, if I
 2   heard Mr. Fleming correctly, that that's essentially what --
 3   what I had proposed.  And so that would be acceptable to us.
 4            THE COURT:  That's -- That's my understanding, also.
 5            MR. FLEMING:  And, Your Honor, we thank Monsanto for
 6   that -- that offer of compromise.
 7            THE COURT:  All right, good.
 8            MR. FLEMING:  And we'll memorialize it in a written
 9   stipulation to submit to the Court.
10            THE COURT:  Thank you.  What about -- What's just
11   your general view about the time that's allowed?  Is one day
12   really enough to cover all this material?
13            MR. FLEMING:  Your Honor, I'm going to -- Ms. Ben-Ami
14   is here.  She's going to address that issue with you.
15            THE COURT:  All right.
16            MS. BEN-AMI:  Thank you, Your Honor.  I think a full
17   day could do it.  I think a full day is a pretty long day, and
18   this is somewhat dense material.
19            THE COURT:  Right.
20            MS. BEN-AMI:  And if you had a second day that was
21   close in time or part -- not a full second day; maybe part of
22   a second day, that might help because, quite frankly, everyone
23   gets tired; some of us around 3:00 or 4:00 in the afternoon.
24   And there -- You know, it's most important that, you know, we
25   make ourselves clear to Your Honor.
```