UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MONSANTO COMPANY and
MONSANTO TECHNOLOGY LLC,

                Plaintiffs,

                v.

E.I. DU PONT DE NEMOURS AND CO. and
PIONEER HI-BRED INTERNATIONAL, INC.,

                Defendants.

Case No. 09-cv-0686 (ERW)

# EXHIBIT C

**Executive Summary: Draft Local Patent Rules**
**May, 2010**

REPLY MEMORANDUM OF LAW IN SUPPORT OF DUPONT'S MOTION TO
BIFURCATE AND STAY DISCOVERY WITH RESPECT TO
WILLFUL INFRINGEMENT PURSUANT TO FED. R. CIV. P. 42(b)

# EXECUTIVE SUMMARY:  DRAFT LOCAL PATENT RULES

May, 2010

The accompanying draft patent rules, timeline, and form protective order are submitted for consideration of the Court and bar.   They represent the work product of a group consisting of U.S. District Judge Jean C. Hamilton; U.S. Magistrate Judge Audrey G. Fleissig; Clerk of Court Jim Woodward; Susan Heider, law clerk to the Honorable Charles A. Shaw; and practitioners Matthew L. Cutler, K. Lee Marshall, and Ben Clark.

The group met five times over the past ten months, and typically circulated revisions to the draft documents between meetings.   This memorandum discusses the considerations underlying a potential decision to adopt patent local rules, the process employed by the working group, and key substantive aspects of the draft documents.

## 1.   The Advent and Growth of Local Patent Rules in the Federal Courts

At least thirteen Districts have adopted Local Patent Rules or have General or Standing Orders related to patent cases.  The Northern District of California was, in 1991, the first to adopt such rules.   Judge Shaw's patent rules, which were adopted in January, 2006, draw inspiration from those of the N.D. Cal.

The rationale underlying this trend, with which the working group concurs, is that providing greater certainty to the procedures governing patent suits will lessen the number of litigant disputes, provide a fair process for the complicated claim construction exercise, and ultimately foster efficiency in the handling of patent cases.  The rules impose a structure which requires counsel to define the issues early in the case, exchange positions and documents in orderly fashion, and meet and confer to prepare joint filings to identify (and, ideally, reduce) the issues for the Court's

resolution. Patent litigators have grown increasingly accustomed to working within the framework provided by such rules; it is not anticipated that adoption will create confusion or necessitate a steep learning curve for those handling patent cases in this District going forward. The working group has taken pains to recommend provisions that, collectively, are neither pro-plaintiff nor pro-defendant.[1]

Each judge will, of course, be free to adopt his or her own procedures to govern patent cases, or to utilize in whole or in part the District's Local Patent Rules.

**2. <u>Process</u>**

Ben Clark and Matt Cutler reviewed the rules of several jurisdictions to assess the overall content of provisions in place across the country. A summary of comparative provisions was prepared, and circulated to all members of the working group (along with copies of the local rules from nine jurisdictions). After reviewing these materials, the working group concluded, at its first meeting, that the most effective approach would be to begin with Judge Shaw's rules as a template, and make suggested modifications from there.

The draft rules reflect the content of Judge Shaw's rule in several respects, but also include provisions the group felt advisable to address issues the group collectively has encountered in the handling of patent litigation. Some of the additions are similar to provisions found in the rules of other districts; some were proffered by members of the working group.

The group also recognizes that early exchange of discovery is frequently hampered by delays and difficulties in negotiating protective orders for submission to the Court. As such, the group made part of its charge the drafting of a presumptive protective order that could serve to govern

---

[1] The practitioner members of the group represent patent plaintiffs and defendants in equal measure.

discovery in patent cases, at least until the parties negotiate a different order meeting with eventual court approval.

**3. Overview of the Rules**

The proposed rules address the following subject matter:

    a.   <u>Rule 16 Scheduling Conference</u>: Rule 2-1 sets forth matters in addition to those prescribed by Rule 26 upon which the parties should meet and confer, and be prepared to discuss at the Rule 16 conference, in patent cases.

    b.   <u>Confidentiality and the Protective Order</u>: Potential use of the Court's Form Protective Order is a matter for discussion at the Rule 16 conference. Rule 2-1(e). Confidentiality designations in advance of entry of a protective order are addressed in Rule 2-2.

    c.   <u>Interplay of Federal Discovery Rules and Local Patent Rules</u>: This topic is addressed in Rule 2-3.

    d.   <u>Initial Disclosures and Document Production</u>: Rule 3-1 sets forth in detail the required content of the Patent Claimant's initial disclosures, including identification of patent claims alleged to be infringed, and the content and form of preliminary infringement contentions. The scope of documents to be produced along with the initial disclosures is specified in Rule 3-2. Rule 3-3 requires the Alleged Infringer to serve counter-infringement contentions; subsequently, it serves preliminary invalidity contentions accompanied by specified documents. Rules 3-4; 3-5.

    e.   <u>Final Contentions</u>: Rules 3-7 and 3-8 address whether and under what circumstances a party can amend its preliminary contentions, which will otherwise be deemed the party's final contentions. Rule 3-7 also provides for the service of the Patent Claimant's Counter-

3

Invalidity Contentions; the obligation to serve these contentions does not arise until after the Court rules on claim construction.

   f. <u>Willfulness</u>: The procedure for waiving the attorney-client privilege and producing exculpatory opinions of counsel is set forth in Rule 3-9.

   g. <u>The Claim Construction Process</u>: Rules 4-1 through 4-5 set forth the staging of the claim construction process. Because there is no burden of proof on claim construction, simultaneous exchanges are called for with respect to the successive steps of the claim construction process: identification of proposed terms for construction; exchange of preliminary claim constructions and extrinsic evidence; filing of a joint claim construction and prehearing statement; and filing of claim construction briefs.

**4. Timeline**

The working group proposes that a "Timeline of Exchange and Filing Dates" be adopted as part of the Local Patent Rules. This target timeline reflects that the period from the Rule 16 conference until completion of claim construction briefing is 224 days (32 weeks). A judge may hold a claim construction hearing, or not, in their discretion, after completion of claim construction briefing.

This timing fits well within the Court's case tracking system, particularly where a patent case is assigned to Track 3. The timing in a given case will be impacted by whether the Court permits all discovery to proceed in parallel to events covered by the Local Patent Rules, as opposed to discovery being conducted in stages.

5. **Conclusion**

   Members of the working group will be present at the open forum on Wednesday, June 2, 2010, to discuss the proposed rules and answer any questions members of the bar may have.

**UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF MISSOURI**
**PATENT RULES**
**TABLE OF CONTENTS**

**1. SCOPE OF RULES**
    1-1. Title
    1-2. Scope and Construction

**2. GENERAL PROVISIONS**
    2-1. Governing Procedure
    2-2. Confidentiality
    2-3. Relationship to Federal Rules of Civil Procedure

**3. PATENT INITIAL DISCLOSURES**
    3-1. Disclosure of Asserted Claims and Preliminary Infringement Contentions
    3-2. Document Production Accompanying Disclosure of Asserted Claims and Preliminary Infringement Contentions
    3-3. Preliminary Counter-Infringement Contentions
    3-4. Preliminary Invalidity Contentions
    3-5. Document Production Accompanying Preliminary Invalidity Contentions
    3-6. Disclosure Requirement in Patent Cases for Declaratory Judgment
    3-7. Final Contentions
    3-8. Amendment to Contentions
    3-9. Willfulness

**4. CLAIM CONSTRUCTION PROCEEDINGS**
    4-1. Exchange of Proposed Terms and Claim Elements for Construction
    4-2. Exchange of Preliminary Claim Constructions and Extrinsic Evidence
    4-3. Joint Claim Construction and Prehearing Statement
    4-4. Completion of Claim Construction Discovery
    4-5. Claim Construction Briefs

# UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF MISSOURI
# PATENT RULES

## 1. SCOPE OF RULES

**1-1. Title.**

These are the Rules of Practice for Patent Cases pending in the United States District Court for the Eastern District of Missouri. They should be cited as "Local Patent R. -."

**1-2. Scope and Construction.**

These rules apply to all civil actions filed in or transferred to this Court which allege infringement of a utility patent in a complaint, counterclaim, cross-claim or third party claim, or which seek a declaratory judgment that a utility patent is not infringed, is invalid or is unenforceable ("Patent Litigation"). The Court may accelerate, extend, eliminate, or modify the obligations or deadlines set forth in these Patent Rules based on the circumstances of any particular case. The Local Rules of this Court shall also apply to these actions, except to the extent that they are inconsistent with these Local Patent Rules.

## 2. GENERAL PROVISIONS

**2-1. Governing Procedure.**

**Rule 16 Scheduling Conference**. When the parties confer with each other pursuant to Fed. R. Civ. P. 26(f), in addition to the matters covered by Fed. R. Civ. P. 26, the parties must discuss and address in the Joint Proposed Scheduling Plan filed pursuant to Fed. R. Civ. P. 26(f), the following topics:

(a) Any proposed modification of the deadlines provided for in the Local Patent Rules, and the effect of any such modification on the date and time of any claim construction hearing;

(b) Whether the Court will receive live testimony, deposition testimony, or other evidence at any claim construction hearing;

(c) The need for and any specific limits on discovery relating to claim construction, including depositions of fact witnesses and expert witnesses;

(d) The scheduling of any Claim Construction Prehearing Conference to be held after the Joint Claim Construction Chart and Joint Prehearing Statement provided for in Local Patent R. 4-3 has been filed; and

(e) The content of any protective order that should govern the case, including whether the Court's Form Protective Order (Appendix A) should be adopted in whole

or in part, and what, if any, disputes exist regarding the final content of any such protective order.

**2-2. Confidentiality**.

If any document or information produced in Patent Litigation is deemed confidential by the producing party and if the Court has not entered a protective order, the producing party shall mark the document "Confidential--Outside Attorneys' Eyes Only" and, until such time as the Court enters a protective order, disclosure of the confidential document or information shall be limited to each party's outside attorney(s) of record, the employees of such outside attorney(s), and necessary outside document services, unless the parties agree to the contrary. The person(s) to whom disclosure of a confidential document or information is made under this rule shall keep it confidential and use it only for the purpose of litigating the case.

**2-3. Relationship to Federal Rules of Civil Procedure**.

Except as provided in this paragraph or as otherwise ordered, it shall not be a legitimate ground for objecting to an opposing party's discovery request (e.g., interrogatory, document request, request for admission, deposition question) or declining to provide information otherwise required to be disclosed pursuant to Fed. R. Civ. P. 26(a)(1) that the discovery request or disclosure requirement is premature in light of, or otherwise conflicts with, these Local Patent Rules. A party may object, however, to responding to the following categories of discovery requests (or decline to provide information in its initial disclosures under Fed R. Civ. P. 26(a)(1)) on the ground that they are premature in light of the timetable provided in these Local Patent Rules:

(a) Requests seeking to elicit a party's claim construction position;

(b) Requests seeking to elicit from a party claiming patent infringement ("Patent Claimant") a comparison of the asserted claims and the accused apparatus, product, device, process, method, act, or other instrumentality;

(c) Requests seeking to elicit from a party opposing a claim of patent infringement ("Alleged Infringer") a comparison of the asserted claims and the prior art; and

(d) Requests seeking to elicit from an Alleged Infringer the identification of any opinions of counsel, and related documents, that it intends to rely upon as a defense to an allegation of willful infringement.

Where a party properly objects to a discovery request (or declines to provide information in its initial disclosures under Fed. R. Civ. P. 26(a)(1)) as set forth above, that party shall provide the requested information on the date on which it is required to provide the requested information to an opposing party under these Local Patent Rules, unless there exists another legitimate ground for objection.

## 3. PATENT INITIAL DISCLOSURES

**3-1. Disclosure of Asserted Claims and Preliminary Infringement Contentions.**

(a) Not later than 21 days after the initial Rule 16 Scheduling Conference, a Patent Claimant must serve on all parties a "Disclosure of Asserted Claims and Preliminary Infringement Contentions." Separately for each Alleged Infringer, the "Disclosure of Asserted Claims and Preliminary Infringement Contentions" shall contain the following information:

(i) Each claim of each patent-in-suit that is allegedly infringed by each Alleged Infringer;

(ii) Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each Alleged Infringer of which the party is aware. This identification shall be as specific as possible. Each product, device, and apparatus must be identified by name or model number, if known. Each method or process must be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process;

(iii) A chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including for each element that such party contends is governed by 35 U.S.C. §112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function;

(iv) Whether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the Accused Instrumentality;

(v) For each claim which is alleged to be indirectly infringed, the "Disclosure of Asserted Claims and Preliminary Infringement Contentions" must contain an identification of any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement. If the alleged direct infringement is based on joint acts of multiple parties, the role of each such party in the direct infringement must be described;

(vi) For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled;

(vii) If a Patent Claimant wishes to preserve the right to rely, for any purpose, on the assertion that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party must identify and produce documents sufficient to show, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim; and

(viii) In patent cases arising under 21 U.S.C. §355, at or before the initial Rule 16 Scheduling Conference, the Defendant(s) shall produce to Plaintiff(s) the entire Abbreviated New Drug Application or New Drug Application that is the basis of the case in question. The Court recognizes that, in cases brought under 21 U.S.C. §355, scheduling and sequencing provisions distinct from those set forth in these Local Rules may be appropriate.

(b) Not later than 28 days after service upon it of documents accompanying the "Preliminary Invalidity Contentions," pursuant to Rule 3-5, below, a Patent Claimant may seek leave to amend its "Disclosure of Asserted Claims and Preliminary Infringement Contentions" if it, in good faith and upon a showing that the information contained in such documents could not reasonably have been obtained earlier, believes that the documents produced pursuant to Local Patent R. 3-5 warrant such amendment.

**3-2. Document Production Accompanying Disclosure of Asserted Claims and Preliminary Infringement Contentions**.

With the "Disclosure of Asserted Claims and Preliminary Infringement Contentions," the Patent Claimant must produce to each Alleged Infringer or make available for inspection and copying:

(a) Documents (e.g., contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, beta site testing agreements, and third party or joint development agreements) sufficient to evidence (i) each discussion with, disclosure to, or other manner of providing to a third party the claimed invention prior to the date of application for the patent(s)-in-suit, or (ii) the sale of or offer to sell the claimed invention prior to the date of application for the patent(s)–in-suit. A party's production of a document as required herein shall not constitute an admission that such document evidences or is prior art under 35 U.S.C. § 102;

(b) All documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the patent(s)-in-suit or the priority date identified pursuant to Local Patent R. 3-1(vi), whichever is earlier; and

(c) A copy of the file history for each patent-in-suit.

The producing party shall separately identify by production number which documents correspond to each of the above categories.

**3-3. Preliminary Counter-Infringement Contentions.**

Not later than 28 days after service upon it of the "Disclosure of Asserted Claims and Preliminary lnfringement Contentions," each Alleged Infringer shall serve on all parties its "Preliminary Counter-Infringement Contentions," indicating which elements in the "Preliminary Infringement Contentions" it admits are present in any Accused Instrumentality, and which it contends are absent. As to absent elements, the Alleged Infringer shall set forth in detail the basis for its contention that the element is absent. As to the doctrine of equivalents, the Alleged Infringer shall indicate its contentions concerning any differences in function, way and result between the claimed invention and any Accused Instrumentality, and why any differences are more than insubstantial.

**3-4. Preliminary Invalidity Contentions**.

Not later than 49 days after service upon it of the "Disclosure of Asserted Claims and Preliminary lnfringement Contentions," each Alleged Infringer shall serve on all parties its "Preliminary Invalidity Contentions," which must contain the following information:

5

(a) The identity of each item of prior art, including patents, printed publications, prior public use, and prior on sale activity, that allegedly anticipate(s) each asserted claim or render(s) it obvious. Each prior art patent shall be identified by its number, country of origin, and date of issue. Each prior art publication must be identified by its title, date of publication, and where feasible, author and publisher. Prior use under 35 U.S.C. §102(a) or (b), or on sale activity under 35 U.S.C. §102(b), shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known. Prior art under 35 U.S.C. §102(g) shall be identified by providing the identity of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s);

(b) Whether each item of prior art anticipates each asserted claim or renders it obvious. If a combination of items of prior art makes a claim obvious, each such combination, and the basis for such allegation, must be identified;

(c) A chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found, including for each element that such party contends is governed by 35 U.S.C. §112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function;

(d) Any grounds of invalidity under 35 U.S.C. §102(c) shall be identified by providing a description of the facts supporting the allegation of abandonment; any grounds of invalidity under 35 U.S.C. §102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived; and

(e) Any grounds of invalidity based on indefiniteness under 35 U.S.C. § 112(2) or enablement, written description, or failure to describe the best mode under 35 U.S.C. § 112(1) of any of the asserted claims.

**3-5. Document Production Accompanying Preliminary Invalidity Contentions**.

With the "Preliminary Invalidity Contentions," the Alleged Infringer must produce or make available for inspection and copying:

(a) Source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by the Patent Claimant in its Local Patent R. 3-1(a)(iii) chart. If the Patent Claimant contends that compliance with this section requires the production of particular documentation (e.g., source code), the Alleged Infringer may request, and the Patent Claimant is obliged to produce, the same information as to any apparatus, product, device, process, method, act or other instrumentality that it has identified pursuant to Local Patent R. 3-1(vii), above; and

(b) A copy of each item of prior art identified pursuant to Local Patent R. 3-4(a) which does not appear in the file history of the patent(s) at issue. To the extent any such item is not in English, an English translation of the portion(s) relied upon must be produced.

**3-6. Disclosure Requirement in Patent Cases for Declaratory Judgment**.

(a) **Invalidity Contentions If No Claim of Infringement**. In all cases in which a party files a complaint or other pleading seeking a declaratory judgment that a patent is not infringed, is invalid, or is unenforceable, Local Patent R. 3-1 and 3-2 shall not apply unless and until a claim for patent infringement is made by a party. If the defendant does not assert a claim for patent infringement in its answer to the complaint, no later than 14 days after the defendant serves its answer, or 14 days after the initial Rule 16 Scheduling Conference, whichever is later, the party seeking a declaratory judgment of invalidity (on that basis alone or among other bases) must serve upon each opposing party its "Preliminary Invalidity Contentions" that conform to Local Patent R. 3-4 and produce or make available for inspection and copying the documents described in Local Patent R. 3-5. The parties shall meet and confer within 14 days of service of the "Preliminary Invalidity Contentions" for the purpose of determining the date on which the plaintiff will file its "Final Invalidity Contentions," which shall be no later than 49 days after filing by the Court of its Claim Construction Ruling.

(b) **Inapplicability of Rule**. This Local Patent R. 3-6 shall not apply to cases in which a request for a declaratory judgment that a patent is not infringed, is invalid, or is unenforceable is filed in response to a complaint alleging infringement of the same patent.

**3-7. Final Contentions**.

The "Disclosure of Asserted Claims and Preliminary Infringement Contentions" and "Preliminary Invalidity Contentions" shall be deemed to be that party's final contentions, except as set forth below.

(a) If a Patent Claimant believes in good faith that the Court's Claim Construction Ruling necessitates a modification of its preliminary position, that party may serve "Final Infringement Contentions" without leave of Court that amend its "Disclosure of Asserted Claims and Preliminary Infringement Contentions" with respect to the information required by Local Patent R. 3-1(a) (iii), (iv) and (v). The Patent Claimant may seek leave of Court, for good cause shown, to assert infringement with respect to an Accused Instrumentality not disclosed in the "Disclosure of Asserted Claims and Preliminary Infringement Contentions." Any "Final Infringement Contentions" must be served no later than 28 days after the Court files its Claim Construction Ruling. Not later than 21 days after service upon it of any Final Infringement Contentions pursuant to this Local Patent R. 3-7(a), any Alleged Infringer may serve "Final Counter-Infringement Contentions."

(b) Not later than 49 days after the Court files its Claim Construction Ruling, each Alleged Infringer may serve "Final Invalidity Contentions" without leave of Court that amend its "Preliminary Invalidity Contentions" with respect to the information required by Local Patent R. 3-4 if: (i) a Patent Claimant has served "Final Infringement Contentions" pursuant to Local Patent R. 3-7(a), or (ii) the Alleged Infringer believes in good faith that the Court's Claim Construction Ruling necessitates a modification of its preliminary position. Leave of Court upon good cause shown is required to the extent the Alleged Infringer seeks to rely on prior art not disclosed in the "Preliminary Invalidity Contentions."

(c) Not later than 77 days after the Court files its Claim Construction Ruling, each Patent Claimant must serve on all parties its "Counter-Invalidity Contentions," which must state in detail its position on whether the purported prior art relied upon by an Alleged Infringer does indeed constitute statutory prior art, whether and how its interpretation of the prior art differs from that of the party opposing a claim of patent infringement, and its position on why the prior art does not invalidate any of the claims at issue. Notwithstanding the requirements of this Local Patent R. 3-7(c), a Patent Claimant may include the contentions that are otherwise required by this Rule in a Written Report that complies with Fed. R. Civ. P. 26(a)(2)(B) by the deadline set forth in the Case Management Order for service of rebuttal expert reports.

**3-8. Amendment to Contentions**.

Amendment or modification of (i) the "Disclosure of Asserted Claims and Preliminary Infringement Contentions," "Preliminary Counter-Infringement Contentions," or the "Preliminary Invalidity Contentions" (other than expressly permitted by Local Patent R. 3-1(b) and/or 3-7, above), or (ii) the "Final Infringement Contentions," "Final Counter-Infringement Contentions," or the "Final Invalidity Contentions," may only be made by order of the Court, upon a showing of good cause. The application for amendment shall disclose whether the adverse party consents or objects.

**3-9. Willfulness**.

Not later than 49 days after filing by the Court of its Claim Construction Ruling, each Alleged Infringer that will rely on an opinion of counsel as part of a defense to a claim of willful infringement shall:

(a) Produce or make available for inspection and copying the opinion(s) and any other documents relating to the opinion(s) as to which the attorney-client and/or work product protection have been waived;

(b) Detail in writing any oral advice and produce or make available for inspection and copying documents related thereto as to which the attorney-client privilege and/or work product protection have been waived; and

(c) Serve a privilege log identifying any other documents, except those authored by counsel who has acted solely as litigation counsel, relating to the subject matter of the opinion(s) which the party is withholding on the grounds of attorney-client privilege and/or work product protection.

An Alleged Infringer that does not comply with the requirements of this Rule shall not be permitted to rely on an opinion of counsel as part of a defense to willful infringement, absent a stipulation of all parties or by order of the Court, which shall be entered only upon a showing of good cause.

## 4. CLAIM CONSTRUCTION PROCEEDINGS

**4-1. Exchange of Proposed Terms and Claim Elements for Construction**.

(a) Not later than 42 days after service of the "Preliminary Invalidity Contentions" pursuant to Local Patent R. 3-4, the parties shall simultaneously exchange a "Proposed Terms and Claim Elements for Construction," which shall include (i) a list of claim terms, phrases, or clauses which that party contends should be construed by the Court and (ii) the identification of any claim element which that party contends should be governed by 35 U.S.C. §112(6).

(b) Within 7 days thereafter, the parties shall meet and confer in good faith for the purpose of narrowing the claim terms to be construed, narrowing or resolving differences, and facilitating the ultimate preparation of a Joint Claim Construction and Joint Prehearing Statement.

**4-2. Exchange of Preliminary Claim Constructions and Extrinsic Evidence**.

(a) Not later than 21 days after the exchange of "Proposed Terms and Claim Elements for Construction" pursuant to Local Patent R. 4-1, the parties shall simultaneously exchange a preliminary proposed construction of each claim term, phrase, or clause which the parties collectively have identified for claim construction purposes. Each such "Preliminary Claim Construction" shall also, for each element which any party contends is governed by 35 U. S. C. § 112(6), specifically identify the asserted function and shall also identify by column: line number and specific description, the structure(s), act(s), or material(s) corresponding to that element.

(b) At the same time the parties exchange their respective "Preliminary Claim Constructions," they shall each also provide a preliminary identification of extrinsic evidence, including without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of fact and expert witnesses they intend to advance in support of their respective claim constructions. The parties shall identify each such item of extrinsic evidence by production number or produce a copy of any such item not previously produced. With respect to any such witness -- fact or expert -- the parties shall also provide a brief description of the substance of that witness' proposed testimony.

(c) Within 7 days thereafter, the parties shall meet and confer in good faith to discuss, among other topics, each of the claim elements the parties have identified in their "Proposed Terms and Claim Elements for Construction," for the purpose of narrowing the issues and preparing of a Joint Claim Construction Chart and Joint Prehearing Statement, as set forth in Local Patent R. 4-3, below.

**4-3. Joint Claim Construction and Prehearing Statement**.

Not later than 49 days after the exchange of the "Proposed Terms and Claim Elements for Construction," pursuant to Local Patent R. 4-1, the parties shall complete and file a Joint Claim Construction Chart and Joint Prehearing Statement, which shall contain the following information:

(a) The Joint Claim Construction Chart shall be in the format set forth in Appendix B, containing: (i) a column listing complete language of disputed claims with the disputed terms in bold type and separate columns for each party's proposed construction of each disputed term; (ii) a column to be used for indicating whether the parties agree on the claim construction for a disputed term; and

(iii) a column for each party's proposed construction of each disputed claim term, phrase, or clause, including all references from the specification or prosecution history that support that construction, and identifying any extrinsic evidence known to the party on which it intends to rely either to support its proposed construction of the claim or to oppose any party's proposed construction of the claim, including, but not limited to, as permitted by law, dictionary definitions, citations to learned treatises, and prior art, and testimony of percipient and expert witnesses.

(b) The Joint Prehearing Statement must set forth: (i) the anticipated length of time necessary for a claim construction hearing; (ii) whether any party proposes to call any witnesses, including experts, at the claim construction hearing, (iii) the identity of each such witness, (iv) for each witness, a summary of anticipated testimony in sufficient detail to permit a meaningful deposition of that witness and, as to witnesses who may present evidence under Fed. R. Evid. 702, 703 and/or 705, a report complying with the provisions of Fed. R. Civ. P. 26(a)(2)(B); (v) the order of presentation at the claim construction hearing; and (vi) a list of any other issues which might appropriately be taken up at a prehearing conference prior to the claim construction hearing, and proposed dates, if not previously set, for any such prehearing conference.

### 4-4. Completion of Claim Construction Discovery.

Not later than 28 days after service and filing of the Joint Claim Construction Chart and Joint Prehearing Statement, the parties shall complete all discovery relating to claim construction, including any depositions with respect to claim construction of any witnesses, including experts, identified in the Joint Claim Construction Chart and Joint Prehearing Statement.

### 4-5. Claim Construction Briefs.

(a) Not later than 49 days after serving and filing the Joint Claim Construction Chart and Joint Prehearing Statement, each party shall serve and file a motion for claim construction, a memorandum in support, and any evidence supporting its claim construction.

(b) Not later than 14 days after service upon it of a motion for claim construction, each party shall serve and file its responsive memorandum and supporting evidence.

## APPENDIX B.   JOINT CLAIM CONSTRUCTION CHART

| PATENT CLAIM | AGREED PROPOSED CONSTRUCTION | PLAINTIFF'S PROPOSED CONSTRUCTION | DEFENDANT'S PROPOSED CONSTRUCTION |
|---|---|---|---|
| 1.  Claim language as it appears in the patent **with terms and phrases to be construed in bold.** | Proposed construction if the parties agree. | Plaintiff's proposed construction if the parties disagree.<br><br>Citation to Intrinsic Evidence.<br><br>Citation to Extrinsic Evidence, if any. | Defendant's proposed construction if the parties disagree.<br><br>Citation to Intrinsic Evidence.<br><br>Citation to Extrinsic Evidence, if any. |
| 2.  Claim language as it appears in the patent **with terms and phrases to be construed in bold.** | Proposed construction if the parties agree. | Plaintiff's proposed construction if the parties disagree.<br><br>Citation to Intrinsic Evidence.<br><br>Citation to Extrinsic Evidence, if any. | Defendant's proposed construction if the parties disagree.<br><br>Citation to Intrinsic Evidence.<br><br>Citation to Extrinsic Evidence, if any. |
| 3.  Claim language as it appears in the patent **with terms and phrases to be construed in bold.** | Proposed construction if the parties agree. | Plaintiff's proposed construction if the parties disagree.<br><br>Citation to Intrinsic Evidence.<br><br>Citation to Extrinsic Evidence, if any. | Defendant's proposed construction if the parties disagree.<br><br>Citation to Intrinsic Evidence.<br><br>Citation to Extrinsic Evidence, if any. |

60653217.1