# WINSTON & STRAWN LLP

SUITE 718, CHINA WORLD OFFICE 1
1 JIANGUOMENWAI AVENUE
BEIJING 100004, CHINA

214 NORTH TRYON STREET
CHARLOTTE, NORTH CAROLINA 28202-1078

35 WEST WACKER DRIVE
CHICAGO, ILLINOIS 60601-9703

43 RUE DU RHÔNE
1204 GENEVA, SWITZERLAND

GLOUCESTER TOWER
11TH FLOOR
THE LANDMARK
15 QUEEN'S ROAD CENTRAL
HONG KONG, CHINA

99 GRESHAM STREET
LONDON, EC2V 7NG, UK

1700 K STREET, N.W.
WASHINGTON, D.C. 20006-3817

+1 (202) 282-5000

FACSIMILE +1 (202) 282-5100

www.winston.com

333 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-1543

SUITE A350, 4 STASOVOY STREET
MOSCOW, 119071, RUSSIAN FEDERATION

200 PARK AVENUE
NEW YORK, NEW YORK 10166-4193

ONE RIVERFRONT PLAZA, SUITE 730
NEWARK, NEW JERSEY 07102-5401

25 AVENUE MARCEAU, CS 31621
75773 PARIS CEDEX 16, FRANCE

101 CALIFORNIA STREET
SAN FRANCISCO, CALIFORNIA 94111-5802

UNITS 3105-3106, SHANGHAI KERRY CENTRE
1515 NANJING ROAD WEST
JINGAN, SHANGHAI 200040, CHINA

Jun 25, 2010

<u>Via Email</u>
Amy Mauser
Boies, Schiller & Flexner LLP
5301 Wisconsin Avenue, N.W.
Washington, D.C. 20015-2015

    Re:  Monsanto Co. vs. E.I. DuPont de Nemours & Co.,
        Case No. 09-CIV-0686-ERW (E.D. Mo.)

Dear Amy:

  I write in follow up to the parties' meet and confer on June 16, 2010. During the meet and confer, Monsanto agreed to provide further proposals and responses regarding the parties' document requests. Monsanto's proposals and responses are set forth below.

  A.  **Production of Documents Not in the Custody of the Designated Custodians**

  The parties agreed to exchange lists of categories of documents they would expect the other side to produce that are not in the custody of the designated custodians. Monsanto would expect that Defendants will produce the following documents regardless of whether they are in the custody of the designated custodians:

- Genetic testing done on the 40-3-2 Event or NK603 Event, either alone or in the accused stacked products;
- Documents related to any yield tests or glyphosate tolerance tests performed on OGAT soybeans, OGAT corn, 40-3-2/OGAT soybeans, and NK603/OGAT corn;
- Documents related to the transfer of 40-3-2 and NK603 material from Monsanto to Defendants;
- Documents regarding soybean transformations done by Agracetus for Defendants;

EXHIBIT A

Amy Mauser
June 25, 2010
Page 2

- Documents related to regulatory submissions for the accused stacked products;
- Documents regarding prior litigations involving the '247 RE and '435 patents;
- Documents related to the decision to stack 40-3-2 and NK603 with OGAT
- Documents related to any opinions of counsel related to the '247 RE or '435 patents;
- Documents sufficient to show sales and profits for 40-3-2 and NK603;
- Projections on sales/profits for 40-3-2/OGAT soybeans, and NK603/OGAT corn;
- Agreements, pricing information, discounting information, marketing brochures, regulatory submissions.

B. **Monsanto's Requests for Production of Documents ("RFPs")**

1. **Categories of Defendants' Objections to Monsanto's RFPs**

The following chart sets forth Monsanto's position regarding certain categories of Defendants' objections to Monsanto's RFPs that were discussed during the meet and confer.

| Category of Defendants' Objections to Monsanto's RFPs | DuPont's Response at 6/16 Meet and Confer | Monsanto's Counter-Proposal |
|---|---|---|
| **4. Documents related to Optimum GAT alone, the Optimum GAT/NK603 stack, the Optimum GAT Crop Products, and/or other Stacked Crop Products.** *See* Responses to RFP Nos. 12, 14, 42, 49-50, 57, 59, 61-62, 66, 69, 72, 75, 83-84, 196, 198, 206. | Defendants agreed to reconsider their position on producing documents relating to OGAT alone documents after Monsanto explained its position as to relevance regarding willfulness, obviousness and damages<br><br>Defendants will not produce documents regarding OGAT/NK603 corn. | Monsanto is awaiting Defendants' proposal on OGAT alone.<br><br>Monsanto will seek relief from the court regarding documents relating to OGAT/NK603 corn. |
| **5. Documents related to OGAT/RR stacks other than what is specifically identified in the Responses to RFP Nos. 12 and 42.** *See* Responses to RFP Nos. 12, 14, 42, 49-50, 57, 59, and 61-63. | The only documents that Defendants have agreed to produce regarding OGAT/RR soybeans are those identified in response to requests 12 and 42:<br><br>12: "documents sufficient to show the breeding event which resulted in the Optimum GAT/40-3-2 Stack, accused products, and [Defendants'] use of such | In addition, Defendants should produce:<br>1. All documents related to making any OGAT/RR stacked products<br>2. All documents related to any laboratory, greenhouse, field, genetic or other tests performed on such products.<br>3. Documents sufficient to identify each inbred line, hybrid line, or variety created and the amounts created |

Amy Mauser
June 25, 2010
Page 3

| Category of Defendants' Objections to Monsanto's RFPs | DuPont's Response at 6/16 Meet and Confer | Monsanto's Counter-Proposal |
|---|---|---|
| | accused products since that time"<br><br>42: "documents sufficient to show or identify a commercial Inbred Seed, Hybrid Seed, line or variety containing … Optimum GAT/40-3-2 Stack" | and/or "bulked up."<br>4. Communications with third parties regarding OGAT/RR products, testing and/or ability to stack.<br>5. Communications within Defendant's field organizations regarding OGAT/RR products.<br>6. Communications with breeders re: OGAT/RR products, and bulking up such products. |
| 7. **Documents related to testing of 40-3-2 and NK603 and work with Monsanto on these products.** *See* Responses to RFP Nos. 34-35 and 55-56. | Defendants have agreed "to produce responsive, non-privileged communications between Monsanto and Pioneer showing the transfer of Pioneer soybean germplasm to and from Monsanto between 1992 and 1994." | In addition, Defendants should produce:<br>1. Expand time period to include 1995 for soybeans.<br>2. Any agreements related to the seed transfer.<br>3. Any agreements and documents related to the transfer of glyphosate tolerance vectors from Monsanto.<br>4. Documents related to any research and testing done with those vectors and plants and seeds made with those vectors (at Defendants or at third parties under contract with Defendants).<br>5. Documents analyzing or, reporting the tolerance of 40-3-2 soybeans to glyphosate herbicide or the yield of 40-3-2, including any document comparing 40-3-2 to other soybean lines.<br>6. Similar documents for NK603 and corn (including appropriate adjustment to |

Amy Mauser
June 25, 2010
Page 4

| Category of Defendants' Objections to Monsanto's RFPs | DuPont's Response at 6/16 Meet and Confer | Monsanto's Counter-Proposal |
|---|---|---|
| | | time period). |
| **11. Documents concerning the patentability, enforceability, invalidity of the '247 RE patent and/or the '435 patent, other than "the prior art [and other materials Defendants] will rely on in defense of this action."** See Responses to RFP Nos. 19-26, 31, 36, and 37-41. | Defendants asked Monsanto to specify what else it wanted based upon its unenforceability positions | Being more specific is difficult because Defendants have not stated their invalidity contentions. Based purely upon their unenforceabilty contentions, Monsanto would additionally want production of:<br>1. Documents referenced in category 17.<br>2. Documents related to any positions that Defendants have taken on asserted prior art in prior litigations or prosecutions.<br>3. Any documents which refute any DuPont allegation or contentions that the '435 or RE '247 patents are unenforceable.<br>4. Documents related to DuPont's allegation that "more than one year prior to September 1994 related technology was sold or transferred to third parties and was in use in this country." See paragraph 120, Second Amended Answer.<br>5. Documents related to any representation(s) by DuPont to the PTO, Board of Patent Appeals and Interferences, or courts regarding (a) the state of crop transformation from 1988 to 1994, or (b) the state of the art relating to creating transgenic glyphosate tolerant crops from 1988 to 1994.<br>6. Any documents discussing the validity and/or |

Amy Mauser
June 25, 2010
Page 5

| Category of Defendants' Objections to Monsanto's RFPs | DuPont's Response at 6/16 Meet and Confer | Monsanto's Counter-Proposal |
|---|---|---|
| | | enforceability of the patents that is not a communication to or from an attorney in anticipation of litigation. |
| **13. Documents relating to the Soybean License Agreement and/or the Corn License Agreement, other than "communications outside the companies" and "offers to amend the Agreements actually communicated."** *See* Responses to RFP Nos. 2-7, 15, 44-45. | Defendants proposed that if Monsanto is willing to produce more than just actual amendments and to include negotiation documents, they will consider producing the same. | Absent the Court withdrawing its ruling granting summary judgment, we are not inclined to either request or produce documents regarding the negotiation or interpretation of either the License Agreements or Amendment thereto. As we discussed, documents regarding the enforcement or analysis of these agreement and amendment we are agreeable to producing. In addition, we are agreeable to the production of documents relating to the parties efforts to revise the agreements to potentially permit the stacking of OGAT and RR1. |
| **14. Documents regarding Defendants' patent applications relating to OGAT/RR stacking, other than file histories and documents "sufficient to show" two tests.** *See* Responses to RFP Nos. 16-17, 29, 30, 32. | Defendants agree to produce responsive, non-privileged documents for the file history in the PTO for the '938 Application and documents sufficient to show the tests performed in West Memphis, Arkansas and in Napoleon, Ohio related to the '938 Application, and communications with third parties regarding the tests performed in West Memphis, Arkansas and in Napoleon, Ohio related to the '938 Application, consistent with the agreed search parameters. | In addition, Defendants should produce:<br>1. prosecution histories for any other patent applications that contains examples of stacked OGAT/RR products,<br>2. All documents related to the underlying tests of stacked OGAT/RR products (not just "sufficient to show" and any disclosed tests in addition to those in West Memphis and Napoleon).<br>Otherwise, Defendants' proposed limitation on this request is acceptable to Monsanto so long as Monsanto's production as to the '435 and '247 RE patents can be similarly |

Amy Mauser
June 25, 2010
Page 6

| Category of Defendants' Objections to Monsanto's RFPs | DuPont's Response at 6/16 Meet and Confer | Monsanto's Counter-Proposal |
|---|---|---|
| | | limited. |
| 18. Documents concerning regulatory submissions for Optimum GAT products. *See* Responses to RFP Nos. 70 and 71. | Defendants will not be producing any responsive documents | Monsanto will seek relief from the court |
| 21. Documents regarding Defendants' licensing practices or policies, and patent clearance and avoidance policies. *See* Responses to RFP Nos. 27-28. | Defendants said that they would consider producing documents if Monsanto would narrow the request to specific technology areas | Monsanto is amenable to narrowing these requests to the following technology areas:<br>• genetically modified crops<br>• traits for genetically modified crops<br>• genes applicable to genetically modified crops<br>• methods for genetically modifying crops |

    2.       Request No. 63

Monsanto agreed to clarify the phrase "bulking up of stacks" in its Request No. 63. The following is a revised version of that request:

**REQUEST 63.** All communications with breeders regarding the bulking up of stacks of Optimum GAT, Optimum GAT Crop Products, the Optimum GAT/40-3-2 Stack, the Optimum GAT/NK603 Stack, and/or Stacked Crop Products.

Bulking up, in this context, refers to work directed to increasing the quantity of a particular hybrid or inbred seed for testing or commercialization purposes.

    C.       **Defendants' RFPs**

Monsanto's position regarding certain issues relating to Defendants' RFPs that were discussed during the meet and confer is set forth below.

    1.       **Monsanto's objections to production of documents based on its interpretation of the Stay Order**

Defendants requested that we review our responses to certain requests to which we objected based on our interpretation of the court's Stay Order and advise if we have any other objections to these requests. Many of the ones raised by you do include burden objections well beyond the stay issue. Rather than parse those out in this letter, I think the better thing to do is to await the Court's resolution of the motion to clarify and then we can respond in writing.

Amy Mauser
June 25, 2010
Page 7

### 2. YieldGard License

Defendants advised that your request for discovery regarding YieldGard is based on (i) the Yieldgard license allegedly being a template for the 2002 Roundup Ready Soybean License Agreement, and (ii) if it will be used by us as a comparative for a reasonable royalty analysis. To this end, Defendants requested that we advise if we plan to argue that the YieldGard license is relevant to the reasonable royalty/hypothetical negotiation analysis. In this regard, we have not changed our position. We do not see the relevance to the YieldGard licenses to the instant dispute. The Roundup Ready agreements stand on their own. In addition, we do not anticipate using the YieldGard corn agreement as a basis to calculate a reasonable royalty.

### 3. Work of Monsanto Prior Artists

Defendants contend that Monsanto should produce research records underlying any asserted prior art publications by Monsanto scientists, on the grounds that the lab notebooks themselves may be 102(g) art. Because of the case-specific legal hurdles to such an argument, we will not agree to a blanket production of such documents, but would considering doing so on a case-by-case basis.

### 4. Threatened Litigation

Defendants asked whether we will be producing documents related to threatened litigation regarding the '435 or '247 RE patents. We interpret this request as including demand letters to farmers which did not result in a saved seed lawsuit, which we will not agree to produce. We have agreed to produce specific categories of documents for numerous such litigations, which should be sufficient.

### 5. Third RFP, Request Nos. 25-27

Request Nos. 25-27 in Defendants' Third Set of RFPs relate to certain correspondence referred to as the "Pavely Soybean Letter" and the "Pavely Corn Letter." Monsanto will produce non-privileged documents responsive to these requests that are found within the records of the designated custodians.

### 6. Third RFP, Request No. 50

Defendants asked us to clarify and/or reconsider our objection to subpart (g) of Request No. 50 in Defendants' Third Set of RFPs, regarding the term "meeting." Monsanto will produce documents related to meetings at which work underlying the examples in the '247 RE and '435 patents was addressed before 1994, to the extent that they exist in the files of the designated custodians.

### 7. Document Production Relating to the '435 Patent

Defendants asked whether Monsanto is maintaining it objections to the production of documents based upon their being related to the '435 patent as opposed to the '247 RE patent. Upon further consideration, Monsanto will withdraw those objections.

Amy Mauser
June 25, 2010
Page 8

### 8. "Pre-Commercial" Sequencing on 40-3-2

Defendants asked whether we will produce documents regarding sequencing for pre-commercial events that were being considered along with 40-3-2 soybeans. If you seek documents related to DNA sequencing of other soybean events being considered for commercialization pre-1994 along with 40-3-2, then we will need to determine if such work was actually done. Once we make this determination, we will decide if we will object to production.

### 9. Third RFP, Request Nos. 88 & 89

Request Nos. 88 & 89 in Defendants' Third Set of RFPs call for documents related to the 071749,611 patent application (the '611 application"). Defendants asked us to reconsider our objection these requests. We are considering withdrawing our objection to this request but need to confer further with our client.

### 10. Third RFP, Request No. 30

Defendants asked Monsanto to clarify its response to Request No. 30 in Defendants' Third Set of RFPs, in which Monsanto agreed to produce "relevant" documents. During the meet and confer, Monsanto advised that not all documents responsive to this request are relevant to this litigation, e.g., fish-feeding studies. Monsanto will produce regulatory documents that discuss proof of the insert in 40-3-2 and NK603. If you think any other information would be relevant, please let us know, and we will consider it.

\*   \*   \*

Given that both sides are eager to move forward with their document productions, we are hopeful that the parties will be resolve any disputes relating to the document requests in a timely manner. Please let me know if you have questions about any of the above or if you would like to schedule a time to discuss these issues.

Sincerely,

/jjr

John J. Rosenthal

cc:   Thomas Fleming
      Greg Gutzler
      Steven Spears