# WINSTON & STRAWN LLP

| | | |
|---|---|---|
| SUITE 718, CHINA WORLD OFFICE 1<br>1 JIANGUOMENWAI AVENUE<br>BEIJING 100004, CHINA | 1700 K STREET, N.W.<br>WASHINGTON, D.C. 20006-3817 | 333 SOUTH GRAND AVENUE<br>LOS ANGELES, CALIFORNIA 90071-1543 |
| 214 NORTH TRYON STREET<br>CHARLOTTE, NORTH CAROLINA 28202-1078 | +1 (202) 282-5000 | SUITE A350, 4 STASOVOY STREET<br>MOSCOW, 119071, RUSSIAN FEDERATION |
| 35 WEST WACKER DRIVE<br>CHICAGO, ILLINOIS 60601-9703 | FACSIMILE +1 (202) 282-5100 | 200 PARK AVENUE<br>NEW YORK, NEW YORK 10166-4193 |
| 43 RUE DU RHÔNE<br>1204 GENEVA, SWITZERLAND | www.winston.com | ONE RIVERFRONT PLAZA, SUITE 730<br>NEWARK, NEW JERSEY 07102-5401 |
| GLOUCESTER TOWER<br>11TH FLOOR<br>THE LANDMARK<br>15 QUEEN'S ROAD CENTRAL<br>HONG KONG, CHINA | | 25 AVENUE MARCEAU, CS 31621<br>75773 PARIS CEDEX 16, FRANCE |
| 99 GRESHAM STREET<br>LONDON, EC2V 7NG, UK | | 101 CALIFORNIA STREET<br>SAN FRANCISCO, CALIFORNIA 94111-5802 |
| | | UNITS 3105-3106, SHANGHAI KERRY CENTRE<br>1515 NANJING ROAD WEST<br>JINGAN, SHANGHAI 200040, CHINA |

September 9, 2010

**Via E-Mail**
Thomas F. Fleming
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022-3598

Amy J. Mauser
Boies, Schiller & Flexner LLP
5301 Wisconsin Avenue, N.W.
Washington, D.C.  20015

> Re:   ***Monsanto Co. vs. E.I. DuPont de Nemours & Co.***, Case No. 09-CIV-0686-ERW (E.D. Mo.)

Dear Amy and Tom:

I write to summarize the parties' August 24, 2010 telephonic meet and confer on various discovery issues, to provide responses to issues raised during the teleconference, and per your e-mail request last week, to reiterate Monsanto's position with regard to certain issues raised in Mr. Fleming's August 4, 2010 letter.

## I.    MISCELLANEOUS "HOUSEKEEPING" ISSUES

During the call, we discussed a number of "housekeeping" issues relating to discovery in this case.  Below is a summary of the status of those issues and any outstanding action items:

- **ESI Stipulation.**  You stated that you would circulate a revised draft of the ESI stipulation reflecting Judge Webber's August 17, 2010 order by the week before last. We look forward to receiving that draft and reaching a final agreement on the ESI stipulation.

EXHIBIT C

Thomas F. Fleming
Amy J. Mauser
September 9, 2010
Page 2

- **Stipulation on Governmental Investigations.** Attached is a revised redlined version of the stipulation on discovery relating to governmental investigations, lobbying and public relations efforts. The revisions respond to the concerns raised in your August 10, 2010 letter and my August 16, 2010 e-mail response. Please let us know as soon as possible if you have any comments and whether we can finalize the stipulation.

- **Revised Protective Order.** As we discussed, attached is a redline of minor technical edits to the protective order entered in this case. Please provide us with any comments you may have as soon as possible so that we can file the amended protective order promptly.

- **Court Reporters for Depositions.** You stated that you have reviewed the pricing information Monsanto provided for Merrill's court reporting services, but that Defendants prefer to use Alderson because they are one of DuPont's preferred vendors and are less expensive than Merrill in some areas. You agreed to provide us with Alderson's pricing information to see whether Monsanto would be willing to agree to retain Alderson for all court reporting in this case. Please provide that information as soon as possible.

- **Third-Party Discovery.** Both parties agreed that any documents produced to a party by third parties in response to a subpoena would, in turn, be produced promptly to the opposing party. In addition, you sent me an e-mail at the end of the last week to discuss the third-party productions. Please give me a call at your convenience to discuss.

- **Motion to Compel Scheduling.** We suggested that the parties reach an agreement on the form of any motions to compel, as well as a briefing and hearing schedule for those motions. We noted, for example, that the parties could proceed either with full motions or through more abbreviated letter motions. We also believe it would be more productive for the parties to have an agreed briefing schedule with a single hearing for both parties' motions. You indicated that you would consider our suggestion and provide a proposal. We have not received a proposal and accordingly suggest the following briefing schedule:

| September 17, 2010 | Due date for both parties' motions to compel the production of documents and/or any other discovery responses. |
|---|---|
| October 1, 2010 | Due date for both parties' oppositions to motions to compel |
| October 11, 2010 | Due date for both parties' replies in support of their motions to compel |

Thomas F. Fleming
Amy J. Mauser
September 9, 2010
Page 3

Both parties should also agree to seek a hearing with the Court on their motions on the first day the Court is available after October 11, 2010.  In addition, we suggest that the parties agree that any motions to compel not exceed 15 pages in length (not including exhibits and attachments); that oppositions likewise not exceed 15 pages in length (not including exhibits and attachments); and that replies not exceed 7 pages (not including exhibits and attachments).

Please let us know as soon as possible whether this briefing schedule and page limits are acceptable to Defendants.  If not, please provide an alternative proposal.

- **Privilege Logs.**  Both sides agreed that the production of completed privilege logs by September 15, 2010 is unrealistic.  The parties agreed to confer on this topic later, once they have more information about the status of the document productions and the likely size of any privilege logs.

- **Interrogatory Responses & Seed Sample Document Requests.**  During the call, we briefly discussed my August 23, 2010 letter on the deficiencies in Defendants' responses to Monsanto's first set of interrogatories and James Hilmert's August 18, 2010 letter on Defendants' responses to Monsanto's second set of document requests concerning seed samples.  We noted that it is essential that these issues be addressed with the Court at the same time as the other outstanding document request issues.  Defendants still have not provided any response to either letter.  Please let us know as soon as possible if Defendants intend to do so.  Otherwise, we believe we are at an impasse and will seek court intervention.

## II.    DEFENDANTS' RESPONSES TO MONSANTO'S FIRST SET OF DOCUMENT REQUESTS

During the call, we discussed our concerns with some of Defendants' responses to Monsanto's document requests, which are summarized below.  We also noted that Defendants have not provided any response to many of the issues raised on pages 7-12 of my August 4, 2010 letter.  You agreed to provide a response to those issues by the week before last.  We look forward to receiving your response.

### A.    Defendants' Objections to Providing Documents Regarding OGAT Corn

During the call, you indicated for the first time that Defendants are "inclined" to produce documents regarding "OGAT alone" in soybeans, but that Defendants' position on producing documents concerning OGAT corn – either alone or when stacked with another trait – has not changed.  As an initial matter, we note that although it was unclear on the call, to the extent Defendants intend to limit their production to "soybean candidates," such a limitation is inappropriate for the reasons discussed below.  Please confirm as soon as possible in writing whether Defendants will indeed produce documents concerning "OGAT alone" in soybeans – not just "soybean candidates" – and the nature of the documents to be produced so that, if possible, we can avoid bringing this issue to the Court's attention.  Also, because we are at an

Thomas F. Fleming
Amy J. Mauser
September 9, 2010
Page 4

impasse as to Defendants' continued refusal to produce documents of any kind relating to OGAT corn, we will seek relief from the Court.

**B.    Document Requests Related to Patent Infringement and Defenses (Request Nos. 19, 21, 23, 25, 53, 54, 65, 173)**

As discussed during our call, there are a number of remaining issues concerning Defendants' responses to Monsanto's document requests relating to patent infringement and Defendants' patent defenses.

**Request No. 19.**  During the call, Defendants stated that they would produce documents responsive to this request, but only as to "soybean candidates" or "likely soybean candidates," as those terms are defined in Defendants' responses to Monsanto's first set of interrogatories. Defendants' limitation is improper, as Monsanto is entitled to discovery as to every act that may constitute infringement of its patents.

**Request No. 23.**  This request seeks documents regarding objective indicia of non-obviousness as related to the subject matter claimed by the '247 RE patent.  During the call, you stated that Defendants continue to stand by their refusal to produce any responsive documents. As a result, we appear to be at an impasse, and Monsanto has no choice but to seek the Court's intervention.

**Request Nos. 21 & 25.**  As to these requests, Defendants stated during the call that they would not produce responsive documents because the Court has established a separate timetable for the disclosure of opinions of counsel.  Defendants' response is insufficient.  Request No. 21 in particular, which seeks documents regarding any searches, analyses, or evaluation performed by or on behalf of Defendants relating to the subject matter of the '247 RE patent, plainly seeks documents relating to issues other than opinions of counsel.  Again, we are at an impasse on this issue, and Monsanto will seek court intervention.

**Request Nos. 53 & 54.**  With regard to these requests, you stated during the call that Defendants stand by their objections and refuse to produce responsive documents.  We are at an impasse, and Monsanto will seek the Court's intervention.

**Request No. 65.**  During the call, you stated that Defendants would produce documents responsive to this request to the extent they relate to "soybean candidates," as that term is used in Defendants' responses to Monsanto's first set of interrogatories.  As noted above, however, Defendants' limitation is improper, as Monsanto is entitled to discovery as to every act that may constitute infringement of its patents.

**Request No. 173.**  With respect to this request, which seeks documents sufficient to show each patent Defendants hold relating to biotechnology traits, you asked whether Monsanto wants a list of licensees and what Monsanto means by "biotechnology traits."  Through this request, Monsanto seeks documents sufficient to show each patent Defendants hold related to beneficial

Thomas F. Fleming
Amy J. Mauser
September 9, 2010
Page 5

trait genes that could be used in making transgenic plants.   Please let me know whether
Defendants are willing to produce such documents.

      C.     **Request Nos. 97 and 221**

      Finally, during our call, you stated that, in response to Request No. 97, Defendants will
produce responsive documents regarding corn and soybean "markets," and as to Request No.
221, you clarified that Defendants do not intend to stand on any of the objections they made in
response to this request and will produce all responsive, non-privileged documents.

III.    **MONSANTO'S RESPONSES TO DEFENDANTS' 2ND and 3RD SETS OF
    DOCUMENT REQUESTS**

      A.     **Issues Discussed During the Meet and Confer**

      During the call, you referenced certain issues discussed in Ms. Mauser's August 4, 2010
letter, and we agreed to provide you with written responses, which appear below.

      **Request Nos. 4 & 5 of Defendants' 2nd Set.**  Your August 4, 2010 letter raised two
main issues with respect to Monsanto's responses to these requests.  The first related to whether
Monsanto was willing to produce documents relating to the negotiations of agreements
concerning Roundup Ready, Roundup Ready 2 Yield and Roundup Ready 2.  As I noted in my
July 12, 2010 letter, Defendants have not explained the relevance of these negotiation
documents.  Your August 4, 2010 letter responded that "Monsanto imposes onerous license
restrictions on licensees, refusing to negotiate any of the terms, which is evidence of its market
power."  We disagree.  Moreover, the probative value of these negotiation documents are clearly
outweighed by the burden in reviewing and producing such a broad category of documents.

      As for your second concern about whether Monsanto will produce documents relating to
the so-called "switch" between Roundup Ready and Roundup Ready 2 in corn, we continue to
stand by our objection that these documents are not relevant to the current litigation.

      **Request No. 7 of Defendants' 2nd Set.**  In response to this request, Monsanto has
agreed to produce Roundup Ready 2 Yield strategic plans, business plans, long-range plans, and
presentations to Monsanto's management or board of directors.  These are the very same
categories Defendants included in their own request.  Nevertheless, Defendants continue to
demand more.  Specifically, in your August 4, 2010 letter, you request that Monsanto produce
five categories of documents:  (i) Monsanto's development of Roundup Ready 2 Yield, (ii) the
timing of the commercial release of Roundup Ready 2 Yield, (iii) Monsanto's marketing of
Roundup Ready 2 Yield, (iv) the licensing of Roundup Ready 2 Yield, and (v) the sale of
Roundup Ready 2 Yield.  We note that Monsanto has already agreed to produce these same
documents in response to other requests.  *See* Monsanto's Resp. to 2nd Set of Req. Nos. 4, 5, 25,
47, 56, 60, 62-63; Monsanto's Resp. to 3rd Set of Req. Nos. 115, 116, 119, 123.  If you believe
there are any remaining relevant categories of documents that Monsanto has not already agreed
to produce, please let us know.

Thomas F. Fleming
Amy J. Mauser
September 9, 2010
Page 6

**Request No. 20 of Defendants' 2nd Set.**  This request seeks documents concerning "competition" and "competitors" with respect to various crops, traits and seeds.  As we have noted in past letters, this request is exceedingly broad and would potentially encompass nearly every document at Monsanto.  In response to Defendants' Request No. 47, Monsanto has already agreed to produce documents discussing actual or potential competition with soybean germplasm containing Roundup Ready and Roundup Ready 2 Yield – whether alone or when stacked with another trait.  Similarly, Monsanto has agreed to produce documents discussing actual or potential competition with or substitutes for Roundup Ready, Roundup Ready 2 and Roundup Ready 2 Yield.  We believe that Monsanto's production of documents responsive to these requests is sufficient under the circumstances.  If you believe it is not, please let us know if there are other categories of documents you believe are relevant and that Monsanto has not already agreed to produce.

**Request No. 21 of Defendants' 2nd Set.**  This request seeks documents concerning competition with respect to herbicide-tolerant traits in soybeans and corn when patents covering Roundup Ready and Roundup Ready 2 expire.  As I explained in my July 12, 2010 letter, we understood your June 28, 2010 letter to say that Defendants sought documents relating only to the '247 patent as it relates to Roundup Ready 2 *corn*.  Based on that understanding, I indicated in my letter that Monsanto "will produce documents that refer or relate to the impact on competition of the expiration of the '247 patent as it relates to Roundup Ready 2 corn."  You have since clarified in your August 4, 2010 letter that Defendants are seeking such documents with respect to both Roundup Ready corn *and soybeans*.  As this is consistent with our original narrowing proposal sent in June, Monsanto is willing to agree to produce all documents that refer or relate to the impact on competition of the expiration of the '247 patent as it relates to Roundup Ready corn or soybeans.

**Request No. 25 of Defendants' 2nd Set.**  This request seeks documents concerning testing that compared the yield of Roundup Ready 2 Yield to Roundup Ready.  Monsanto has agreed to produce documents sufficient to show comparisons or analyses of the yield of Roundup Ready 2 Yield soybeans with the yield of Roundup Ready soybeans.  In my July 12, 2010 letter, I indicated that Monsanto would be willing to produce additional categories of responsive documents provided that Defendants reciprocated and agreed to produce the same categories in response to Monsanto's Request No. 188.  Defendants refused.  Unless and until they reconsider, we do not believe that further discussion of this issue can be productive.

B.     **Issues Referenced in Your August 30th E-mail**

In addition, in an e-mail last week, you asked for Monsanto's responses to issues raised on pages 3-10 of Mr. Fleming's August 4, 2010 letter.  As I stated in my August 23, 2010 letter, we believe that Monsanto's position on these issues has been addressed on teleconferences and in my previous letters.  I noted as well that, for a number of requests, Monsanto is still waiting to receive from Defendants further clarification or an explanation as to why the documents sought are relevant.  In any event, I will address each of these issues again below, adopting for simplicity the shorthand labels you used in your August 4 letter.

Thomas F. Fleming
Amy J. Mauser
September 9, 2010
Page 7

**"Responses in Which Monsanto Allegedly Identifies No Class of Documents It Intends to Withhold."**  We disagree with your characterization of this category of requests. Monsanto has already responded to this issue in Steven Spears' July 12, 2010 letter.  If there are any specific categories of documents that you would like to discuss, Monsanto remains willing to discuss them with you.

**"Monsanto's Position in its Written Responses to the Requests for Production."**  Defendants asked whether Monsanto is producing any documents in response to Request Nos. 4, 5, 7, 8, 10-17, 19, 20, 22, 24-29, 40-42,  53-55, 57, 58, 71, 73, 99, 122, 125, and 127.  In my August 4 and August 23 letters, I made clear Monsanto's position on these requests.  If, after reviewing our most recent correspondence, there are particular requests that you believe Monsanto has not addressed, please notify us and Monsanto will promptly respond.  Defendants also asked Monsanto to confirm that it is not withholding any documents based on its objection to producing documents relating to any patents or applications other than the '247 patent.  *See* Request Nos. 1, 2, 34-38, 40-42, 44, 45-47, 49-55, 61, 64, 65, 67, 72, 73, 82, 87-89, 91.  Monsanto has already agreed to produce responsive documents related to the '435 patent.  The Court's August 17, 2010 Order makes clear that the production of litigation documents should be limited only to those concerning the '247 and '435 patents.

**"Documents From Prior Litigations."**  As stated in Mr. Spears' July 12 letter, with regard to Request No. 1 and 2, the dispute regarding these requests has been fully briefed and is before the Court, and the Court has ruled.  Monsanto will comply with that ruling.  With regard to Request No. 3, which has nothing to do with the '247 RE or '435 patents, again, Defendants have already moved to compel regarding prior litigations materials, and the Court has ruled on which prior litigation materials are discoverable.  Monsanto will comply with that ruling.

**"Documents Relating to Defendants Reformation and Contract Claims."**  In my August 4 letter, I indicated that Monsanto would amend its responses to Request Nos. 4, 5, 7, 9, 10, 13-15, 17, 18-20, 25-27, 28.  If Defendants have questions or would like to discuss those amended responses further, please let me know.  Similarly, my August 4 letter addressed Defendants' request for documents relating to the YieldGard licenses.  As I stated in that letter, we believe that Monsanto's amendments to its responses have mooted this issue.  Finally, as to Request No. 29, despite Monsanto's repeated requests for further explanation, Defendants still have not explained how third parties' patents or patent applications under Section 2.10 of the RR Soybean and RR Corn Agreement are relevant to this litigation.  Unless and until Defendants offer such clarification, Monsanto stands by its objections to this request.

**"SEQ ID Related Requests."**  Monsanto has stated that, to the extent a patent or application that is in Monsanto's document collection is known to have a sequence listing with SEQ ID 70 in it, it will be produced.  Monsanto also has already explained that it is not going to do sequence comparisons for every DNA sequence in every patent or patent application mentioned in Monsanto documents, especially given that these are largely publicly available.  Defendants still have not offered any further clarification or explanation as to why it needs such sequence comparisons from Monsanto.  Unless and until Defendants offer such clarification, Monsanto stands by its prior position with regard to this request.

Thomas F. Fleming
Amy J. Mauser
September 9, 2010
Page 8

**"Damages Related Materials."**  As to Request No. 114, as explained in Mr. Spears' July 12 letter, having received only minimal discovery from Defendants, Monsanto cannot yet be expected to determine whether it will pursue a lost profits or a reasonable royalty claim.  We have already offered, and still plan, to confer with you on the types of cost-related documents, if any, that need to be produced once further discovery is received.  As to Request Nos. 98 and 99, which seek information on Monsanto's acquisitions of Calgene, Asgrow and Agracetus, and Monsanto's alleged potential acquisition of Verdia, Monsanto has raised a number of valid objections.  Monsanto also has repeatedly asked for, and Defendants have yet to offer, any explanation for how such documents are relevant to any claim or defense in this action.  Unless and until Defendants offer such an explanation, Monsanto stands by its prior position with regard to these requests.

**"RR2 Testing Related Documents."**  Monsanto has previously stated that it will produce certain documents relating to the analysis and testing of RR2 products, including documents that demonstrate the actual improved yield associated with RR2 Yield, as well as the location or sequence of the EPSPS gene, the promoters used, and any other promoters responsible for transcription of the EPSPS gene in RR2 soybeans.  To the extent Defendants believe these requests seek additional information, Monsanto has stated that it is willing to discuss the nature and extent of the documents you seek.  Defendants have not provided any further explanation or clarification, and until they do, Monsanto stands by its prior position.

**"Document Retention."**  As stated in my August 23, 2010 letter, Monsanto remains open to the possibility of producing information responsive to Request No. 125, but only if Defendants agree to produce the same.  Please let me know if Defendants are willing to produce such documents.

**"Partial Production of Certain Documents."**  Your letter lumps together a number of different requests and issues into a single category, which you labeled "partial production of certain documents."  Although we disagree with your characterization of this category of requests, I will address each group of requests separately.

- **Request Nos. 34 and 36.**  Monsanto has offered to discuss with Defendants a joint approach concerning what the parties will produce with respect to patents and applications.  Defendants have rebuffed Monsanto's offer, stating that they first want a "clear and firm commitment" from Monsanto on what it will produce before they are willing even to discuss this issue with Monsanto.  Monsanto does not view this stance as productive way of resolving the parties' disputes, but remains open to discussing a joint approach to production of these documents.

- **Request Nos. 38 and 39.**  These requests seek documents concerning communications, investigations, studies, and opinions concerning any declaration prepared in connection with any of the patent applications or patents responsive to Request Nos. 34 and 36 and documents sufficient to show every inventor, patent agent, attorney or other person involved in the prosecution of the patent applications or patents responsive to Request Nos. 34 and 36.  Monsanto has

Thomas F. Fleming
Amy J. Mauser
September 9, 2010
Page 9

stated that, in response to Request No. 38, it will produce relevant declarations and, in response to Request No. 39, that it will produce documents sufficient to show the identity of the inventors and prosecuting attorneys and/or patent agents directly involved in the prosecution of the patent applications leading to the patent-in-suit. Defendants have not explained how or why these responses are insufficient. Unless and until Defendants do so, Monsanto cannot evaluate whether any additional documents should be produced and thus stands by its prior responses to these requests.

- **"Regulatory Submission" Requests.** In your June 28, 2010 letter, you identified Request Nos. 6, 9, 18, 21, 30-32, 34, 36-39, 43, 50, 52, 61-63, 66, 80, 95, 103, 113, 115-116, 119, 123 and 124 as relating to regulatory issues. It is not clear to us how each request does so. Nevertheless, we continue to believe that, once finalized, the stipulation on discovery relating to governmental investigations, lobbying and public relations efforts, will resolve many of both parties' various requests that relate to regulatory submissions. As stated above, we have attached a revised, redlined version of the stipulation and look forward to finalizing the stipulation soon. If Defendants believe that there are aspects of these requests that would not be addressed either by the proposed stipulation or that Monsanto has otherwise not sufficiently addressed, please let me know and Monsanto will promptly respond.

- **Request No. 43.** I specifically addressed this request in my August 23, 2010 letter.

- **Request No. 50(g).** Monsanto agrees to produce responsive, non-privileged documents related to meetings during or before 2006 that concerned the subject matter disclosed or recited in the '435 and '247 patents, to the extent they exist in the files of the designated custodians.

   **"Matters in Category 4 for Which Monsanto Must Inform DuPont & Pioneer of its Position."** Although we disagree with your characterization of this category of requests, I will address the requests you included in this category below:

- **Request Nos. 62 and 63.** Monsanto has already agreed to produce any such sequencing done for the events at issue in this case, which are the 40-3-2 and NK603 events. Defendants still have not offered any explanation for how any DNA or amino acid sequencing of the EPSPS enzyme in any other events or products could be of any relevance to any claim or defense in this action.

- **Request No. 66.** I already addressed this request in my August 23, 2010 letter.

- **Request No. 80.** Monsanto has stated it will produce non-privileged, responsive documents showing the cause of expression of the EPSPS gene in RR Products and RR2 Products to the extent that they exist in the files of the designated

Thomas F. Fleming
Amy J. Mauser
September 9, 2010
Page 10

custodians. Defendants still refuse to offer any explanation for how the production of such documents related to RR2 Yield Products could be relevant to any claim or defense in this action. We remain open to evaluating whether any further documents should be produced to the extent Defendants offer such an explanation.

- **Request Nos. 113 and 115.** Defendants have not explained why Monsanto's responses to these requests are insufficient or how any further documents, beyond what Monsanto has already agreed to produce, are relevant to this litigation. If you have any such explanation, please let us know so we can consider it. Your letter also states that because Monsanto has not yet produced documents responsive to these requests, Defendants are unable to assess the adequacy of Monsanto's production. The party document production deadline has not yet passed and Monsanto continues to review and produce documents. More fundamentally, Defendants have not explained why they must review Monsanto's production before explaining why Monsanto's written discovery responses are inadequate.

- **Request No. 124.** Monsanto has agreed to produce documents sufficient to show the average costs associated with Monsanto's Roundup and glyphosate herbicide products from January 1, 2004 to May 4, 2009. You have asked that Monsanto also produce these documents from the period 1985 to 2004 but, despite our requests, you have offered no explanation for how such documents could be relevant to any claim or defense in this action. If you can offer an explanation, we would be willing to discuss this issue with you further.

**"Monsanto's Proposals on Issues Where it Invited a Meet and Confer."** With respect to Request No. 60, we disagree with your characterization of the Court's July 30 order as requiring the production of research records related to prior art addressed in the specification. Defendants still have not explained the relevance of these documents. The only prior art is the publications themselves, and Defendants have not explained how any of the underlying research records could possibly be considered independent prior art.

With respect to Request Nos. 75-78, 82, 84, 97, and 100, the Court's discovery order relating to preservation only requires preservation of documents related to work with a CP4 gene. Accordingly, the Court has already determined that work with other genes is not relevant to this action. As to work with the CP4 gene, we have offered to produce documents sufficient to show transformations done with a CP4 gene in other plants species besides corn and soybeans. We understand that you are demanding production of all documents related to such work, and not just documents "sufficient to show" such work. However, you have offered no explanation for how all such documents would be relevant to any claim or defense in this action. The only explanation that you have provided is that this category of documents could relate to enablement. However, the enablement provided by the CP4 gene is fully demonstrated by a "sufficient to show" production. We would note that we will expect Defendants to likewise

Thomas F. Fleming
Amy J. Mauser
September 9, 2010
Page 11

produce documents showing their experience with making plants with the CP4 gene (either on their own, or through contracts with others), as such work is no less relevant than that done at Monsanto. Accordingly your demands that all such work is relevant would be equally applicable to Defendant's documents.

**"Requests Similar to Those Propounded by Monsanto."** While Monsanto remains willing to address on a joint basis similar requests made by both Monsanto and Defendants, as stated in Mr. Spears' July 12 letter, we do not agree that the requests listed in your June 28, 2010 letter are identical to requests that Monsanto served upon Defendants. Please let us know which of your requests you view as similar to which of Monsanto's requests and your proposal with regard to each and Monsanto will consider it.

## IV.    "NON-CUSTODIAL" DOCUMENT CATEGORIES

During the meet and confer, we discussed reaching an agreement on the categories of documents that the parties will agree to produce regardless of whether they are in the custody of the designated custodians. It appears that the parties have an agreement with respect to the following categories:

- Responsive license agreements and other agreements from the parties' contract databases;

- Pricing lists and discounting terms and information;

- Data sufficient to show sales and profits for 40-3-2 and NK603 (in Monsanto's case) and 40-3-2/OGAT and NK603/OGAT (in Defendants' case), and projections for the same;

- Marketing brochures; and

- Market share data.

For two categories of documents, Defendants have agreed to produce only a subset of documents from outside the files of the designated custodians. For example, Monsanto suggested that both parties agree to produce all regulatory submissions for the products at issue in this case. Defendants, however, have only agreed to produce documents sufficient to show regulatory approvals for these products. As we explained during the call, that narrow set of documents is insufficient, and Monsanto believes that both parties should produce the full regulatory packages. Similarly, Monsanto requested that Defendants produce documents regarding yield test results for commercial OGAT/RR soybean and corn products from outside of the files of the designated custodians. Defendants, however, have only agreed to produce documents sufficient to show yield test results for "soybean candidates." This is not acceptable.

Finally, there are several categories for which Defendants have refused to produce any documents *whatsoever* from outside the files of the designated custodians. Those categories are:

Thomas F. Fleming
Amy J. Mauser
September 9, 2010
Page 12

- Documents related to the transfer of 40-3-2 and NK603 materials from Monsanto to Defendants;

- Documents regarding soybean transformations done by Agracetus for Defendants;

- Patent file histories and opinions of counsel related to the '247 RE and '435 patents;

- Meeting minutes, presentations, memoranda and reports to the Board of Directors, executive committees or other responsible management groups relating to the decision to stack 40-3-2 and/or NK603 with OGAT; and

- Any DNA or RNA sequencing of the insert in the 40-3-2 Event or NK603 Event, together with any Southerns, Westerns, Northerns, or PCR analysis of the insert, either alone or in the accused stacked products.

It appears that we are at an impasse with regard to the categories of documents the parties will produce from outside the designated custodians.  Unless Defendants' position has changed, Monsanto intends to move to compel the production of these documents.

*     *     *     *     *

We look forward to receiving your letter concerning the issues discussed during our meet and confer.

Sincerely,


/s/ John J. Rosenthal

cc:    Greg G. Gutzler, Esq.
       Steven G. Spears, Esq.