# WINSTON & STRAWN LLP

SUITE 718, CHINA WORLD OFFICE 1
1 JIANGUOMENWAI AVENUE
BEIJING 100004, CHINA

214 NORTH TRYON STREET
CHARLOTTE, NORTH CAROLINA 28202-1078

43 RUE DU RHÔNE
1204 GENEVA, SWITZERLAND

GLOUCESTER TOWER
11TH FLOOR
THE LANDMARK
15 QUEEN'S ROAD CENTRAL
HONG KONG, CHINA

99 GRESHAM STREET
LONDON, EC2V 7NG, UK

333 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-1543

35 WEST WACKER DRIVE
CHICAGO, ILLINOIS 60601-9703

+1 (312) 558-5600

FACSIMILE +1 (312) 558-5700

www.winston.com

SUITE A350, 4 STASOVOY STREET
MOSCOW, 119071, RUSSIAN FEDERATION

200 PARK AVENUE
NEW YORK, NEW YORK 10166-4193

ONE RIVERFRONT PLAZA, SUITE 730
NEWARK, NEW JERSEY 07102-5401

25 AVENUE MARCEAU, CS 31621
75773 PARIS CEDEX 16, FRANCE

101 CALIFORNIA STREET
SAN FRANCISCO, CALIFORNIA 94111-5802

UNITS 3105-3106, SHANGHAI KERRY CENTRE
1515 NANJING ROAD WEST
JINGAN, SHANGHAI 200040, CHINA

1700 K STREET, N.W.
WASHINGTON, D.C. 20006-3817

August 18, 2010

**Via E-Mail**
Thomas F. Fleming
tfleming@kayescholer.com
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022-3598

Amy J. Mauser
amauser@bsfllp.com
Boies, Schiller & Flexner LLP
5301 Wisconsin Avenue, N.W.
Washington, D.C. 20015

Re:   *Monsanto Co. vs. E.I. DuPont de Nemours & Co.*, Case No. 09-CIV-0686-ERW (E.D. Mo.)

Dear Amy and Tom:

I am writing to address Defendants' objections and responses to Monsanto's Requests for Documents and Things Nos. 1-4, sent July 26, 2010.

Defendants have objected to Monsanto's requests to provide seeds and pedigree information for the accused stacked soybean and corn products at issue in this litigation. As we understand your position, Defendants are refusing to produce *any* responsive corn seeds, *any* pedigree information relating to the accused corn or soybean products, and are only agreeing to provide seeds from soybean lines that Defendants subjectively "intend to commercialize, to the extent that such lines have been identified to date." Defendants objections and refusals are legally baseless. Monsanto is plainly entitled to full discovery of Defendants' infringing activities.

Your objection that the requests "do[] not exclude seeds generated or utilized under the license" is groundless. As you are aware, Judge Webber held in his January 15, 2010 Order Granting

EXHIBIT D

Thomas F. Fleming
Amy J. Mauser
August 18, 2010
Page 2 of 2

Monsanto's Motion for Partial Judgment on the Pleadings that "the license agreements do not grant Pioneer the right to stack its OGAT glyphosate-tolerant trait technology with the licensed Roundup Ready® soybean and corn traits..." [D.I. 124, at 23]. Judge Webber confirmed this conclusion in his July 30, 2010 Order, holding that "[t]he Court will not reconsider its ruling that the license agreements did not grant Defendants a right to create OGAT/RR stacked seed products..." [D.I. 283 at 8]. As such, it is clear that *none* of the requested Optimum GAT/40-3-2 or Optimum GAT/NK603 stacked seeds were "generated or utilized under license."

To the extent that Defendants contend their activities to be outside the proper scope of discovery due to Defendants' "experimental use" defense to infringement, such a position is unfounded for multiple reasons. Clearly, that defense is not part of this case, since the Court held Defendants' motion for leave to plead an "experimental use" defense was futile. *See* Court's July 30 Order at 18-19. Even if it were, the mere recitation of a purported defense would provide Defendants with no basis to refuse basic discovery regarding their infringing products. Further, evidence of stacking is relevant to Monsanto's breach of contract claims in this case. Experimental use is not a defense to a breach of contract claim.

Finally, Defendants' agreement only to produce soybean seeds "sufficient to represent the Optimum GAT/RR soybean lines that Pioneer intends to commercialize..." is unacceptable. Monsanto is entitled to all seeds requested. The seeds in every generation of Defendants' stacked products are relevant to the nature and extent of Defendants' infringement, as well as the extent to which Defendants have breached the terms of the contracts at issue. Defendants' pedigree information is relevant for similar reasons, such as the extent of Defendants' infringement and the identification of the infringing seeds produced pursuant to Monsanto's requests.

Accordingly, please confirm that Defendants will produce all of the material and information responsive to Request Nos. 1-4 without delay.

Sincerely,

James M. Hilmert