UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MONSANTO COMPANY and MONSANTO TECHNOLOGY LLC,<br><br>Plaintiffs/Counterclaim-Defendants,<br><br>vs.<br><br>E.I. DUPONT DE NEMOURS AND COMPANY and PIONEER HI-BRED INTERNATIONAL, INC.,<br><br>Defendants/Counterclaim-Plaintiffs. | Case No. 4:09-cv-00686 (ERW) |

**DUPONT'S AND PIONEER'S OBJECTIONS AND RESPONSES TO MONSANTO'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and the Local Rules of the United States District Court for the Eastern District of Missouri, Defendants/Counterclaim-Plaintiffs E.I. du Pont de Nemours and Company ("DuPont") and Pioneer Hi-Bred International, Inc. ("Pioneer") (collectively "DuPont & Pioneer"), respond to the Second Set of Requests for the Production of Documents and Things ("Requests") of Plaintiffs/Counterclaim-Defendants Monsanto Company and Monsanto Technology LLC (collectively "Monsanto") as follows:

GENERAL OBJECTIONS

1.  DuPont & Pioneer object to each of the Definitions, Instructions, and Requests to the extent it purports to impose burdens and duties that exceed the scope of reasonable and permissible discovery under the Federal Rules of Civil Procedure, the Local Civil

1

Rules of the United States District Court for the Eastern District of Missouri, and/or any other orders or pronouncements of the Court.

2. DuPont & Pioneer object to each of the Definitions, Instructions, and Requests to the extent they incorporate by reference the Definitions and Instructions in Monsanto Company's First Set of Requests for Production of Documents Directed to Defendants dated April 16, 2010, and further purports to impose burdens and duties that exceed the scope of the parties' Stipulation and Agreement for Preservation and Production of Documents and Electronically Stored Information. DuPont & Pioneer repeat and reassert their objections to the Definitions and Instructions in Monsanto Company's First Set of Requests for Production of Documents Directed to Defendants dated April 16, 2010, as set forth in their Objections and Responses to same dated May 24, 2010.

3. DuPont & Pioneer object to the Requests to the extent they require DuPont & Pioneer to form legal conclusions in responding to same, or seek information, documents and things, protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privilege or immunity from discovery. To the extent a Request may be construed as seeking such privileged or protected information, DuPont & Pioneer hereby claim such privilege and invoke such protection. Only non-privileged documents will be produced. The production of any privileged document by DuPont & Pioneer is unintentional, and DuPont & Pioneer do not intend to waive any applicable objection or privilege as a result of such production. DuPont & Pioneer construe each request as not seeking the identification of contents of legal memoranda, drafts of pleadings, attorney notes, letters, communications regarding settlements, or other documents that will have come into existence because of this litigation.

2

4. DuPont & Pioneer object to the Requests to the extent they seek the production of documents and things subject to confidentiality obligations owed to third parties that prohibit or restrict their disclosure by DuPont & Pioneer. DuPont & Pioneer object to the Requests to the extent they seek information that is not relevant to the claims or defenses of any party to the action and/or are not reasonably calculated to lead to the discovery of admissible evidence concerning any claim or defense in this action.

5. By responding to Monsanto's Requests, DuPont & Pioneer do not acknowledge or concede the truth or accuracy of any characterization, allegation, or statement made in the Requests.

6. DuPont & Pioneer reserve their right to object on any ground to the use of any of the Responses to or the subject matter of Monsanto's Requests in any subsequent proceeding, and at the trial of this action.

7. The failure of DuPont & Pioneer to make a specific objection to a particular Request is not, and shall not be construed as, an admission that responsive information or documents exist. Likewise, any statement herein that DuPont & Pioneer will provide information or produce documents in response to an individual Request does not mean that DuPont & Pioneer in fact have any such information or documents, or that any such information or documents exist. Rather, any such statement reflects the intention of DuPont & Pioneer, subject to their objections, to conduct a reasonable search for responsive documents and information.

8. DuPont & Pioneer object to the "Relevant Time Period" as not relevant to the claims or defenses of any party to the action and/or are not reasonably calculated to lead to the discovery of admissible evidence concerning any claim or defense in this action.

       9.    DuPont & Pioneer reserve the right to at any time revise, correct, supplement, amend, or clarify any Response.

       10.    These General Objections apply to each Request as though restated fully in each Response. The failure to mention any of the foregoing General Objections in the specific Responses below shall not be deemed a waiver of such objection or limitation.

## SPECIFIC OBJECTIONS AND RESPONSES

### REQUEST 1

A minimum of 200 viable soybean seeds of your Optimum GAT/40-3-2 stacked soybean product, for each and every generation of soybeans since the generation in which the 40-3-2 event was stacked with Optimum GAT.

**RESPONSE:** DuPont & Pioneer object to this Request to the extent it seeks seeds from "each and every generation of soybeans" and "since the generation in which the 40-3-2 event was stacked with Optimum GAT" as unduly burdensome, vague and ambiguous, and not relevant to the claims or defenses of any party to the action and/or are not reasonably calculated to lead to the discovery of admissible evidence concerning any claim or defense in this action because, at a minimum, it does not exclude seeds generated or utilized under the license for which no claim can be made in this action, such as Soybean License Agreement paragraph 3.01(f). DuPont & Pioneer further object to this Request to the extent that it seeks documents and things protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privilege or immunity from discovery.

Subject to the General Responses and Objections above, DuPont & Pioneer will produce samples of soybean seeds sufficient to represent the Optimum GAT/RR soybean lines that Pioneer intends to commercialize, to the extent that such lines have been identified to date.

4

## REQUEST 2

A minimum of 200 viable corn seeds of your Optimum GAT/NK603 stacked corn product, for each and every generation of corn since the generation in which the NK603 event was stacked with Optimum GAT.

**RESPONSE**: DuPont & Pioneer object to this Request to the extent it seeks seeds from "each and every generation of corn" and "since the generation in which the NK603 event was stacked with Optimum GAT" as unduly burdensome, vague and ambiguous, and not relevant to the claims or defenses of any party to the action and/or are not reasonably calculated to lead to the discovery of admissible evidence concerning any claim or defense in this action, at a minimum, it does not exclude seeds generated or utilized under the license for which no claim can be made in this action, such as Corn License Agreement paragraph 3.01(f). DuPont & Pioneer further object to this Request to the extent that it seeks documents and things protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privilege or immunity from discovery. DuPont & Pioneer will not be producing such seeds in response to this Request.

## REQUEST 3

Documents sufficient to show the complete pedigree of each sample of soybean seeds produced pursuant to Request No. 1 above, beginning from the generation in which the 40-3-2 event was stacked with Optimum GAT.

**RESPONSE:** DuPont & Pioneer object to this Request to the extent it seeks "the complete pedigree of each sample of soybean seeds produced pursuant to Request No. 1" and " beginning from the generation in which 40-3-2 event was stacked with Optimum GAT" as unduly burdensome, vague and ambiguous, and not relevant to the claims or defenses of any party to the action and/or are not reasonably calculated to lead to the discovery of admissible evidence

5

concerning any claim or defense in this action because, at a minimum, it does not exclude seeds generated or utilized under the license for which no claim can be made in this action. DuPont & Pioneer will not be producing such materials in response to this Request.

**REQUEST 4**

Documents sufficient to show the complete pedigree of each sample of corn seeds produced pursuant to Request No. 2 above, beginning from the generation in which the NK603 event was stacked with Optimum GAT.

**RESPONSE:**  DuPont & Pioneer object to this Request to the extent it seeks "the complete pedigree of each sample of corn seeds produced pursuant to Request No. 2" and " beginning from the generation in which NK603 event was stacked with Optimum GAT" as unduly burdensome, vague and ambiguous, and not relevant to the claims or defenses of any party to the action and/or are not reasonably calculated to lead to the discovery of admissible evidence concerning any claim or defense in this action because, at a minimum, it does not exclude seeds generated or utilized under the license for which no claim can be made in this action. DuPont & Pioneer will not be producing such materials in response to this Request.

6

Dated: July 26, 2010          **LEWIS RICE FINGERSH, L.C.**

By: *C. David Goerisch* (signature)

Andrew Rothschild, #4214
C. David Goerisch, #77207
500 N. Broadway, Suite 2000
St. Louis, Missouri 63102
(314) 444-7600
(314) 241-6056 (facsimile)

Leora Ben-Ami
Thomas F. Fleming
Christopher T. Jagoe
**KAYE SCHOLER LLP**
425 Park Avenue
New York, New York 10022
(212) 836-8000
(212) 836-8689 (facsimile)

Donald L. Flexner
**BOIES, SCHILLER & FLEXNER LLP**
575 Lexington Avenue, 7th Fl.
New York, New York 10022
(212) 446-2300
(212) 446-2350 (facsimile)

James P. Denvir
Amy J. Mauser
**BOIES, SCHILLER & FLEXNER LLP**
5301 Wisconsin Avenue, N.W.
Washington, D.C. 20015
202-237-2727
202-237-6131 (facsimile)

*Counsel for Defendants E.I. du Pont de Nemours and Company and Pioneer Hi-Bred International, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of July, 2010, a true and correct copy of the foregoing was sent via email and U.S. mail, first class, postage prepaid to the following individuals:

Joseph P. Conran
Omri E. Praiss
Greg G. Gutzler
Tamara M. Spicer
HUSCH BLACKWELL SANDERS, LLP
190 Carondelet Plaza
Suite 600
St. Louis, MO 63105-3441

Anthony J. Franze
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, DC 20004-1206

Dan K. Webb
Todd J. Ehlman
WINSTON & STRAWN LLP
35 W. Wacker Drive, Suite 4200
Chicago, IL 60601

Steven G. Spears
Scott W. Clark
McDERMOTT WILL & EMERY
1000 Louisiana Street
Suite 3900
Houston, TX 77002-5005

Kurt G. Calia
COVINGTON & BURLING
1201 Pennsylvania Avenue, N.W.
Washington, DC 20004-2401

John J. Rosenthal
Matthew A. Campbell
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, DC 20006

C. David Loensch

## Garner, Jennifer

**Attachments:** 20100726151812006.pdf^.pdf

**From:** Johnson, Loita [mailto:ljohnson@lewisrice.com] **On Behalf Of** Goerisch, C. David
**Sent:** Monday, July 26, 2010 3:25 PM
**To:** Anthony.Franze@aporter.com; dwebb@winston.com; Gutzler, Greg; Conran, Joe; jrosenthal@winston.com; kcalia@cov.com; macampbell@winston.com; McCarthy, Monica; Praiss, Omri; sspears@mwe.com; Berezney, Steve; Spicer, Tamara; tehlman@winston.com
**Subject:** Monsanto Company, et al. vs. E.I. duPont de Nemours and Company, et al.

Attached please find DuPont's and Pioneer's Objections and Responses to Monsanto's Second Set of Requests for Production of Documents and Things to Defendants.



**C. David Goerisch**
dgoerisch@lewisrice.com
600 Washington Avenue
Suite 2500
St. Louis, Missouri 63101
314.444.7710 (direct)
314.612.7710 (fax)
www.lewisrice.com

*This message, including attachments, is from the law firm of Lewis, Rice & Fingersh, L.C. This message contains information that may be confidential and protected by the attorney-client or attorney work product privileges. If you are not the intended recipient, promptly delete this message and notify the sender of the delivery error by return e-mail or call us at 314-444-7600. You may not forward, print, copy, distribute, or use the information in this message if you are not the intended recipient. \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* IRS Circular 230 Disclosure: To comply with U.S. Treasury Department regulations, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and may not be used, for the purpose of (i) avoiding penalties that the IRS might attempt to impose on a taxpayer, or (ii) promoting, marketing or recommending to another party any transaction, arrangement, or other matter. There is no limitation by this Firm on the disclosure of the tax treatment or tax structure of any transaction, arrangement, or matter discussed herein by the intended recipient of this communication.*

07/27/2010