**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MONSANTO COMPANY and | ) | |
| MONSANTO TECHNOLOGY LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:09-cv-686 ERW |
| | ) | |
| E.I. DUPONT DE NEMOURS and | ) | |
| COMPANY and PIONEER HI-BRED | ) | |
| INTERNATIONAL, | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

**MONSANTO'S MOTION TO CONFIRM DEFENDANTS' ELECTION NOT TO RELY
ON THE ADVICE OF COUNSEL TO DEFEND AGAINST WILLFUL INFRINGEMENT**

Plaintiffs Monsanto Company and Monsanto Technology LLC (collectively "Monsanto")

respectfully move the Court for an order confirming that Defendants have waived the right to

rely on the advice of counsel defense to willful infringement.  In the alternative, to the extent that

the Court finds that Defendants have not waived their right to rely on the advice of counsel,

Monsanto requests that the Court immediately order Defendants to make their election and

produce any opinions of counsel prior to the Court's ruling on claim construction.  In support of

this motion, Monsanto states as follows:

1.      This Court's Case Management Order set a deadline for Defendants to make a

decision whether they would rely on the advice of counsel defense to willful infringement.  If

Defendants intended to rely on the advice of counsel, they were required to disclose opinions of

counsel on August 23, 2010, prior to the claim construction hearing.  (Dkt. 350 at 3(d)).

2.      The business day before August 23, 2010 deadline, Defendants filed a motion to

extend the time for them to disclose opinions of counsel until September 8, 2010.  The purported

basis for Defendant's motion was that Defendants were allegedly faced with a difficult decision and needed more time to consider their choice.

3.     Monsanto opposed Defendants' motion, and the Court heard oral argument on Defendant's motion in telephonic proceedings on August 23, 2010.  (Dkt. 318 at 4:15-19). During that teleconference, Monsanto's counsel, Mr. Lombardi, offered a compromise, whereby Monsanto would agree to Defendants' requested extension to September 8, 2010, *provided that any opinions of counsel would be disclosed prior to the Court ruling on claim construction.*  (*Id.* at 14:1-9) ("And what I had proposed was what I -- I think is a reasonable solution, which is if they need more time, we give them their extension.  And if -- if it's acceptable to Your Honor, Your Honor would hold your ruling on Markman until such time as they've made a decision to disclose or not to disclose.  And then we'd be given an opportunity to address anything we thought we needed to address as a result of the disclosure of the opinions before Your Honor arrived at a decision on -- on Markman.").

4.      The Court stated that "Mr. Lombardi's recommendation seems sound to me," (*Id.* at 15:12-13), and Defendants' counsel accepted that proposal.  (*Id.* at 15:14-17:3).  The Court asked the parties to memorialize the agreement in a stipulation.  (*Id.* at 16:10-11).

5.     Following that telephone conference, Defendants sent Monsanto a draft stipulation that did not even attempt to memorialize the agreement.  Rather, Defendants' draft unilaterally proposed to extend the disclosure deadline for opinions an *extra* month-and-a-half beyond the already-extended September 8, 2010 date.  (Dkt. 333-1 and 333-2).  Nevertheless, in a spirit of further compromise, Monsanto's counsel offered a compromise date of October 1, 2010, if approved by the Court.  (Dkt. 333-3).

6.     Ignoring the Court's request to memorialize the August 23, 2010 agreement in a stipulation, Defendants did not respond to Monsanto.  Instead, they filed a motion to bifurcate that sought to indefinitely extend the deadline for Defendants to disclose opinions of counsel.

7.     As a result, no stipulation was ever filed memorializing the parties' agreement. Later, the Court's Second Amended Case Management Order, submitted on September 17, 2010, restated the original August 23, 2010 deadline for disclosure of opinions of counsel.  (Dkt. 350 at 3(d)).  That deadline – along with the extended September 8, 2010 deadline – has long since passed.

8.     Defendants did not have the ability to unilaterally alter the deadline for the submission of opinions of counsel by filing a motion to bifurcate, nor did they have the right to unilaterally alter the parties' compromise agreement, set forth in the August 23, 2010 transcript. Thus, Defendants have long since waived any right to rely on the opinions of counsel to defend against willful infringement.

9.     Despite this, Defendants claim that the deadline for disclosure of opinions of counsel has been suspended indefinitely and that they have not waived the right to rely on opinions of counsel.

10.    Factual discovery is proceeding in this case and is currently set to close on December 17, 2010.  To prepare for the upcoming depositions of key factual witnesses, Monsanto needs to know definitively whether Defendants will rely on the advice-of-counsel defense to willful infringement.

11.    Monsanto asks that the Court enter an order confirming that Defendants have waived any right to rely on the advice of counsel defense by failing to produce opinions of

counsel by the deadline set in the Court's Case Management Order, or by the September 8, 2010 compromise date agreed in the August 23, 2010 teleconference.

12.     To the extent that Defendants are deemed *not* to have waived the right to rely on the advice of counsel defense, Monsanto requests that the Court enter an order requiring Defendants to make their decision regarding advice of counsel immediately.  Under the parties' August 23, 2010 agreement, to the extent that Defendants would rely on the advice of counsel, Defendants were required to produce any opinions of counsel to Monsanto *prior to the Court's claim construction decision*.  (Dkt. 318  14:1-9, 15:12-17:3).  Thus, to the extent the Court does not find waiver, the Court should defer any ruling on claim construction until after Defendants' have made their election, produced the relevant documents, and given Monsanto an opportunity to respond to those documents, as the Court previously stated. (Dkt. 318 at 13:2-7, 15:12-13).

WHEREFORE, Monsanto respectfully requests that this Court GRANT Monsanto's motion.

Dated:  October 28, 2010

Respectfully submitted,

HUSCH BLACKWELL LLP

By:   /s/ Joseph P. Conran                    .
Joseph P. Conran, E.D.Mo. # 6455
joe.conran@huschblackwell.com
Omri E. Praiss, E.D.Mo. # 35002
omri.praiss@huschblackwell.com
Greg G. Gutzler, E.D.Mo. # 84923
greg.gutzler@huschblackwell.com
Tamara M. Spicer, E.D.Mo. # 122214
tamara.spicer@huschblackwell.com
Steven M. Berezney, E.D.Mo. # 499707
steve.berezney@huschblackwell.com
190 Carondelet Plaza, Suite 600
St. Louis, MO  63105
(314) 480-1500 – telephone
(314) 480-1505 – facsimile

WINSTON & STRAWN LLP
Dan K. Webb
dwebb@winston.com
George C. Lombardi
glombardi@winston.com
Todd J. Ehlman
tehlman@winston.com
James M. Hilmert
jhilmert@winston.com
35 W. Wacker Drive, Suite 4200
Chicago, IL  60601
(312) 558-5600 – telephone
(312) 558-5700 – facsimile

John J. Rosenthal
jrosenthal@winston.com
Matthew A. Campbell
macampbell@winston.com
Jovial Wong
jwong@winston.com
1700 K Street, N.W.
Washington, DC  20006
(202) 282-5000 – telephone
(202) 282-5100 – facsimile

Gail J. Standish
gstandish@winston.com
333 South Grand Avenue
Los Angeles, CA 90071-1543
(213) 615-1700 – telephone
(213) 615-1750 – facsimile

MCDERMOTT WILL & EMERY
Steven G. Spears
sspears@mwe.com
Scott W. Clark
sclark@mwe.com
1000 Louisiana Street, Suite 3900
Houston, TX  77002-5005
(713) 653-1700 – telephone
(713) 739-7592 – facsimile

COVINGTON & BURLING LLP
Kurt G. Calia
kcalia@cov.com
1201 Pennsylvania Avenue, NW
Washington, DC  20004-2401
(202) 662-6000 – telephone
(202 662-6291 – facsimile

ARNOLD & PORTER LLP
Anthony J. Franze
anthony.franze@aporter.com
555 Twelfth Street, N.W.
Washington, DC  20004
(202) 942-5000 – telephone
(202) 942-5999 – facsimile

*Attorneys for Plaintiff Monsanto Company and
Monsanto Technology LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 28th day of October, 2010, the foregoing was filed electronically with the Clerk of the Court for the United States District Court for the Eastern District of Missouri, Eastern Division, and was served by operation of that Court's electronic filing system, upon the following:

Andrew Rothschild, Esq.
C. David Goerisch, Esq.
Lewis, Rice & Fingersh, L.C.
600 Washington, Suite 2500
St. Louis, MO 63102

Leora Ben-Ami, Esq.
Thomas F. Fleming, Esq.
Christopher T. Jagoe, Esq.
Howard S. Suh, Esq.
Jeanna Wacker, Esq.
Kaye Scholer LLP
425 Park Avenue
New York, NY  10022

Donald L. Flexner, Esq.
Hershel Wancjer, Esq.
Cynthia Christian, Esq.
Robert M. Cooper, Esq.
Boies, Schiller & Flexner LLP
575 Lexington Avenue, 7th Fl.
New York, NY  10022

James P. Denvir, Esq.
Amy J. Mauser, Esq.
Boies, Schiller & Flexner LLP
5301 Wisconsin Avenue, N.W.
Washington, D.C.  20015


*Attorneys for Defendants*



  /s/ Joseph P. Conran                           .