UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MONSANTO COMPANY and MONSANTO TECHNOLOGY LLC, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 4:09-CV-00686-ERW ) |
| E.I. DUPONT DE NEMOURS AND COMPANY and PIONEER HI-BRED INTERNATIONAL, INC., | ) ) ) ) |
| Defendants. | ) ) |

### DUPONT'S OPPOSITION TO MONSANTO'S SELF-STYLED "MOTION TO CONFIRM"

E.I. Du Pont de Nemours and Company and Pioneer Hi-Bred International, Inc. (collectively, "DuPont") hereby submit this brief opposition to Monsanto's Sur-Reply to DuPont's Motion to Bifurcate and Stay Discovery With Respect to Willful Infringement, improperly styled as a "Motion to Confirm."  Monsanto's "motion" is an inappropriate recapitulation of its opposition to bifurcation.  For the same reasons DuPont provided in its moving papers, it is respectfully requested that the Court grant DuPont's Motion to Bifurcate and Stay Discovery With Respect to Willful Infringement Pursuant to Fed. R. Civ. P. 42(b) ("Motion to Bifurcate & Stay") and disregard or deny Monsanto's "motion."

1.     At the August 23, 2010 hearing, DuPont's counsel stated that it would move to bifurcate willfulness and it appeared that all understood that the decision to disclose any opinion of counsel would be "deferred" during this briefing.  (*See* Defs.' Reply in Supp. of Bifurcation, Dkt. 351, 8/23/10 Hearing Tr. at 15:14-17:3, attached as Ex. B.)  DuPont then filed its Motion to

Bifurcate & Stay one week later. If DuPont intended to produce any opinion of counsel there would have been no reason to have made the motion to bifurcate and stay. Apparently there was a misunderstanding by the parties. Nonetheless, with the discovery schedule extension sought by Monsanto recently granted, and given that no depositions have yet been scheduled, DuPont respectfully submits that such decision on the opinion of counsel should await the Court's decision on the Motion to Bifurcate & Stay. Toward that end, DuPont will file with the Court under seal and for *in camera* review, a copy of any such opinion.

2.  While clearly Monsanto and DuPont have different views on what was agreed to, it is improper for Monsanto to attempt to discredit DuPont by simply avoiding the plain words of the transcript, using an ellipses to cut out the key portion of the colloquy:

> Mr. Fleming: Your Honor, I think that the general framework is something that we're comfortable with, of course. And further to that, what we would do, so the Court is not held inordinately in limbo, as I mentioned, **we intend to make a Motion to Bifurcate. We intend to do so quickly so Your Honor will have some additional briefing on the issue to inform you about some of the underlying issues** as well so that you're not somehow denied the information about our arguments about this while all of this is still going on.
>
> So, Your Honor, if I might, just to recapitulate what we're – what we're – what we're saying here is that the hearings and all the pre-Markman proceedings will go forward as before. **Our time to decide whether to assert an opinion of counsel is deferred, and – and – and Your Honor will undertake to withhold its [*Markman*] decision until such time as we then make a decisions as to disclosure**. And if there are disclosures, to afford the parties an opportunity to say something briefly about the relevance or irrelevance about any such disclosure.
>
> The Court: "**That's as I understand it**. I'll hear again; we'll go around one more time just to make sure. And I would like that somehow capsulated in a stipulation that is on file so everyone is operating under the same assumption. . . . Let me hear – **Mr. Lombardi, are you in accord with what Mr. Fleming just reported?**

2

> Mr. Lombardi: Yeah. Your Honor, I believe, if I heard Mr. Fleming correctly, that that's essentially what – what I had proposed. **And so that would be acceptable to us**."[1]

3.   Monsanto's so-called "Motion to Confirm" – a creature neither of the Federal nor Local Rules of Civil Procedure – is Monsanto's misguided attempt to reargue its opposition. Because Monsanto has not sought leave of the Court and does not meet the standard to file a sur-reply, its improper briefing, respectfully, should be disregarded. *Moore v. Weber*, No. 4:07CV620-DJS, 2009 WL 4020371, at *1 n.2 (E.D.Mo. Nov. 18, 2009) (disregarding sur-reply for failure to seek leave of the court) (citing Local Rule 4.01(c); *Cross v. St. Louis Area Jobs With Justice*, No. 4:06CV454, 2006 WL 2033583, at *4 (E.D. Mo. Jul. 18, 2006) (same); *Durabla Mfg. Co. v. Continental Cas. Co.*, No. 98-1596, 2000 WL 1196319, at *1 n.1 (D. Minn. Jun. 9, 2000) (denying sur-reply as improper, noting "[t]he Local Rules allow the moving party to have the final, written say on the merits of that party's Motion and, here, [moving party] did not utilize that allowance to raise wholly new contentions").

4.   To avoid rehashing the parties' prior briefing, DuPont provides this short response:

5.   Monsanto argues, as it did in opposition, that DuPont missed, or attempted to unilaterally alter, the deadline for the submission of an opinion of counsel. (Dkt. 333, 8-9.) DuPont's response is also the same: The record proves Monsanto is in error. All agreed that the decision to disclose was "deferred" during the briefing on the Motion to Bifurcate & Stay.

6.   Conceding that there is a different (indeed, more logical) interpretation of the August 23, 2010 hearing, Monsanto alternatively asks that the Court should now order DuPont to decide whether to rely on an opinion of counsel prior to the Court ruling on DuPont's Motion to Bifurcate & Stay, or asks that the Court defer any ruling on claim construction until after DuPont

---

[1] Dkt. 351, Ex. B, 8/23/10 Hearing Tr. at 15:14-17:3. (emphasis added).

makes an election. Monsanto also made this argument before, asserting that DuPont's opinion of counsel is somehow relevant to claim construction. (Dkt. 333 at 8, 11.) However, not now nor in its opposition nor at the August 23, 2010 hearing has Monsanto cited a single case or persuasive authority for its baseless assertion that an opinion of counsel is at all relevant to claim construction, or need be disclosed prior to the Court's *Markman* ruling. *See Vishay Dale Elecs., Inc. v. Cyntec Co.*, No. 8:07CV191, 2008 WL 4868772, at *3 (D. Neb. Nov. 6, 2008) ("The plaintiff's argument that [advice of counsel] is relevant to the upcoming *Markman* hearing is misplaced."); *Square D Co. v. E.I. Elecs., Inc.*, 264 F.R.D. 385, 389 (N.D. Ill. 2009); *Thule, Inc. v. Yakima Prods. Inc.*, No. Civ. 303CV1730, 2003 WL 22909821, at *1 (D. Conn. Dec. 8, 2003) ("For under relevant case law, the views of [defendant's] counsel have little, or no, relevance to either claim construction or infringement.") (citations omitted); E.D. Mo. Executive Summary: Draft Local Patent Rules, May 2010, Rule 3-9 (disclosure 49 days after claim construction ruling), attached as Ex. C; *and* Judge Shaw's Local Patent Rules, Rule 3-8 (50 days) (available at http://www.moed.uscourts.gov/judges/cas.html); *see also*, N.D. Cal., Local Patent Rule 3-8 (50 days); D.N.J., Local Patent Rule 3-8 (30 days after claim construction ruling).

7.      That being so, DuPont nonetheless agrees to provide the Court with its opinion of counsel, under seal, for an *in camera* review, pending the Court's decision on the Motion to Bifurcate & Stay.

8.      Bifurcation of willfulness promotes judicial efficiency, saves party resources, mitigates potential jury confusion, and forecloses serious prejudice to DuPont, while leaving Monsanto unaffected. (*See* Dkts. 329, 351.) Therefore, DuPont requests that Monsanto's "Motion for Confirmation" should be disregarded, and rejected as a violation of the Local Rules and a recapitulation of its prior arguments. DuPont further requests that its Motion to Bifurcate and

Stay Discovery With Respect to Willful Infringement be granted.  Upon that ruling, DuPont can in short order make an informed decision as to whether it would be appropriate to rely on an opinion of counsel.

WHEREFORE, DuPont respectfully requests that the Court DISREGARD AND/OR DENY Monsanto's "motion" and GRANT DuPont's Motion to Bifurcate and Stay Discovery With Respect to Willful Infringement.

Dated: October 29, 2010

          Respectfully submitted,

**LEWIS, RICE & FINGERSH, L.C.**

By:    /s/ C. David Goerisch
      Andrew Rothschild, #4214
      C. David Goerisch, #77207
600 Washington Avenue, Suite 2500
St. Louis, Missouri 63101
(314) 444-7600
(314) 241-6056 (facsimile)
arothschild@lewisrice.com
dgoerisch@lewisrice.com

Leora Ben-Ami
Thomas F. Fleming
Christopher T. Jagoe
Howard S. Suh
**KAYE SCHOLER LLP**
425 Park Avenue
New York, New York 10022
(212) 836-8000
(212) 836-8689 (facsimile)
lbenami@kayescholer.com
tfleming@kayescholer.com
cjagoe@kayescholer.com
hsuh@kayescholer.com

Donald L. Flexner
**BOIES, SCHILLER & FLEXNER LLP**
575 Lexington Avenue, 7th Fl.
New York, New York 10022
(212) 446-2300
(212) 446-2350 (facsimile)
dflexner@bsfllp.com

James P. Denvir
Amy J. Mauser
**BOIES, SCHILLER & FLEXNER LLP**
5301 Wisconsin Avenue, N.W.
Washington, D.C. 20015
202-237-2727
202-237-6131 (facsimile)
jdenvir@bsfllp.com
amauser@bsfllp.com

*Counsel for Defendants E.I. du Pont de Nemours and Company and Pioneer Hi-Bred International, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 29, 2010 , I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

  **Steven M. Berezney**
steve.berezney@huschblackwell.com
  **Kurt G. Calia**
kcalia@cov.com
  **Matthew A. Campbell**
macampbell@winston.com
  **Scott W. Clark**
sclark@mwe.com
  **Joseph P. Conran**
joe.conran@huschblackwell.com
  **Todd J. Ehlman**
tehlman@winston.com
  **Anthony J. Franze**
Anthony.Franze@aporter.com
  **Greg G. Gutzler**
greg.gutzler@huschblackwell.com
  **James M. Hilmert**
jhilmert@winston.com
  **George C. Lombardi**
glombardi@winston.com
  **Kurt A. Mathas**
kmathas@winston.com
  **Omri E. Praiss**
omri.praiss@huschblackwell.com
  **John J. Rosenthal**
jrosenthal@winston.com
  **Rebecca M. Ross**
rmross@winston.com
  **Mark A. Smith**
markasmith@winston.com
  **Steven G. Spears**
sspears@mwe.com,jjknapp@mwe.com
  **Tamara M. Spicer**
tamara.spicer@huschblackwell.com,jean.melenbrink@huschblackwell.com
  **Gail J. Standish**
gstandish@winston.com
  **Dan K. Webb**
dwebb@winston.com

                                                    /s/ C. David Goerisch