**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MONSANTO COMPANY and | ) | |
| MONSANTO TECHNOLOGY LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| E.I. DUPONT DE NEMOURS AND | ) | Case No. 4:09-cv-00686-ERW |
| COMPANY and | ) | |
| PIONEER HI-BRED INTERNATIONAL, | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF MONSANTO'S**
**SECOND MOTION TO COMPEL**

**INTRODUCTION**

This motion is necessary because Defendants have continued to obstruct basic discovery relating to their breach of contract and patent infringement.

- Defendants refuse to answer simple interrogatories asking for the names of the individuals involved with the decision to create the unlawful OGAT/RR stacks.

- They refuse to identify the types, locations, and results of tests that Defendants have performed on the OGAT/RR stack.

- They refuse to provide the identities of any third parties who have received the OGAT/RR stack from Defendants.

- They refuse to answer an interrogatory asking for their sequencing of the DNA inserts in their own infringing products – despite the fact that Monsanto has fully answered a substantively identical interrogatory Defendants asked Monsanto.

- And, they refuse to produce an unredacted copy of a brief Pioneer filed in an Iowa federal court despite having already unequivocally agreed to produce this very brief to Monsanto.

Defendants' refusal to provide even the most basic of discovery is particularly troubling in light of Defendants' own insistence that this case proceed immediately to resolution. Defendants' main purported defense to infringement is a contention that there is a "lack of reliable evidence" of their infringement. By refusing to provide that basic information to Monsanto, but demanding that this case proceed posthaste, Defendants are depriving Monsanto of an opportunity to obtain important information on the nature and extent of their wrongdoing. Monsanto respectfully submits that the Court should grant Monsanto's Motion to Compel and require Defendants to provide the requested discovery without further delay.

## FACTUAL BACKGROUND

The factual background of this case is well known to this Court. Defendants have willfully infringed Monsanto's Roundup Ready patent and breached their License Agreements with Monsanto by stacking Defendants' OGAT trait with Monsanto's patented Roundup Ready trait in at least two crop products – corn (NK603) and soybeans (40-3-2) – in order to mask the problems with OGAT as a standalone trait. (Dkt. 1, ¶¶ 11-13). This Court has twice held that the License Agreements are unambiguous and do not permit Defendants to stack their OGAT trait with Roundup Ready soybean and corn. (Dkt. 124 & 283).

Discovery is moving forward on numerous issues concerning Monsanto's breach of contract and patent claims, including: whether the License Agreements contain an express negative covenant or implied negative covenant regarding glyphosate-tolerant-trait stacking; the genetic contents of Defendants' products; the nature and scope of Defendants' infringing

activities; whether the unambiguous License Agreements should be re-written, as Defendants have requested, to now excuse their infringing activities; and Monsanto's damages based on Defendants' unlawful activities.

Monsanto's First Set of Interrogatories sought basic discovery on these and other topics. On July 29, 2010, Defendants served their objections and answers to these interrogatories. (*See* **Exhibit A**).[1] Many, if not all, of Defendants' answers were inadequate. At this time, Monsanto moves to compel Defendants to fully answer Interrogatory Nos. 2 and 10.

Interrogatory No. 2 seeks information regarding the nature of Defendants' infringing activities, including an identification of their stacked corn and soybean lines, persons knowledgeable about them, the experiments that have been conducted with them, and information about the commercialization and pre-commercialization activities regarding those infringing products. After reciting over a page of baseless, boilerplate objections, Defendants gave a response that answered virtually nothing from Interrogatory No. 2. (*See* Ex. A, at 9).

Monsanto's Interrogatory No. 10 asks Defendants to identify the sequence and function of the EPSPS transgene in their accused products. This specific interrogatory asks for Defendants' identification of the relevant genetic contents of their own stacked products, and is directly aimed at acquiring discoverable evidence of infringement.[2] (*See* Ex. A, at 31-33). Interrogatory 10 is a mirror image of Defendants' own Interrogatory No. 1, which sought information from Monsanto on the biological contents of the 40-3-2 and NK603 events.

---

[1] Monsanto has filed Exhibit A, designated as Restricted Confidential pursuant to the Protective Order by Defendants, under seal.

[2] Monsanto's Interrogatory No. 10 requests that Defendants: "Identify the sequence and function of any EPSPS DNA, transcribed RNA, or protein or peptide in your Accused Products; any DNA sequences that affect the expression thereof, including any promoter or termination sequences; and any chloroplast transit peptide DNA, transcribed RNA, or protein or peptide associated with said EPSPS; and identify the five persons most knowledgeable regarding said DNA, RNA and/or peptide sequences, and all documents reflecting or relating to the same." (Ex. A, at 31).

Although Monsanto responded to Defendants' own interrogatory by providing a two-page discussion of the genetic contents of the 40-3-2 and NK603 events, and attaching dozens of pages of scientific reports, Defendants **provided no information whatsoever** in response to Monsanto's interrogatory.

Further, Monsanto asked that Defendants produce an unredacted copy of Pioneer's Memorandum in Support of its Motion for Partial Summary Judgment in the case of *Pioneer Hi-Bred International, Inc. v. Ottawa Plant Food, Inc.*, No. C 98-4016-MWB (N.D. Iowa).  The memorandum addresses the precise issues before this Court concerning the proper construction of patent license agreements.  Two months ago, Defendants agreed unequivocally to produce this memorandum.  (*See* 09/10/10 Def. Response to Request #5 of Monsanto's Third Request for Production of Documents, attached hereto as **Exhibit B**).  Despite their previous representations, Defendants failed to produce this memorandum and now refuse to do so.

Monsanto wrote a golden rule letter to Defendants on August 23, 2010 identifying the deficiencies with Defendants' response to Interrogatories No. 2 and 10.  (*See* 08/23/10 Letter at pp. 3-4, 8-9, attached hereto as **Exhibit C**).  Defendants did not respond.  Monsanto sent a second golden rule letter to Defendants on November 15, 2010 again seeking a complete response to Interrogatory No. 2 and notifying Defendants of their failure to produce the *Ottawa Plant* memorandum.  (*See* 11/15/10 Letter, attached hereto as **Exhibit D**).  On November 16, 2010, Monsanto sent a golden rule letter to Defendants seeking a complete response to Interrogatory No. 10.  (*See* 11/16/10 Letter, attached hereto as **Exhibit E**).  On November 16, counsel for Defendants emailed counsel for Monsanto and stated as follows:  "to the extent that you want to discuss this letter and your letter from yesterday, Amy and I are available Friday at 3pm."  (*See* 11/16/10 email, attached hereto as **Exhibit F**).  Counsel for Monsanto accepted

Defendants' offer and the parties convened a telephone call on November 19, 2010.  Counsel for Monsanto (Gail Standish, Greg Gutzler, and James Hilmert) had a phone conversation with counsel from Pioneer (Tom Fleming and Amy Mauser) in an attempt to resolve this dispute. Pioneer refused to rectify the deficiencies noted above, forcing Monsanto to bring this Motion.

## ARGUMENT

Rule 26 provides that the "[p]arties may obtain discovery regarding *any matter*, not privileged, that is *relevant to the claim or defense of any party*. . . .  Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1) (emphases added).  "Relevant" is an extremely broad term encompassing any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *Masters v. UHS of Delaware, Inc.*, No. 4:06 CV 1850-DJS, 2007 WL 3120015, \*1 (E.D. Mo. Oct. 23, 2007).  A party objecting to discovery on relevance grounds bears the burden of showing specifically *how* each request seeks impermissible discovery. *See, e.g.*, *McLeod, Alexander, Powel & Apffel v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). Merely reciting the standard list of objections is insufficient. *See id.*

**I.**    **Defendants Should be Compelled to Provide a Complete Answer to Interrogatory No. 2.**

There is no question that Interrogatory No. 2 seeks information "reasonably calculated to lead to the discovery of admissible evidence."  Defendants have no excuse for refusing to provide complete and responsive information.

**Section (a).**  Section (a) of Interrogatory No. 2 asked Defendants to identify the persons involved in the decision to stack OGAT with Roundup Ready in soybeans and corn and the reasons for doing so, along with Defendants' reasons for not commercializing the OGAT/RR

corn stack (to the extent that they do not intend to do so), and knowledgeable persons.[3] Defendants largely ignored the interrogatory and provided incomplete and non-responsive information.

Defendants identified only individuals who have knowledge about *yield data* concerning the OGAT/RR soybean stack.  *Id.*  That was not what the interrogatory asked.  Defendants did not identify any individual with knowledge of the *decision to stack*, nor did Defendants provide any information about that decision, or why it was made.   Plainly, the reasons for deciding to stack OGAT and Roundup Ready are squarely at issue in this case.  Monsanto has alleged that Defendants willfully infringed the '247 patent by stacking OGAT with Roundup Ready, after Defendants' tests showed that OGAT alone was deficient.  (Complaint, Dkt. 1, at ¶¶ 57-60, 66). Defendants cannot evade their responsibility to provide basic information about these activities by making boilerplate objections and providing non-responsive answers.

While Defendants claim that they do not intend to commercialize the OGAT/RR corn stack, Defendants do not dispute that they created such a stack.  Defendants obviously did so for a reason, and information about that reason and the individuals involved is plainly discoverable information.  As discussed at length in previous briefing, the information requested is highly relevant to Defendants' liability, willfulness, and damages; moreover, Monsanto is entitled to challenge Defendants' litigation assertion that they do not intend to commercialize a stacked corn product.  (Dkt. 377, Memo in Supp. First Mtn Compel; Dkt. 418, Reply in Supp. First Mtn. Compel). The reasons why Defendants purportedly decided *not* to commercialize a corn stack

---

[3]  Interrogatory No. 2(a) provides:  "Without regard to the time period stated above, identify all facts and evidence (including the relevant passages of any documents, statements, or testimony) relating to all of your activities with respect to Stacked Crop Products, including, but not limited to . . . all persons involved in the decision to stack Optimum GAT with Monsanto's 40-3-2 Event and/or Monsanto's NK603 Event and the reasons for that decision, and if you do not intend to commercialize an Optimum GAT/NK603 Stack, all reasons why and all persons with any knowledge."  (Ex. A, at 9).

are independently relevant, and also likely to shed light on Defendants' decision to commercialize an infringing soybean stack. Defendants should be compelled to provide responsive answers immediately.

**Section (b).** Section (b) of Interrogatory 2 seeks the identity of all soybean varieties and corn lines that were stacked with Roundup Ready and OGAT, as well as the parents for each such line, when and where each such line was made, used, or tested, the number of units made for each such line, and the persons involved in such activities.[4] This interrogatory plainly seeks relevant information. Monsanto has alleged that Defendants have breached the License Agreements and infringed Monsanto's patents by creating unauthorized OGAT/RR stacks. (Complaint, Dkt. 1 at ¶¶ 61-66, 76-82, 110-116). The use of Monsanto's technology in creating and testing soybean varieties and corn lines are the very acts constituting breach and infringement.

In their response, Defendants selectively identified only certain *soybean* lines "which are candidates for commercialization in the future." They failed to provide any information about any soybean lines other than those they have chosen as lines that may be commercial candidates, they provided *no information* whatsoever about their stacked corn lines, they failed to identify the parents of any of the lines, nor did they identify the number of units made for each line. Furthermore, Defendants failed to refer to any documents in their production from which this information could be ascertained, pursuant to Rule 33(d)(1). Defendants should be ordered to provide a complete answer to Monsanto's interrogatory.

---

[4] Interrogatory No. 2(b) provides: "Without regard to the time period stated above, identify all facts and evidence (including the relevant passages of any documents, statements, or testimony) relating to all of your activities with respect to Stacked Crop Products, including, but not limited to . . . each line, inbred, hybrid or variety (hereafter defined as 'line') that contains a Stacked Crop Product, including the designation used by Defendants or any third parties for each such line, the parents for each such line, when and where each such line was made, used, or tested, the number of units made for each such line, and the persons involved in such activities." (Ex. A, at 9).

**Section (c).**  Section (c) of Interrogatory 2 asks Defendants to identify which experiments or tests were conducted on stacked OGAT/RR products, the actual location of such tests, the specific lines tested, the dates and results of the tests, and the disposition of the stacked material.[5]  Again, Monsanto seeks basic information about the nature and extent of Defendants' unlicensed use of Monsanto's patented technology, and the nature of the activities constituting breach of contract.

Defendants' answer is deliberately evasive.  Defendants did not identify ***any*** information regarding the nature of the tests that were conducted on the stacked corn and soybean products, nor did they purport to identify any particular documents under Rule 33(d) that would contain the requested information.  Rather, Defendants chose only to identify types of experiments or tests that "*can* be conducted" and the "*potential* locations" of such hypothetical testing.  *Id.* Monsanto, however, did not ask about tests that "can" be conducted or "potential" locations – it asked about what *has* happened and where those tests *actually* took place.  Defendants should be compelled to provide a complete and responsive answer to the Interrogatory actually asked.

**Section (d).**  Section (d) requests information concerning pre-commercialization and commercialization activities relating to the infringing products, including any lines Defendants

---

[5]  Interrogatory No. 2(c) provides:  "Without regard to the time period stated above, identify all facts and evidence (including the relevant passages of any documents, statements, or testimony) relating to all of your activities with respect to Stacked Crop Products, including, but not limited to . . . all experiments or tests conducted on each Stacked Crop Product, including, for each experiment or test conducted, an identification of all persons involved, locations, dates, lines tested, results of the tests, and the disposition of the stacked material (*e.g.*, whether grown in a greenhouse or field, whether preserved or destroyed)." (Ex. A, at 9).

transferred to any other entity, and agreements with third parties relating to Stacked Crop Products.  (Ex. A, at 9).[6]

Defendants' answer fails to provide any information about the transfer of the infringing, stacked products to third parties or the identities of any third parties who received these stacked products.  Nor does Defendants' answer contain any information about the existence or non-existence of agreements with third parties about the stacked crop.  This information is directly relevant to Monsanto's allegations that Defendants have induced others to infringe the '247 patent through their stacked crop products.  (Complaint, Dkt. 1, ¶¶ 68-75).  There is no basis for Defendants to withhold this information.

## II.     Defendants Should be Compelled to Provide a Complete Answer to Interrogatory No. 10.

Defendants' complete failure to provide any information responsive to Interrogatory No. 10 is inexcusable.  This interrogatory seeks specific sequencing information on the transgenic inserts in Defendants' accused products.  (Ex. A, at 31).  This interrogatory is substantively identical to Defendants' own Interrogatory 1, which Monsanto fully answered by both describing the genetic contents of the 40-3-2 and NK603 events, and by attaching additional research reports to its Interrogatory answer.  When called upon to provide the same information about their own products, Defendants provided nothing.

---

[6]  Interrogatory No. 2(d) provides:  "Without regard to the time period stated above, identify all facts and evidence (including the relevant passages of any documents, statements, or testimony) relating to all of your activities with respect to Stacked Crop Products, including, but not limited to . . . all pre-commercialization and commercialization activities relating to each Stacked Crop Product, including but not limited to, the current timeline for commercialization, the lines expected to be commercialized, any lines transferred by you to any other entity, any agreements with any third parties relating to Stacked Crop Products, any restriction considered (at any time) by Defendants relating to Stacked Crop Products, including but not limited to: (i) field-of-use restrictions; (ii) regulatory requirements; and/or (iii) stacking restrictions, and the persons involved and their respective roles in such activities."  (Ex. A, at 9).

Defendants have either conducted DNA sequencing on the 40-3-2 and NK603 events or they have not.  If they have not, then it is a trivial matter for them to state as much in their interrogatory answer.  If they have, they are absolutely required to provide this information. Defendants' infringement defense is based essentially on the notion that there is a lack of sufficient scientific evidence of their infringement.  Defendants' *own* sequencing of the insert in their *own* products is unquestionably relevant to this issue.  Defendants clearly should have provided the requested information in the first instance, as Monsanto did, without the need to burden the Court with additional tedious motion practice.  At this stage, they should be compelled to fully and immediately answer Interrogatory No. 10.

**III.     Defendants Should be Compelled to Produce the *Ottawa Plant* Memorandum.**

Defendants should also be compelled to promptly produce a copy of the memorandum Pioneer filed in support of its motion for partial summary judgment filed in the case of *Pioneer Hi-Bred International, Inc. v. Ottawa Plant Food, Inc.*  Defendants have already agreed to produce a copy of this brief, so there is no dispute that Monsanto is entitled to it.  Moreover, because the brief in question is one that Pioneer itself drafted and submitted to a federal court within the last few years, there is no conceivably valid reason for the inordinate, months-long delay in producing it to Monsanto.

<u>CONCLUSION</u>

For these reasons, Monsanto's Motion to Compel should be GRANTED, and Defendants should be required to fully respond to Interrogatories No. 2 and 10 and produce an unredacted copy of the *Ottawa Plant* memorandum requested in Request for Production No. 5 of Monsanto's Third Request for Production of Documents to Defendants.

Dated:  November 23, 2010

Respectfully submitted,

HUSCH BLACKWELL LLP


By:  /s/ Joseph P. Conran                    .
Joseph P. Conran, E.D.Mo. # 21635MO
joe.conran@huschblackwell.com
Omri E. Praiss, E.D.Mo. # 41850MO
omri.praiss@huschblackwell.com
Greg G. Gutzler, E.D.Mo. # 48893MO
greg.gutzler@huschblackwell.com
Tamara M. Spicer, E.D.Mo. # 54037MO
tamara.spicer@huschblackwell.com
Steven M. Berezney, E.D.Mo. # 56091MO
steve.berezney@huschblackwell.com
190 Carondelet Plaza, Suite 600
St. Louis, MO  63105
(314) 480-1500 – telephone
(314) 480-1505 – facsimile

WINSTON & STRAWN LLP
Dan K. Webb
dwebb@winston.com
George C. Lombardi
glombardi@winston.com
Todd J. Ehlman
tehlman@winston.com
James M. Hilmert
jhilmert@winston.com
35 W. Wacker Drive, Suite 4200
Chicago, IL  60601
(312) 558-5600 – telephone
(312) 558-5700 – facsimile

John J. Rosenthal
jrosenthal@winston.com
Matthew A. Campbell
macampbell@winston.com
Jovial Wong
jwong@winston.com
1700 K Street, N.W.
Washington, DC  20006
(202) 282-5000 – telephone
(202) 282-5100 – facsimile

Gail J. Standish
gstandish@winston.com
333 South Grand Avenue
Los Angeles, CA 90071-1543
(213) 615-1700 – telephone
(213) 615-1750 – facsimile

MCDERMOTT WILL & EMERY
Steven G. Spears
sspears@mwe.com
Scott W. Clark
sclark@mwe.com
1000 Louisiana Street, Suite 3900
Houston, TX  77002-5005
(713) 653-1700 – telephone
(713) 739-7592 – facsimile

*Attorneys for Plaintiff Monsanto Company and
Monsanto Technology LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 23rd day of November, 2010, the foregoing was filed electronically with the Clerk of the Court for the United States District Court for the Eastern District of Missouri, Eastern Division, and was served by operation of that Court's electronic filing system, upon the following:

Andrew Rothschild, Esq.
C. David Goerisch, Esq.
Lewis, Rice & Fingersh, L.C.
600 Washington, Suite 2500
St. Louis, MO 63102

Leora Ben-Ami, Esq.
Thomas F. Fleming, Esq.
Christopher T. Jagoe, Esq.
Howard S. Suh, Esq.
Jeanna Wacker, Esq.
Kaye Scholer LLP
425 Park Avenue
New York, NY  10022

Donald L. Flexner, Esq.
Hershel Wancjer, Esq.
Cynthia Christian, Esq.
Robert M. Cooper, Esq.
Boies, Schiller & Flexner LLP
575 Lexington Avenue, 7th Fl.
New York, NY  10022

James P. Denvir, Esq.
Amy J. Mauser, Esq.
Boies, Schiller & Flexner LLP
5301 Wisconsin Avenue, N.W.
Washington, D.C.  20015

*Attorneys for Defendants*

 /s/ Joseph P. Conran                .