# WINSTON & STRAWN LLP

SUITE 718, CHINA WORLD OFFICE 1
1 JIANGUOMENWAI AVENUE
BEIJING 100004, CHINA

214 NORTH TRYON STREET
CHARLOTTE, NORTH CAROLINA 28202-1078

35 WEST WACKER DRIVE
CHICAGO, ILLINOIS 60601-9703

43 RUE DU RHÔNE
1204 GENEVA, SWITZERLAND

GLOUCESTER TOWER
11TH FLOOR
THE LANDMARK
15 QUEEN'S ROAD CENTRAL
HONG KONG, CHINA

99 GRESHAM STREET
LONDON, EC2V 7NG, UK

1700 K STREET, N.W.
WASHINGTON, D.C. 20006-3817

+1 (202) 282-5000

FACSIMILE +1 (202) 282-5100

www.winston.com

333 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-1543

SUITE A350, 4 STASOVOY STREET
MOSCOW, 119071, RUSSIAN FEDERATION

200 PARK AVENUE
NEW YORK, NEW YORK 10166-4193

ONE RIVERFRONT PLAZA, SUITE 730
NEWARK, NEW JERSEY 07102-5401

25 AVENUE MARCEAU, CS 31621
75773 PARIS CEDEX 16, FRANCE

101 CALIFORNIA STREET
SAN FRANCISCO, CALIFORNIA 94111-5802

UNITS 3105-3106, SHANGHAI KERRY CENTRE
1515 NANJING ROAD WEST
JINGAN, SHANGHAI 200040, CHINA

August 23, 2010

**Via E-Mail**
Thomas F. Fleming
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022-3598

Amy J. Mauser
Boies, Schiller & Flexner LLP
5301 Wisconsin Avenue, N.W.
Washington, D.C. 20015

     Re:  *Monsanto Co. vs. E.I. DuPont de Nemours & Co.*, **Case No. 09-CIV-0686-ERW (E.D. Mo.)**

Dear Tom and Amy:

  I write to address the numerous deficiencies in Defendants' Objections and Responses to Monsanto's First Set of Interrogatories, dated July 29, 2010. Monsanto requests that Defendants promptly supplement their responses to comply with the Federal and Local Rules, as discussed in more detail below.

## I.  GENERAL OBJECTIONS

  In Defendants' responses, they assert a number of improper general objections, which should be withdrawn immediately.

  *First*, Defendants continue to refuse to allow discovery concerning certain products, most notably corn trait products such as the stack of Defendants' Optimum GAT ("OGAT") and Monsanto's Roundup Ready ("RR") in corn. *See, e.g.*, Defs.' Resps. to Rog. Nos. 2-4, 9, 10. Defendants' proffered basis for refusing to do so is that such information is not relevant because "Monsanto has presented no evidence that DuPont & Pioneer have breached any agreement with

**EXHIBIT C**

Thomas F. Fleming
Amy J. Mauser
August 23, 2010
Page 2

Monsanto relating to, or in connection with, OGAT corn." Obj. No. 21; *see also* Obj. Nos. 6, 22. These objections are grossly improper.

As Monsanto's Complaint makes clear, Monsanto has alleged that "[u]pon information and belief, DuPont and Pioneer have also recently stacked their Optimum® GAT® gene with Monsanto's NK603 Corn Event," (Compl., ¶ 13); and that such conduct constitutes a breach of Defendants' license agreement and infringes Monsanto's patent (*see id*. at ¶¶ 31-44, 61-67, 110-116, 117-122). Defendants' mere denials of these allegations are not enough to avoid their discovery obligations under the Federal Rules. Moreover, Defendants themselves have alleged that Monsanto has monopolized or attempted to monopolize three separate corn trait markets. *See* 2nd Am. Ans. & Countercls., Counts I, III and IV. Accordingly, Monsanto's requests for discovery relating to stacked corn traits are relevant not only to its own contract and patent allegations, but also to Defendants' antitrust allegations.

*Second*, Defendants' objections that certain interrogatories consist of multiple subparts are not well-founded. Where, as here, the additional questions are "logically or factually subsumed within and necessarily related to the primary question," such interrogatories are considered one interrogatory. *See, e.g.*, *Trevino v. ABC American, Inc.*, 232 F.R.D. 612, 613 (N.D. Cal. 2006); *see also Stamps.com, Inc. v. Endicia Sys.*, 2008 U.S. Dist. LEXIS 112633, *8-9 (C.D. Cal. May 21, 2008) ("This court finds that the requests for facts, persons with knowledge of those facts and documents containing those facts should be considered one interrogatory because they are subsumed within the primary question of facts supporting Defendants' infringement and validity contentions.").

*Third*, Defendants' objections that certain interrogatories call for legal conclusions or expert testimony are without merit. *See* Fed. R. Civ. P. 33(a)(2) ("An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact."). Similarly, Defendants' contention that information relevant to certain interrogatories might later be the subject of expert testimony is also without merit. To the extent that Defendants have such information at present, it is discoverable, regardless of whether it may later be the subject of expert testimony.

*Fourth*, Defendants' objections that certain interrogatories are premature because the Court not yet having construed the claims is improper, especially in light of Defendants' willingness to begin summary judgment motion practice prior to the Court's *Markman* hearing. These efforts betray Defendants' claim that such a ruling is necessary for Defendants to disclose facts, persons and documents requested by these interrogatories.

Monsanto requests that each of these general objections be withdrawn, and to the extent Defendants have withheld any information on the basis of these general objections, Monsanto requests that Defendants disclose such information immediately.

Thomas F. Fleming
Amy J. Mauser
August 23, 2010
Page 3

## II.  RESPONSES TO SPECIFIC INTERROGATORIES

In addition to the improper general objections discussed above, Defendants' responses to each of the individual interrogatories are deficient for the reasons discussed below. To avoid unnecessary motions practice, Monsanto requests that Defendants promptly supplement their responses to address each of these deficiencies and to provide complete answers to Monsanto's interrogatories.

**Interrogatory No. 1**: Defendants have failed to identify a single individual with relevant knowledge or information, as requested by this interrogatory. Instead, Defendants merely reference their Initial Disclosures and "persons and entities referenced in" other documents and pleadings. Such a response is insufficient. If Defendants are aware of individuals with relevant knowledge, the Federal Rules require that they disclose those individuals and the scope of their knowledge. *See generally* Fed. R. Civ. P. 26(a)(1).

**Interrogatory No. 2:** Defendants' response to this interrogatory is deficient for a number of reasons, not least of which is Defendants' improperly limiting their response to only "Accused Soybean Lines." As discussed above, this interrogatory seeks, and Monsanto is entitled to, information regarding each of the identified products. Defendants should promptly supplement their responses to provide complete answers for all requested products, including corn products.

As for the other deficiencies in Defendants' response, I will address them in turn:

Part 2(a) requests "all persons involved in the decision to stack Optimum GAT with Monsanto's 40-3-2 Event and/or Monsanto's NK603 Event," "the reasons for that decision," and if Defendants do not intend to commercialize an OGAT/NK603 stack, "all reasons why and all persons with any knowledge." In their answer, Defendants identify two individuals as having knowledge of yield data and discusses the results of what allegedly occurred after the stack was created. Neither is responsive to the interrogatory, which seeks the identity of persons involved in the decision to stack OGAT with the 40-3-2 and NK603 Events and the reasons for those decisions. Defendants should promptly supplement their responses with the information actually requested by this interrogatory.

Part 2(b) asks for "each line, inbred, hybrid or variety that contains a Stacked Crop product." Defendants' response does not provide a complete answer, but rather lists soybean lines that "are candidates for commercialization." Defendants should promptly supplement their responses to identify "each line, inbred, hybrid or variety that contains a Stacked Crop product," regardless of whether it is a "candidate for commercialization." Defendants' response also fails to provide any information whatsoever as to "the parents for each such line, when and where each such line was made, used, or tested," the number of units made for each such line, and the "the persons involved in such activities." Accordingly, Defendants should promptly supplement their responses to address these deficiencies.

Thomas F. Fleming
Amy J. Mauser
August 23, 2010
Page 4

      Part 2(c) requests the identification of "all experiments or tests conducted on each Stacked Crop Product." Defendants' response identifies the types of experiments or tests that "can be conducted" on the "pre-commercial Accused Soybean lines." Monsanto appreciates that information, but it is not responsive. Defendants should promptly supplement their response to identify all experiments or tests that were conducted on Stacked Crop Products, which includes soybeans and corn. Part 2(c) also asks for the locations, lines, dates, lines tested, results of the tests and the disposition of the stacked material. Defendants provided none of that information. While Monsanto appreciates the listing of the "potential locations" of testing, it is not responsive to the interrogatory. Defendants should promptly supplement their response to provide the locations, lines, dates, lines tested, results of the tests and the disposition of the stacked material for all Stacked Crop Products, which includes soybeans and corn.

      Part 2(d) requests, among other things, information related to "any lines transferred by you to any other entity." Defendants did not provide this information. Part 2(d) also requests information relating to agreements with any third parties relating to Stacked Crop Products. Defendants did not state whether any transfers have occurred or whether there are any agreements with third parties. If there are agreements with third parties, Defendants are required to provide the requested information. Accordingly, Defendants should promptly supplement their responses to address the deficiencies noted above and to provide a complete answer to part 2(d) of this interrogatory.

      **Interrogatory No. 3:** Defendants' response to this interrogatory is insufficient for three separate reasons. First, Defendants again improperly limit their response to only "Accused Soybean Lines." This interrogatory seeks, and Monsanto is entitled to, discovery on each of the identified products for the reasons stated above and in my prior letters. Second, Defendants' invocation of Rule 33(d), which provides a responding party with the option to specify in detail the records that must be reviewed to answer an interrogatory, is inappropriate. By merely naming six custodians and quoting five of Monsanto's document requests, Defendants have not satisfied the requirements of the rule under which Defendants must "specify[] the records that must be reviewed in sufficient detail to enable the interrogating party to locate and identify them *as readily as the responding party could*." Fed. R. Civ. P. 33(d)(1) (emphasis added). Finally, Defendants' objection that this interrogatory "seeks information that is contained in documents that Monsanto has requested" is baseless. Monsanto is not required to limit its interrogatories to only those issues on which it is not also seeking documents.

      **Interrogatory No. 4:** Defendants provide an insufficient response to this interrogatory, which seeks information about Defendants' licensing behavior, including the identity of entities with which Defendants have entered into licenses and the amount of seed or germplasm sold or purchased under those licenses. First, Defendants again improperly limit their response to only "Accused Soybean Lines." Monsanto seeks discovery on a full range of Defendants' products, all of which are plainly relevant to, among other things, Defendants' antitrust allegations concerning the relevant product markets and competition in those markets and whether Defendants have been foreclosure from those markets. Second, Defendants' invocation of Rule 33(d) in their response to this interrogatory fails to comply with the Federal Rules. Defendants

Thomas F. Fleming
Amy J. Mauser
August 23, 2010
Page 5

fail to identify with any specificity business records that would enable Monsanto "to locate and identify them as readily as" Defendants could. Fed. R. Civ. P. 33(d)(1).

**Interrogatory No. 5:** This interrogatory seeks the identity of any ISCs or germplasm developers that have been told that "if they do not complete their switch to Roundup Ready 2 Yield within three years, they will lose their licenses to Roundup Ready," as well as the factual and legal bases for that allegation. Defendants' response fails to identify a single entity. Instead, Defendants merely regurgitate allegations from their counterclaims without any citation to factual or legal support for those allegations. If Defendants have a factual basis for claiming that Monsanto "informed" anyone that they were required to complete their switch within three years or else face consequences, Defendants are obligated to provide that information, including the identity of any entity that received such a threat. If Defendants do not have any such information, please so state.

**Interrogatory No. 6:** Defendants' response to this interrogatory similarly fails to provide support for allegations found in Defendants' counterclaims. Defendants' response states that "[p]ublicly available independent yield tests as well as anecdotal evidence from farmers that have been published in the popular and industry press have made clear that . . . Roundup Ready 2 Yield soybean plants do not yield more soybeans than elite varieties of Roundup Ready soybean plants." Defendants later state that "independent studies and smaller tests have shown [that] Roundup Ready 2 Yield does not provide any substantial increase in yield." That is exactly the *type* of information sought by this interrogatory. But, Defendants have failed to identify and describe fully any of these so-called "publicly available independent yield tests" or "any anecdotal evidence from farmers" or any "independent studies and smaller tests" as requested by the interrogatory. Merely noting their existence without specifically identifying the information requested in the interrogatory does not comport with Defendants' discovery obligations. Accordingly, Defendants should promptly supplement their response to Interrogatory No. 6 to address the deficiencies noted above and to provide a complete answer to this interrogatory.

**Interrogatory No. 7:** Defendants' objections that this interrogatory is vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant information are without merit. Defendants have not articulated a basis for objecting to an invalidity contention interrogatory as being vague. Nor have Defendants identified how documents and facts relating to their own invalidity contentions could reasonably be construed as irrelevant. Additionally, Defendants' identification of pleadings filed in this action under Rule 33(d) is improper. None of the identified pleadings are "business records" and as such, Rule 33(d) is inapplicable.

  A.  35 U.S.C. § 101

Defendants' response fails to identify which claims of the patent-in-suit fail to constitute patentable subject matter. Instead, they refer to four exemplary claims. Providing "examples" of claims allegedly implicated is insufficient, however,. If Defendants' contentions as to § 101 are limited to those four claims, please so state. In addition, Defendants failed to identify any

Thomas F. Fleming
Amy J. Mauser
August 23, 2010
Page 6

persons or documents pertaining to this contention.  If Defendants have no knowledge of such, please so state.

### B. 35 U.S.C. § 102 and/or § 103

Defendants' response fails to identify which claims of the patent-in-suit are allegedly anticipated and obvious, as requested.  Defendants also fail to provide an element-by-element analysis of any of the claims of the patent-in-suit for any of the disclosed prior art.

When describing their contentions as to the '449 PCT application, Defendants merely state that the '449 PCT application "purports to describe glyphosate tolerant plants which either alone or in combination with other prior art would invalidate the '247 RE patent claims."  This response fails to (1) identify any claims of the patent-in-suit anticipated by or obvious in light of the '449 PCT application; (2) provide the necessary element-by-element analysis of the teachings of the '449 PCT application to demonstrate anticipation of any of the claims of the patent-in-suit; (3) identify the "other prior art" in combination with which Defendants imply the '449 would render some (unidentified) claims of the patent-in-suit obvious; and (4) provide the necessary element-by-element analysis of the '449 PCT application in combination with any other prior art reference to demonstrate obviousness.

Defendants' response regarding the alleged Asgrow "prior sale and prior use" is similarly deficient because it fails even to contend that any parties were "selling" a product that falls within the scope of any claims of the patent-in-suit, and fails to identify with any specificity the "others" alleged to have been growing glyphosate resistant soybeans.  Defendants' identification of Monsanto's own APHIS petition, which itself contains no analysis of the claims of the patent-in-suit, is insufficient to remedy any of these defects.

With respect to the Shah patents, Defendants' response again fails to identify which claims of the patent-in-suit are allegedly anticipated by or obvious in light of the references, and again fails to perform an element-by-element analysis.

Lastly, Defendants' response fails to identify which of the other prior art references mentioned in Defendants' Answer and Counterclaims, or cited in the specification and prosecution history of the patent-in-suit render the patent-in-suit obvious or anticipated.  Defendants do not provide an element-by-element analysis regarding any of those references, or the factual basis for the assertion that the patents-in-suit are entitled only to an effective filing date of September 13, 1994.  Defendants should promptly supplement their responses to provide an adequate factual basis for the above allegations, or if Defendants have no additional facts on which to base any anticipation or obviousness contention, please so state.

### C. 35 U.S.C. § 112

Generally, Defendants' response fails to identify any facts to support any of their allegations under § 112.  Specifically, Defendants' response fails to identify (1) any claims which are not enabled by the specification; (2) what element or range of elements of any of the

Thomas F. Fleming
Amy J. Mauser
August 23, 2010
Page 7

claims of the patent-in-suit are non-enabled; (3) any insufficiency in the disclosure of the patent-in-suit that would preclude a person of ordinary skill in the art from establishing that the inventors possessed the invention as broadly as claimed; and (4) what purported "best mode" of practicing the claimed invention the inventors had at the time of filing.  Defendants should promptly supplement their responses to provide an adequate factual basis for the above allegations, or if Defendants have no additional facts on which to base any § 112 contention, please so state.

Accordingly, Defendants should promptly supplement their response to Interrogatory No. 7 to address the deficiencies noted above and to provide a complete answer to this interrogatory.

**Interrogatory No. 8:**  Defendants' objections that this interrogatory is vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant information are without merit.  Defendants have not articulated a basis for objecting to an invalidity or unenforceability contention interrogatory as being vague, or identified how documents and facts relating to Defendants' own invalidity and/or unenforceability contentions could reasonably be construed as irrelevant.  Additionally, Defendants improperly attempt to invoke Rule 33(d).  Defendants' identification of pleadings filed in this action under Rule 33(d) is improper.  None of the identified pleadings are "business records" and as such, Rule 33(d) is inapplicable.  Further, Defendants' reference to "documents and information to be provided" under Rule 33(d) is also improper to the extent that Rule 33(d)(1) requires that the responding party "specify[] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate them as readily as the responding party could."

### A. Improper Reissue under 35 U.S.C. § 251

Defendants' response fails to identify any underlying facts to support their improper reissue contentions other than those laid out in Defendants' counterclaims and motion for summary judgment on broadening reissue.  To the extent Defendants have additional facts, Defendants are required to provide them.  If Defendants are aware of no additional facts to support these improper reissue allegations, please so state.

### B. Unenforceability

Defendants' response fails to identify any underlying facts for Defendants' inequitable conduct allegations beyond those facts pled in their counterclaims.  To the extent Defendants have additional facts, Defendants are required to provide them.  If Defendants are aware of no additional facts to support these unenforceability allegations, please so state.

### C. Double Patenting

Defendants' response fails to identify any claims which are allegedly rendered invalid under any doctrine of double patenting.  The preamble to Defendants' response claims that "all of the asserted claims" are invalid, but in the specific examples, Defendants refer only to "claims

Thomas F. Fleming
Amy J. Mauser
August 23, 2010
Page 8

of the '247 RE patent directed to DNA molecules" in the case of the patent-in-suit, and identify no claims at all that overlap with the Shah patents. As such, Defendants have failed to even identify what claims are allegedly implicated by this allegation, much less perform the requisite element-by-element analysis demonstrating this alleged double-patenting.

Similarly, Defendants' response fails to identify any authority for combining prior art references for purposes of double patenting, or if such a claim is even proper, what other prior art these references might be combined with to render any claims of the patent at issue invalid for double patenting. Nor do Defendants' provide any additional underlying facts in support of any double patenting allegations beyond those facts pled in Defendants' counterclaims. To the extent Defendants have additional facts, Defendants are required to provide them. If Defendants are aware of no additional facts to support these double patenting allegations, please so state.

Accordingly, Defendants should promptly supplement their response to Interrogatory No. 8 to address the deficiencies noted above and to provide a complete answer to this interrogatory.

**Interrogatory No. 9:** Defendants' objections that this interrogatory is vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant information are without merit. Defendants have not articulated a basis for objecting to a non-infringement contention interrogatory as being vague, or identified how documents and facts relating to Defendants' own non-infringement position could reasonably be construed as irrelevant. Additionally, Defendants improperly attempt to invoke Rule 33(d). Defendants' identification of pleadings filed in this action under 33(d) is improper. None of those identified pleadings are "business records" and as such, Rule 33(d) is inapplicable. Further, Defendants' reference to "documents and information to be provided" under Rule 33(d) is also improper to the extent that Rule 33(d)(1) requires that the responding party "specify[] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate them as readily as the responding party could."

Defendants' mere reference to their Memorandum in Opposition to Plaintiff's Motion for Partial Summary Judgment of Infringement is also insufficient. So too are Defendants' blanket assertions regarding a lack of sufficient evidence. To the extent Defendants have additional facts, Defendants are required to provide them. Accordingly, if Defendants are in possession of information tending to show non-infringement for any of the reasons stated (lack of claimed promoter, lack of claimed structural DNA sequence, and lack of claimed 3' NTR), Defendants are required to disclose that information in response to this interrogatory. To the extent that Defendants have no affirmative facts tending to show non-infringement for any of those reasons, please so state.

Accordingly, Defendants should promptly supplement their response to Interrogatory No. 9 to address the deficiencies noted above and to provide a complete answer to this interrogatory.

**Interrogatory No. 10:** Defendants' objections that this interrogatory is vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant information are without merit. Defendants' response does not identify

Thomas F. Fleming
Amy J. Mauser
August 23, 2010
Page 9

what confusion exists regarding the phrase "the sequence and function of any EPSPS DNA, transcribed RNA or protein or peptide in your accused Products; any DNA sequences that affect the expression thereof, including any promoter or termination sequences." To the extent that Defendants are unable to glean any meaning from that phrase, Monsanto directs Defendants to the Dellaporta Technology Tutorial filed along with Monsanto's *Markman* brief to help explain the relevant technology at issue in the case. Defendants' objection that Monsanto has "failed to identify the nature of the information it seeks" is similarly without merit. Monsanto has clearly requested the "sequence and function" of the aforementioned nucleic acids, proteins and peptides. Again, Defendants' objection to the term "Accused Product" is improper, as is the limitation of Defendants' response to soybean products and failure to provide any response regarding Defendants' corn products.

In response to this interrogatory, Defendants again improperly attempt to invoke Rule 33(d). Defendants' identification of pleadings filed in this action under 33(d) is improper. None of those identified pleadings are "business records" and as such, Rule 33(d) is inapplicable. Further, Defendants' reference to "documents and information to be provided" under Rule 33(d) is also improper to the extent that Rule 33(d)(1) requires that the responding party "specify[] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate them as readily as the responding party could."

Defendants have failed to provide any meaningful response at all to this interrogatory. To the extent that Defendants have no knowledge or information pertaining to the sequences in question, please so state. Otherwise, Defendants should promptly supplement their responses to properly respond to this interrogatory. Similarly, Defendants failed to identify any persons or documents in response to this interrogatory. If Defendants have no knowledge of such, please so state. Otherwise, please identify the "five persons at Defendants most knowledgeable" regarding EPSPS DNA, transcribed RNA, or protein or peptide in the Accused Products; any DNA sequences that affect the expression thereof, including any promoter or termination sequences; and any chloroplast transit peptide DNA, transcribed RNA, or protein or peptide associated with said EPSPS.

Accordingly, Defendants should promptly supplement their response to Interrogatory No. 10 to address the deficiencies noted above and to provide a complete answer to this interrogatory.

*   *   *   *   *

Please note that the above may not represent all of the deficiencies in Defendants' Responses. Accordingly, Monsanto reserves all of its rights. Please let us know when we can expect to receive Defendants' revised responses.

Sincerely,

/s/ John J. Rosenthal

Thomas F. Fleming
Amy J. Mauser
August 23, 2010
Page 10

cc:   Greg G. Gutzler, Esq.
      Steven G. Spears, Esq.