IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MONSANTO COMPANY and <br> MONSANTO TECHNOLOGY LLC, <br> <br> Plaintiffs, <br> <br> vs. <br> <br> E.I. DUPONT DE NEMOURS AND COMPANY and <br> PIONEER HI-BRED INTERNATIONAL, INC., <br> <br> Defendants. | Case No. 4:09-cv-00686-ERW |

**MONSANTO'S ADVISORY STATEMENT REGARDING THE STATUS OF ISSUES RAISED IN THE PARTIES' MOTIONS TO COMPEL**

Monsanto submits this statement to update the Court regarding (1) the status of issues raised in Monsanto's First Motion to Compel; (2) the status of issues raised in Defendants' Motion to Compel; (3) the status of the parties' negotiations regarding issues Defendants raised for the first time during oral argument on Tuesday, November 23, 2010; and (4) the status of the parties' respective document productions.

**I.      Issues Raised in Monsanto's Motion to Compel**

      **A.      Documents Relating to Defendants' Infringing Stacked Corn Products**.  The parties have not reached agreement on this issue, and it is ripe for resolution by the Court.

      **B.      Production of Corn and Soybean Seeds, and Pedigree Information.**  The parties have not reached agreement on this issue, and it is ripe for resolution by the Court.

With respect to corn, Defendants continue to refuse to produce any samples of infringing, stacked corn seed.  Furthermore, they continue to refuse to provide any pedigree information (or other information) relating to their stacked corn lines.

1

With respect to soybeans, Defendants have provided samples from nineteen soybean lines that Defendants state that they intend to commercialize. Defendants have represented to the Court that they will provide pedigree information regarding these soybean lines, but have not yet done so. Defendants refuse to provide pedigree information for any soybean lines aside from the aforementioned lines that they intend to commercialize. Defendants refuse to provide seed samples for these other lines. The parties have discussed a potential compromise, but to date, have not reached agreement. Defendants have offered a compromise whereby the sequence of 19 soybean lines will be determinative of the sequence of all of Defendants' stacked soybean lines. However, Defendants refuse to represent that the DNA of these soybean lines is actually representative of the other infringing lines. Monsanto is thus unable to accept Defendants' proposed compromise unless (1) Defendants first produce documents sufficient to show the complete pedigree of all of their stacked soybean lines to allow Monsanto to determine whether the 19 lines are representative, and (2) Monsanto retains the right to select further representative samples, rather than rely solely on seeds selected by Defendants.

  **C.**  **Regulatory Filings for Stacked Soybean and Corn Products.**  The parties have not reached agreement on this issue, and it is ripe for resolution by the Court. Although Defendants have moved to compel Monsanto's regulatory filings for all Roundup Ready® crops, Defendants refuse to produce regulatory filings for their accused products, or their filings for unstacked OGAT events. In meet and confer discussions, Monsanto has proposed that both parties produce certain regulatory filings. Defendants have not agreed.

  **D.**  **Documents Regarding Unstacked OGAT.**  The parties have not reached an agreement on this issue, and it is ripe for resolution by the Court.

**II.     Issues Raised in Defendants' Motion to Compel**

**A.     Documents Reflecting All Research and Development of the '247 Patent.**  To the extent that Defendants continue to demand the production of every document relating to every statement in the patent, beyond the stipulated 50 custodians, the parties have not reached an agreement on this issue.[1]  Monsanto has informed Defendants that it will cooperate with Defendants and consider specific requests for relevant documents from a limited number of custodians beyond the 50 custodians, on an individualized basis.

**B.     Documents Reflecting All Other Glyphosate Tolerance Work.**  The parties have not reached an agreement on this issue, and it is ripe for resolution by the Court.

**C.     Documents Reflecting All Documents Concerning Scientific Articles Identified in Defendants' Second Amended Complaint.**  The parties have not reached an agreement on this issue, and it is ripe for resolution by the Court.

**D.     Regulatory Documents for Roundup Ready Crops.**  Monsanto has agreed to collect regulatory filings for Roundup Ready products beyond the U.S. corn and soybeans filings that have already been produced in this case.  Monsanto is collecting certain core domestic and foreign regulatory filings for Roundup Ready events, with the exception of regulatory filings regarding other Monsanto events stacked with Roundup Ready crops, which would be cumulative.  Monsanto has undertaken these steps as a show of good faith.  Despite this offer of production, Defendants continue to refuse to produce regulatory filings for their own accused products (along with their filings on standalone OGAT products).  Monsanto believes that the parties' production of regulatory filings should be bilateral.

**E.     Documents regarding the inclusion of SEQ ID NO:70 in the '696 application.**  Monsanto believes that this issue is moot for the reasons stated in its opposition brief.

---

[1] As the Court may recall, the parties agreed to a protocol where the productions would be limited to the search of 50 custodians per side, with limited exceptions to certain categories of records to be obtained from centrally stored records.  The category in question is not one of those exceptions.

3

  **F. Documents reflecting the scope of the claims.**  Monsanto believes that this issue is moot for the reasons stated in its opposition brief.

  **G. Documents reflecting secondary considerations of non-obviousness.**  After filing its opposition brief, Monsanto learned that certain documents relevant to secondary considerations of non-obviousness were subject to the vendor error described below.  Monsanto supplemented its production on November 29, 2010, is currently determining whether additional responsive documents exist pursuant to Defendants' demands.  If so, Monsanto will supplement its production accordingly.

  **H. Documents reflecting the Yieldgard license and negotiations.**  Monsanto has produced relevant documents.  Upon further investigation, Monsanto has located additional responsive documents, and will produce any non-privileged documents that may exist.

  **I. Document reflecting prior litigations.**  Monsanto has agreed to comply with the Court's previous order regarding production of these materials.  The parties have not reached an agreement on Defendants' request to modify this order.

**III. Issues Raised Orally by Defendants during November 23 Argument.**

  Monsanto believes that the multiple issues raised by Defendants for the first time during the November 23 hearing were improperly presented.  With respect to issues that the parties have since discussed after the hearing:

- Monsanto has agreed to search for and produce responsive notebooks from Marcia Wheldon.
- Monsanto has located documents relating to Catherine Mackey, which Monsanto will review for responsiveness and produce.

Defendants have not sought to meet and confer with Monsanto about other issues they raised for the first time on the November 23, 2010 call.  In particular, Defendants' oral request for all

documents relating to GA21 corn – an unrelated technology – was not presented in Defendants' briefing or in any meet-and-confer discussions, either before or after the conference call with the Court on November 23. Defendants' oral demand is not ripe for resolution.

## IV.     Status of the Parties' Document Productions.

During the conference call with the Court on November 23, Monsanto's counsel informed the Court that, due to an error by a third-party vendor in processing documents for production, certain documents were inadvertently not produced to Defendants. Monsanto immediately took steps to remedy that situation, making a production on Wednesday, November 24, and another production on Monday, November 29. Monsanto is continuing to work with its vendor to verify the completeness of the production.

Defendants, for their part, have made two separate productions following the document production cutoff. The first production totaled approximately 14,000 pages. Yesterday, on Wednesday, December 1, 2010, Defendants produced approximately 12,000 additional pages of documents to Monsanto. Neither production resolves any of issues raised in Monsanto's motion to compel. Moreover, Monsanto has discovered numerous additional deficiencies in Defendants' production that it is raising with Defendants, and may require the Court's intervention in the near future.

Dated:  December 2, 2010

Respectfully submitted,

HUSCH BLACKWELL LLP

By: /s/ Joseph P. Conran .
Joseph P. Conran, E.D.Mo. # 21635MO
joe.conran@huschblackwell.com
Omri E. Praiss, E.D.Mo. # 41850MO
omri.praiss@huschblackwell.com
Greg G. Gutzler, E.D.Mo. # 48893MO
greg.gutzler@huschblackwell.com
Tamara M. Spicer, E.D.Mo. # 54037MO
tamara.spicer@huschblackwell.com
Steven M. Berezney, E.D.Mo. # 56091MO
steve.berezney@huschblackwell.com
190 Carondelet Plaza, Suite 600
St. Louis, MO  63105
(314) 480-1500 – telephone
(314) 480-1505 – facsimile

WINSTON & STRAWN LLP
Dan K. Webb
dwebb@winston.com
George C. Lombardi
glombardi@winston.com
Todd J. Ehlman
tehlman@winston.com
James M. Hilmert
jhilmert@winston.com
35 W. Wacker Drive, Suite 4200
Chicago, IL  60601
(312) 558-5600 – telephone
(312) 558-5700 – facsimile

John J. Rosenthal
jrosenthal@winston.com
Matthew A. Campbell
macampbell@winston.com
Jovial Wong
jwong@winston.com
1700 K Street, N.W.
Washington, DC  20006
(202) 282-5000 – telephone
(202) 282-5100 – facsimile

Gail J. Standish
gstandish@winston.com
333 South Grand Avenue
Los Angeles, CA 90071-1543
(213) 615-1700 – telephone
(213) 615-1750 – facsimile

MCDERMOTT WILL & EMERY
Steven G. Spears
sspears@mwe.com
Scott W. Clark
sclark@mwe.com
1000 Louisiana Street, Suite 3900
Houston, TX  77002-5005
(713) 653-1700 – telephone
(713) 739-7592 – facsimile

COVINGTON & BURLING LLP
Kurt G. Calia
kcalia@cov.com
1201 Pennsylvania Avenue, NW
Washington, DC  20004-2401
(202) 662-6000 – telephone
(202 662-6291 – facsimile

ARNOLD & PORTER LLP
Anthony J. Franze
anthony.franze@aporter.com
555 Twelfth Street, N.W.
Washington, DC  20004
(202) 942-5000 – telephone
(202) 942-5999 – facsimile

*Attorneys for Plaintiff Monsanto Company and Monsanto Technology LLC*

**CERTIFICATE OF SERVICE**

   The undersigned hereby certifies that on the 2nd day of December, 2010, the foregoing was filed electronically with the Clerk of the Court for the United States District Court for the Eastern District of Missouri, Eastern Division, and was served by operation of that Court's electronic filing system, upon the following:

Andrew Rothschild, Esq.
C. David Goerisch, Esq.
Lewis, Rice & Fingersh, L.C.
600 Washington, Suite 2500
St. Louis, MO 63102

Leora Ben-Ami, Esq.
Thomas F. Fleming, Esq.
Christopher T. Jagoe, Esq.
Howard S. Suh, Esq.
Jeanna Wacker, Esq.
Kaye Scholer LLP
425 Park Avenue
New York, NY  10022

Donald L. Flexner, Esq.
Hershel Wancjer, Esq.
Cynthia Christian, Esq.
Robert M. Cooper, Esq.
Boies, Schiller & Flexner LLP
575 Lexington Avenue, 7th Fl.
New York, NY  10022

James P. Denvir, Esq.
Amy J. Mauser, Esq.
Boies, Schiller & Flexner LLP
5301 Wisconsin Avenue, N.W.
Washington, D.C.  20015

*Attorneys for Defendants*

                /s/ Joseph P. Conran