**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

MONSANTO COMPANY and MONSANTO TECHNOLOGY LLC,

Plaintiffs/Counterclaim Defendants,

v.

E.I. DU PONT DE NEMOURS AND COMPANY and PIONEER HI-BRED INTERNATIONAL, INC.,

Defendants/Counterclaim-Plaintiffs.

Case No. 4:09-CV-00686 (ERW)

**REDACTED VERSION**

**DUPONT'S AND PIONEER'S MOTION FOR LEAVE TO FILE A SURREPLY IN OPPOSITION TO MONSANTO'S MOTION TO DISMISS CERTAIN ANTITRUST AND PATENT COUNTERCLAIMS AND/OR TO STRIKE CERTAIN PATENT AFFIRMATIVE DEFENSES**

COME NOW Defendants/Counterclaim-Plaintiffs E.I. du Pont de Nemours and Company and Pioneer Hi-Bred International, Inc. ("DuPont & Pioneer"), by and through their undersigned counsel, and seek leave to file a surreply in opposition to Plaintiffs/Counterclaim Defendants Monsanto Company's and Monsanto Technology LLC's ("Monsanto") Motion to Dismiss Certain Antitrust and Patent Counterclaims and/or to Strike Certain Patent Affirmative Defenses.

1. On September 10, 2010, Monsanto filed a Motion to Dismiss Certain Antitrust and Patent Counterclaims and/or to Strike Certain Patent Affirmative Defenses. (Dkt. # 334).

2. On October 18, 2010, DuPont & Pioneer filed their Memorandum in Opposition to Motion to Dismiss Certain Antitrust and Patent Counterclaims and/or to Strike Certain Patent Affirmative Defenses responding to the positions Monsanto took in its motion. (Dkt. # 384).

3. On November 19, 2010, Monsanto filed its 28-page Reply Memorandum in Support of Motion to Dismiss Certain Antitrust and Patent Counterclaims and/or to Strike Certain Patent Affirmative Defenses. (Dkt. #182.)

4. DuPont & Pioneer respectfully request leave to file a 14-page surreply, accompanying this Motion for Leave to File, to respond to certain new arguments and inaccurate statements raised for the first time by Monsanto in its Reply Memorandum:[1]

a. Monsanto argues for the first time in its Reply Memorandum that it "could not possibly have moved to dismiss the inequitable conduct, reformation, sham litigation, and 'export approval' claims asserted for the first time in the SAAC." (Reply at 1.) The SAAC did not assert any new inequitable conduct, reformation, sham litigation or so-called "export approval" claims. It merely added detail and explanation to existing claims that were already stated in full in the First Amended Answer and Counterclaims. Monsanto also misstates the authority addressing whether motions to dismiss must be directed to causes of action, not isolated allegations. Monsanto's misstatements regarding DuPont's & Pioneer's claims and relevant case law under Rule 12 are misleading and must be corrected.

b. Monsanto's Reply Memorandum mistakenly quotes the [redacted] [redacted]:



(Reply at 7 (emphasis in Reply).) By putting "and defend" in bold and italics and inside quotation marks, Monsanto suggests those words appear in the MSA. They do not. [redacted]

[1] DuPont & Pioneer have attempted to respond selectively to Monsanto's Reply, addressing only the new arguments and incorrect assertions, but do not concede any point made in the Reply not addressed explicitly in their surreply.

[redacted]

Monsanto's misquotation and mistakenly supplied emphasis may have been inadvertent, but they are potentially misleading and must be corrected.

c. Monsanto wrongly argues DuPont's & Pioneer's "opposition fails to address the [redacted]'s effect on their patent fraud counterclaims." (Reply at 14.) To the contrary, the Opposition includes a section entitled "DuPont Did Not Release Claims or Defenses Based on Allegations of ***Misconduct*** in the Prosecution of the '435 Patent," which explains that "[a]s alleged in the SAAC, DuPont's claims based on ***fraud*** or ***inequitable conduct*** before the U.S. Patent & Trademark Office ('PTO') include Monsanto's concealment, repetition and perpetuation of its '435 patent prosecution misconduct during the prosecution of the '247 reissue patent." (Opp. at 11-15 (emphases added).) Monsanto's misstatement of DuPont's & Pioneer's position is misleading and must be corrected.

d. Monsanto's Reply Memorandum presents a new interpretation of the [redacted] (Reply at 16 & n. 10 (emphasis added).) This new argument is misleading and wrong for the reasons explained in the accompanying surreply. Monsanto could have raised this argument in its opening brief, but did not, depriving DuPont & Pioneer of the opportunity to counter the argument absent submission of this surreply.

e. Monsanto's Reply Memorandum presents a new argument that misrepresents the terms of the [redacted]

[REDACTED] by leaving out key terms [REDACTED]. The accompanying surreply further explains Monsanto's mistaken interpretation of these provisions.

f. Monsanto argues, for the first time in its Reply Memorandum, that in *Pacific Bell Telephone Company v. linkLine Commc'ns Company*, 129 S. Ct. 1109 (2009) the Supreme Court silently reversed or limited *Continental Ore Company v. Union Carbide & Carbon Corporation*, 370 U.S. 690 (1962) and the long line of cases rejecting attempts to isolate and defeat individual components of multifaceted overall schemes to monopolize. That interpretation is plainly wrong, and the only court to address the argument rejected it out of hand as an implausible attempt to extend the limited ruling in *linkLine*. *In re Neurontin Antitrust Litig.*, MDL No. 1479, 2009 WL 2751029, *15 (D.N.J. 2009). Monsanto could have raised this argument in its opening brief, but did not, depriving DuPont & Pioneer of the opportunity to counter the argument absent submission of this surreply.

g. Monsanto's Reply Memorandum misstates, for the first time, the Supreme Court's holding in *Verizon Comm'n Inc. v. Law Offices of Curtis v. Trinko*, 540 U.S. 398 (2004), as well as DuPont's and Pioneer's allegations regarding Monsanto's "refusal to allow rivals to reference its regulatory data package." (Reply at 26.) According to Monsanto's Reply Memorandum, *Trinko* limited liability in cases of refusals to deal to cases where "the defendant unilaterally terminated a voluntary prior course of dealing with rivals," and DuPont & Pioneer "fail[ed] to allege a prior voluntary course of dealing." (Reply at 27.) Both assertions are wrong for the reasons explained in the accompanying surreply. Monsanto could have raised this argument in its opening brief, but did not, depriving DuPont & Pioneer of the opportunity to counter the argument absent submission of this surreply.

h. Monsanto's Reply Memorandum newly argues its patent rights are irrelevant to evaluating whether its exploitation of regulatory requirements was exclusionary conduct. Monsanto has entirely changed its position as to whether it is entitled by its patent to withhold data necessary to obtain regulatory registrations. In its Reply Memorandum, to avoid the impact of DuPont's & Pioneer's allegations that its patents are invalid and unenforceable, Monsanto argues that the status of its patent does not matter for the purpose evaluating the anticompetitive effects of its exploitation of regulatory requirements. Monsanto now says "those claims have nothing to do with Monsanto's patent." (Reply at 28.) Monsanto took the opposite position in its opening brief, where it sought dismissal of DuPont's & Pioneer's so-called "export approval" claim because "[s]uch conduct does not violate the antitrust laws. Rather, it is part of the patent monopoly granted to a patent holder." (Br. at 27.) Neither of its contradictory positions matters, however, since the counterclaims allege both that the patents are invalid and unenforceable due to Monsanto's fraudulent conduct *and* that its exploitation of regulatory and registration requirements are one form of exclusionary conduct that, taken together with Monsanto's other anticompetitive conduct, has caused and continues to cause DuPont and Pioneer antitrust injury. As a result, if Monsanto's conduct was as alleged, it has violated the antitrust laws one way or the other. Monsanto could have raised this argument in its opening brief, but did not, depriving DuPont & Pioneer of the opportunity to counter the argument absent submission of this surreply.

5. Defendants respectfully suggest that they have established good cause for filing a surreply to address the new arguments and to correct the incorrect assertions in Monsanto's Reply Memorandum as outlined above.

WHEREFORE, Claimants respectfully request the Court grant them leave to file the accompanying Surreply In Opposition to Monsanto's Motion to Dismiss Certain Antitrust and Patent Counterclaims and/or to Strike Certain Patent Affirmative Defenses.

Dated: December 8, 2010

Respectfully submitted,

**LEWIS RICE FINGERSH, L.C.**

By: /s/ C. David Goerisch
Andrew Rothschild, #4214
C. David Goerisch, #77207
500 N. Broadway, Suite 2000
St. Louis, Missouri 63102
(314) 444-7600
(314) 241-6056 (facsimile)
arothschild@lewisrice.com
dgoerisch@lewisrice.com

Leora Ben-Ami
Thomas F. Fleming
Christopher T. Jagoe
**KAYE SCHOLER LLP**
425 Park Avenue
New York, New York 10022
(212) 836-8000
(212) 836-8689 (facsimile)
lbenami@kayescholer.com
tfleming@kayescholer.com
cjagoe@kayescholer.com

Donald L. Flexner
**BOIES, SCHILLER & FLEXNER LLP**
575 Lexington Avenue, 7th Fl.
New York, New York 10022
(212) 446-2300
(212) 446-2350 (facsimile)
dflexner@bsfllp.com

James P. Denvir
Amy J. Mauser
**BOIES, SCHILLER & FLEXNER LLP**
5301 Wisconsin Avenue, N.W.
Washington, D.C. 20015
202-237-2727
202-237-6131 (facsimile)
jdenvir@bsfllp.com
amauser@bsfllp.com

***Counsel for Defendants E.I. du Pont de Nemours and Company and Pioneer Hi-Bred International, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2010, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

- **Steven M. Berezney**
steve.berezney@huschblackwell.com
- **Kurt G. Calia**
kcalia@cov.com
- **Matthew A. Campbell**
macampbell@winston.com
- **Scott W. Clark**
sclark@mwe.com
- **Joseph P. Conran**
joe.conran@huschblackwell.com
- **Todd J. Ehlman**
tehlman@winston.com
- **Anthony J. Franze**
Anthony.Franze@aporter.com
- **Greg G. Gutzler**
greg.gutzler@huschblackwell.com
- **James M. Hilmert**
jhilmert@winston.com
- **George C. Lombardi**
glombardi@winston.com
- **Kurt A. Mathas**
kmathas@winston.com
- **Omri E. Praiss**
omri.praiss@huschblackwell.com
- **John J. Rosenthal**
jrosenthal@winston.com
- **Rebecca M. Ross**
rmross@winston.com
- **Mark A. Smith**
markasmith@winston.com
- **Steven G. Spears**
sspears@mwe.com,jjknapp@mwe.com
- **Tamara M. Spicer**
tamara.spicer@huschblackwell.com,jean.melenbrink@huschblackwell.com
- **Gail J. Standish**
gstandish@winston.com
- **Dan K. Webb**
dwebb@winston.com

/s/ C. David Goerisch