UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MONSANTO COMPANY, and<br>MONSANTO TECHNOLOGY LLC<br><br>      Plaintiffs,<br><br>      v.<br><br>E.I. DUPONT DE NEMOURS AND<br>COMPANY and PIONEER HI-BRED<br>INTERNATIONAL, INC.,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)  Case No. 4:09-cv-00686(ERW)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MONSANTO'S OPPOSITION TO DEFENDANTS'
MOTION FOR LEAVE TO FILE A SURREPLY**

Once again, Defendants ask this Court to extend the ordinary briefing schedule in this case so that they may file yet another surreply. As on the other occasions, Defendants make no attempt to satisfy this Court's admonition that "[s]ur-replies shall only be permitted . . . ***upon a showing of extraordinary circumstances***." 11/08/10 Case Management Order (Dkt. 414); *see also Lintz v. American General Finance, Inc.*, 50 F. Supp. 2d 1074, 1076 (D. Kan. 1999) ("leave to file a surreply is generally only granted in '*rare circumstances*'" (emphasis added)); *Aslani v. Sparrow Health Sys., Inc.,* 2009 WL 3711602, *22 (W.D. Mich. Nov. 23, 2009) ("both this court and other federal courts *rarely* grant leave to file a sur-reply" (emphasis added)).

The Proposed Surreply is nothing more than Defendants' thinly-veiled attempt to get the last word. Although they repeatedly state—without support or explanation—that Monsanto made "new" arguments "for the first time" in its Reply, even a cursory review of Monsanto's Reply belies this argument. Monsanto seeks no new relief and asserts no new theories for dismissal. Rather, like any other moving party in a reply, Monsanto simply responds to those

1
REDACTED VERSION

arguments raised in Defendants' Opposition. That Defendants feel the need to reinforce their arguments following Monsanto's Reply is no justification for another round of briefing. Because no extraordinary circumstances exist here, Monsanto respectfully requests that the Court deny Defendants' motion for leave to file their Proposed Surreply.

In the alternative, to the extent the Court is inclined to grant Defendants' motion, Monsanto respectfully requests the opportunity to file a response to the Proposed Surreply that would make the following points:

1. This Court has the authority to grant Monsanto's motion. Neither the fact that Monsanto answered a prior version of the complaint nor the fact that Monsanto seeks, in some cases, to dismiss only certain theories underlying Defendants' antitrust counterclaims changes that conclusion.

2. "█████" as defined in the ██████████████████████ includes Defendants' inequitable conduct defenses. Defendants' Surreply simply wastes this Court's time in highlighting a typographical error in Monsanto's Reply on an uncontested collateral issue—*i.e.*, that the parties entered into ███████ to avoid the cost of prosecuting and defending the various pending lawsuits between them.

3. Defendants have released their patent fraud antitrust claims based on the alleged fraud in the prosecution of the '435 patent. Their Surreply fails to address the fact that the arguments Defendants raised in connection with their inequitable conduct contentions cannot possibly apply to their patent fraud antitrust counterclaims. And even if any of those arguments could apply to the patent fraud antitrust claims, they would fail for the same reasons those arguments failed when raised in connection with their inequitable conduct contentions.

4. ██████████████████████ bars Defendants' stacking claims. Defendants' reading of that provision fails to give full effect to all of its terms. Defendants also fail to explain how the tying and exclusive dealing licensing provisions also at issue in the prior antitrust suits can fall within in ██████████ as Defendants readily admit, but the stacking restrictions do not.

5. ██████████ bars Defendants' contract reformation claims. Defendants fail to explain what the phrase in ████████████████████████████████████████████████ ████████████████████████████████████████████████████ could possibly mean under their reading of those provisions.

6. Defendants cannot save their invalid "export approval" theory simply by lumping it together with other allegations of anticompetitive conduct. The Supreme Court's decision in *linkLine*, the D.C. Circuit's decision *Covad Comm'ns Co. v. Bell Atlantic*

*Corp.*, 398 F.3d 666 (D.C. Cir. 2005), and other decisions confirm that facially invalid antitrust theories may be dismissed even when alleged to be part of an anticompetitive scheme.

7. *Trinko* requires dismissal of Defendants' "export approval" theory. *Trinko* and the various courts of appeals that have applied it all confirm that the *Aspen Skiing* exception to the general no-duty-to-deal rule applies only where there is a unilateral termination of a prior voluntary course of dealing. Thus, the SAAC's failure to allege this fact is fatal.

8. Defendants' "export approval" theory fails regardless of whether Monsanto's patents are held to be valid. Monsanto's failure to provide assurances that it will not sue under invalid patents does not violate the antitrust laws absent affirmative steps to enforce those patents. And the validity of those patents does not affect the analysis of Monsanto's refusal to permit rivals to reference its data packages or to maintain its regulatory approvals. Monsanto could prevent rivals from referencing its data package even if it never had any patents, and Defendants allege that Monsanto's failure to maintain regulatory approvals will not occur ***until after its patent expires***.

Monsanto has its response to the Proposed Surreply drafted. In the event the Court is inclined to permit the filing of Defendants' Proposed Surreply, Monsanto is prepared to submit that pleading forthwith.

Dated: December 15, 2010

Respectfully submitted,

HUSCH BLACKWELL LLP


By:  /s/ Joseph P. Conran                    .
Joseph P. Conran, E.D.Mo. # 21635MO
joe.conran@huschblackwell.com
Omri E. Praiss, E.D.Mo. # 41850MO
omri.praiss@huschblackwell.com
Greg G. Gutzler, E.D.Mo. # 48893MO
greg.gutzler@huschblackwell.com
Tamara M. Spicer, E.D.Mo. # 54037MO
tamara.spicer@huschblackwell.com
Steven M. Berezney, E.D.Mo. # 56091MO
steve.berezney@huschblackwell.com
190 Carondelet Plaza, Suite 600
St. Louis, MO  63105
(314) 480-1500 – telephone
(314) 480-1505 – facsimile

WINSTON & STRAWN LLP
Dan K. Webb
dwebb@winston.com
George C. Lombardi
glombardi@winston.com
Todd J. Ehlman
tehlman@winston.com
James M. Hilmert
jhilmert@winston.com
35 W. Wacker Drive, Suite 4200
Chicago, IL  60601
(312) 558-5600 – telephone
(312) 558-5700 – facsimile

John J. Rosenthal
jrosenthal@winston.com
Matthew A. Campbell
macampbell@winston.com
Jovial Wong
jwong@winston.com
1700 K Street, N.W.
Washington, DC  20006
(202) 282-5000 – telephone
(202) 282-5100 – facsimile

Gail J. Standish
gstandish@winston.com
333 South Grand Avenue
Los Angeles, CA 90071-1543
(213) 615-1700 – telephone
(213) 615-1750 – facsimile

MCDERMOTT WILL & EMERY
Steven G. Spears
sspears@mwe.com
Scott W. Clark
sclark@mwe.com
1000 Louisiana Street, Suite 3900
Houston, TX  77002-5005
(713) 653-1700 – telephone
(713) 739-7592 – facsimile

COVINGTON & BURLING LLP
Kurt G. Calia
kcalia@cov.com
1201 Pennsylvania Avenue, NW
Washington, DC  20004-2401
(202) 662-6000 – telephone
(202 662-6291 – facsimile

REDACTED VERSION


ARNOLD & PORTER LLP
Anthony J. Franze
anthony.franze@aporter.com
555 Twelfth Street, N.W.
Washington, DC  20004
(202) 942-5000 – telephone
(202) 942-5999 – facsimile

*Attorneys for Plaintiff Monsanto Company and Monsanto Technology LLC*

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on the 15th day of December, 2010, the foregoing was filed electronically with the Clerk of the Court for the United States District Court for the Eastern District of Missouri, Eastern Division, and was served by operation of that Court's electronic filing system, upon the following:

Andrew Rothschild, Esq.
C. David Goerisch, Esq.
Lewis, Rice & Fingersh, L.C.
600 Washington, Suite 2500
St. Louis, MO 63102

Leora Ben-Ami, Esq.
Thomas F. Fleming, Esq.
Christopher T. Jagoe, Esq.
Howard S. Suh, Esq.
Jeanna Wacker, Esq.
Kaye Scholer LLP
425 Park Avenue
New York, NY  10022

Donald L. Flexner, Esq.
Hershel Wancjer, Esq.
Cynthia Christian, Esq.
Robert M. Cooper, Esq.
Boies, Schiller & Flexner LLP
575 Lexington Avenue, 7th Fl.
New York, NY  10022

James P. Denvir, Esq.
Amy J. Mauser, Esq.
Boies, Schiller & Flexner LLP
5301 Wisconsin Avenue, N.W.
Washington, D.C.  20015


*Attorneys for Defendants*


                                                                 /s/ Joseph P. Conran          .

REDACTED VERSION