# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| MONSANTO COMPANY and<br>MONSANTO TECHNOLOGY LLC,<br><br>        Plaintiffs/Counterclaim<br>        Defendants,<br><br>    v.<br><br>E.I. DU PONT DE NEMOURS AND CO. and<br>PIONEER HI-BRED INTERNATIONAL, INC.,<br><br><br>        Defendants/Counterclaim<br>        Plaintiffs. | Case No. 09-cv-0686 (ERW)<br><br>**REDACTED VERSION** |

## DUPONT'S & PIONEER'S REPLY IN SUPPORT OF THEIR
## MOTION FOR LEAVE TO FILE A SURREPLY

Monsanto objects that DuPont & Pioneer "make no attempt to satisfy this Court's admonition that '[s]ur-replies shall only be permitted … *upon a showing of extraordinary circumstances*."[1] This objection is meritless. DuPont & Pioneer filed a motion seeking leave to file their surreply that specifically identifies Monsanto's new arguments and misstatements as circumstances that justify additional briefing.[2] Monsanto chose not to make those arguments and representations in its opening brief, but to hold them back for its reply brief, depriving DuPont & Pioneer of the opportunity to respond in the normal course of briefing. Under such circumstances, fairness requires disregarding the new arguments and misstatements or allowing a response. As a district court recently held in *Save the Peaks Coalition v. U.S. Forest Services*:

---

[1]     Monsanto's Opposition to Defendants' Motion for Leave to File a Surreply ("Opp.") at 1 (quoting Case Management Order) (emphasis and alteration in Opp.), Dkt. # 486.

[2]     DuPont's & Pioneer's Motion for Leave to File a Surreply in Opposition to Monsanto's Motion to Dismiss Certain Antitrust and Patent Counterclaims and/or to Strike Certain Patent Affirmative Defenses, Dkt. # 477.

> The rule that a moving party must present all of its evidence or raise all of its legal arguments in a substantive brief, rather than in reply, is grounded in the notion of fairness. Each time a moving party is permitted to raise new arguments or present new evidence in reply, absent the Court granting leave for the non-moving party to file a sur-reply brief, the non-moving party is essentially deprived of the opportunity to address these new contentions.

No. 09-Civ-8163, 2010 WL 3800896, *2 (D. Ariz. Sept. 22, 2010); *see also United States ex rel. Purcell v. MWI Corp.*, 520 F. Supp. 2d 158, 166 (D.D.C. 2007) ("If the movant raises arguments for the first time in his reply … the court will either ignore those arguments in resolving the motion or provide the nonmovant an opportunity to respond to those arguments by granting leave to file a sur-reply."); *cf. Anheuser-Busch, Inc. v. John Labatt Ltd.*, 89 F.3d 1339, 1347 (8th Cir. 1996) ("Out of fairness to Labatt … we will not consider A-B's assertion … because Labatt has not had an opportunity to respond to that argument.").

DuPont & Pioneer do not seek to stop Monsanto from making its substantive arguments; they ask only for an opportunity to respond to them, which courts routinely allow under the circumstances identified in the motion for leave.[3] *E.g., Electrocraft Arkansas, Inc. v. Super Elec. Motors, Ltd*, 09-Civ-0318, 2010 WL 3307461, *1 n.2 (E.D. Ark. Aug. 19, 2010) ("The Court denied a motion of Electrocraft to strike Super Electric's reply for allegedly containing new arguments not raised in its motion for summary judgment but allowed Electrocraft to file a sur-reply to Super Electric's reply."); *Klein v. MHM Correctional Servs., Inc.*, No. 08-Civ-11814, 2010 WL 3245291, *2 (D. Mass. Aug. 16, 2010) ("Because defendants' reply arguably incorporated new arguments … a surreply is appropriate."); *Humphries v. I.R.S.*, No. 10-Civ-61176, 2010 WL 3119398, *4 (S.D. Fla. Aug. 5, 2010) ("Because the Plaintiff's Reply raised new issues … the Government was permitted to file a Sur-Reply"); *SOFCO, LLC v. Nat'l Bank*

---

[3]    Indeed, a party can forfeit procedural due process rights under the Fifth Amendment to the U.S. Constitution by failing to seek leave to file a surreply "to contest matters presented to the court for the first time in the last scheduled pleading." *Ben-Kotel v. Howard University*, 319 F.3d 532, 536 (D.C. Cir. 2003).

*of Kansas City*, No. 08-2366, 2009 WL 3053746, *1 n.1 (D. Kan. Sept. 18, 2009) ("Because the reply could be construed to raise new arguments … the Court grants plaintiffs' motion and has considered the arguments raised in the surreply"); *Inter-Med, Inc. v. ASI Med., Inc.*, No. 09-Civ-383, 2010 WL 2854288, *1 (E.D. Wis. July 19, 2010) (allowing surreply because "defendant asserts … [it] is necessary to 'correct and clarify certain misstatements and misrepresentations' in … reply brief"); *Cedar Farm, Harrison County, Inc. v. Louisville Gas and Elec. Co.*, No. 07-Civ-1230, 2010 WL 1268051, *2 (S.D. Ind. March 26, 2010) (allowing surreply "necessary to correct misstatements … about the nature of its claims … and the history of this case").

Even the authorities Monsanto puts forward as barring surreplies outside of "rare circumstances" acknowledge additional briefing is justified where a reply improperly raises "***new issues, theories or arguments … for the first time***" or contains "***substantive defects or misrepresentations***" – precisely the circumstances DuPont & Pioneer point to here. *Aslani v. Sparrow Health Sys., Inc.*, No. 08-Civ-298, 2009 WL 3711602, *22-23 (W.D. Mich. 2009) (emphasis added); *see also Lintz v. Am. Gen. Finance, Inc.*, 50 F. Supp. 2d 1074, 1076 n.1 (D. Kan. 1999) ("[L]eave to file a surreply is generally only granted in rare circumstances ***as where the movant improperly raises new arguments in a reply***.") (quotation omitted; emphasis added).[4] Accordingly, Monsanto's opposition to filing the surreply is without legal basis.

It is also without factual basis. Monsanto asserts that its reply brief "seeks no new relief and asserts no new theories for dismissal." (Opp. at 1.) As shown above, the question is whether Monsanto's Reply raises "new issues, theories or arguments" or contains "substantive defects or misrepresentations." Monsanto's Reply presents all of these problems. First, the Reply raises new issues, theories and arguments for the first time that warrant additional briefing:

---

[4]     Monsanto quotes *Aslani* and *Lintz*, but omits language acknowledging as sufficient DuPont's & Pioneer's identified reasons for seeking leave to file their surreply. *See* Opp. at 1.

1.  The Reply offers a completely new interpretation of the ███████████ ███████████, relying on a strained interpretation of contract language Monsanto does not even mention in the argument in its opening brief. *Compare* Reply at 16 & n.9 *with* Memorandum of Law in Support of Monsanto's Motion to Dismiss ("Br.") at 19-21, Dkt. #338.

2.  The Reply offers a completely new interpretation of the ███████████ that misrepresents the terms of ███████████████, omitting key terms that ██████████████████████████████████████████████████████████. Monsanto argues in reply that "███████████████████████ ████████████████████████████████████████████" after acknowledging in its opening brief that "████████████████████████████████████████████████" *Compare* Reply at 19-20 *with* Br. at 9 (emphasis added).

3.  The Reply argues for the first time that the Supreme Court's *linkLine* decision reversed or limited the long line of cases holding components of a multifaceted overall scheme to monopolize must be considered and evaluated together. Monsanto cited *linkLine* in its opening brief, but did not raise as a basis for dismissal its mistaken interpretation of *linkLine* as overruling or limiting *Continental Ore*. *Compare* Reply at 24-25 *with* Br. at 27.

4.  The Reply argues for the first time that the Supreme Court's *Trinko* decision imposes a new requirement that antitrust plaintiffs must allege a monopolist has ceased a voluntary course of dealing. Monsanto cited *Trinko* in its opening brief, but did not raise as a basis for dismissal its interpretation of *Trinko* as imposing a new pleading requirement. *Compare* Reply at 26-27 *with* Br. at 28.

5.  The Reply reverses Monsanto's position as to whether it is entitled by its patent to withhold data necessary to obtain regulatory approvals and registrations, arguing its patent rights are irrelevant to evaluating whether its conduct was exclusionary. *Compare* Reply at 28 *with* Br. at 27.

Monsanto offers each of these arguments as a basis for dismissal. And in each case, Monsanto could have raised the argument in its opening brief, but chose not to do so.

The Reply also contains substantive defects and misrepresentations that warrant additional briefing:

1.  The Reply misrepresents the nature of the allegations in the SAAC and case law concerning dismissal of causes of action to argue that it "could not possibly have moved to dismiss the inequitable conduct, reformation, sham litigation, and 'export approval' claims asserted for the first time in the SAAC." *Compare* Reply at 1 *with* Surreply at 1-2.

2.  The Reply misrepresents the text of the ████████████████████ ████████████████████ to argue that defenses were released. *Compare* Reply at 7

4

*with* Surreply at 3. Monsanto acknowledges this misstatement, calling it a typographical error. (Opp. at 2.)

3.   The Reply misrepresents DuPont's & Pioneer's opposition brief by arguing it does not address the effect of the ███ on their patent fraud counterclaims. *Compare* Reply at 14 *with* Surreply at 3-4.

4.   In arguing its new interpretation of *Trinko*, the Reply misrepresents DuPont's and Pioneer's allegations regarding Monsanto's changed course of dealing. *Compare* Reply at 27 *with* Surreply at 12-13.

All these misrepresentations and defects warrant additional briefing to correct the record.[5]

In the alternative, Monsanto requests leave to file a response to their surreply. (Opp. at 2-3.)   Monsanto has not presented any reason for the Court to allow such a response. Monsanto's rehearsal of what it would argue demonstrates that with one exception it seeks simply to rehash the arguments it made in its Reply.[6]   It is clearly within the Court's discretion to refuse to allow additional briefing to repeat points Monsanto has already made in 57 pages of briefing.   In the event the Court permits Monsanto to file a third brief, however, DuPont & Pioneer request the Court's order make clear that such a brief may not argue "Monsanto could prevent rivals from referencing its data package even if it never had any patents." (Opp. at 3 pt. 8.) Monsanto chose not to present that argument in either its opening brief or its reply brief, and allowing it to propose yet another basis for dismissal without giving DuPont & Pioneer the opportunity to make the very strong arguments in opposition would be unfair.

For all these reasons, DuPont & Pioneer respectfully request that the Court grant DuPont's & Pioneer's motion for leave to file a surreply to address the new issues, theories and arguments and the substantive defects and misrepresentations raised in Monsanto's Reply.

---

[5]     Depriving DuPont & Pioneer of the opportunity to respond on the merits to Monsanto's new arguments and misstatements also exposes the Court and the parties to the risk of a mistaken ruling based on legal or factual error. *Noel v. Artson*, 297 Fed. Appx. 216, 219 (4th Cir. 2008) (refusing to review denial of summary judgment on issue raised for the first time in reply brief filed in the district court, because "[c]onsidering an argument advanced for the first time in a reply brief ... entails the risk of an improvident or ill-advised opinion.") (quotation omitted).

[6]     Indeed, the points Monsanto says it would make in response simply restate the arguments in its Reply brief, and in many cases the reply brief point headers. *Compare* Opp. pt. 2 *with* Reply at 7; Opp. pt 3 *with* Reply at 9; Opp. pt. 4 *with* Reply at 15; Opp. pt. 5 *with* Reply at 17; Opp. pt. 6 *with* Reply at 24; Opp. pt. 7 *with* Reply at 27.

Dated:  December 20, 2010

Respectfully submitted,

**LEWIS, RICE & FINGERSH, L.C.**

By:    /s/ C. David Goerisch
        Andrew Rothschild, #4214
        C. David Goerisch, #77207
600 Washington Avenue, Suite 2500
St. Louis, Missouri  63101
(314) 444-7600
(314) 241-6056 (facsimile)
arothschild@lewisrice.com
dgoerisch@lewisrice.com

Leora Ben-Ami
Thomas F. Fleming
Christopher T. Jagoe
Howard S. Suh
**KAYE SCHOLER LLP**
425 Park Avenue
New York, New York  10022
(212) 836-8000
(212) 836-8689 (facsimile)
lbenami@kayescholer.com
tfleming@kayescholer.com
cjagoe@kayescholer.com
hsuh@kayescholer.com

Donald L. Flexner
**BOIES, SCHILLER & FLEXNER LLP**
575 Lexington Avenue, 7th Fl.
New York, New York 10022
(212) 446-2300
(212) 446-2350 (facsimile)
dflexner@bsfllp.com

James P. Denvir
Amy J. Mauser
**BOIES, SCHILLER & FLEXNER LLP**
5301 Wisconsin Avenue, N.W.
Washington, D.C. 20015
202-237-2727
202-237-6131 (facsimile)
jdenvir@bsfllp.com
amauser@bsfllp.com

***Counsel for Defendants E.I. du Pont de Nemours and Company and Pioneer Hi-Bred International, Inc.***

6

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2010, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

- **Steven M. Berezney**
  steve.berezney@huschblackwell.com
- **Kurt G. Calia**
  kcalia@cov.com
- **Matthew A. Campbell**
  macampbell@winston.com
- **Scott W. Clark**
  sclark@mwe.com
- **Joseph P. Conran**
  joe.conran@huschblackwell.com
- **Todd J. Ehlman**
  tehlman@winston.com
- **Anthony J. Franze**
  Anthony.Franze@aporter.com
- **Greg G. Gutzler**
  greg.gutzler@huschblackwell.com
- **James M. Hilmert**
  jhilmert@winston.com
- **George C. Lombardi**
  glombardi@winston.com
- **Kurt A. Mathas**
  kmathas@winston.com
- **Omri E. Praiss**
  omri.praiss@huschblackwell.com
- **John J. Rosenthal**
  jrosenthal@winston.com
- **Rebecca M. Ross**
  rmross@winston.com
- **Mark A. Smith**
  markasmith@winston.com
- **Steven G. Spears**
  sspears@mwe.com,jjknapp@mwe.com
- **Tamara M. Spicer**
  tamara.spicer@huschblackwell.com,jean.melenbrink@huschblackwell.com
- **Gail J. Standish**
  gstandish@winston.com
- **Dan K. Webb**
  dwebb@winston.com

/s/ C. David Goerisch