UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MONSANTO COMPANY and | ) | |
| MONSANTO TECHNOLOGY LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:09CV00686 ERW |
| | ) | |
| E.I. DUPONT DE NEMOURS AND | ) | |
| COMPANY and PIONEER HI-BRED | ) | |
| INTERNATIONAL, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiffs Monsanto Co. and Monsanto Technology LLC's (collectively, "Monsanto") Motion for Partial Summary Judgment of Infringement of Claims 116, 119, 122 and 125 of the '247 Patent [doc. #94], Defendants E.I. du Pont de Nemours & Co. and Pioneer Hi-Bred International, Inc.'s (collectively, "Defendants") Motion for Continuance and Discovery pursuant to Fed. R. Civ. P. 56(d)[1] [doc. #107], Defendants' Motion for Partial Summary Judgment of Invalidity for Improperly Broadened Reissue Claims [doc. #215], Defendants' Motion to Extend Date to Disclose Opinions of Counsel [doc. #319], Defendants' Motion to Bifurcate and Stay Discovery with respect to Willful Infringement pursuant to Fed. R. Civ. P. 42(b) [doc. #328], Monsanto's Motion to Dismiss Certain Antitrust, Patent and Contract Counterclaims and/or Strike Certain Patent and Contract Affirmative Defenses [doc. #334], Monsanto's Motion for Extension of Time [doc. #337], Monsanto's Motion to Confirm Defendants' Election not to Rely on the Advice of Counsel to

---

[1] Defendants' Motion, as filed, refers to the former Fed. R. Civ. P. 56(f), a provision which has since been relocated to Fed. R. Civ. P. 56(d) pursuant to the 2010 amendments to the Federal Rules of Civil Procedure.

Defend against Willful Infringement [doc. #399], Defendants' Motion to Modify the November 2, 2010 *Markman* Memorandum and Order [doc. #447], and Defendants' Motion for Leave to File a Surreply in Opposition to Monsanto's Motion to Dismiss Certain Antitrust or Patent Counterclaims and/or to Strike Certain Patent Affirmative Defenses [doc. #477].

I. **MOTIONS FOR PARTIAL SUMMARY JUDGMENT AND DEFENDANTS' MOTION FOR DISCOVERY**

In its Motion for Partial Summary Judgment of Infringement, Monsanto contends that it is entitled to summary judgment that Defendants that infringed on claims 116, 119, 122, and 125 of U.S. Patent No. RE39,247 ("the '247 Patent") by making, using, or selling soybean plants and seeds containing Monsanto's Roundup Ready® trait and Defendants' Optimum® GAT® trait. In response, Defendants filed their Motion for Discovery, arguing that Monsanto's Motion should either be denied or held in abeyance to give them an opportunity to conduct discovery, pursuant to Fed. R. Civ. P. 56(e).[2] Defendants' Motion for Partial Summary Judgment asks for summary judgment in their favor on Monsanto's Counts I and II and on Defendants' Counterclaim IX, based on their contention that claims 102 and 115-127 of the '247 Patent are invalid for enlarging the scope of the claims of the predecessor patent, U.S. Patent No. 5,633,435 ("the '435 Patent").

These Motions for Partial Summary Judgment will be denied, with leave to re-file following the completion of discovery, and Defendants' Motion for Discovery will therefore also be denied as moot. On November 2, 2010, after the parties filed these Motions, the Court issued

---

[2] This Rule provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."

2

its Memorandum and Order construing the claims of the '247 Patent [doc. #411]. Because the Court's conclusions in that Memorandum and Order necessarily affect the parties' arguments with respect to the infringement or invalidity of the claims of the '247 Patent, the Court concludes that the most efficient means of resolving these matters is to deny the present Motions and allow the parties to restate their arguments in favor of summary judgment after discovery has concluded.

## II. DEFENDANTS' MOTION TO BIFURCATE AND STAY DISCOVERY WITH RESPECT TO WILLFUL INFRINGEMENT

In this Motion, Defendants argue that the Court should bifurcate and stay discovery on Monsanto's claim of willful infringement, because Defendants will otherwise be prejudiced in terms of having to decide whether to waive attorney-client privilege in order to present a defense of reliance on the opinions of counsel. Monsanto contends, among other things, that the willful infringement issues are not distinct from the other infringement claims, that bifurcation would be inefficient, and that the decision whether to waive attorney-client privilege does not justify the relief Defendants seek.

Fed. R. Civ. P. 42(b) provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." "The decision to separate or bifurcate a trial is committed to the sound discretion of the trial court" and will only be overturned on appeal for an abuse of discretion. *Farmers Coop. Co. v. Senske & Son Transfer Co.*, 572 F.3d 492, 498 (8th Cir. 2009). As this Court has recognized, in cases in which a jury will decide all of the relevant issues, the interests in resolving litigation efficiently, economically, and without undue delay

counsel against bifurcation. *See Dekalb Genetics Corp. v. Syngenta Sees, Inc.*, 2008 WL 382385, at *2 (E.D. Mo. 2008).

The Court, in its discretion, finds that bifurcation and a stay of discovery are not warranted with respect to Monsanto's willful infringement claim. Throughout this litigation, Defendants have repeatedly pressed for an expedited resolution, emphasizing that they are operating "under a cloud" based on Monsanto's yet-to-be-proved allegations of infringement and breach of contract. Were the Court to grant the requested stay, it would of course necessarily further delay the resolution of this case, as well as introduce further complications into discovery that has already proven to be highly complex and contentious. Furthermore, the Court agrees with Monsanto that Defendants' decision with respect to waiving attorney-client privilege does not justify such a drastic alteration of the schedule in this case, in that granting the requested stay would also affect discovery into numerous other willful infringement issues. Lastly, the Court finds that it would be inefficient to bifurcate these issues. Although it would be feasible to present infringement and willful infringement issues to a jury separately, doing so would necessarily involve a significant amount of duplicative evidence, and the Court concludes that Defendants' arguments in favor of bifurcation are insufficiently persuasive to warrant such a waste of resources. As such, Defendants' Motion will be denied, and this litigation will proceed as scheduled.

## III. DEFENDANTS' MOTION TO EXTEND DATE TO DISCLOSE OPINIONS OF COUNSEL AND MONSANTO'S MOTION TO CONFIRM DEFENDANTS' ELECTION NOT TO RELY ON THE ADVICE OF COUNSEL

Defendants have yet to disclose any opinions of counsel on which they intend to rely in defense to Monsanto's claim of willful infringement, and based on the Court's conclusion above

that bifurcation of the willful infringement issues is unwarranted, there is no longer any reason for Defendants to withhold that election. Accordingly, the Court will grant Defendants' Motion and order that Defendants must disclose such opinions, if they have not done so already, no later than February 20, 2011, and Monsanto's Motion will be denied as moot.

IV. **MONSANTO'S MOTION TO DISMISS CERTAIN ANTITRUST, PATENT, AND CONTRACT COUNTERCLAIMS AND DEFENDANTS' MOTION FOR LEAVE TO FILE SURREPLY**

Monsanto contends in its Motion that certain of Defendants' defenses and counterclaims must be dismissed because (1) many of Defendants' allegations of inequitable conduct, patent fraud, sham litigation, and other anticompetitive conduct were the subject of prior litigation between the parties, and the parties reached a settlement in that litigation in which Defendants released Monsanto from liability for such actions; (2) Defendants' antitrust counterclaims based on stacking restrictions in the license agreements between the parties are barred by the four-year statute of limitations for private antitrust actions; and (3) Defendants' "export approval" antitrust theory fails to state a cognizable antitrust claim.

It is apparent to the Court, from the briefing of this Motion and from at least tangentially-related discovery issues that presented themselves after this Motion was filed, that significant factual issues remain with respect to the effect of the settlement of the parties' prior litigation and the applicable statute of limitations, such that the Court concludes that these issues are more properly addressed in the context of a motion for summary judgment. Furthermore, the parties are currently proceeding toward a resolution of discovery on the patent and contract aspects of this litigation, and it will be more efficient for the Court to consider these issues once the factual record has, to some extent, been established. Lastly, the Court agrees with Defendants that their

5

so-called "export approval" theory is but one component of much broader antitrust allegations, and the Court declines at this time to strike these allegations in isolation.

As such, Monsanto's Motion to Dismiss will be denied, and Defendants' Motion for Leave to File a Surreply to that Motion will be denied as moot. The Court wishes to emphasize, however, that it expects to consider these issues again at a later juncture with the benefit of a more fully-developed factual record.

## V. MONSANTO'S MOTION FOR EXTENSION OF TIME

In this Motion, Monsanto requests an extension of the deadline to file a response to Defendants' SAAC until fourteen days after resolution of the Motion to Dismiss discussed in the preceding Section. This request will be granted, and Monsanto will be ordered to file its Answer to the SAAC no later than February 20, 2011.

## VI. DEFENDANTS' MOTION TO MODIFY THE NOVEMBER 2, 2010 *MARKMAN* MEMORANDUM AND ORDER

The Court has reviewed the briefing of this Motion at length – just as it considered in great detail the parties' respective arguments before arriving at the conclusions set forth in the November 2, 2010 Memorandum and Order construing the claims of the '247 Patent – and finds that Defendants have failed to set forth a persuasive basis for modifying that Order. Defendants present arguments either that the Court has considered and rejected, or that could have been advanced previously and were not, and neither type of argument is sufficient to entitle Defendants to relief under Federal Rule of Civil Procedure 60(b). *See Elder-Keep v. Aksamit*, 460 F.3d 979, 984-85 (8th Cir. 2006) (noting that a motion for reconsideration is a Rule 60(b) motion when directed at a non-final order, and that such motions will generally be denied in the

absence of manifest error or the presence of new facts or legal authority that could not have been presented previously). The Court therefore concludes that Defendants' Motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Monsanto's Motion for Partial Summary Judgment of Infringement of Claims 116, 119, 122 and 125 of the '247 Patent [doc. #94] is **DENIED**, with leave to re-file following the completion of discovery.

**IT IS FURTHER ORDERED** that Defendants' Motion for Continuance and Discovery pursuant to Fed. R. Civ. P. 56(e) [doc. #107] is **DENIED, as moot**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Partial Summary Judgment of Invalidity for Improperly Broadened Reissue Claims [doc. #215] is **DENIED**, with leave to re-file following the completion of discovery.

**IT IS FURTHER ORDERED** that Defendants' Motion to Extend Date to Disclose Opinions of Counsel [doc. #319] is **GRANTED**. Defendants shall make the relevant disclosures, to the extent Defendants elect to do so, no later than February 20, 2011.

**IT IS FURTHER ORDERED** that Defendants' Motion to Bifurcate and Stay Discovery with respect to Willful Infringement pursuant to Fed. R. Civ. P. 42(b) [doc. #328] is **DENIED**.

**IT IS FURTHER ORDERED** that Monsanto's Motion to Dismiss Certain Antitrust, Patent and Contract Counterclaims and/or Strike Certain Patent and Contract Affirmative Defenses [doc. #334] is **DENIED**.

**IT IS FURTHER ORDERED** that Monsanto's Motion for Extension of Time [doc. #337] is **GRANTED**. Monsanto shall file its Answer to Defendants' Second Amended Answer and Counterclaims no later than February 20, 2011.

**IT IS FURTHER ORDERED** that Monsanto's Motion to Confirm Defendants' Election not to Rely on the Advice of Counsel to Defend against Willful Infringement [doc. #399] is **DENIED, as moot**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Modify the November 2, 2010 *Markman* Memorandum and Order [doc. #447] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Leave to File a Surreply in Opposition to Monsanto's Motion to Dismiss Certain Antitrust or Patent Counterclaims and/or to Strike Certain Patent Affirmative Defenses [doc. #477] is **DENIED, as moot**.

Dated this 31st Day of January, 2011.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE