UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MONSANTO COMPANY and<br>MONSANTO TECHNOLOGY LLC,<br><br>    Plaintiffs,<br><br>vs.<br><br>E.I. DUPONT DE NEMOURS AND<br>COMPANY and<br>PIONEER HI-BRED INTERNATIONAL,<br>INC.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 4:09-cv-00686-ERW<br>)<br>)<br>)<br>)<br>)<br>) |

**DECLARATION OF AMY J. MAUSER**

I, Amy J. Mauser, declare as follows:

1. I am a partner at the law firm Boies, Schiller & Flexner LLP, and am one of the lawyers representing E.I. du Pont de Nemours and Company ("DuPont") and Pioneer Hi-Bred International, Inc. ("Pioneer") in the above matter. I base this Declaration on my personal knowledge.

2. Beginning in August 2009 through the end of 2009 I participated in negotiations and discussions with counsel for Monsanto on the scope of discovery, including the stipulation the parties agreed to with respect to electronically-stored information ("ESI Stipulation"). In such discussions, DuPont and Pioneer were primarily represented by my partner Cynthia Christian, my co-counsel Thomas Fleming, a partner at the law firm Kaye Scholer LLP, and me. While I was generally aware of the scope of the negotiations and discussions between the parties

during the January – April 2010 time frame, and participated in such negotiations and discussions from time to time, I was less involved during that time period because I was on maternity leave.

3.      Between January and April 2010, the parties continued to discuss and exchange drafts of the ESI Stipulation.  The parties' ultimate agreement concerning what the custodial approach to document collection would consist of was memorialized in Paragraph 7 of the ESI Stipulation they agreed to in April 2010.

4.      Based on the agreed-to language of Paragraph 7, I understood that during custodian interviews the parties would make reasonable inquiries of the custodians to identify central files, archives, and shared servers ("shared data locations") where potentially relevant documents and electronically-stored information used by, accessible or available to, or relied on by such custodians in connection with their job functions could be located.

5.      I participated in supervising the collection of documents by DuPont and Pioneer in response to Monsanto's document requests.  When interviewing custodians during the process of collecting documents, consistent with Paragraph 7 of the ESI Stipulation, DuPont and Pioneer custodians were asked where they personally stored or accessed potentially relevant electronically-stored information and hard copy documents, and whether they knew of any central or shared locations where potentially relevant hard copy and electronically-stored information were stored or accessible for use in connection with their job functions.  During the interview process, some of the custodians identified shared data locations used by business groups at Pioneer, such as Communications and Marketing central files.   I also understand that other such shared or central files were identified.  These files were collected, processed, reviewed, and produced through the custodial collection process required under Paragraph 7.

Neither the collection nor the review of these materials excluded information that was not stored or maintained by one of the designated custodians from whom DuPont and Pioneer agreed to collect documents.

6. It is my understanding that DuPont and Pioneer produced over 700,000 pages of documents from shared data locations identified during custodian interviews, even though many of those documents did not belong specifically to one of the designated custodians from whom DuPont and Pioneer agreed to collect documents.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on February 9, 2011.

    /s/ Amy J. Mauser
 Amy J. Mauser
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Avenue, N.W., Suite 800
Washington, D.C. 20015

## CERTIFICATE OF SERVICE

I hereby certify that on February 9, 2011, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing under seal and also sent the foregoing document via email to the following ECF registrants:

- **Steven M. Berezney**
steve.berezney@huschblackwell.com
- **Kurt G. Calia**
kcalia@cov.com
- **Matthew A. Campbell**
macampbell@winston.com
- **Scott W. Clark**
sclark@mwe.com
- **Joseph P. Conran**
joe.conran@huschblackwell.com
- **Todd J. Ehlman**
tehlman@winston.com
- **Anthony J. Franze**
Anthony.Franze@aporter.com
- **Greg G. Gutzler**
greg.gutzler@huschblackwell.com
- **James M. Hilmert**
jhilmert@winston.com
- **George C. Lombardi**
glombardi@winston.com
- **Kurt A. Mathas**
kmathas@winston.com
- **Omri E. Praiss**
omri.praiss@huschblackwell.com
- **John J. Rosenthal**
jrosenthal@winston.com
- **Rebecca M. Ross**
rmross@winston.com
- **Mark A. Smith**
markasmith@winston.com
- **Steven G. Spears**
sspears@mwe.com,jjknapp@mwe.com
- **Tamara M. Spicer**
tamara.spicer@huschblackwell.com,jean.melenbrink@huschblackwell.com
- **Gail J. Standish**
gstandish@winston.com
- **Dan K. Webb**
dwebb@winston.com

/s/ C. David Goerisch