IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MONSANTO COMPANY and MONSANTO TECHNOLOGY LLC, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| E.I. DUPONT DE NEMOURS AND COMPANY and PIONEER HI-BRED INTERNATIONAL, INC., | ) ) ) ) | Case No. 4:09-cv-00686-ERW |
| Defendants. | ) ) | |

**MEMORANDUM IN SUPPORT OF MONSANTO'S MOTION TO DEEM DEFENDANTS' SUMMARY JUDGMENT MOTIONS AS FILED ON JUNE 1, 2011**

After several months, multiple rounds of briefing – and undoubtedly after the Court had expended substantial time and effort just reading the parties' submissions – the Court recently denied without prejudice motions for summary adjudication that had been filed by both parties. The Court concluded "that the most efficient means of resolving these matters is to deny the present Motions and allow the parties to restate their arguments in favor of summary judgment *after discovery has concluded.*" (Court's 1/31/11 Order (Dkt. No. 550) (emphasis added).) Despite this clear indication of the Court's preference for an efficient and orderly presentation of motions, Defendants filed two more motions for summary adjudication on February 18, 2011. By this motion, Monsanto respectfully requests that the Court deem these motions filed on June 1, 2011 – the date set forth in the most recent proposed case management order for the close of expert discovery (Dkt. No. 632) – so that the parties' briefing and the Court's consideration of them takes place after the close of all discovery, at a more appropriate and efficient time in the litigation.

1

Not only do Defendants' new motions implicate expert discovery that has not yet begun, let alone concluded, one of the motions *may never be ripe*. Defendants have filed a narrow motion that seeks *only* to limit damages, *only* for a short time period, and *only* if they are found to infringe certain – but not other – of the claims Monsanto has asserted in this litigation. As Defendants' motion implicitly concedes, if they are found to infringe either claim 1 or 2 of the '247 reissue patent, and they fail to meet the clear and convincing evidence standard to invalidate those claims, their new motion will be moot. To put it mildly, Defendants' motion is premature, and neither the Court nor Monsanto should waste any time dealing with it at this stage of the proceedings.

In addition, the Court presently has pending before it seven discovery motions that are more pressing than any summary adjudication motion (particularly since neither of Defendants' motions, even if granted, could end the case). (*See* Dkt. Nos. 543, 591, 596, 613, 622, 638, 640.) These motions must be fully briefed (several are not) and decided before discovery can be completed.

The Court's Case Management Order sets forth the dates on which fact and expert discovery close, after which dispositive motions will be filed. Consequently, Monsanto respectfully requests that briefing and consideration of Defendants' new motions be delayed until June 1, 2011 so that discovery (including expert discovery) may be completed first, and so that the Court need not again consider motions that are not truly ripe for resolution.

## ARGUMENT

On February 18, 2011, Defendants filed two separate motions for partial summary adjudication: one on the question of "absolute intervening rights" and another concerning Monsanto's alleged "acquiescence" in certain PTO examiner rejections. Both of Defendants'

2

motions ask the court to decide issues which are not yet ready for consideration in light of ongoing discovery, or which the Court may never need to consider in any event.

**A.     Defendants' Intervening Rights Motion**

In the first motion, Defendants asks the Court to *assume* that the jury has returned an infringement verdict on claims *other than* isolated DNA claims 1 and 2 (the "Intervening Rights Motion"). (*See* Memo. at 1 (noting three categories of claims at issue and requesting a ruling as to only two categories).)  Defendants then ask the Court to rule as a matter of law, in this hypothetical scenario, that their damages are limited to a certain time frame based on the doctrine of absolute intervening rights.[1]  Defendants therefore ask the Court to adjudicate an issue it may never have to reach.  The doctrine of absolute intervening rights presupposes infringement and provides only a potential limitation on the recovery of damages.  *See BIC Leisure Prods., Inc. v. Windsurfing Int'l, Inc.*, 1 F.3d 1214, 1220 (Fed. Cir. 1993); *see also Laitram Corp. v. NEC Corp.*, 115 F.3d 947, 951-52 (Fed. Cir. 1997) ("claim identicality issues . . . [are] not antecedent to deciding the infringement issue, either logically or legally").  For that reason, intervening rights are often considered after the plaintiff has secured a liability judgment, as occurred in *BIC Leisure Products*, 1 F.3d at 1221.  If the jury returns any verdict other than the hypothetical verdict Defendants advance, then the Court's ruling on the Intervening Rights Motion will automatically become moot.  The issue is therefore not ripe for consideration, and it would be a waste of resources to brief and decide the issue at this stage of the lawsuit.

Nor does it make sense to consider the motion while discovery is ongoing.  To decide the Intervening Rights Motion, the Court must decide whether the claims in the original and reissue patent are "substantially identical," *i.e.* whether Monsanto made "substantive" changes affecting

---

[1]  Specifically, Defendants' motion seeks only to preclude damages arising before the '435 patent reissued as the '247 patent in August 2006. (Memo. at 1-2).

3

the scope of the claims in the reissue patent. *Kaufman Co., Inc. v. Lantech, Inc.*, 807 F.2d 970, 977 (Fed. Cir. 1986) (whether claims are "identical" is a question of whether the original claims are "without substantive change"). Since claim terms are viewed from the perspective of a person of ordinary skill in the art, determining whether a claim amendment was "substantive" requires expert input in the form of depositions and reports. *See, e.g., Engineered Data Prods., Inc. v. GBS Corp.*, 506 F. Supp. 2d 461, 467 (D. Colo. 2007); *see also Tillotson, Ltd. v. Walbro Corp.*, 831 F.2d 1033, 1039 (Fed. Cir. 1987) (denying motion for summary judgment on broadening of reissue claim where "[e]vidence, including expert testimony, will likely be helpful in determining the thrust and meaning of the prosecution histories and the prior art"); *Laitram Corp. v. NEC Corp.*, 952 F.2d 1357, 1364 (Fed. Cir. 1991). The Intervening Rights Motions requires comparison of the claims of the original '435 patent with those of the '247 reissue patent much in the same way Defendants' broadening reissue motion did, and the Court concluded that motion should be re-briefed and considered by the Court "after discovery has concluded." Court's 1/31/11 Order (Dkt. 550). There is no reason to treat this motion differently.

It would be a waste of resources to consider these issues now since fact discovery has not yet closed, the Court already has seven motions to compel regarding discovery on its docket (some of which the parties are still in the process of briefing), *and expert discovery has not even commenced*. As a result, whatever briefing the parties submit will likely have to be supplemented at a later date, once discovery is concluded.

Defendants make only a half-hearted attempt to convince the Court to consider this motion now, citing a single case, *Engineered Data Products, Inc. v. GBS Corp.*, 506 F. Supp. 2d 461, 468-73 (D. Colo. 2007), for the proposition that the Court "has authority" to consider the defense of intervening rights at this stage of the litigation (Memo. at 9.). Yet the court in

4

*Engineered Data* considered the intervening rights issue four years into the lawsuit, which suggests that the parties were at a more advanced stage of the litigation than the parties are here. 506 F. Supp. 2d at 466. Moreover, the court in *Engineered Data* considered *cross-motions* for summary judgment on the issue of intervening rights, which indicates that both sides believed the issue was ripe for consideration. *Id.* Nothing in *Engineered Data* suggests that this Court should entertain such a motion under the circumstances present in this case.

The question here – not present in *Engineered Data* – is whether the Court should consider Defendants' motions now given the lack of efficiency and likely waste of judicial resources. It should not. *EdiSync Sys., Inc. v. Centra Software, Inc.*, Civil Action No. 03-cv-1587-WYD-MEH, 2009 WL 3698520, at *2-3 (D. Colo. Nov. 6, 2009) (granting second stay of lawsuit for second reexamination proceeding, despite delay in ruling on intervening rights issue, in part because a stay would "reduce the burden of litigation on the parties, simplify or eliminate the issues before the court, avoid inconsistent rulings and conserve the resources of the Court"). And Monsanto should not now be required, when the parties' attention should be focused on concluding fact discovery and beginning expert discovery – discovery that will address issues raised in both of Defendants' motions – to respond.

B.     **Defendants' "Acquiescence" Motion**

Defendants' second motion for partial summary judgment seeks to invalidate various claims of the '247 reissue patent based on Monsanto's conduct before the PTO (the "Acquiescence Motion"). The motion seeks a legal judgment that Monsanto acquiesced in various claim rejections when it filed continuation-in-part applications (adding new subject matter) instead of appealing the rejections. (Memo. at 2). In complex cases, such as this one, it is common to submit the opinion of an expert on patent office practice and procedure to assist

5

the court in understanding the sequence and significance of events and determine questions such as that raised in the Acquiescence Motion. *See*, *e.g.*, *Tillotson*, 831 F.2d at 1039 (noting that "[e]vidence, including expert testimony, will likely be helpful in determining the thrust and meaning of the prosecution histories and the prior art"); *Realtime Data, LLC v. Packeteer, Inc.*, Civil No. 6:08-cv-144, 2009 WL 4545087, at *2 & n.2 (E.D. Tex. Nov. 19 2009) (permitting expert to testify "as to aspects of an inequitable conduct case for which he has personal knowledge-namely PTO policy, practice, and procedure" and noting that expert's testimony "should derive from the prosecution history of the '761 patent family"). But, as explained above, expert discovery has not yet begun, and any briefing in connection with that motion would be based on an incomplete record and likely require further supplementation. Because of the current discovery schedule, and the importance of expert testimony in connection with the issue of acquiescence, the Acquiescence Motion is also premature.

## CONCLUSION

The Court's case management order, if amended in accordance with the parties' joint motion (Dkt. No. 632), sets the deadline for the close of expert discovery at June 1, 2011. While Defendants are certainly free to file their motions early, they have submitted motions for the Court's consideration which are premature in light of ongoing discovery. Consideration, at this stage, will be a waste of both the parties' and the Court's resources. Accordingly, Monsanto respectfully requests that the Court deem both motions filed as of June 1, 2011, and set a briefing schedule and hearing date in accordance with that filing date.

Dated: March 8, 2011

6

Respectfully submitted,

HUSCH BLACKWELL LLP


By:   /s/ Joseph P. Conran                      .
Joseph P. Conran, E.D.Mo. # 21635MO
joe.conran@huschblackwell.com
Omri E. Praiss, E.D.Mo. # 41850MO
omri.praiss@huschblackwell.com
Greg G. Gutzler, E.D.Mo. # 48893MO
greg.gutzler@huschblackwell.com
Tamara M. Spicer, E.D.Mo. # 54037MO
tamara.spicer@huschblackwell.com
Steven M. Berezney, E.D.Mo. # 56091MO
steve.berezney@huschblackwell.com
190 Carondelet Plaza, Suite 600
St. Louis, MO  63105
(314) 480-1500 – telephone
(314) 480-1505 – facsimile

WINSTON & STRAWN LLP
Dan K. Webb
dwebb@winston.com
George C. Lombardi
glombardi@winston.com
Todd J. Ehlman
tehlman@winston.com
James M. Hilmert
jhilmert@winston.com
35 W. Wacker Drive, Suite 4200
Chicago, IL  60601
(312) 558-5600 – telephone
(312) 558-5700 – facsimile

John J. Rosenthal
jrosenthal@winston.com
Matthew A. Campbell
macampbell@winston.com
Jovial Wong
jwong@winston.com
1700 K Street, N.W.
Washington, DC  20006
(202) 282-5000 – telephone
(202) 282-5100 – facsimile

Gail J. Standish
gstandish@winston.com
333 South Grand Avenue
Los Angeles, CA 90071-1543
(213) 615-1700 – telephone
(213) 615-1750 – facsimile

MCDERMOTT WILL & EMERY
Steven G. Spears
sspears@mwe.com
1000 Louisiana Street, Suite 3900
Houston, TX  77002-5005
(713) 653-1700 – telephone
(713) 739-7592 – facsimile

*Attorneys for Plaintiff Monsanto Company and Monsanto Technology LLC*

8

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on the 8th day of March, 2011, the foregoing was filed electronically with the Clerk of the Court for the United States District Court for the Eastern District of Missouri, Eastern Division, and was served by operation of the Court's ECF filing system upon the following:

Andrew Rothschild, Esq.
C. David Goerisch, Esq.
Lewis, Rice & Fingersh, L.C.
600 Washington, Suite 2500
St. Louis, MO 63102

Leora Ben-Ami, Esq.
Thomas F. Fleming, Esq.
Christopher T. Jagoe, Esq.
Howard S. Suh, Esq.
Jeanna Wacker, Esq.
Kaye Scholer LLP
425 Park Avenue
New York, NY  10022

Donald L. Flexner, Esq.
Hershel Wancjer, Esq.
Cynthia Christian, Esq.
Robert M. Cooper, Esq.
Boies, Schiller & Flexner LLP
575 Lexington Avenue, 7th Fl.
New York, NY  10022

James P. Denvir, Esq.
Amy J. Mauser, Esq.
Boies, Schiller & Flexner LLP
5301 Wisconsin Avenue, N.W.
Washington, D.C.  20015

*Attorneys for Defendants*

                                                                     /s/ Joseph P. Conran              .