IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MONSANTO COMPANY and <br> MONSANTO TECHNOLOGY LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> E.I. DUPONT DE NEMOURS AND COMPANY and <br> PIONEER HI-BRED INTERNATIONAL, INC., <br><br> Defendants. | Case No. 4:09-cv-00686-ERW |

**MONSANTO'S ADVISORY STATEMENT REGARDING THE COURT'S
MARCH 18, 2011 MEMORANDUM AND ORDER**

In its March 18, 2011 Memorandum and Order, this Court ordered the parties to meet and confer about the topics set forth in the Order, and report back to the Court by 3:00 p.m. today. Pursuant to that order, counsel for Monsanto engaged in telephonic discussions with Defendants' counsel on March 21, 2011. Monsanto reports back to the Court as follows:

*First,* the Court has definitively held that Monsanto's interpretation of the parties' discovery protocol is "what was intended by the parties in early 2010 when the final version was drafted." (Dkt. 665 at 29). During meet-and-confer discussions, Defendants' counsel accepted that ruling. Because this Court has stated that it would enforce the parties' agreement and the discovery protocol, Monsanto understands there to be no dispute that this Court will limit discovery to the confines of what the parties agreed, pursuant to Monsanto's interpretation of the protocol. (*See* Jan. 28, 2011 Tr.) ("I have no intention of expanding the discovery into realms not covered by the protocol. That's why that was done.").

*Second*, Monsanto is expeditiously completing the process of interviewing former employees and identifying any additional documents of said employees located as a result of

1

such interviews. Monsanto believes that this process can be completed without doing violence to the scheduling order or trial date. Monsanto notes that Defendants have conceded that they had not interviewed certain former employee custodians. Accordingly, Monsanto understands and expects that Defendants will also conduct custodial interviews of all of their former employee custodians.

*Third*, despite now conceding that they were wrong about the interpretation of the protocol, Defendants' counsel claimed during the meet-and-confer that Monsanto has not followed the protocol and, specifically, that the interviews of the custodians were allegedly inadequate. Defendants presented no evidence whatsoever to support their allegations, but merely speculated that they should have received additional documents. To the best of Monsanto's ability to understand them, Defendants' new allegations appear to be based on yet another misinterpretation of the protocol, which the Court has already rejected. Monsanto vigorously disputes any such allegations.

*Fourth*, Defendants have claimed that Monsanto should have produced information from a pMON database that Dr. Barry identified at his deposition. Monsanto previously informed the Court that Dr. Barry was interviewed, and confirmed his relevant documents were produced. Although the production of information from databases is outside of the custodial protocol, Monsanto is agreeable to produce certain vector information from the pMON database to Defendants. Although Defendants did not commit to doing so during the meet-and-confer, Monsanto expects that Defendants will reciprocate in producing documents from similar databases to ensure that discovery in this case is not a one-way street.

*Fifth*, the parties disagree about whether Monsanto must produce documents that the Court previously determined need not be preserved. In its March 18 order, the Court stated: "No independent search of Class I EPSPS enzymes, separate and apart from agreed and ordered search terms associated with identified custodians *with ordered sequences*, will be ordered."

2

(Dkt. 665 at 37) (emphasis added). Monsanto understands that the "ordered sequences" referenced in the Court's order refers to the sequences that the Court previously recited, in its preservation order, as the scope of relevant discovery in this case: "SEQ ID NO:3, SEQ ID NO:5, SEQ ID NO:7, SEQ ID NO:70, and the CP4 gene in general." (Dkt. 312 at 4).

*Sixth*, despite their efforts, the parties have been unable to reach a consensus about how to proceed with discovery as to the unresolved issues in the instant motion; the other pending discovery motions; and an amended discovery, expert, and dispositive motion schedule. Monsanto has requested a in-person meet and confer to be attended by outside and inhouse counsel for both parties, in an effort to reach agreement regarding the schedule for the resolution of pending discovery motions, and for the completion of factual and expert discovery.

Dated: March 22, 2011

Respectfully submitted,

HUSCH BLACKWELL LLP

By: /s/ Joseph P. Conran .
Joseph P. Conran, E.D.Mo. # 21635MO
joe.conran@huschblackwell.com
Omri E. Praiss, E.D.Mo. # 41850MO
omri.praiss@huschblackwell.com
Greg G. Gutzler, E.D.Mo. # 48893MO
greg.gutzler@huschblackwell.com
Tamara M. Spicer, E.D.Mo. # 54037MO
tamara.spicer@huschblackwell.com
Steven M. Berezney, E.D.Mo. # 56091MO
steve.berezney@huschblackwell.com
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
(314) 480-1500 – telephone
(314) 480-1505 – facsimile

WINSTON & STRAWN LLP
Dan K. Webb
dwebb@winston.com
George C. Lombardi
glombardi@winston.com
Todd J. Ehlman
tehlman@winston.com
James M. Hilmert
jhilmert@winston.com
35 W. Wacker Drive, Suite 4200
Chicago, IL  60601
(312) 558-5600 – telephone
(312) 558-5700 – facsimile

John J. Rosenthal
jrosenthal@winston.com
Matthew A. Campbell
macampbell@winston.com
Jovial Wong
jwong@winston.com
1700 K Street, N.W.
Washington, DC  20006
(202) 282-5000 – telephone
(202) 282-5100 – facsimile

Gail J. Standish
gstandish@winston.com
333 South Grand Avenue
Los Angeles, CA 90071-1543
(213) 615-1700 – telephone
(213) 615-1750 – facsimile

MCDERMOTT WILL & EMERY
Steven G. Spears
sspears@mwe.com
Scott W. Clark
sclark@mwe.com
1000 Louisiana Street, Suite 3900
Houston, TX  77002-5005
(713) 653-1700 – telephone
(713) 739-7592 – facsimile

*Attorneys for Plaintiff Monsanto Company and Monsanto Technology LLC*

4

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on the 22nd day of March, 2011, the foregoing was filed electronically with the Clerk of the Court for the United States District Court for the Eastern District of Missouri, Eastern Division, and was served by operation of that Court's electronic filing system, upon the following:

Andrew Rothschild, Esq.
C. David Goerisch, Esq.
Lewis, Rice & Fingersh, L.C.
600 Washington, Suite 2500
St. Louis, MO 63102

Leora Ben-Ami, Esq.
Thomas F. Fleming, Esq.
Christopher T. Jagoe, Esq.
Howard S. Suh, Esq.
Jeanna Wacker, Esq.
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022

Donald L. Flexner, Esq.
Hershel Wancjer, Esq.
Cynthia Christian, Esq.
Robert M. Cooper, Esq.
Boies, Schiller & Flexner LLP
575 Lexington Avenue, 7th Fl.
New York, NY 10022

James P. Denvir, Esq.
Amy J. Mauser, Esq.
Boies, Schiller & Flexner LLP
5301 Wisconsin Avenue, N.W.
Washington, D.C. 20015

*Attorneys for Defendants*

                                                      /s/ Joseph P. Conran       .