UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

|  |  |  |
|---|---|---|
| MONSANTO COMPANY, and<br>MONSANTO TECHNOLOGY LLC<br><br>Plaintiffs,<br><br>v.<br><br>E.I. DUPONT DE NEMOURS AND<br>COMPANY and PIONEER HI-BRED<br>INTERNATIONAL, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 4:09-cv-00686 (ERW) |

**MONSANTO'S SECOND MOTION TO COMPEL PRODUCTION
OF RECALLED DOCUMENTS**

Pursuant to Paragraphs 25-26 of the Protective Order entered June 28, 2010 (Docket No. 238), Plaintiffs, Monsanto Company and Monsanto Technology LLC (collectively "Monsanto"), respectfully move this court to compel Defendants, E.I. du Pont de Nemours and Company ("DuPont") and Pioneer Hi-Bred International, Inc. ("Pioneer") (collectively "Defendants"), to produce ten documents which Defendants produced and subsequently recalled as privileged, and to reopen deposition testimony to allow for questioning concerning those documents.

Monsanto sets forth its grounds for relief in the Memorandum of Law in Support of said Motion with Exhibits A, B, and C, filed concurrently herewith.

Dated:  April 6, 2011

1

Respectfully submitted,

HUSCH BLACKWELL LLP

By:   /s/ Joseph P. Conran                            .
Joseph P. Conran, E.D.Mo. # 21635MO
joe.conran@huschblackwell.com
Omri E. Praiss, E.D.Mo. # 41850MO
omri.praiss@huschblackwell.com
Greg G. Gutzler, E.D.Mo. # 48893MO
greg.gutzler@huschblackwell.com
Tamara M. Spicer, E.D.Mo. # 54037MO
tamara.spicer@huschblackwell.com
Steven M. Berezney, E.D.Mo. # 56091MO
steve.berezney@huschblackwell.com
190 Carondelet Plaza, Suite 600
St. Louis, MO  63105
(314) 480-1500 – telephone
(314) 480-1505 – facsimile

WINSTON & STRAWN LLP
Dan K. Webb
dwebb@winston.com
George C. Lombardi
glombardi@winston.com
Todd J. Ehlman
tehlman@winston.com
James M. Hilmert
jhilmert@winston.com
35 W. Wacker Drive, Suite 4200
Chicago, IL  60601
(312) 558-5600 – telephone
(312) 558-5700 – facsimile

John J. Rosenthal
jrosenthal@winston.com
Matthew A. Campbell
macampbell@winston.com
Jovial Wong
jwong@winston.com
1700 K Street, N.W.
Washington, DC  20006
(202) 282-5000 – telephone
(202) 282-5100 – facsimile

Gail J. Standish
gstandish@winston.com
333 South Grand Avenue
Los Angeles, CA 90071-1543
(213) 615-1700 – telephone
(213) 615-1750 – facsimile

MCDERMOTT WILL & EMERY
Steven G. Spears
sspears@mwe.com
Scott W. Clark
sclark@mwe.com
1000 Louisiana Street, Suite 3900
Houston, TX  77002-5005
(713) 653-1700 – telephone
(713) 739-7592 – facsimile

*Attorneys for Plaintiff Monsanto Company and Monsanto Technology LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed electronically with the Clerk of Court and served by operation of the Court's ECF System to all attorneys of record as indicated, this the 6th day of April, 2011:

Andrew Rothschild, Esq.
C. David Goerisch, Esq.
Lewis, Rice & Fingersh, L.C.
600 Washington, Suite 2500
St. Louis, MO 63102

Leora Ben-Ami, Esq.
Thomas F. Fleming, Esq.
Christopher T. Jagoe, Esq.
Howard S. Suh, Esq.
Jeanna Wacker, Esq.
Kaye Scholer LLP
425 Park Avenue
New York, NY  10022

Donald L. Flexner, Esq.
Hershel Wancjer, Esq.
Cynthia Christian, Esq.
Robert M. Cooper, Esq.
Boies, Schiller & Flexner LLP
575 Lexington Avenue, 7th Fl.
New York, NY  10022

James P. Denvir, Esq.
Amy J. Mauser, Esq.
Boies, Schiller & Flexner LLP
5301 Wisconsin Avenue, N.W.
Washington, D.C.  20015

*Attorneys for Defendants*

                                                                       /s/ Joseph P. Conran                    .

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MONSANTO COMPANY, ) | |
| MONSANTO TECHNOLOGY LLC ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 4:09-cv-00686 (ERW) |
| v. ) | |
| ) | |
| E.I. DUPONT DE NEMOURS AND ) | |
| COMPANY and PIONEER HI-BRED ) | |
| INTERNATIONAL, INC., ) | |
| ) | |
| Defendants. ) | |

### MONSANTO'S MEMORANDUM IN SUPPORT OF ITS SECOND MOTION TO COMPEL PRODUCTION OF RECALLED DOCUMENTS

On March 16, 2011, Defendants sent Monsanto a letter recalling 78 documents from their production on the supposed grounds that they contained "privileged" information.[1] Ten of these documents are clearly non-privileged:

- **Document 1 (DUPGRS62385707)**:  A research plan detailing market share projections and technical goals for Pioneer's Soy Herbicide Tolerance Program.

- **Documents 2 & 3 (DUPGRS03125248 & DUPGRS03125126)**:  Identical presentations entitled "GAT/HRA R & D Overview", detailing GAT corn and soy trial results.

---

[1] While Monsanto wishes to avoid burdening the Court with another motion to compel, it must do so in this instance.  Monsanto notified Defendants of its challenges to eleven unsubstantiated privilege assertions and its intent to file the present motion.  Only after receipt of this challenge did Defendants withdraw one of their privilege assertions, attempt to explain the other ten privilege assertions, and clarify that they intend to produce six documents in redacted form (documents numbered 1, 2, 3, 4, 7, and 10 herein) by April 11, 2011.  Monsanto cannot afford to wait until April 11, however, as Paragraph 26 of the Protective Order requires Monsanto to file its objections to DuPont's recall of these documents by April 6, 15 business days after its receipt of DuPont's notice of recall. The Court's March 30, 2011 Order confirmed the significance of this timeline.  Because Defendants have not specified exactly which parts of the documents will be redacted, Monsanto will not have the opportunity to examine such redactions before the deadline for filing its objections to Defendants' assertions of privilege lapses.

1
**FILED UNDER SEAL**

- **Document 4 (DUPGRS03125399)**: An email chain among Pioneer sales representatives and management discussing potential market effects of an independent seed company's herbicide event announcement.

- **Documents 5 & 6 (DUPGRS03127848 & DUPGRS03127850)**: An e-mail from a DuPont employee to a third party attaching a non-legal, business-oriented document authored by a non-attorney.

- **Document 7 (DUPGRS03127993)**: An e-mail from a government attorney to DuPont's outside counsel discussing a previous case involving Monsanto.

- **Document 8 (DUPGRS03128182)**: A series of proposed talking points with a state senator in North Carolina.

- **Document 9 (DUPGRS03129210)**: A slide presentation concerning DuPont's contemplated acquisition of a major competitor

- **Document 10 (DUPGRS03103229)**: A slide presentation concerning the product development and strategic regulatory outlook of a Pioneer trait project.

As Monsanto has already argued in a prior motion, Defendants' practice of shielding "bad" documents without sufficient justification constitutes a misuse of the attorney-client privilege and frustrates the discovery process at a critical juncture in this case. Depositions are ongoing, and Defendants' improper retraction of relevant documents threatens to impair Monsanto's ability to effectively depose Defendants' witnesses. The Court should put an end to this practice and order the immediate return of these documents.

## ARGUMENT

Defendants assert the attorney-client privilege as a basis to recall the ten relevant documents at issue in this Motion. "When a party withholds documents or materials under a claim of privilege, the rules place the burden on the party asserting the privilege to prove its applicability." *DeKalb Genetics Corp. v. Syngenta Seeds, Inc.*, No. 4:06CV01191-ERW, 2007 WL 2030130, at *1 (E.D. Mo. July 9, 2007) (*citing* Fed. R. Civ. P. 26(b)(5); *United States v.*

*Evans,* 113 F.3d 1457, 1461 (7th Cir. 1997); 8 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE, Civil 2d § 2016.1 (2d ed. 1994)). This burden demands more than a generalized assertion of privilege. *E.g.*, *Navigators Mgmt. Co. v. St. Paul Fire & Marine Ins. Co.,* No. 4:06CV1722 SNLJ, 2009 WL 465584, at *6 (E.D. Mo. Feb. 24, 2009). Indeed, Fed. R. Civ. P. 26(b)(5) requires a party withholding otherwise discoverable information under a claim of attorney-client privilege to expressly make that claim and "describe the nature of the documents, communications, or tangible things not produced or disclosed -- and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."

To demonstrate that the documents are privileged, Defendants must show that the documents exhibit four elements: (1) a communication; (2) made between an attorney and a client; (3) with the expectation of confidentiality; (4) for the purpose of seeking, rendering, communicating, or obtaining legal advice or services. *See Diversified Indus., Inc. v. Meredith*, 572 F.2d 596, 602 (8th Cir. 1977). Defendants cannot make this showing for any of the ten documents at issue here.

### **Document 1**[2]

DUPGRS62385707 is an "Operational Research Plan" for Pioneer's Soy Herbicide Tolerance Program, dating from December 2009. To the extent the document represents a communication, it involves no individuals acting as attorneys: it is authored by Linda Castle,[3] a scientist; it was produced from the custodial files of Jeff Rowe, who, though an attorney, was Vice President of Biotech Affairs and Regulatory at the time of the document's creation; and it is attached to an email which does not appear to include any attorneys. The document also fails to

---

[2] For the Court's convenience, a chart cataloging the ten documents is attached as Exhibit A.
[3] The document's metadata reveals "castlelind" as the author.

exhibit any legal subject matter, as its principle focus is the strategic planning of research projects and technical development, in view of market projections. *See id.*

**Document 2**

DUPGRS03125248 is a "GAT/HRA R & D Overview" presentation dated September 15, 2005. Although the document was in the custody of an attorney, Daniel Jacobi, it does not exhibit legal advice. Instead, the presentation discusses technical aspects of a traited seed product development. Although suggested edits to the presentation (mostly proposed deletions), are apparent, they are not the edits of an attorney: the document, containing the edits, was attached to an email to Jacobi from a non-attorney, Tim Chicoine. Further, even if the edits were suggested by an attorney, they do not implicate legal advice; rather, they manifest the strategic aim to protect proprietary business information from outside parties. *See In re Vioxx Prods. Liab. Litig.*, 501 F. Supp. 2d at 806, 811 (finding that documents bearing attorneys' electronic line edits were not privileged where edits were not made primarily for the purpose of legal advice). Finally, although the email to which the document is attached bears an "Attorney-Client Privilege" legend, it does not constitute a confidential communication in which legal advice is requested or rendered. Indeed, neither the email nor the document itself contains an explicit or implicit request for legal advice. *See Simon*, 816 F.2d at 403-04 ("Just as the minutes of business meetings attended by attorneys are not automatically privileged . . . business documents sent to corporate officers and employees, as well as the corporation's attorneys, do not become privileged automatically."); *see also B.F.G. of Illinois, Inc. v. Ameritech Corp.*, No. 99 C 4604, 2001 WL 1414468, at *7 (N.D. Ill. Nov. 13, 2001) ("The defendants assert that this document is attorney-client privileged. However, it is clear that this document is nothing more than a business document given a veneer of privilege by routing through in-house counsel.").