UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MONSANTO COMPANY and | ) | |
| MONSANTO TECHNOLOGY LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:09CV00686 ERW |
| | ) | |
| E.I. DUPONT DE NEMOURS AND | ) | |
| COMPANY and PIONEER HI-BRED | ) | |
| INTERNATIONAL, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendants' Emergency Motion Concerning the Court's March 30, 2011 Order [doc. #687].

The parties have in place a Stipulation governing the procedures for conducting document production, which specifies, among other things, that each side is entitled to name five additional custodians for document searches after reviewing the documents produced from the fifty custodians identified at the outset of discovery.  In its March 30 Memorandum and Order [doc. #681], the Court ordered the parties to identify those supplemental custodians within ten days of the Order – that is, by April 9, 2011.  Defendants now assert that notwithstanding their "best efforts," they have been unable to identify: (1) person(s) with documents pertaining to the creation of the 40-3-2 soybean seeds at Agracetus, including records of the transformation protocol, target tissue preparation, shoot generation and grafting, plant regeneration, and seed production; (2) person(s) who worked with Dr. Maud Hinchee circa November 1994 in drafting the declaration she signed in support of Monsanto's opposition to EP Patent No. 301749 and who may have custody of records related to that declaration and the opposition filed on behalf of

Monsanto; and (3) person(s) with custody of Monsanto's documents produced in prior litigations relating to glyphosate-tolerant gene and plant technology, including *Rhone-Poulenc Agro, S.A. v. Monsanto Co.*, Case No. 1:97CV1138 (M.D.N.C.), *Rhone-Poulenc Agro, S.A. v. Monsanto Co.*, Case No. 94-324-RRM (D. Del.), and *Monsanto Co. v. Syngenta Seeds, Inc.*, Case No. 1:04CV305 SLR (D. Del.).[1] Defendants state that Monsanto has refused to provide the identities of these individuals, such that Defendants would then know whom to identify as supplemental custodians. Thus, in the present Motion, Defendants ask the Court to order Monsanto to supply Defendants with that information, and to extend the deadline for designating these custodians until five days after Monsanto complies.

Defendants' Motion will be denied because it is inconsistent with the terms of the Stipulation and would further frustrate the efficient and timely resolution of this litigation. In essence, the Motion amounts to a request that Defendants be permitted to propound additional interrogatories on Monsanto before designating their supplemental custodians, a procedure for which the parties did not provide expressly or by implication in the Stipulation. Indeed, the Stipulation provides that a party may designate additional custodians, if any, after it has finished reviewing the opposing party's document production[2]; thus, it contemplates that the parties will rely on information obtained in discovery or through other sources in selecting these custodians.

---

[1] The Court has reproduced the case information essentially verbatim from Defendants' Motion; it is not representing that these case names or numbers are accurate or correctly formatted.

[2] Specifically, ¶ 7(b) of the Stipulation states that "[w]ithin forty-five (45) days of receipt of written notice from Monsanto that is has completed production of documents from the custodians identified on Exhibit B [to the Stipulation], [Defendants] may identify up to five (5) additional Monsanto custodians whose hard copy documents and ESI will be searched for records responsive to [Defendants'] documents requests." This paragraph contains an analogous procedure for Monsanto to identify additional custodians from Defendants.

With respect to its effect on this litigation, Defendants' request, if granted, has a significant potential for creating further discovery disputes and thereby prolonging discovery, if it turns out that the persons identified by Monsanto do not possess the underlying information that Defendants seek – a result that appears likely given that Monsanto represents that it has produced all responsive documents on these topics.  Furthermore, in order to avoid any imbalance, the Court would also have to permit Monsanto to make similar inquiries of Defendants, leading to yet more potential discovery disputes and motion practice.

Defendants have at this point taken nearly twenty depositions of Monsanto personnel and received millions of pages in document production, and if they are unable to identify persons at Monsanto with the information they seek, the Court is inclined to believe that this is because the documents either do not exist or are already in Defendants' possession.  In order to provide for orderly and fair discovery, the Court has been consistent throughout this case in its enforcement of the terms of the parties' Stipulation, and it declines to deviate from that position here, where doing so would likely lead to nothing more than additional discovery disputes and increased litigation costs.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Emergency Motion Concerning the Court's March 30, 2011 Order [doc. #687] is **DENIED**.  Defendants are allowed seven additional days, until April 16, 2011, to identify up to five supplemental custodians.

Dated this 7th Day of April, 2011.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE

3