IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MONSANTO COMPANY and MONSANTO TECHNOLOGY LLC, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| E.I. DUPONT DE NEMOURS AND COMPANY and PIONEER HI-BRED INTERNATIONAL, INC., | ) ) ) ) | Case No. 4:09-cv-00686-ERW |
| Defendants. | ) ) | |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO PLAINTIFFS' FIFTH MOTION TO COMPEL**

Plaintiffs respectfully submit this memorandum in opposition to Defendants' Motion for Leave to File a Sur-reply (Dkt. 731) filed by Defendants on May 3, 2011.

Defendants proposed Sur-reply is simply a re-argument of the same general points they raised in their Opposition. There is no justification for a duplicative brief that only serves to ensure that Monsanto is not heard last on its own motion. That Defendants feel the need to reinforce their arguments following Monsanto's Reply is no justification for another round of briefing.

Defendants have made a practice of seeking a sur-reply each time Monsanto files a motion. Indeed, this is the fifth time Defendants have moved to file a sur-reply. *See* Monsanto's motion to stay discovery (Dkt. 67-2); Monsanto's motion for partial judgment on the pleadings (Dkt. 75-2); Monsanto's motion for a protective order relating to third-party document subpoenas (Dkt. 195); Monsanto's motion to dismiss (Dkt. 477). This Court has already denied one of these previous attempts, noting that "Sur-replies are only accepted upon a showing of

1

extraordinary circumstances." (Dkt. 196). This Court reiterated that admonition several months ago. *See* 11/08/10 Case Management Order (Dkt. 414) ("[s]ur-replies shall only be permitted . . . upon a showing of extraordinary circumstances."); *accord Lintz v. Am. Gen. Fin., Inc.*, 50 F. Supp. 2d 1074, 1076 (D. Kan. 1999) ("leave to file a surreply is generally only granted in '**rare circumstances**'") (emphasis added); *Aslani v. Sparrow Health Sys., Inc.,* No. 1:08-cv-298, 2009 WL 3711602, *22 (W.D. Mich. Nov. 23, 2009) ("both this court and other federal courts **rarely** grant leave to file a sur-reply") (emphasis added). Defendants have once again ignored this Court's admonitions, believing that they need only show "good cause." (Dkt. 731 at p. 4).

Moreover, courts generally deny motions seeking leave to conduct such additional briefing unless a preceding reply brief introduced new arguments or information beyond the scope of prior briefing. *Porter v. Gentry County Comm'n*, No. 08-6029-cv-SJ-FJG, 2008 WL 3156969, at *5 (W.D. Mo. Aug. 4, 2008); *see also Fag Bearings Corp. v. Gulf States Paper Co.*, No. 95-5081-CV-SW-8, 1998 WL 919115, at *43 n.22 (W.D. Mo. Sept. 30, 1998).

The proposed sur-reply is nothing more than Defendants' thinly-veiled attempt to get the last word, and Defendants make no attempt to satisfy this Court's repeated admonition that extraordinary circumstances are required before leave will be granted. Contrary to Defendants' severe mischaracterization, Monsanto's Reply seeks no new relief and asserts no new theories. Rather, like any other moving party in a reply, Monsanto simply responds to those arguments raised in Defendants' Opposition.

Defendants' motion for leave, like their original opposition brief, makes assertions that have absolutely no basis in reality and are disproven from the face of Monsanto's briefing. Defendants first claim that Monsanto did not argue the Defendants' witnesses waived privilege in their deposition testimony. Monsanto's opening brief had an entire section on this very point.

*See* Monsanto's Opening Brief (Dkt. 720) at Section II, pp. 21-22.  Defendants then claim that Monsanto did not argue initially that Defendants have adopted a litigation strategy of selective disclosure of privileged information.  That argument is again false because Monsanto's entire opening brief was replete with references to Defendants' selective disclosure and abuse of the privilege as both a sword and a shield.  *Id.* at pp. 3-4, 21-22.

Defendants then assert that Monsanto originally argued that the 2007 YieldGard Amendment negotiations are relevant to construe the 2001 YieldGard License Agreement.  Monsanto never made such an argument.  This is a fiction invented by Defendants simply to confuse this Court into granting leave.  Monsanto's opening brief clearly shows that Monsanto argued that the 2007 YieldGard Amendment negotiations were relevant to construing the "Licensed Field" definition in the Roundup Ready® License Agreements at issue in this case. *Id.* at pp. 18-21.  Defendants have already thoroughly briefed the 2007 YieldGard Amendment issue and simply seek the last word.

Defendants then condemn Monsanto for arguing, for the first time in its Reply, that Defendants' Opposition contradicts their own pleadings and statements in this litigation.  Yet, Defendants fail to explain how Monsanto could possibly have made this observation in the opening brief when Defendants had not even written their Opposition yet.  Monsanto certainly did not anticipate that Defendants would openly contradict themselves to stave off this Motion.  Monsanto's observation of Defendants' conflicting position does nothing to justify a sur-reply.

Defendants next claim that Monsanto has argued in its Reply that the attorney-client privilege has been waived merely because attorneys participated in the negotiations of the License Agreements and the non-binding Letter of Intent.  Monsanto never made such an argument.  This is again another manufactured rationale by Defendants that has no basis in fact.

3

Finally, Defendants claim that a sur-reply is needed because Monsanto had not previously argued that Defendants' counsel or witnesses had authority to waive the privilege. The fact that Defendants' counsel or high-level executives were authorized to waive privilege is clear simply by the very nature of their respective positions. In its Reply, Monsanto was forced to respond to Defendants' argument, supported by no law, that only a company's board of directors or CEO can approve a privilege waiver. Of course, the law does not require Monsanto to include in its opening brief rebuttals to arguments that the other side may choose to posit, particularly when such arguments are divorced from any legal precedent or fact. Monsanto merely did what is normal in litigation practice – reply to arguments raised by its opponent.

In short, Defendants have failed to identify a single new legal theory raised in Monsanto's Reply. Defendants do not even satisfy the erroneous "good cause" standard that they have adopted for themselves, much less the required "extraordinary circumstances" standard that this Court has established for these types of motions.

WHEREFORE, because no extraordinary circumstances exist here, Monsanto respectfully requests that the Court deny Defendants' motion for leave to file their proposed sur-reply.

Dated:  May 3, 2011

Respectfully submitted,

HUSCH BLACKWELL LLP


By:   /s/ Joseph P. Conran                        .
Joseph P. Conran, E.D.Mo. # 21635MO
joe.conran@huschblackwell.com
Omri E. Praiss, E.D.Mo. # 41850MO
omri.praiss@huschblackwell.com
Greg G. Gutzler, E.D.Mo. # 48893MO
greg.gutzler@huschblackwell.com
Tamara M. Spicer, E.D.Mo. # 54037MO
tamara.spicer@huschblackwell.com
Steven M. Berezney, E.D.Mo. # 56091MO
steve.berezney@huschblackwell.com
190 Carondelet Plaza, Suite 600
St. Louis, MO  63105
(314) 480-1500 – telephone
(314) 480-1505 – facsimile

WINSTON & STRAWN LLP
Dan K. Webb
dwebb@winston.com
George C. Lombardi
glombardi@winston.com
Todd J. Ehlman
tehlman@winston.com
James M. Hilmert
jhilmert@winston.com
35 W. Wacker Drive, Suite 4200
Chicago, IL  60601
(312) 558-5600 – telephone
(312) 558-5700 – facsimile

John J. Rosenthal
jrosenthal@winston.com
Matthew A. Campbell
macampbell@winston.com
Jovial Wong
jwong@winston.com
1700 K Street, N.W.
Washington, DC  20006
(202) 282-5000 – telephone
(202) 282-5100 – facsimile

Gail J. Standish
gstandish@winston.com
333 South Grand Avenue
Los Angeles, CA 90071-1543
(213) 615-1700 – telephone
(213) 615-1750 – facsimile

MCDERMOTT WILL & EMERY
Steven G. Spears
sspears@mwe.com
1000 Louisiana Street, Suite 3900
Houston, TX  77002-5005
(713) 653-1700 – telephone
(713) 739-7592 – facsimile

*Attorneys for Plaintiff Monsanto Company and Monsanto Technology LLC*

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on the 3rd day of May, 2011, the foregoing was filed electronically with the Clerk of the Court for the United States District Court for the Eastern District of Missouri, Eastern Division, and was served by operation of that Court's electronic filing system, upon the following:

Andrew Rothschild, Esq.
C. David Goerisch, Esq.
Lewis, Rice & Fingersh, L.C.
600 Washington, Suite 2500
St. Louis, MO 63102

Leora Ben-Ami, Esq.
Thomas F. Fleming, Esq.
Christopher T. Jagoe, Esq.
Howard S. Suh, Esq.
Jeanna Wacker, Esq.
Kaye Scholer LLP
425 Park Avenue
New York, NY  10022

Donald L. Flexner, Esq.
Hershel Wancjer, Esq.
Cynthia Christian, Esq.
Robert M. Cooper, Esq.
Boies, Schiller & Flexner LLP
575 Lexington Avenue, 7th Fl.
New York, NY  10022

James P. Denvir, Esq.
Amy J. Mauser, Esq.
Boies, Schiller & Flexner LLP
5301 Wisconsin Avenue, N.W.
Washington, D.C.  20015

*Attorneys for Defendants*

                                                  /s/ Joseph P. Conran