**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MONSANTO COMPANY, | ) | |
| MONSANTO TECHNOLOGY LLC | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 4:09-cv-00686 (ERW) |
| v. | ) | |
| | ) | |
| E.I. DUPONT DE NEMOURS AND | ) | |
| COMPANY and PIONEER HI-BRED | ) | |
| INTERNATIONAL, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**NINTH MOTION TO COMPEL**
**PRODUCTION OF WITHHELD DOCUMENTS**

Plaintiffs Monsanto Company and Monsanto Technology LLC (collectively "Monsanto") respectfully request that the Court conduct an *in camera* review of a substantial sample of documents listed on Defendants' privilege log whose corresponding privilege entries do not appear to describe privileged communications. *See* Appendix A. Monsanto sets forth its grounds for relief in the Memorandum of Law in Support of said Motion with Exhibits 1-13, filed concurrently herewith.

Pursuant to Local Rule 37-3.04, counsel for the parties have met and conferred on several occasions in a good faith attempt to resolve their discovery disputes as follows:

1. On January 14, 2011, Monsanto counsel John Rosenthal notified defense counsel Thomas Fleming and Amy Mauser that Defendants' first two privilege logs, dated January 5 and January 10, 2011, failed to comply with the requirements of the Federal Rules and the relevant caselaw. Monsanto articulated specific challenges to the sufficiency of the privilege descriptions and pointed out that the involvement of an attorney in numerous

1

communications was dubious or unclear.  Monsanto received no response to this letter, and on January 20, 2011, Defendants delivered a third privilege log, bearing the same recognized deficiencies as the first two logs.

2. On February 16, 2011, Monsanto counsel John Rosenthal again notified defense counsel Thomas Fleming and Amy Mauser of the various ways Defendants' first three privilege logs failed to comply with the requirements of the Federal Rules and the relevant caselaw.  Having received no acknowledgment of the problem, Monsanto indicated its intent to file the present motion to compel.

3. On February 17, 2011, defense counsel Amy Mauser responded to the two letters written by Monsanto counsel John Rosenthal.  Defendants agreed to revisit certain entries on their logs and to supplement their log with an additional field identifying the document type (*e.g.*, whether the document is an email, word document, presentation, etc.), which was not apparent from the logs as delivered.

4. On March 1, 2011, defense counsel Hershel Wancjer sent a letter to Monsanto counsel Matthew Campbell, enclosing Defendants' "Amended Omnibus Privilege log," which "contain[ed] the revisions to DuPont's and Pioneer's privilege logs described in Amy Mauser's February 17, 2011 letter to John Rosenthal."

5. On March 9, 2011, Monsanto counsel John Rosenthal sent a letter to defense counsel Thomas Fleming and Amy Mauser addressing various insufficiencies still apparent in Defendants' Amended Omnibus Privilege Log.  Monsanto requested a specific explanation of the changes made to Defendants' privilege logs, asked whether any documents were added to or withdrawn from Defendants logs, identified numerous

entries which still appeared to describe non-privileged communications, and again indicated an intent to file the present motion.

6.  On March 11, 2011, defense counsel Amy Mauser responded to John Rosenthal's letter of March 9, 2011.  Defendants revealed for the first time that their re-review of their privilege log entries had discovered certain documents that were non-responsive, not privileged, or only partially privileged.  Defendants stated that these documents had been removed from their Amended Omnibus Privilege Log and promised to produce the first installment of those documents, with a corresponding redaction privilege log, by March 18, 2011.  Defendants stated that they would produce additional documents on a rolling basis as they continued revising their privilege logs, and would provide Monsanto with an estimated date for the completion of this process when possible.

7.  On March 18, 2011, Monsanto counsel John Rosenthal wrote to defense counsel Amy Mauser, pointing out deficiencies still present in Defendants' Amended Omnibus Privilege Log.

8.  Also on March 18, 2011, Defendants delivered to Monsanto a Second Amended Omnibus Privilege Log and Defendants' First Redaction Log.  Over the next three weeks, Defendants delivered three additional redaction logs and eight separate volumes of production as a result of their privilege logging process.

9.  On March 30, 2011, defense counsel Amy Mauser responded to John Rosenthal's March 18 letter, disputing certain deficiencies Monsanto had identified in Defendants' logs and agreeing to do further log revisions in response to Monsanto's concerns.

10. On April 5, 2011, Monsanto counsel John Rosenthal wrote to defense counsel Hershel Wancjer and Amy Mauser, requesting a date certain when Defendants would complete

their re-review of their privilege logs and noting an impasse regarding certain privilege descriptions that did not appear to describe communications about legal advice.

11. On April 8, 2011, defense counsel Amy Mauser responded to John Rosenthal's April 5 letter, stating that Defendants should complete their re-review of their privilege logs before the end of April.

12. On April 27, 2011, Monsanto counsel John Rosenthal and Adam Nadelhaft spoke by telephone with defense counsel Amy Mauser and Chris Hayes.  The parties discussed Defendants' continued privilege logging process, but defense counsel could not provide a date certain for the completion of that process.  Monsanto notified Defendants that it would be filing this motion.

WHEREFORE, Monsanto respectfully moves the Court to conduct *in camera* review of a random sampling of documents listed on Defendants' privilege log, where the corresponding privilege entry does not appear to describe a privileged communication.

Dated:  May 10, 2011

Respectfully submitted,

HUSCH BLACKWELL LLP

By:  /s/ Joseph P. Conran                    .
Joseph P. Conran, E.D.Mo. # 21635MO
joe.conran@huschblackwell.com
Omri E. Praiss, E.D.Mo. # 41850MO
omri.praiss@huschblackwell.com
Greg G. Gutzler, E.D.Mo. # 48893MO
greg.gutzler@huschblackwell.com
Tamara M. Spicer, E.D.Mo. # 54037MO
tamara.spicer@huschblackwell.com
Steven M. Berezney, E.D.Mo. # 56091MO
steve.berezney@huschblackwell.com
190 Carondelet Plaza, Suite 600
St. Louis, MO  63105
(314) 480-1500 – telephone
(314) 480-1505 – facsimile

4

WINSTON & STRAWN LLP
Dan K. Webb
George C. Lombardi
glombardi@winston.com
Todd J. Ehlman
tehlman@winston.com
James M. Hilmert
jhilmert@winston.com
35 W. Wacker Drive, Suite 4200
Chicago, IL  60601
(312) 558-5600 – telephone
(312) 558-5700 – facsimile

John J. Rosenthal
jrosenthal@winston.com
Matthew A. Campbell
macampbell@winston.com
Jovial Wong
jwong@winston.com
1700 K Street, N.W.
Washington, DC  20006
(202) 282-5000 – telephone
(202) 282-5100 – facsimile

Gail J. Standish
gstandish@winston.com
333 South Grand Avenue
Los Angeles, CA 90071-1543
(213) 615-1700 – telephone
(213) 615-1750 – facsimile

*Attorneys for Plaintiff Monsanto Company and Monsanto Technology LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed electronically with the Clerk of Court and served by operation of the Court's ECF System to all attorneys of record as indicated, this the 10th day of May, 2011:


Andrew Rothschild, Esq.
C. David Goerisch, Esq.
Lewis, Rice & Fingersh, L.C.
600 Washington, Suite 2500
St. Louis, MO 63102

Leora Ben-Ami, Esq.
Thomas F. Fleming, Esq.
Christopher T. Jagoe, Esq.
Howard S. Suh, Esq.
Jeanna Wacker, Esq.
Kaye Scholer LLP
425 Park Avenue
New York, NY  10022

Donald L. Flexner, Esq.
Hershel Wancjer, Esq.
Cynthia Christian, Esq.
Robert M. Cooper, Esq.
Boies, Schiller & Flexner LLP
575 Lexington Avenue, 7th Fl.
New York, NY  10022

James P. Denvir, Esq.
Amy J. Mauser, Esq.
Boies, Schiller & Flexner LLP
5301 Wisconsin Avenue, N.W.
Washington, D.C.  20015

*Attorneys for Defendants*


                                        /s/ Joseph P. Conran                    .