UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MONSANTO COMPANY and ) | |
| MONSANTO TECHNOLOGY LLC, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:09CV00686 ERW |
| ) | |
| E.I. DU PONT DE NEMOURS AND ) | |
| COMPANY and PIONEER HI-BRED ) | |
| INTERNATIONAL, INC., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants E.I. du Pont de Nemours and Company and Pioneer Hi-Bred International, Inc.'s (collectively, "Defendants") Fifth Motion to Compel [doc. #640] and Sixth Motion to Compel [doc. #652].

In the event it was not clear from the Court's statements in its March 18, 2011 Memorandum and Order [doc. #665] and March 30, 2011 Memorandum and Order [doc. #681], the Court will not order any document production in this case that is not contemplated by the terms of the parties' Stipulation and Agreement for Preservation and Production of Documents and Electronically Stored Information ("the ESI Stipulation" or "the Stipulation").  Thus, to the extent Defendants seek documents in these Motions that would not have been in the files of the Monsanto personnel they identified as custodians, or would not have been culled, through application of the list of partially agreed-upon and partially court-ordered search terms for ESI, the Court will not order Monsanto to produce those documents.

Indeed, the thrust of Monsanto's responses to these Motions is that it has produced – or in certain instances is in the process of producing[1] – all documents called for by the ESI Stipulation, and practically speaking, the Court has little choice but to take Monsanto's representations at face value.  For example, in one of their many categories of requested production, Defendants seek "documents concerning codon optimization and synthetic gene construction for use in producing DNA sequences that encode an EPSPS enzyme," arguing that this information is "relevant to the patent's effective filing date, enablement, written description and best mode, and other related matters."  Monsanto responds that there were no document requests or search terms directed to "codon optimization," but that it has produced documents on that topic to the extent they were called for by the Stipulation.  Defendants reply that there *were* document requests and search terms on this topic, and additionally, that this topic calls for hard copy documents pre-dating electronic storage that Monsanto should have reviewed for responsiveness.  Because the Court is not omniscient with respect to the location and contents of documents in the parties' possession, it simply has no means of determining whether these responsive documents exist or were subject to the Stipulation, and this same difficulty arises in attempting to resolve all of the discovery disputes in these Motions.  Thus, in light of the Court's conclusion that it will not order document production outside of the parties' agreement, the Court can do no more than re-order what it has already ordered multiple times in this case: complete compliance with the Stipulation.

---

[1] For example, Monsanto asserts that it is producing additional documents concerning the role of chloroplast transit peptides fused to an EPSPS enzyme in the production of glyphosate-tolerant plants, in response to the March 30, 2011 Memorandum and Order.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Fifth Motion to Compel [doc. #640] and Sixth Motion to Compel [doc. #652] are **GRANTED**, to the extent they seek documents that should have been produced under the terms of the parties' ESI Stipulation, and are otherwise **DENIED**. For each category of requested documents in these Motions, Monsanto shall produce additional documents to fulfill its obligations under the Stipulation, or file a notice with the Court no later than **June 3, 2011**, certifying that the requested documents are either not subject to the Stipulation or do not exist.

Dated this 20th Day of May, 2011.

_E. Richard Webber_ (signature)

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE