UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MONSANTO COMPANY and MONSANTO TECHNOLOGY LLC, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No. 4:09CV00686 ERW |
| E.I. DU PONT DE NEMOURS AND COMPANY and PIONEER HI-BRED INTERNATIONAL, INC., | ) ) ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants E.I. du Pont de Nemours and Company and Pioneer Hi-Bred International, Inc. (collectively, "Defendants") Motion to Compel Supplemental Answers to Interrogatories [doc. #655]. In their Motion, Defendants seek an order compelling Plaintiffs Monsanto Company and Monsanto Technology LLC (collectively, "Monsanto") to provide supplemental answers to four specific interrogatories, arguing that Monsanto's responses have thus far been inadequate.

Federal Rule of Civil Procedure 33(a) provides that the scope of discovery by interrogatory is the same as that for discovery generally, embracing "any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." *See* Fed. R. Civ. P. 26(b)(1). In circumstances where the answer to an interrogatory could be gleaned from examining certain documents, Rule 33(d) permits the responding party to answer by making those records available

to the asking party, so long as the burden of arriving at the answer would be substantially the same for either party.

First, Defendants argue that Monsanto has inadequately responded to its Interrogatory No. 1, which states as follows:

> Identify the sequence and function of any DNA, transcribed RNA, or expressed protein or peptide that corresponds in whole or in part to the DNA inserted in the 40-3-2 event or NK603 event within the accused Roundup Ready®/OGAT soybean or corn products in this case, within any Roundup Ready® crops or seeds that Monsanto has sued for patent infringement based on the claims of the '247 Reissue patent or U.S. Patent No. 5,633,435 ("the '435 patent"), including those in *Monsanto Co. v. Trivette*, No. 4:07-cv-343 (E.D. Mo.) (Perry, J.), and within any Roundup Ready® crops from seeds sold by Monsanto, identify the five persons at Monsanto most knowledgeable of same, and identify all documents reflecting or relating to same.

Subject to a number of objections, Monsanto initially responded with a two-page answer and attached some corresponding technical reports, and then later supplemented its response pursuant to Rule 33(d) with citations to over ten thousand pages of documents it had already produced to Defendants. Defendants contend that Monsanto's response remains insufficient because it has not properly identified the sequence and function of transcribed RNA and expressed proteins or peptides that correspond to the 40-3-2 and NK603 events.

The Court has reviewed Monsanto's response and finds that no relief is warranted with respect to this interrogatory. Monsanto represents in its Opposition that it has provided Defendants with all of the responsive non-privileged information in its possession, and that it will supplement its answers with additional information in the event that its experts produce or rely on additional information concerning the sequence or function of transcribed RNA and expressed proteins or peptides corresponding to the 40-3-2 and NK603 events. As such, the Court is persuaded that Monsanto has satisfied its obligations in answering this interrogatory, and Defendants' Motion will be denied on this point.

Defendants' Interrogatory No. 2 asks Monsanto to

> [s]eparately, in claim chart form, for each asserted claim of the '247 Reissue Patent, explain in detail on a limitation-by-limitation basis, and provide all supporting facts for your contention that any of Defendants' accused products infringe on each such claim, literally or under the doctrine of equivalents, identify the five persons at Monsanto most knowledgeable of same, and identify all documents reflecting or relating to same.

Monsanto responded with a claim chart, which it supplemented following this Court's claim construction order, setting forth the forty-seven allegedly infringed claims, stating whether the alleged infringement is literal or under the doctrine of equivalents, stating the accused product, and discussing Monsanto's infringement allegations. Monsanto has refused to provide information about the five persons most knowledgeable about its infringement contentions, asserting that these individuals are all counsel for Monsanto and therefore do not possess any discoverable information on this topic. Defendants argue that Monsanto's claim chart is insufficient because it fails to specifically address how each element of the asserted in claims is found in Defendants' stacked seed products. With respect to the identifications of knowledgeable persons, Defendants state that they are willing to exclude Monsanto's current litigation counsel from the interrogatory.

Monsanto will not be ordered to supplement its response to this interrogatory. Monsanto's claim chart sufficiently answers this interrogatory, insofar as (1) it is undisputed that Defendants' stacked soybean and corn products contain Monsanto's 40-3-2 and NK603 events, respectively; and (2) Monsanto's answer incorporates by reference its answer to Interrogatory No. 1, in which Monsanto set forth the sequence and function of those transgenes. Furthermore, it appears that Defendants' request for more precise technical information concerning infringement will be addressed through the disclosure of Monsanto's expert reports. The Court will not order Monsanto to respond with the identities of five persons with the most knowledge

of its infringement allegations, as Defendants have failed to articulate any basis as to how this information is likely to lead to discoverable information, given that these persons are all former or current counsel for Monsanto, whose knowledge about these matters is privileged or constitutes attorney work product.[1]

Defendants next contend that Monsanto must supplement its response to their Interrogatory No. 3, which states:

> Separately for each claim of the '247 Reissue Patent, state and explain in detail with all supporting facts, the earliest effective filing date to which that claim is entitled and whether the claim is entitled to the benefit of earlier filed applications US SN 07/749,611 or 07/576,537 under 35 U.S.C. § 120, including identifying where the claimed inventions are disclosed in such earlier filed application, and identify the five persons at Monsanto most knowledgeable of same, and identify all documents reflecting or relating to same.

Monsanto responded that all of the asserted claims of the '247 Patent are entitled to claim priority to either the '611 or the '537 application – that is, to 1990 or 1991 filing dates – and provided a chart with citations to those applications in support. Defendants assert that Monsanto should be required to provide a single alleged priority date, that Monsanto should provide alleged priority dates for the unasserted claims of the '247 Patent, and, as with the previous interrogatory, that Monsanto must identify five persons with knowledge of this issue.

Defendants' Motion will be denied on this point. Monsanto is entitled to argue in the alternative for effective priority dates; thus, there is nothing improper about Monsanto's response as to the asserted claims. *See Ajinomoto Co. v. Int'l Trade Comm'n*, 597 F.3d 1267, 1277 (Fed. Cir. 2010) ("A patentee may seek to rely on an earlier priority date to overcome intervening prior art" and "may also argue in the alternative for different priority dates at trial.") (internal citations

---

[1] This conclusion is, of course, subject to any subsequent finding of waiver as to these matters.

4

omitted). As to the unasserted claims, Defendants state that Monsanto alleged to the PTO that the basis for seeking the reissue application was to separate out certain claims that were only entitled to a September 1994 priority date, and Defendants therefore claim that Monsanto's subjective beliefs about which claims are entitled to that priority date are relevant to Defendants' allegations of inequitable conduct and improper broadening during reissue. The Court disagrees, in the sense that while Monsanto's subjective beliefs about whether any claims of the '247 Patent are entitled to 1994 priority dates may be relevant to whether it intended to mislead the PTO in seeking reissue, Monsanto's *current* analysis of the priority dates to which the unasserted claims are entitled says nothing about its beliefs at the time it made those representations. As such, the Court will not require Monsanto to supplement its answer with this information. For the same reason set forth above with respect to Interrogatory No. 2, Monsanto will also not be required to identify five persons knowledgeable about this topic.

> Lastly, Defendants seek additional information in response to their Interrogatory No. 4:
>
> Describe each and every error in the U.S. Patent No. 5,633,435 ("the '435 Patent") based on which Monsanto sought reissue, explain how each error(s) rendered the '435 Patent wholly or partly inoperative or invalid, and identify each and every claim in the '435 Patent rendered wholly or partly inoperative or invalid by reason of each such error(s), describe each and every error in conduct made in the preparation and/or prosecution of the applications leading to the '435 Patent, explain how and why each error(s) in conduct arose or occurred, identify by whom each such error(s) in conduct were committed, and specify how and when each such error(s) were first discovered by Monsanto.

Defendants argue that Monsanto's response to this interrogatory is insufficient because it does not address Monsanto's prior statement, in a 2005 reissue declaration, that "[a]lthough identification of only one error is required, claims in this reissue are also amended to correct the classification of certain sequences as DNA sequences, and not amino acid sequences."

Monsanto represents that its answer is nevertheless complete, and as such, there is nothing for the Court to compel. It would be fruitless for the Court to order Monsanto to provide information on a purported basis for reissue that it now asserts was *not* a basis for reissue. Defendants therefore are not entitled to any relief as to this interrogatory.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Compel Supplemental Answers to Interrogatories [doc. #655] is **DENIED**.

Dated this 26th Day of May, 2011.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE