UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MONSANTO COMPANY and <br> MONSANTO TECHNOLOGY LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> E.I. DU PONT DE NEMOURS AND <br> COMPANY and PIONEER HI-BRED <br> INTERNATIONAL, INC., <br><br> Defendants. | Case No. 4:09CV00686 ERW |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiffs Monsanto Company and Monsanto Technology LLC's (collectively, "Plaintiffs") Second Motion to Compel Production of Recalled Documents [doc. #699]. In this Motion, Monsanto seeks an order compelling Defendants to produce unredacted versions of six documents that Defendants originally produced to Monsanto and then recalled on grounds of attorney-client privilege.[1]

"[T]he party who claims the benefit of the attorney-client privilege has the burden of establishing the right to invoke its protection." *Hollins v. Powell*, 773 F.2d 191, 196 (8th Cir. 1985) (internal citations omitted). Thus, in order to continue to withhold the information at issue, Defendants must establish that it constitutes, or necessarily reflects, confidential communications between attorney and client, made for the purpose of obtaining or giving legal advice or assistance. *See Diversified Indus., Inc. v. Meredith*, 572 F.2d 596, 602 (8th Cir. 1977).

---

[1] The Motion originally concerned 10 documents, but the parties have since resolved their dispute as to four of those documents. Of the six still at issue, Defendants have produced five in redacted form and have withheld the other in its entirety.

It is impossible for the Court to determine whether these documents were properly redacted – or, in one case, withheld completely – because Defendants have declined to submit unredacted versions for the Court to review. With respect to most of the redactions at issue, Defendants argue in general terms that the withheld information relates to the solicitation or provision of legal advice concerning patent, intellectual property, regulatory, or freedom-to-operate issues, but the Court cannot conclude that Defendants have met their burden of establishing that attorney-client privilege applies without actually examining the disputed text. As such, Defendants will be ordered to either produce these documents to Monsanto or submit them for in camera review.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants shall, no later than **June 3, 2011**, produce the six disputed documents to Monsanto in unredacted form or submit them to the Court for in camera review.

Dated this 27th Day of May, 2011.

_E. Richard Webber_
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE