UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MONSANTO COMPANY and MONSANTO TECHNOLOGY LLC, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No. 4:09CV00686 ERW |
| E.I. DU PONT DE NEMOURS AND COMPANY and PIONEER HI-BRED INTERNATIONAL, INC., | ) ) ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants' E.I. du Pont de Nemours and Company and Pioneer Hi-Bred International, Inc. (collectively, "Defendants") Motion Concerning Monsanto's Late Production of an Essential Custodian Document [doc. #725]. In their Motion, Defendants state that they have been prejudiced by Plaintiffs Monsanto Company and Monsanto Technology LLC's (collectively, "Monsanto") failure to produce a key document from custodian Brian Martinell – a so-called "crib sheet" detailing certain facts about the creation of the 40-3-2 soybean event – until the end of Martinell's deposition, and seek an order (1) compelling Monsanto to re-interview Martinell about documents in his possession, and (2) permitting Defendants to name Kyle Voss, revealed on the "crib sheet" to be an individual with knowledge about the creation of the 40-3-2 event, as an additional custodian. Monsanto contends that although this document was inadvertently not produced until Martinell's deposition, the requested relief should be denied because Monsanto gave Defendants additional

deposition time to question Martinell about the document and because it was cumulative of other information Monsanto had already produced.[1]

This is simply yet another instance of untimely production, something of which both sides have been guilty on *numerous* occasions thus far. Defendants' Motion will be denied. An examination of the past several months of filings demonstrates that both Monsanto and Defendants have been unable to fulfill their document production obligations in a timely manner, and if the Court were to grant the relief requested here, it would effectively open the floodgates for the designation of multiple additional custodians, further interviews about the locations of custodial documents, and the like. The discovery that has already taken place has been costly and burdensome for both sides, and increasing the cost and burden is unwarranted as a result of this relatively unremarkable instance of belated production.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion Concerning Monsanto's Late Production of an Essential Custodian Document [doc. #725] is **DENIED**.

Dated this 9th Day of June, 2011.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] Monsanto also argues that Defendants' Motion should be denied because Defendants failed to meet and confer about this issue prior to filing the Motion. To the extent Monsanto claims that Defendants improperly resorted to motion practice with respect to a matter that could have been resolved between the parties, the Court notes that the same could be said, and has been said, of numerous discovery motions filed by Monsanto. Indeed, an examination of the recent filings in this case suggests that counsel for both Monsanto and Defendants are taking the opportunities offered by the discovery process to engage in as much motion practice as possible.