UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MONSANTO COMPANY and<br>MONSANTO TECHNOLOGY LLC, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| vs. | )<br>) | Case No. 4:09CV00686 ERW |
| E.I. DU PONT DE NEMOURS AND<br>COMPANY and PIONEER HI-BRED<br>INTERNATIONAL, INC., | )<br>)<br>)<br>) | |
| Defendants. | )<br>) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiffs Monsanto Company and Monsanto Technology LLC's ("Monsanto") Motion to Modify Court Order of July 22, 2011 [ECF No. 847] and Defendants E.I. du Pont de Nemours and Company and Pioneer Hi-Bred International, Inc. ("Defendants") Motion to Modify the Court's July 22, 2011 Memorandum and Order [ECF No. 848].

In the July 22 Order, the Court ordered the parties, after reviewing and exchanging their respective privilege logs, to produce any remaining challenged documents to the Court for *in camera* review no later than August 26, and the parties are in agreement that this deadline must be extended. It seems that the ordered review of privilege logs resulted in a substantial number of documents being downgraded, and the current dispute concerns whether the parties should have an opportunity to review the downgraded documents before deciding which documents still designated as privileged they would like the Court to review *in camera*.

The Court finds that giving the parties the opportunity to review the downgraded documents would only serve to protract this process, and the Court is confident that the parties

will manage to produce their downgraded documents as expeditiously as possible. Having completed review of Defendants' redacted documents and made substantial progress in reviewing Monsanto's redacted documents, it is also apparent to the Court that the assertions of privilege on both sides have been, for the most part, largely appropriate, and the Court believes *in camera* review of all claimed privileged documents is not indicated. Once the review of redacted documents is completed, the Court will review 100 withheld documents from each party, and the Court does not intend to examine more than those 200 documents, unless it begins to appear that either party is abusing the attorney-client privilege. The 100 documents can be chosen from the withheld privileged documents already submitted to the Court, or from the revised privilege logs the parties have recently exchanged.

Accordingly,

**IT IS HEREBY ORDERED** that the parties shall: (1) exchange any further objections to the opposing party's privilege log on or before **September 1, 2011**; (2) meet and confer about those objections on or before **September 7, 2011**; and (3) file a notice with the Court identifying the 100 withheld documents from the opposing party they would like the Court to review, and arrange to have any challenged documents from the newly-revised privilege logs provided to the Court, on or before **September 12, 2011**.

Dated this 30th Day of August, 2011.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE