UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MONSANTO COMPANY and
MONSANTO TECHNOLOGY LLC,

    Plaintiffs/Counterclaim
    Defendants,

    v.

E.I. DU PONT DE NEMOURS AND CO. and
PIONEER HI-BRED INTERNATIONAL, INC.,

    Defendants/Counterclaim
    Plaintiffs.

Case No. 09-cv-0686 (ERW)

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO ENTER FOURTH AMENDED
CASE MANAGEMENT ORDER – PATENT/CONTRACT CLAIMS**

Defendants/Counterclaimants E. I. du Pont de Nemours and Company and Pioneer Hi-Bred International, Inc. (collectively "DuPont and Pioneer") submit this reply in support of their Motion to Enter Fourth Amended Case Management Order – Patent/Contract Claims (Dkt. 841) setting the patent and contract trial in this matter for April 15, 2012.

On August 25, 2011, DuPont and Pioneer filed a motion to amend the schedule controlling the patent and contract portion of this case as it is currently set out in the Court ordered Third Amended Case Management Order – Patent ("Patent CMO") (Dkt. 414). In their motion, DuPont and Pioneer presented the dates the parties have agreed should control the remaining stages of patent and contract discovery and motions practice and an agreed trial date

of April 15, 2012.[1] Plaintiffs/Counterclaim-Defendants Monsanto Company and Monsanto Technology LLC (collectively "Monsanto") "agree on the proposed dates and trial schedule set forth in Defendants' Motion, for the patent/contract case." (Response to Defendants' Motion to Enter Fourth Amended Case Management Order – Patent/Contract Claims ("Response to Motion to Amend Patent CMO"), at 1, Dkt. 854.) Consequently, the issues related to amending the Patent CMO are now fully briefed and presented for resolution by the Court at the appropriate time.

On August 29, 2011, the Court entered an Order denying a previously filed joint motion to amend the Patent CMO, and indicated that "[t]he Court will issue a new Case Management Order after it has completed the ongoing *in camera* review of documents." (Aug. 29 Order.) DuPont and Pioneer understood this Order to mean the Court wants no further scheduling proposals until after it has resolved the current privilege disputes.[2]

Nevertheless, the next day, Monsanto filed a response to DuPont's and Pioneer's motion to amend the Patent CMO that went far beyond requesting "that the Court enter the patent/contract schedule agreed to by the parties." (Response to Motion to Amend Patent CMO at 5.) Instead, Monsanto used its so-called "response" to the motion to amend the Patent CMO primarily to argue for amendment of the separate Case Management Order – Antitrust Counterclaims ("Antitrust CMO") (Dkt. 421) and to request that the Court "order that the antitrust trial start in February 2013." (*Id.*) Monsanto's request for a court order that is unrelated

---

[1] The parties agreed these dates should supersede the dates the parties had previously submitted to the Court on March 1, 2011 in a Joint Motion to Amend Paragraphs I.1, I.3, and I.5 of the Court's Third Amended Case Management Order – Patent (Dkt. 632), which the Court ordered held in abeyance on March 30, 2011 (March 30, 2011 Memorandum & Order, Dkt. 681), and denied without prejudice to re-filing on August 29, 2011. (Aug. 29, 2011 Order, Dkt. 849.)

[2] DuPont and Pioneer filed the present motion to modify the Patent CMO before the August 29 Order and file this reply only to object to Monsanto's improper and untimely request for an order amending the Antitrust CMO.

to any pending motion demonstrates its desperation to delay resolution of the monopolization and attempted monopolization claims against it, and DuPont and Pioneer respectfully request that the Court decline to address Monsanto's proposal for the following three reasons.

*First*, Monsanto's request for relief is procedurally improper under the Federal Rules of Civil Procedure and should be denied on that basis. Fed. R. Civ. P. 7(b)(1). "'A request for a court order must be made by motion[,]' … must be made in the form of a motion, and the request must be titled as a motion." *Smith v. Nichols*, No. 09-Civ-01139, 2010 WL 1571218, at *1 (D. Colo. Apr. 20, 2010) (quoting Fed. R. Civ. P. 7(b)(1)). "Since [Monsanto] ha[s] not raised this issue by Motion, [it] cannot raise it for the first time in [its] Brief." *Dombrosky v. Banach*, No. 09-Civ-02579, 2010 WL 3749267, *4 (M.D. Pa. Sept. 21, 2010). Monsanto has not complied with this requirement, but instead seeks to piggyback a separate request for an order amending the Antitrust CMO onto DuPont's and Pioneer's motion for an order amending the Patent CMO. Accordingly, the Court should "decline[] to address [Monsanto's] request for a court order because it has not been properly presented to the Court." *Nagim v. Jackson*, No. 10-Civ-00328, 2010 WL 4318888, at *2 (D. Colo. Oct. 25, 2010).

*Second*, Monsanto's request for a separate order amending the Antitrust CMO ignores the Court's direction that it intends to "issue a new Case Management Order after it has completed the ongoing *in camera* review of documents" and that the parties will be permitted to file motions related to scheduling amendments at that time. (Aug. 29 Order at 1.) The appropriate time for Monsanto to file a formal motion seeking an order that amends the Antitrust CMO, if the parties cannot reach agreement, is therefore *after* the Court has disposed of the parties' currently pending cross-motions to compel the production of withheld documents. The

3

Court should decline Monsanto's request for an order amending the Antitrust CMO as untimely under the Court's August 29 Order.

*Third*, Monsanto's request for an order amending the Antitrust CMO is untimely because the parties have not met and conferred concerning the effect of the proposed amendments to the Patent CMO on the ability of the parties to conclude antitrust discovery and hold an antitrust trial. Monsanto asserted its position would be that an amended antitrust schedule must not begin before February 2013 to allow a delay of the same amount of time (38 weeks or just short of 9 months) as the original Antitrust CMO. The parties' discussions never advanced beyond that assertion.[3] DuPont and Pioneer have developed a complete proposal of dates for the Antitrust CMO which accounts for objections Monsanto raised during the discussions over the first Antitrust CMO. Given the chance to meet and confer, DuPont and Pioneer would present their proposal to Monsanto.

In addition, Monsanto raises important issues in its response that the parties have not discussed, including its assertion that "the Court will be conducting a trial on the inequitable conduct issues" after the conclusion of the patent/contract trial. (*Id.* at 3.) This position ignores the fact that DuPont and Pioneer are constitutionally entitled to a jury trial on their patent fraud antitrust claims which share substantial overlap with the inequitable conduct defense, making a joint trial of the inequitable conduct defenses before a jury the most efficient and appropriate procedure. *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 508 (1959). In a recent *en banc* opinion, the Federal Circuit addressed the inequitable conduct standard and adopted in part the "but for" test used for patent fraud in the antitrust context, which further establishes Defendants'

---

[3] Given the chance to meet and confer, DuPont and Pioneer would point out Monsanto's mathematical error – a nine month delay would have the antitrust trial begin January 7, 2013, not in February 2013.

4

constitutional right to a jury. *Therasense Inc. v. Becton, Dickinson & Co.*, Nos. 2008-1511-14, -1595, — F.3d —, 2011 WL 2028255 at *15 (Fed. Cir. May 25, 2011) (*en banc*). At no time during the several meet and confer sessions between the parties on the scheduling of the patent/contract case did Monsanto ever raise this issue or the prospect of a bench trial. At minimum, before it entertains this issue, the Court should allow the parties to properly brief the recent *Therasense* decision and the constitutional implications of Monsanto's position.

For all these reasons, the parties would benefit from meeting and conferring prior to asking the Court to intervene on the schedule for the antitrust case. Accordingly, the Court should decline Monsanto's request for an order setting the antitrust trial for ten months after the start of the patent/contract trial, and allow the parties to confer over these issues while the Court resolves the ongoing *in camera* review.

## CONCLUSION

For the reasons provided above and in their opening brief, DuPont and Pioneer respectfully request that, after resolving the ongoing *in camera* review, the Court grant their motion to amend the Patent CMO and enter a new Case Management Order setting the parties' agreed dates for the patent/contract case. DuPont and Pioneer also respectfully request that the Court decline Monsanto's improper, untimely, and ill-advised invitation to enter an order setting the antitrust trial for February 2013, and instead allow the parties to meet and confer over the antitrust schedule and present any remaining disputes by proper motion in a manner consistent with the Court's August 29, 2011 Order.

Dated:  September 2, 2011

Respectfully submitted,

**LEWIS, RICE & FINGERSH, L.C.**

By:      /s/ C. David Goerisch
          Andrew Rothschild, #23145MO
          C. David Goerisch, #48418MO
600 Washington Avenue, Suite 2500
St. Louis, Missouri  63101
(314) 444-7600
(314) 241-6056 (facsimile)
arothschild@lewisrice.com
dgoerisch@lewisrice.com

Leora Ben-Ami
Thomas F. Fleming
Christopher T. Jagoe
Howard S. Suh
**KAYE SCHOLER LLP**
425 Park Avenue
New York, New York  10022
(212) 836-8000
(212) 836-8689 (facsimile)
lbenami@kayescholer.com
tfleming@kayescholer.com
cjagoe@kayescholer.com
hsuh@kayescholer.com

Donald L. Flexner
**BOIES, SCHILLER & FLEXNER LLP**
575 Lexington Avenue, 7th Fl.
New York, New York 10022
(212) 446-2300
(212) 446-2350 (facsimile)
dflexner@bsfllp.com

James P. Denvir
Amy J. Mauser
**BOIES, SCHILLER & FLEXNER LLP**
5301 Wisconsin Avenue, N.W.
Washington, D.C. 20015
202-237-2727
202-237-6131 (facsimile)
jdenvir@bsfllp.com
amauser@bsfllp.com

*Counsel for Defendants E.I. du Pont de Nemours and Company and Pioneer Hi-Bred International, Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 2, 2011, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

- **Steven M. Berezney**
steve.berezney@huschblackwell.com
- **Kurt G. Calia**
kcalia@cov.com
- **Matthew A. Campbell**
macampbell@winston.com
- **Scott W. Clark**
sclark@mwe.com
- **Joseph P. Conran**
joe.conran@huschblackwell.com
- **Todd J. Ehlman**
tehlman@winston.com
- **Anthony J. Franze**
Anthony.Franze@aporter.com
- **Greg G. Gutzler**
greg.gutzler@huschblackwell.com
- **James M. Hilmert**
jhilmert@winston.com
- **George C. Lombardi**
glombardi@winston.com
- **Kurt A. Mathas**
kmathas@winston.com
- **Omri E. Praiss**
omri.praiss@huschblackwell.com
- **John J. Rosenthal**
jrosenthal@winston.com
- **Mark A. Smith**
markasmith@winston.com
- **Steven G. Spears**
sspears@mwe.com,jjknapp@mwe.com
- **Tamara M. Spicer**
tamara.spicer@huschblackwell.com,jean.melenbrink@huschblackwell.com
- **Gail J. Standish**
gstandish@winston.com
- **Dan K. Webb**

dwebb@winston.com

                                                                     /s/ C. David Goerisch