UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MONSANTO COMPANY and
MONSANTO TECHNOLOGY LLC,

                Plaintiffs,

v.

E.I. DU PONT DE NEMOURS AND CO. and
PIONEER HI-BRED INTERNATIONAL, INC.,

                Defendants.

Case No.  09-cv-0686 (ERW)

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE

Defendants E. I. du Pont de Nemours and Co. and Pioneer Hi-Bred International, Inc. (collectively, "DuPont and Pioneer") hereby request that the Court strike and disregard Section I of a letter dated September 12, 2011 from Monsanto's counsel to the Court, which was attached as Exhibit 1 to a "Notice" filed by Monsanto on September 12, 2011 (*See* Dkt. 875-1).

## BACKGROUND

On July 22, 2011, the Court entered a Memorandum and Order (Dkt. 812) on Monsanto's Ninth Motion to Compel Production of Withheld Documents and DuPont's and Pioneer's Cross-Motion to Compel Production of Withheld Documents (Dkt. 767).  The parties had fully briefed the issues in connection with these motions, submitting motions, memoranda in support, memoranda in opposition, and reply memoranda.  (*See* Dkts. 750, 751, 767, 769, 790, 796).  The Court's July 22, 2011 Order provided that:  (a) by no later than August 1, 2011, the parties were to complete their review of the highlighted or challenged documents on their respective privilege logs and either de-designate those documents as privileged or provide them to the Court for *in camera* review; (b) the parties were to complete a full review of their respective privilege logs and de-designate documents as appropriate, and produce that revised privileged log to the

opposing party by no later than August 19, 2011, and the parties were then required to meet and confer and produce to the Court, for *in camera* review, any remaining challenged documents; and (c) for all documents produced for *in camera* review, the party claiming privilege must (1) supply the Court with information about the role of each person of significance mentioned in the document, (2) produce redacted and unredacted versions of all partially redacted documents, and (3) produce the documents in hard copy and as pdf filed, contained on a CD, USB drive, or other similar digital storage mechanism.  (Dkt. 812 at 1-2).  Nowhere in this Order did the Court authorize a party challenging privilege to submit additional arguments in support of its challenges.

On August 30, 2011, the Court entered a Memorandum and Order (Dkt. 853) on Monsanto's Motion to Modify Court Order of July 22, 2011 (Dkt. 847) and DuPont's and Pioneer's Motion to Modify the Court's July 22, 2011 Memorandum and Order (Dkt. 848).  The Court's August 30, 21001 Order provided that the parties were to:  (1) exchange any further objections to the opposing party's privilege log on or before September 1, 2011; (2) meet and confer about those objections on or before September 7, 2011; and (3) file a notice with the Court identifying the 100 withheld documents from the opposing party they would like the Court to review, and arrange to have any challenged documents from the newly-revised privilege logs provided to the Court, on or before September 12, 2011.  (Dkt. 853 at 2).  Thus, the Court instructed the parties to "identify[] the 100 withheld documents from the opposing party they would like the Court to review" (*Id.*), but the Court did not request or authorize either party to submit additional arguments in support of that party's 100 additional challenges.

On September 12, 2011, the parties filed a notice with the Court identifying the 100 documents withheld from the opposing party they would like the Court to review.  (Dkts. 872, 875).  Monsanto's Notice, however, went far beyond identifying the 100 documents it wanted the Court to review.  Instead, it attached as Exhibit 1 to the Notice a letter dated September 12,

2

2011 from its counsel to the Court that had been hand delivered to the Court earlier that day. (Dkt. 875, 875-1). In Section I of that letter, over four single-spaced pages, Monsanto's counsel makes arguments supporting its challenges to the 100 identified documents, including quoting from various documents produced by DuPont and Pioneer in this case.[1] This portion of Monsanto's letter mischaracterizes DuPont's and Pioneer's documents and the record in this case, and DuPont and Pioneer have not had an opportunity to respond to these arguments.

## ARGUMENT

Section I of Monsanto's September 12, 2011 letter constitutes improper and unauthorized sur-reply arguments in connection with Monsanto's Ninth Motion to Compel. Such arguments violate Local Rule 4.01(C), which provides that other than memoranda in support, in opposition, and in reply, "[a]dditional memoranda may be filed by either party *only* with leave of Court." Here, Monsanto did not seek leave of Court to submit additional arguments in connection with the Court's ongoing *in camera* review of privileged documents. Other courts have stricken unauthorized sur-reply briefs, even when the submission was not denominated as such. *See McLamb v. Rubin*, 932 F. Supp. 706, 711 (M.D.N.C. 1996) (granting motion to strike plaintiff's sur-reply brief); *Patterson v. Lansing*, 2001 WL 946181 (D. Kan. Aug. 10, 2001) (granting motion to strike submission "which, in effect, is a sur-reply").

Monsanto's arguments in its September 12, 2011 letter to the Court are also contrary to the Court's Orders dated July 22, 2011 (Dkt. 812) and August 30, 2011 (Dkt. 853). As discussed above, the terms of these Orders were clear. Neither Order authorized Monsanto to submit additional substantive arguments to the Court. Section I of Monsanto's September 12, 2011 Order also violates Local Rule 4.04(A), which prohibits communication in writing with the

---

[1] Monsanto did not file this Notice or the attached letter under seal, even though it quotes from documents that were designated confidential by Defendants, in violation of the Court's Protective Order entered in this case.

3

Court concerning any pending case except by motion or memorandum, unless otherwise directed by the Court.  Here, the Court has never directed the parties to submit letters to the Court containing substantive arguments regarding the *in camera* review process (as opposed to the identification and transmittal of non-argumentative information to the Court).[2]

The Court should strike Section I of Monsanto's September 12, 2011 letter because the arguments contained therein are prejudicial to Defendants.  Monsanto's arguments once again mischaracterize Defendants' documents and the record in this case.  Since the outset of this litigation Monsanto has engaged in a concerted, unjustified, and unprofessional campaign to attack the credibility of DuPont and Pioneer by mischaracterizing their statements, positions, and documents.  DuPont and Pioneer respectfully submit that the Court should admonish Monsanto to cease this campaign to smear DuPont and Pioneer in every submission Monsanto makes to the Court.

The latest example of this conduct is particularly egregious because Monsanto's arguments were submitted in a letter to the Court in a manner that is designed to evade the adversarial process and that deprives DuPont and Pioneer of the opportunity to respond to those arguments.  If the Court had requested additional briefing on these motions, DuPont and Pioneer would, in addition, have identified serious problems with Monsanto's privilege log based on the 100,000 pages of documents it has downgraded from its privilege logs after representing to the Court that its privilege logging process was free of errors.  DuPont and Pioneer respectfully suggest that the Court can make a fully informed decision regarding the privileged nature of the 100 additional documents identified by Monsanto without considering Monsanto's latest

---

[2] Defendants do not take issue with Section II of Monsanto's September 12, 2011 letter to the Court.  That section of Monsanto's letter includes non-argumentative information about the transmittal of certain documents and information to the Court pursuant to the Court's August 30, 2011 Order.

4

...

missive.  In the event, however, that the Court is inclined to consider the arguments in Section I of Monsanto's September 12, 2011 letter to the Court, fundamental fairness dictates that DuPont and Pioneer be provided an opportunity to respond to those arguments before the Court conducts its *in camera* review of the 100 additional documents identified by Monsanto.

## CONCLUSION

For the reasons stated herein, the Court should strike and disregard Section I of the letter dated September 12, 2011 from Monsanto's counsel to the Court, which was attached as Exhibit 1 to a "Notice" filed by Monsanto on September 12, 2011 (*See* Dkt. 875-1).  In the alternative, in the event that the Court is inclined to consider the arguments in Section I of Monsanto's September 12, 2011 letter to the Court, the Court should grant DuPont and Pioneer leave to file a response to those arguments for the Court to consider as it conducts its *in camera* review of the 100 additional documents identified by Monsanto.

Dated: September 15, 2011          Respectfully submitted,

**LEWIS, RICE & FINGERSH, L.C.**

By:    /s/ C. David Goerisch
       Andrew Rothschild, #23145MO
       C. David Goerisch, #48418MO
600 Washington Avenue, Suite 2500
St. Louis, Missouri 63101
(314) 444-7600
(314) 241-6056 (facsimile)
arothschild@lewisrice.com
dgoerisch@lewisrice.com

Leora Ben-Ami
Thomas F. Fleming
Christopher T. Jagoe
Howard S. Suh
**KAYE SCHOLER LLP**
425 Park Avenue
New York, New York 10022
(212) 836-8000
(212) 836-8689 (facsimile)
lbenami@kayescholer.com
tfleming@kayescholer.com
cjagoe@kayescholer.com
hsuh@kayescholer.com

Donald L. Flexner
**BOIES, SCHILLER & FLEXNER LLP**
575 Lexington Avenue, 7th Fl.
New York, New York 10022
(212) 446-2300
(212) 446-2350 (facsimile)
dflexner@bsfllp.com

James P. Denvir
Amy J. Mauser
**BOIES, SCHILLER & FLEXNER LLP**
5301 Wisconsin Avenue, N.W.
Washington, D.C. 20015
202-237-2727
202-237-6131 (facsimile)
jdenvir@bsfllp.com
amauser@bsfllp.com

*Counsel for Defendants E.I. du Pont de Nemours and Company and Pioneer Hi-Bred International, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 15, 2011, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

- **Steven M. Berezney**
steve.berezney@huschblackwell.com
- **Kurt G. Calia**
kcalia@cov.com
- **Matthew A. Campbell**
macampbell@winston.com
- **Scott W. Clark**
sclark@mwe.com
- **Joseph P. Conran**
joe.conran@huschblackwell.com
- **Todd J. Ehlman**
tehlman@winston.com
- **Anthony J. Franze**
Anthony.Franze@aporter.com
- **Greg G. Gutzler**
greg.gutzler@huschblackwell.com
- **James M. Hilmert**
jhilmert@winston.com
- **George C. Lombardi**
glombardi@winston.com
- **Kurt A. Mathas**
kmathas@winston.com
- **Omri E. Praiss**
omri.praiss@huschblackwell.com
- **John J. Rosenthal**
jrosenthal@winston.com
- **Mark A. Smith**
markasmith@winston.com
- **Steven G. Spears**
sspears@mwe.com,jjknapp@mwe.com
- **Tamara M. Spicer**
tamara.spicer@huschblackwell.com,jean.melenbrink@huschblackwell.com
- **Gail J. Standish**
gstandish@winston.com
- **Dan K. Webb**
dwebb@winston.com

/s/ C. David Goerisch