UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MONSANTO COMPANY and | ) | |
| MONSANTO TECHNOLOGY LLC, | ) | |
|     Plaintiffs, | ) | |
| | ) | |
|   vs. | ) | Case No. 4:09CV00686 ERW |
| | ) | |
| E.I. DU PONT DE NEMOURS AND | ) | |
| COMPANY and PIONEER HI-BRED | ) | |
| INTERNATIONAL, INC., | ) | |
|     Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court in connection with the Court's August 30, 2011 Order [ECF No. 853] that instructed each party to file a notice with the Court identifying the 100 withheld documents from the opposing party they would like the Court to review, and Defendants E.I. du Pont de Nemours and Company and Pioneer Hi-Bred International, Inc.'s ("Defendants") Motion to Strike [ECF No. 881].

The Court has completed its *in camera* review of the documents filed in conjunction with Plaintiffs Monsanto Company and Monsanto Technology LLC's ("Monsanto") notice [ECF No. 875] and Defendants' notice [ECF No. 872]: Monsanto's *In Camera* Production of Fully Privileged Documents; Monsanto's *In Camera* Production of Partially Privileged Redacted Documents; Defendants' Privileged Documents Submitted for *In Camera* Review, volumes 1 and 2; and Defendants' Redacted Documents Submitted for *In Camera* Review.

I. **LEGAL STANDARD**

The Court has conducted extensive research on attorney-client privilege and the work product doctrine. To avoid repeating itself, the Court refers the parties to its September 22, 2011 Order [ECF

No. 894]. The law contained in the September 22, 2011 Order guides the Court in this pending motion.

**II.    *IN CAMERA* REVIEW**

After reviewing the applicable law, the Court has identified nine principal reasons why a given communication might not be protected from disclosure:

(1) the communication only concerns underlying facts, such as business or technical data, and was not shared in order to solicit legal advice;

(2) privilege was waived because the communication was disclosed to a third party;

(3) no attorney was involved in the communication and it does not reflect privileged advice from an attorney;

(4) the attorney's only involvement in the communication was as a passive recipient;

(5) the attorney's advice is not legal in nature;

(6) the communication was not made to the attorney for the purpose of obtaining legal advice;

(7) privilege does not extend to the employee who made the communication;

(8) the communication was not intended to be confidential;

(9) the document is attorney work product but the party seeking production has demonstrated that it is discoverable.

Using this rubric, the Court has created comprehensive tables that document its rulings on each produced document. The column on the far right contains the Court's conclusion: "P" (privileged), "WP" (work product), "NP" ("not privileged"), "DWP" (discoverable work product), or some combination thereof. For those documents found not to be protected, the Court also states its rationale, with reference to the list of nine reasons set forth above. Thus, if the Court determined that a document was not privileged because it only contained underlying facts and was not made in order to obtain legal advice, that column would contain "NP: 1."

The parties will find individualized rulings attached to this Order as a table. All documents determined by the Court to be "Not Privileged" are to be delivered to the other party in unredacted format within ten (10) days of this Order.

**IV.    DEFENDANTS' MOTION TO STRIKE**

Defendants' move to strike [ECF No. 881] the letter attached as Exhibit 1 to Monsanto's September 12, 2011 Notice [ECF No. 875]. The Court did not read Exhibit 1 or use it to make its determinations in any way. Therefore, Defendants' Motion to Strike is denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that all documents determined to be "not privileged" by the Court be delivered to the other party in unredacted format within ten (10) days of this Order.

**IT IS FURTHER ORDERED** that Defendants Motion to Strike [ECF No. 881] is **DENIED as moot**.

Dated this  4th  day of October, 2011.

                                                              E. RICHARD WEBBER
                                                              SENIOR UNITED STATES DISTRICT JUDGE