UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MONSANTO COMPANY and | ) | |
| MONSANTO TECHNOLOGY LLC, | ) | |
|     Plaintiffs, | ) | |
| | ) | |
|    vs. | ) | Case No. 4:09CV00686 ERW |
| | ) | |
| E.I. DU PONT DE NEMOURS AND | ) | |
| COMPANY and PIONEER HI-BRED | ) | |
| INTERNATIONAL, INC., | ) | |
|     Defendants. | ) | |

## <u>MEMORANDUM AND ORDER</u>

This matter comes before the Court in connection with the Court's September 22, 2011 Order [ECF No. 894] that instructed each party to review the rulings therein and file a notice requesting reexamination of up to twenty (20) documents determined by the Court to be "not privileged."

The Court has completed its *in camera* review of the documents filed in conjunction with Plaintiffs Monsanto Company and Monsanto Technology LLC's ("Monsanto") notice [ECF No. 909] and Defendants' notice [ECF No. 908] (the October 3, 2011 Production): "Monsanto's Requests for Reexamination of the Court's Privileged Determinations – October 3, 2011 Production," and "Defendants' Requests for Reexamination of Redacted Documents – October 3, 2011 Production."

This Order also addresses the three issues that arose while the Court conducted *in camera* review in conjunction with the September 22, 2011 Order. The Court informed Defendants that it was unable to make rulings on three documents in Defendants' Partially Redacted Documents and requested information to locate those documents in both redacted and unredacted format. The information has been supplied and reviewed.

## I.        LEGAL STANDARD

The Court has conducted extensive research on attorney-client privilege and the work product doctrine.  To avoid repeating itself, the Court refers the parties to its September 22, 2011 Order [ECF No. 894].  The law contained in the September 22, 2011 Order guides the Court in this pending motion.

## II.        *IN CAMERA* REVIEW

After reviewing the applicable law, the Court has identified nine principal reasons why a given communication might not be protected from disclosure:

(1) the communication only concerns underlying facts, such as business or technical data, and was not shared in order to solicit legal advice;

(2) privilege was waived because the communication was disclosed to a third party;

(3) no attorney was involved in the communication and it does not reflect privileged advice from an attorney;

(4) the attorney's only involvement in the communication was as a passive recipient;

(5) the attorney's advice is not legal in nature;

(6) the communication was not made to the attorney for the purpose of obtaining legal advice;

(7) privilege does not extend to the employee who made the communication;

(8) the communication was not intended to be confidential;

(9) the document is attorney work product but the party seeking production has demonstrated that it is discoverable.

Using this rubric, the Court has created comprehensive tables that document its rulings on each produced document.  The column on the far right contains the Court's conclusion: "P" (privileged), "WP" (work product), "NP" ("not privileged"), "DWP" (discoverable work product), or some combination thereof.  For those documents found not to be protected, the Court also states its

rationale, with reference to the list of nine reasons set forth above. Thus, if the Court determined that a document was not privileged because it only contained underlying facts and was not made in order to obtain legal advice, that column would contain "NP: 1."

Regarding the three issues that arose while the Court conducted *in camera* review in conjunction with the September 22, 2011 Order, the Court was unable to make rulings on three documents in Defendants' Partially Redacted Documents and requested information to locate those documents in both redacted and unredacted format. The information has been supplied and the Court rules as follows:

1. Item No. 17788157 - In the Court's September 22, 2011 Order concerning Defendants' Partially Redacted Documents, on review of document 17788157, the Court requested an unobstructed, unredacted copy of the slide titled "Maximizing Yields with Breakthrough Technologies." That document has been produced and is ruled. - NP: 1.

2. Item No. 2314353 - The Court was unable to locate item no. 2314353 in Defendants' hard copy production, but reviewed it in electronic format. Footnote 1 in reference to Volume 20 of 46, Tab 1, the conclusion that document no. 2314353 p. 105 is "privileged" is erroneous. It is ruled, "not privileged." The ruling in Volume 19 of 46, Tab 2, that document 2314353 is "NP: 1" is correct.

3. Item No. 157886683 - Document 15788683 is in Volume 38, Tab 2. The Court rules that the document is NP: 1.

The parties will find individualized rulings attached to this Order as a table. All documents from the October 3, 2011 Production and the three remaining documents from the September 22, 2011 Order determined by the Court to be "Not Privileged" shall be delivered to the other party in unredacted format within ten (10) days of this Order.

Accordingly,

**IT IS HEREBY ORDERED** that all documents from the October 3, 2011 Production and the three remaining documents from the September 22, 2011 Order determined to be "not privileged" by the Court shall be delivered to the other party in unredacted format within ten (10) days of this Order.

Dated this  4th  day of October, 2011.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE