UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MONSANTO COMPANY and<br>MONSANTO TECHNOLOGY LLC,<br><br>    Plaintiffs,<br><br>vs.<br><br>E.I. DUPONT DE NEMOURS AND<br>COMPANY and PIONEER HI-BRED<br>INTERNATIONAL, INC.<br><br>    Defendants. | Case No. 4:09CV00686 ERW |

**FIRST AMENDED CASE MANAGEMENT ORDER**
**ANTITRUST COUNTERCLAIMS**

    **IT IS HEREBY ORDERED** that the following schedule shall now apply in this case, and will be modified only upon a showing of exceptional circumstances:

**I.    SCHEDULING PLAN**

    1.    The parties shall complete all fact discovery on all issues relating to Defendants' antitrust counterclaims (the "antitrust claims"), except those related to Defendants' allegations of patent fraud, sham litigation to enforce those patents, and misrepresentations concerning Monsanto's patent position (the "stayed antitrust issues"), no later than **August 1, 2012**.

    2.    The parties shall complete all fact discovery related to the stayed antitrust issues no later than **October 15, 2012**.

    3.    Motions to compel shall be pursued in a diligent and timely manner, but in no event filed more than eleven (11) days following the discovery deadline set out in subsection (e) above.

    4.    The parties shall disclose all expert witnesses and shall provide the reports required by Federal Rule of Civil Procedure 26(a)(2) related to the antitrust claims no later than **October 26, 2012**, and rebuttal reports shall be provided no later than **November 23, 2012**. The parties shall make all such expert witnesses available for depositions, and have all such depositions completed, no later than **December 21, 2012**.

     5.     Any dispositive motions related to the antitrust claims must be filed no later than **January 18, 2013**.  Briefs in opposition shall be filed no later than thirty (30) days after the filing of the initial motion, and replies no later than thirty (30) days thereafter. Sur-replies shall only be permitted with leave of the Court and upon a showing of extraordinary circumstances.

     6.     The final Pretrial Conference will be held on **April 11, 2013**, at **9:00 a.m**.

## II.    ORDER RELATING TO TRIAL

     This action is set for a **JURY** trial on **April 22, 2013**, at **8:30 a.m.**  This is a **three** week docket.

     Pursuant to Local Rule 8.04, the court may tax against one or all parties the per diem, mileage, and other expenses of providing a jury for the parties, if the case is terminated or settled by the parties at a time too late to cancel the jury attendance or to use the summoned jurors in another trial, unless good cause for the delayed termination or settlement is shown.

     **In this case, unless otherwise ordered by the Court, the attorneys shall, not less than twenty (20) days prior to the date set for trial:**

     1.     <u>Stipulation</u>:  Meet and jointly prepare and file with the Clerk a JOINT Stipulation of all uncontested facts, which may be read into evidence subject to any objections of any party set forth in said stipulation (including a brief summary of the case which may be used on Voir Dire).

     2.     <u>Witnesses</u>:

     (a)     Deliver to opposing counsel, and to the Clerk, a list of all proposed witnesses, identifying those witnesses who will be called to testify and those who may be called.

     (b)     Except for good cause shown, no party will be permitted to call any witnesses not listed in compliance with this Order.

     3.     <u>Exhibits</u>:

     (a)     Mark for identification all exhibits to be offered in evidence at the trial (Plaintiffs shall mark exhibits P-1, P-2, P-3, etc.  Defendants shall mark exhibits D-1, D-2, D-3, etc.)  and deliver to opposing counsel and to the Clerk a list of such exhibits, identifying those that will be introduced into evidence and those that may be introduced.  The list shall clearly indicate for each business record whether the proponent seeks to authenticate the business record by affidavit or declaration pursuant to Fed.R.Evid. 902(11) or 902(12).

     (b)     Submit said exhibits or true copies thereof, and copies of all affidavits or declarations pursuant to Fed.R.Evid. 902(11)or 902(12), to opposing counsel for examination.  Prior to trial, the parties shall stipulate which exhibits may be introduced without objection or preliminary identification, and shall file written objections to all other exhibits.

(c) No exhibit shall be shown to the jury in opening statements or at any other time until it is received in evidence or the Court has granted permission for the exhibit to be shown to the jury.

(d) Except for good cause shown, no party will be permitted to offer any exhibits not identified or not submitted by said party for examination by opposing counsel in compliance with this Order. Any objections not made in writing **at least fifteen (15) days prior to trial** may be considered waived.

4. <u>Depositions, Interrogatory Answers, and Request for Admissions</u>:

(a) Deliver to opposing counsel and to the Clerk a list of all interrogatory answers or parts thereof and depositions or parts thereof (identified by page and line numbers), and answers to requests for admissions proposed to be offered in evidence. **At least fifteen (15) days before trial,** opposing counsel shall state in writing any objections to such testimony and shall identify any additional portions of such depositions not listed by the offering party which opposing counsel proposes to offer.

(b) Except for good cause shown, no party will be permitted to offer any interrogatory answer, or deposition or part thereof, or answer to a request for admissions not listed in compliance with this Order. Any objections not made as above required may be considered waived.

5. <u>Instructions</u>:

(a) Submit to the Court and to opposing counsel their written request for instructions and forms of verdicts reserving the right to submit requests for additional or modified instructions **at least fifteen (15) days before trial** in light of opposing party's requests for instructions. (Each request must be supported by at least one pertinent citation.)

(b) Eighth Circuit Jury Instructions <u>will</u> be used in all cases if available. If instructions from any other source are proffered, they must be accompanied by case authority.

(c) Parties shall submit a "clean" copy and a "dirty" copy of each instruction proffered. A "clean" copy for the jury will reflect only "Instruction No. ____" at the top with no further explanatory comments at the top or bottom of the page.

6. <u>Trial Briefs</u>:  Submit to the Court and opposing counsel a trial brief stating the legal and factual issues and authorities relied on and discussing any anticipated substantive or procedural problems.

       7.   <u>Motions In Limine</u>:  File all motions in limine to exclude evidence, <u>and submit a courtesy copy directly to the Court's chambers</u>, **at least fifteen (15) days before trial.**

Failure to comply with any part of this order may result in the imposition of sanctions.

So Ordered this <u>28th</u> Day of <u>October</u>, 2011.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE