UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MONSANTO COMPANY and ) | |
| MONSANTO TECHNOLOGY LLC, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:09CV00686 ERW |
| ) | |
| E.I. DUPONT DE NEMOURS AND ) | |
| COMPANY and PIONEER HI-BRED ) | |
| INTERNATIONAL, INC., ) | |
| ) | |
| Defendants. ) | |

## ORDER REGARDING DEFENDANTS' NOTICE TO COURT'S OCTOBER 4, 2011 ORDER IN-CAMERA REVIEW

The matter before the Court concerns Defendants' Response to the Court's October 4, 2011 Order [ECF No. 910] concerning the parties' one hundred privilege challenges [ECF No. 872], and specifically, Defendants' Notice [ECF No. 922] concerning the Court's October 4, 2011 Order on Privilege Challenges, as that Notice relates to Item 240853.

Based on the Court's subsequent review of claimed fully privileged documents, the Court concludes the following:

1. Item 240853 - Defendants respond that the email identified as item 240853 refers to two attachments: "Corn Analysis - Feb 2002.xls" and "Soybean Analysis - Feb. 2002.xls." There is an explanation that the spreadsheet marked as Item 291325 is "Corn Analysis - Feb 2002.xls" and the spreadsheet marked as Item 291326 is "Soybean Analysis - Feb. 2002.xls."

The Court is satisfied with Defendants' explanation and rules that Item 240853 and the "Corn Analysis - Feb 2002.xls" attachment and the "Soybean Analysis - Feb. 2002.xls" attachment are privileged, P.

2. Item 438135 - This document which has been ruled as privileged had the following described attachments:

    a. "OGAT_Corn_QA_010909_v1.doc"
    b. "OGAT_soy_QA_010709_v6.doc"
    c. "OGAT_soy_TPs_010709_v6.doc"
    d. "OptimumGAT_Corn_TP_010909_v2.doc"

The Court has previously ruled that Item 463467 ("a" above) is privileged. The Court has also ruled that Item 463468 is privileged. The date on Item 463468 does not comport with 010909. Additionally, Item 463468 has four, not three pages. Defendants must, within ten (10) days of the date of this Order, explain this discrepancy, otherwise, the Court will conclude that the prior ruling was erroneous, and that Item 463468 is not privileged, NP1. In the Notice concerning the Court's October 4, 2011 Order on Privileged Challenges, Defendants set forth a chart, which states that Item 463468 is identified as "OGAT_soy_QA_010709_v6.doc." This also does not comport with Item 438185.

Item 463469 does not comport with any description on Item 438185. It is a one-page document dated "010809." Defendants must offer an explanation as to how they claim this is a properly identified attachment to Item 463185. Otherwise, it will be ruled not privileged, NP1.

3. Item 463470 does not fit within the definition of Item 438185. It is a one-page document dated 010909, a "talking point" document pertaining to Optimum GAT corn. Unless Defendants can explain the misidentification within ten (10) days of the date of this Order, it will be ruled no privileged, NP1. The affidavit of Hershel A. Wancjer is insufficient to explain the differences in the description of the attachments, and the information in the attachments.

No. 1 [463467] has been ruled privileged and that ruling is confirmed. There are three remaining identified documents on 438185, i.e., a corn document "010909_v2.doc" with the letters "TP" which the Court concludes means talking point; a soybean document "TPs_010909.v6.doc; and a soybean document "QA" which the Court concludes means "question/answer" 010909_v6."

Item 463468 is a soybean document with four pages dated 010809. It does not fit the identification on Item 438185. Item 463469 is a soybean document containing one page dated 010809. It does not fit any description on Item 438185. Item 463470 is a one page TP corn document dated 010409. It does not fit any description on Item 438185.

     4.     The e-mail message identified by Defendants as the ""middle e-mail" which is dated March 15, 2002 at 8:53 am is privileged, P.  The Court mistakenly overlooked that e-mail in the initial review.

     So Ordered this 31st day of October, 2011.

*[Signature: E. Richard Webber]*

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE