UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MONSANTO COMPANY and
MONSANTO TECHNOLOGY LLC,

Plaintiffs,

vs.

E.I. DUPONT DE NEMOURS AND
COMPANY and PIONEER HI-BRED
INTERNATIONAL, INC.,

Defendants.

Case No. 4:09-cv-00686 (ERW)

## CONSENT ORDER REGARDING AUTHENTICATION OF PARTY-PRODUCED AND CREATED DOCUMENTS FOR USE IN THE PATENT/CONTRACT CASE

The parties, through their respective counsel of record, hereby request that that Court enter the following stipulation as an order of the Court:

### STIPULATION

1.  The parties are entering this stipulation to avoid unnecessary depositions, including depositions pursuant to Fed. R. Civ. P. 30(b)(6) to authenticate and establish foundational facts regarding party-created documents produced in discovery from a party's files.

2.  Not later than November 21, 2011, the parties will exchanges lists identifying documents created by the opposing party (including any documents created by party employees, officers, agents, or persons otherwise controlled by the party when the documents were created), and produced from the files of the opposing party, which the proffering party regards as potential exhibits for summary judgment proceedings or at trial in the patent/contract portion of this matter. Such lists shall not exceed 500 separate documents as identified below, except that the lists may include documents marked as deposition exhibits or previously submitted in filings

with the Court, which will not be counted against this limit. The exchanged lists shall identify each individual document by beginning and ending bates numbers, including any related family or attachment. Where a document has been previously marked as a deposition exhibit or filed with the Court, the document shall also be identified by the name of the deponent or filing docket number, as applicable, and its exhibit number.

3. Each party shall review the list of documents produced by the other party and indicate any documents for which the party reasonably contests (1) the authenticity of such document and/or (2) that the documents are business records (Records of Regularly Conducted Business Activity) within the meaning of Fed. R. Evid. 803(6). Each party shall identify any such documents and describe the specific bases for its position contesting the authenticity of the document and/or its status as a business record, including any facts upon which the party is relying to support its position on or before January 6, 2012.

4. The following are *not* appropriate bases to contest the authenticity of a document:

   a. That the party cannot identify the author(s) or recipient(s) of a document, if the document otherwise appears to be a company document originating from said party. For example and without limitation, a presentation on which the author or presenter is not indicated, but which on its face appears to have been made by one or more employees.

   b. That the author(s) and/or recipient(s) are not officers, directors, and/or control persons of the producing party.

   c. That the document is a draft or preliminary version of a document.

5. Nothing in this stipulation precludes a party from asking a Rule 30(b)(6) witness about the authenticity, admissibility, or contents of any document, but any such questioning will count against the total time permitted by the Court's CMO for Rule 30(b)(6) testimony.

6. The parties will meet and confer at a mutually convenient time within two weeks after the exchange of the lists set forth in Paragraph 3, above, to attempt to resolve any disputes over the authenticity of any documents and/or designation of documents as business records under Fed. R. Evid. 803(6). The parties will bring any remaining disputed documents to the attention of the Court for a ruling by way of motion. Should the Court find that there is an open factual issue precluding the Court from determining the authenticity of a document, or the appropriate designation of a document as a business record under Fed. R. Evid. 803(6), the party seeking to use the document will be entitled to take a Rule 30(b)(6) deposition of the opposing party for the limited purpose of establishing the authenticity of the document and/or its status as a business record. Any such deposition will not count against the total time permitted by the Court's CMO for Rule 30(b)(6) testimony.

7. Nothing in this stipulation precludes a producing party from arguing that a document deemed authentic and/or designated as a business record in accordance with the terms hereof, is nevertheless not admissible for any other reason and/or is entitled to little or no weight based on the identity of its author or circumstances of its creation.

8. Nothing in this stipulation precludes a party from identifying a document or documents for use at summary judgment proceedings or at trial in the patent/contract portion of this matter after the deadline set out in Paragraph 2 above.

9. This stipulation and consent order does not relate to, and has no bearing on, the authenticity or admissibility of third party documents.

10. This stipulation and consent order does not relate to, and has no bearing on, the authenticity or admissibility of documents that may potentially be used at summary judgment

proceedings or at trial in the antitrust portion of this matter, and the deadlines set out herein do not apply to such documents.

Dated: October 26, 2011

Respectfully submitted,

HUSCH BLACKWELL LLP

*/s/ Joseph P. Conran*

Joseph P. Conran, E.D.Mo. # 21635MO
Omri E. Praiss, E.D.Mo. # 41850MO
Greg G. Gutzler, E.D.Mo. # 48893MO
Tamara M. Spicer, E.D.Mo. # 54037MO
Steven M. Berezney, E.D.Mo. # 56091MO
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
(314) 480-1500
(314) 480-1505 (facsimile)
joe.conran@huschblackwell.com
omri.praiss@huschblackwell.com
greg.gutzler@huschblackwell.com
tamara.spicer@huschblackwell.com
steve.berezney@huschblackwell.com

Dan K. Webb
George C. Lombardi
Todd J. Ehlman
James M. Hilmert
**WINSTON & STRAWN LLP**
35 W. Wacker Drive, Suite 4200
Chicago, IL 60601

John J. Rosenthal
Matthew A. Campbell
Jovial Wong
**WINSTON & STRAWN LLP**
1700 K Street, N.W.
Washington, DC 20006

LEWIS, RICE & FINGERSH, L.C.

*/s/ C. David Goerisch*

Andrew Rothschild, E.D.Mo. # 23145MO
C. David Goerisch, E.D.Mo. # 48418MO
500 N. Broadway, Suite 2000
Louis, MO 63102
(314) 444-7600
(314) 241-6056 (facsimile)
arothschild@lewisrice.com
dgoerisch@lewisrice.comSt.

Leora Ben-Ami
Thomas F. Fleming
Christopher T. Jagoe
Howard S. Suh
Jeanna Wacker
**KAYE SCHOLER LLP**
425 Park Avenue
New York, New York 10022

Donald L. Flexner
Hershel Wancjer
Cynthia Christian
Robert M. Cooper
**BOIES, SCHILLER & FLEXNER LLP**
575 Lexington Avenue, 7th Fl.
New York, New York 10022

Gail J. Standish
Stephen R. Smerek
**WINSTON & STRAWN LLP**
333 South Grand Avenue
Los Angeles, CA 90071-1543

*Attorneys for Plaintiffs Monsanto Company and Monsanto Technology LLC*

James P. Denvir
Amy J. Mauser
**BOIES, SCHILLER & FLEXNER LLP**
5301 Wisconsin Avenue, N.W.
Washington, D.C. 20015

*Attorneys for Defendants E.I. du Pont de Nemours and Company and Pioneer Hi-Bred International, Inc.*

SO ORDERED:

_____
E. Richard Webber, Judge

Dated: _____

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 31st day of October, 2011, the foregoing was filed electronically with the Clerk of the Court for the United States District Court for the Eastern District of Missouri, Eastern Division, and was served by operation of that Court's electronic filing system, upon the following:

Andrew Rothschild, Esq.
C. David Goerisch, Esq.
Lewis, Rice & Fingersh, L.C.
600 Washington, Suite 2500
St. Louis, MO 63102

Leora Ben-Ami, Esq.
Thomas F. Fleming, Esq.
Christopher T. Jagoe, Esq.
Howard S. Suh, Esq.
Jeanna Wacker, Esq.
Kaye Scholer LLP
425 Park Avenue
New York, NY  10022

Donald L. Flexner, Esq.
Hershel Wancjer, Esq.
Cynthia Christian, Esq.
Robert M. Cooper, Esq.
Boies, Schiller & Flexner LLP
575 Lexington Avenue, 7th Fl.
New York, NY  10022

James P. Denvir, Esq.
Amy J. Mauser, Esq.
Boies, Schiller & Flexner LLP
5301 Wisconsin Avenue, N.W.
Washington, D.C. 20015

*Attorneys for Defendants*

/s/ Joseph P. Conran