UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MONSANTO COMPANY and<br>MONSANTO TECHNOLOGY LLC,<br>    Plaintiffs,<br><br>    vs.<br><br>E.I. DU PONT DE NEMOURS AND<br>COMPANY and PIONEER HI-BRED<br>INTERNATIONAL, INC.,<br>    Defendants. | Case No. 4:09CV00686 ERW |

## MEMORANDUM AND ORDER

This matter comes before the Court on two Motions: 1) Plaintiffs Monsanto Company and Monsanto Technology LLC's (collectively "Monsanto") Motion to Strike Defendants E.I. Du Pont De Nemours and Company and Pioneer Hi-Bred International, Inc. (collectively, "Defendants") Late and Previously Unidentified Patent Invalidity Allegations [ECF No. 930]; and, 2) Monsanto's Emergency Motion to Strike Prior Art and Related Invalidity Contentions First Disclosed in Expert Reports and Cumulative Expert Reports and Testimony [ECF No. 963]. The parties presented their arguments on both Motions at a hearing on January 5, 2012.

**I.    Motion to Strike Defendants' Late and Previously Unidentified Patent Invalidity Allegations [ECF No. 930]**

In the first Motion [ECF No. 930], Monsanto argues that Defendants have not timely identified prior art and a series of patent invalidity allegations. Specifically, on September 27, 2011, Defendants supplemented their answers to Interrogatories 7 and 8, which ask for details about prior art references and Defendants' intent to rely on the references. Monsanto asserts that through this supplement, Defendants contend that the '247 patent is invalid for obviousness, double patenting, or anticipation in light of seventeen newly alleged prior-art references.

Monsanto asserts that under Federal Rule of Civil Procedure 26(a) and (c), as well as Court-imposed deadlines, Defendants had a duty to disclose documents that they intended to rely on for their patent invalidity arguments. Monsanto contends that the late disclosure has deprived it of a fair opportunity to conduct discovery, forced it to scramble to locate experts, and threatened to reopen *Markman* proceedings to construe claims of three different patents. Monsanto concludes that Defendants' behavior was intended to prejudice Monsanto and an example of Defendants' gamesmanship. Monsanto asks the Court to exclude all of the withheld discovery pursuant to Rule 37(c)(1) because Defendants have not shown that the Rule 26(a) violation was either justified or harmless.

Defendants respond that under Rule 26(e), they have an obligation to supplement their contentions in a timely manner, and they have timely met this obligation by supplementing and refining their responses to Interrogatories 7 and 8 on two occasions. Defendants also contend that the contentions and prior art disclosures were otherwise known to Monsanto and they have made Monsanto aware of their invalidity theories by written correspondence and deposition testimony throughout discovery. Defendants conclude that this Motion is just another attempt by Monsanto to avoid a trial on the merits of the patent invalidity claims.

The Court finds that Interrogatories 7 and 8 are contention interrogatories. *Helmert v. Butterball, LLC*, 2010 WL 4537096 *1 -*2 (E.D. Ark. Nov. 3, 2010) (defining contention interrogatory and describing language commonly found in contention interrogatories); *See* Pls.' Exh. 3.

> The term "contention interrogatories" refers to several types of questions. They may ask another party to indicate what it contends, to state all the facts on which it bases its contentions, to state all the evidence on which it bases its contentions, or to explain how the law applies to the facts. *They are distinct from interrogatories that request identification of witnesses or documents that bear on the allegations*.

*In re Grand Casinos, Inc.*, 181 F.R.D. 615, 618 (D. Minn. 1998) (emphasis in original). Contention interrogatories need not be fully answered until discovery is near completion. *See Coleman v. Dental Org. for Conscious Sedation*, 2011 WL 2600407 (E.D. Mo. June 29, 2011). In fact, some courts have ordered responses to contention interrogatories as little as two weeks before dispositive motion deadlines. *Cairo Marine Serv. Inc. v. Homeland Ins. Co. of New York*, 2010 WL 4614693 at *3 (E.D. Mo. Nov. 4, 2010); *see also Vishay Dale Electronics, Inc. v. Cyntex Col, Ltd.*, 2008 WL 4868772 at *5 (D. Neb. Nov. 6, 2008).

In light of this law, it would have been premature for Defendants to fully answer these interrogatories before the close of fact discovery, which occurred just a few weeks ago. In addition, the Court finds that Defendants have complied with Federal Rule of Civil Procedure 26 by timely supplementing their responses and have also complied with the deadlines imposed by the Court's Fourth Amended Case Management Order. Therefore, the Court concludes that Defendants timely disclosed the information contained within their Second Supplemental Objections and Responses to Monsanto's First Set of Interrogatories 7-8. [Pls.' Exh. 12, ECF No. 931-12]. The Motion is denied.

**II. Emergency Motion to Strike Prior Art and Related Invalidity Contentions First Disclosed in Expert Reports and Cumulative Expert Reports and Testimony [ECF No. 963]**

In the second Motion [ECF No. 963], Monsanto requests that the Court strike portions of Defendants' initial expert witness reports because they are allegedly cumulative and reveal prior art and contentions not previously disclosed to Monsanto. Monsanto asserts that the late disclosure prejudices them because they lack the time to fully rebut Defendants' allegedly new contentions through expert testimony. Monsanto also contends that the cumulative nature of the expert witness reports adds undue time and expense by forcing Monsanto to rebut redundant assertions. Monsanto

3

asserts that at a minimum, the duplicative portions of Defendants' expert reports should be stricken and Defendants should be required to select one expert for each of the theories that it plans to offer.

Defendants respond that they have timely served their expert reports in accordance with the Court's Case Management Order and the Federal Rules. Regarding the claim of cumulativeness, Defendants assert that each expert has a unique perspective that makes his or her testimony relevant. Moreover, to the extent that there is overlap among the experts' opinions, Monsanto is not prejudiced by the redundancy. Defendants also contend that Monsanto's reliance on the Federal Rules of Evidence is premature and improper because those rules apply to the admissibility of evidence at trial, not discovery. Defendants state that they eventually will chose which experts will testify and forcing Defendants to make this choice now is premature.

In Monsanto's reply, it asserts that the untimely revelation of patent invalidity contentions and prior art is extremely prejudicial to Monsanto because the late disclosure prevents Monsanto from adequate fact discovery on the issues. Monsanto also contends that Defendants' solution-- dealing with the cumulative expert opinions at trial--is untenable. Monsanto argues that it is unjust to require Monsanto to painstakingly rebut each expert's voluminous report only to preclude all but one expert on each topic to testify at trial. Monsanto asserts that at a minimum, the duplicative portions of Defendants' expert reports should be stricken and Defendants should be required to select one expert for each of the theories that it plans to offer.

As mentioned above, the Court believes that Defendants have comported with the Federal Rules and the Court's Fourth Amended Case Management Order and timely filed its expert reports. The Court also finds that although Defendants have fleshed out their patent invalidity theories and listed additional citations to prior art through these reports, the disclosure is not untimely.

4

Additionally, although the disclosure is cumbersome for Monsanto, the disclosure is not unduly prejudicial.

The Court also finds that striking portions of Defendants' expert reports at this time on the ground that the information is cumulative is premature in part because the matter of cumulativeness is a trial concern, and is not a discovery concern. Federal Rule of Evidence 403 allows for the exclusion of cumulative evidence in order to encourage judicial efficiency and avoid confusion. Cumulative expert reports need not be stricken because jurors will not see these reports. *Sancom, Inc. v. Qwest Commc'ns Corp.*, 683 F. Supp.2d 1043, 1065 (D. S.D. 2010). The Court believes that upon motion and at a time closer to the trial date would be the appropriate time to require Defendants to pick which expert(s) will testify on which topic(s). *See Williams v. MD Cowan, Inc.*, 2011 WL 4527361 at *6 (E.D. Ark. Sept. 29, 2011); *Sappington v. Skyjack Inc.*, 2008 WL 795598 at *5-6 (W.D. Mo. Mar. 20, 2008) (finding that the pretrial conference was the appropriate time for a party to make a choice between experts).

The Court recognizes the tremendous amount of material contained within the expert reports and the time and energy Monsanto will need to prepare rebuttal arguments. If Monsanto believes that it needs additional time to prepare rebuttal reports or additional deposition time for certain experts, Monsanto should make that request to the Court. Both parties should be advised that the July 2012 trial date will not be moved.

The Court concludes that striking the contentions within Defendants' expert reports is premature and, therefore, the Motion is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Monsanto's Motion to Strike Defendants' Late and Previously Unidentified Patent Invalidity Allegations [ECF No. 930] is **DENIED**.

**IT IS FURTHER ORDERED** that Monsanto's Emergency Motion to Strike Prior Art and Related Invalidity Contentions First Disclosed in Expert Reports and Cumulative Expert Reports and Testimony [ECF No. 963] is **DENIED**.

Dated this  5th  day of January, 2012.

  E. RICHARD WEBBER
  SENIOR UNITED STATES DISTRICT JUDGE