IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MONSANTO COMPANY and <br> MONSANTO TECHNOLOGY LLC, <br> <br> Plaintiffs, <br> <br> vs. <br> <br> E.I. DUPONT DE NEMOURS AND <br> COMPANY and <br> PIONEER HI-BRED INTERNATIONAL, <br> INC., <br> <br> Defendants. | Case No. 4:09-cv-00686-ERW |

## MOTION FOR EXTENSION OF TIME

Plaintiffs, Monsanto Company and Monsanto Technology LLC (collectively "Monsanto"), respectfully move for an extension of time, permitting Monsanto to file and serve its Opposition, if necessary, to Defendants' Motion to Clarify the December 21, 2011 Memorandum and Order (Dkt. 1027) only after this Court rules on Monsanto's first-filed, fully-briefed, and ripe Motion to Strike Testimony of Louis P. Berneman (Dkt. 967). In support, Monsanto states:

1. On December 16, 2011, Monsanto filed its Motion to Strike Testimony of Louis P. Berneman (Dkt. 967). That motion is fully briefed and is ripe for this Court's ruling.

2. *After* Monsanto filed its reply brief in support of the motion to strike Dr. Berneman, Defendants choose to file a "conditional" withdrawal of Dr. Berneman's expert report, allegedly subject, only in part, to resolution of a motion to clarify that Defendants would be filing at some later time. (Dkt. 1022.) In that conditional withdrawal notice, Defendants requested that the Court not rule on Monsanto's fully-briefed and ripe motion to strike Dr. Berneman until the Court ruled on a forthcoming Defendants' motion to clarify, despite the

1

undisputed fact that Monsanto offered several bases for the Motion to Strike, the vast majority of which are not even potentially impacted by Defendants' proposed "Motion to Clarify."

3. On January 31, 2012, Monsanto filed an opposition to this notice of conditional withdrawal, showing that the issues Defendants claimed needed "clarification" were already fully briefed in the motion to strike Dr. Berneman, that the motion to clarify was nothing more than a sur-reply to the motion to strike, that motions to clarify are not authorized under the federal rules, and that repetitive briefing was improper and caused prejudicial delay. (Dkt. 1029.)

4. In addition, case law is clear that conditional withdrawals do *not* remove a ripe issue for consideration. *See McGuffin v. Baumhaft*, No. 06-50135, 2009 WL 6614996, at *5 (E.D. Mich. Feb. 5, 2009) (rejecting attorneys' attempt to conditionally withdraw baseless motion after full briefing completed because "a conditional offer to withdraw the motion without prejudice does little to resolve the issue," and recommending sanctions against attorney for causing unnecessary delay and expense), *report and recommendation adopted by*, 2010 WL 2574200 (E.D. Mich. June 16, 2010).

5. As Monsanto was in the process of filing its opposition to the conditional withdrawal, Defendants filed their motion to clarify. (Dkt. 1027.) As Defendants admitted in their conditional withdrawal, the motion to clarify, purportedly submitted under Rule 60, necessarily re-argues issues that the Court already decided, and contains arguments already set forth in Defendants' opposition to the motion to strike Dr. Berneman.

6. As Rule 1 of the Federal Rules of Civil Procedure mandates, the rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

7. Engaging in endless rounds of repetitive briefing is inefficient, expensive, and wasteful. Because the fully-briefed and ripe motion to strike Dr. Berneman already addresses the

issues in Defendants' unauthorized motion to clarify, there is no legitimate reason for Monsanto to incur the expense of drafting another brief on the topic.  Indeed, courts have rejected similar attempts to invoke parallel rounds of briefing on the same issue.  *See In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, MDL No. 07-1873, 2010 WL 1838030, at *1 (E.D. La. May 5, 2010) (declining to address motion for summary judgment because motion addressed claims already subject of other pending motions, and advising parties not to raise issues in more than one motion because "multiple motions causes confusion and creates unnecessary work for both the Court and the parties"); *Hartford Fire Ins. Co. v. Clark*, No. 03-CV-3190 (PSJ/JJG), 2010 WL 428803, at *2 (D. Minn. Jan. 29, 2010) (denying plaintiff's attempt to "take a mulligan" by filing a new supplemental brief that reargued issues already exhaustively briefed by the parties in a motion still pending before the court).

8.      Defendants seek to initiate a brand new round of briefing on the same issues, despite the fact that this Court has specifically disapproved of the parties in this case arguing identical motions on parallel tracks.  (*See* Dkt. 883) (advising parties that "all future Supporting, Response or Reply Memoranda shall relate to one pending motion only and any combined filing will not be considered by this Court".).

9.      In addition to initiating superfluous and repetitive briefing, engendering significant delays, it is undisputed that there are multiple grounds fully briefed in the motion to strike that are not impacted by the motion to clarify.  For example, Monsanto cited authority demonstrating that Dr. Berneman's expert opinion is improper because it invades the exclusive province of the Court by rendering legal conclusions.  Also, Monsanto cited authority demonstrating that Dr. Berneman's expert opinion improperly invades the domain of the jury by rendering credibility determinations.  These improprieties are key elements of the motion to strike, but are *not* at all implicated by the motion to clarify.  As such, Monsanto respectfully

3

submits that the most efficient and just course of action is to rule on the fully-briefed and ripe motion to strike.

10. As such, Monsanto respectfully requests that it be permitted to file an opposition brief to the motion to clarify only after this Court rules on Monsanto's motion to strike Dr. Berneman. The motion to strike order should moot the issues raised again in the motion to clarify. To the extent the Court's ruling on the motion to strike still renders a ruling on the motion to clarify necessary, the Court should only have to address further briefing at that time.

11. A further problem is created by Defendants' maneuver. In their reply to Monsanto's opposition to the notice of conditional withdrawal (Dkt. 1030), Defendants suggest that they may later seek leave to file a new expert report from Dr. Berneman that "will differ in content" from his original report if the Court rules on Defendants' motion to clarify. (*Id.* at 1) (stating, "if the Court grants leave to file a new report after clarifying the scope of its order, any report DuPont submits will differ in content from the report DuPont originally submitted".) Ruling on the fully-briefed motion to strike before addressing, if necessary, the newly-filed motion to clarify is especially prudent given this professed desire. The time for exchanging expert reports has long passed, and any attempt by Defendants to submit brand new opinions from Dr. Berneman would be barred and unduly prejudicial to Monsanto given the approaching trial date. As such, ruling on the motion to strike now is the most efficient and equitable course of action.

12. Granting Monsanto the leave requested in this Motion provides the most efficient and streamlined course, thus preserving the July 2012 trial date.

13. Counsel for Monsanto has conferred with counsel for Defendants. Defendants have refused to agree to this extension.

WHEREFORE, Monsanto respectfully requests that this Court grant Monsanto leave to file its Opposition to Defendants' Motion to Clarify (Dkt. 1027), if necessary, within 10 days of this Court's Memorandum and Order on Monsanto's Motion to Strike Dr. Berneman (Dkt. 967).

Dated:  February 3, 2012

Respectfully submitted,

HUSCH BLACKWELL LLP

By:   /s/ Joseph P. Conran                               .
Joseph P. Conran, E.D.Mo. # 21635MO
joe.conran@huschblackwell.com
Omri E. Praiss, E.D.Mo. # 41850MO
omri.praiss@huschblackwell.com
Greg G. Gutzler, E.D.Mo. # 48893MO
greg.gutzler@huschblackwell.com
Dutro E. Campbell, E.D.Mo. # 47942MO
bruce.campbell@huschblackwell.com
Tamara M. Spicer, E.D.Mo. # 54037MO
tamara.spicer@huschblackwell.com
Steven M. Berezney, E.D.Mo. # 56091MO
steve.berezney@huschblackwell.com
190 Carondelet Plaza, Suite 600
St. Louis, MO  63105
(314) 480-1500 – telephone
(314) 480-1505 – facsimile

WINSTON & STRAWN LLP
Dan K. Webb
dwebb@winston.com
George C. Lombardi
glombardi@winston.com
Todd J. Ehlman
tehlman@winston.com
James M. Hilmert
jhilmert@winston.com
35 W. Wacker Drive, Suite 4200
Chicago, IL  60601
(312) 558-5600 – telephone
(312) 558-5700 – facsimile

John J. Rosenthal
jrosenthal@winston.com
Matthew A. Campbell
macampbell@winston.com
Jovial Wong
jwong@winston.com
Andrew E. Smith
aesmith@winson.com
Erica E. Stauffer
estauffer@winston.com
Zachary L. Spencer
zspencer@winston.com
Adam S. Nadelhaft
anadelhaft@winston.com
1700 K Street, N.W.
Washington, DC  20006
(202) 282-5000 – telephone
(202) 282-5100 – facsimile

Gail J. Standish
gstandish@winston.com
333 South Grand Avenue
Los Angeles, CA 90071-1543
(213) 615-1700 – telephone
(213) 615-1750 – facsimile

MCDERMOTT WILL & EMERY
Steven G. Spears
sspears@mwe.com
1000 Louisiana Street, Suite 3900
Houston, TX  77002-5005
(713) 653-1700 – telephone
(713) 739-7592 – facsimile

*Attorneys for Plaintiff Monsanto Company and Monsanto Technology LLC*

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on the 3rd day of February, 2012, the foregoing was filed electronically with the Clerk of the Court for the United States District Court for the Eastern District of Missouri, Eastern Division, and was served by operation of that Court's electronic filing system, upon the following:

Andrew Rothschild, Esq.
C. David Goerisch, Esq.
Lewis, Rice & Fingersh, L.C.
600 Washington, Suite 2500
St. Louis, MO 63102

Leora Ben-Ami, Esq.
Thomas F. Fleming, Esq.
Christopher T. Jagoe, Esq.
Howard S. Suh, Esq.
Jeanna Wacker, Esq.
Kaye Scholer LLP
425 Park Avenue
New York, NY  10022

Donald L. Flexner, Esq.
Hershel Wancjer, Esq.
Cynthia Christian, Esq.
Robert M. Cooper, Esq.
Jack G. Stern, Esq.
Robert J. Dwyer, Esq.
Boies, Schiller & Flexner LLP
575 Lexington Avenue, 7th Fl.
New York, NY  10022

James P. Denvir, Esq.
Amy J. Mauser, Esq.
Jonathan H. Sherman, Esq.
Boies, Schiller & Flexner LLP
5301 Wisconsin Avenue, N.W.
Washington, D.C.  20015

Robert T. Haar, Esq.
Lisa A. Pake, Esq.
Haar & Woods, LLP
1010 Market Street, Suite 1620
St. Louis, MO 63101

*Attorneys for Defendants*

                                                                                 /s/ Joseph P. Conran