UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MONSANTO COMPANY and ) | |
| MONSANTO TECHNOLOGY LLC, ) | |
|     Plaintiffs, ) | |
| ) | |
|   vs. ) | Case No. 4:09CV00686 ERW |
| ) | |
| E.I. DU PONT DE NEMOURS AND ) | |
| COMPANY and PIONEER HI-BRED ) | |
| INTERNATIONAL, ) | |
|     Defendants. ) | |

**MEMORANDUM AND ORDER**

In the Court's Order dated June 29, 2012 [ECF No. 1447], the Court ordered the following: "Defendants shall neither argue nor present any evidence in opening statement or at any other time throughout the proceedings that Defendants no longer plan to commercialize RR/OGAT soybeans without first seeking the Court's permission to advance said arguments." ECF No.1447 at 8-9. Before beginning their opening arguments, Defendants properly inquired on whether they may address the issue of their plans to commercialize RR/OGAT. The issue was whether Defendants' current lack of intent to commercialize RR/OGAT is relevant to Monsanto's request for infringement damages. The Court heard arguments from both parties and ruled that in light of fundamental fairness, Defendants would be allowed to argue during opening statements that they had no intention to sell RR/OGAT soybeans. After further examination of the law and the transcript from yesterday's oral argument, the Court believes that this ruling is erroneous.

"Upon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court." 35 U.S.C. § 284. A reasonable royalty can be calculated from an established royalty, the infringer's profit

projections for infringing sales, or a hypothetical negotiation between the patentee and infringer based on the factors in *Georgia–Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970). *Lucent Techs. v. Gateway, Inc.*, 580 F.3d 1301, 1324 (Fed. Cir. 2009); *Minks v. Polaris Indus.*, 546 F.3d 1364, 1372 (Fed. Cir. 2008). Monsanto has elected to receive a reasonable royalty. "[A] reasonable royalty is often determined on the basis of a hypothetical negotiation, occurring between the parties *at the time that infringement began*." *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1312 (Fed. Cir. 2011) (emphasis added). The hypothetical negotiation "attempts to ascertain the royalty upon which the parties would have agreed had they successfully negotiated an agreement *just before* infringement began[.]" *Wordtech Sys., Inc v. Integrated Networks Solutions, Inc.*, 609 F.3d 1308, 1319 (Fed. Cir. 2010) (quoting *Lucent*, 580 F.3d at 1324–25) (emphasis added). "A reasonable royalty determination for purposes of making a damages evaluation must relate to the time infringement occurred, and not be an after-the-fact assessment." *Powell v. Home Depot U.S.A., Inc.*, 663 F.3d 1221, 1238 (Fed. Cir. 2011) (citing *Riles v. Shell Exploration & Prod. Co.*, 298 F.3d 1302, 1313 (Fed. Cir. 2002)).

The Federal Circuit has clearly stated that the applicable time frame for the hypothetical negotiation is the time of infringement. Therefore, Defendants' present intentions concerning commercialization of RR/OGAT soybeans are irrelevant and inadmissible under Federal Rule of Evidence 402. Moreover, the Court finds that any remote probative value of this evidence is greatly outweighed by the danger of confusing the jury, wasting time, and unfairly prejudicing Monsanto and would be excluded under Federal Rule of Evidence 403. Therefore, this evidence will be excluded. The Court, however, will allow Defendants to present evidence that to date, no sale of RR/OGAT seed has occurred.

Accordingly,

**IT IS HEREBY ORDERED** that evidence that Defendants no longer plan to commercialize RR/OGAT soybeans is inadmissible.

Dated this  11th  day of July, 2012.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE