UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MONSANTO COMPANY and | ) | |
| MONSANTO TECHNOLOGY LLC, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:09CV00686 ERW |
| | ) | |
| E.I. DUPONT DE NEMOURS AND | ) | |
| COMPANY and PIONEER HI-BRED | ) | |
| INTERNATIONAL, INC., | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants E.I. Du Pont De Nemours and Company and Pioneer Hi-Bred International, Inc.'s (collectively, "Defendants") Motion for Judgment as a Matter of Law on Acquiescence. The jury trial began on July 10, 2012. Plaintiffs Monsanto Company and Monsanto Technology LLC (collectively, "Monsanto") rested on July 19, 2012. At that time, Defendants raised this Motion. The Court heard arguments on the Motion and ruled from the bench that the Motion would be denied. This Order supplements the Court's oral ruling.

**I.   JUDGMENT AS A MATTER OF LAW STANDARD**

Federal Rule of Civil Procedure 50(a)(2) allows a party to move for judgment as a matter of law anytime before the case is submitted to the jury. Judgment as a matter of law is appropriate "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1). "In both Rule 56 motions for summary judgment and Rule 50 motions for judgment as a matter of law, the inquiry is the same: '[W]hether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter

of law.'" *Linden v. CNH America, LLC*, 673 F.3d 829, 834 (8th Cir. 2012) (quoting *Kinserlow v. CMI Corp.*, 217 F.3d 1021, 1025 (8th Cir. 2000)).

The Court draws "all reasonable inferences in favor of the nonmoving party without making credibility assessments or weighing the evidence." *Penford Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 662 F.3d 497, 503 (8th Cir. 2011) (quoting *Phillips v. Collings*, 256 F.3d 843, 847 (8th Cir. 2001)). "To sustain an entry of judgment as a matter of law, '[t]he evidence must point unswervingly to only one reasonable conclusion. This demanding standard reflects our concern that, if misused, judgment as a matter of law can invade the jury's rightful province.'" *Id.* (quoting *Gardner v. Buerger*, 82 F.3d 248, 251 (8th Cir. 1996)).

### III.    ACQUIESCENCE STANDARD

During the prosecution of a patent, the patent examiner may reject the applicant's claims for several reasons. If the patent examiner rejects a claim for failure to satisfy 35 U.S.C. § 112, first paragraph, the applicant usually has three options. *See Waldemar Link v. Osteonics Corp.*, 32 F.3d 556, 559 (Fed. Cir. 1994). First, the applicant may appeal the rejection through administrative proceedings at the PTO. *Id.* Second, the applicant "may elect to file a continuing application and reargue the point." *Id.* Third, the applicant "can file a CIP application adding support for the rejected claims, thus restricting claims containing any new matter to the later filing date of the CIP. *Id.* Thus, different subject matter in a single CIP application can claim different effective filing dates. *Id.* at 558. Subject matter newly introduced in the CIP application receives the filing date of the CIP application. *Id.* However, subject matter "disclosed in the parent application is entitled to the benefit of the filing date of the parent application." *Id.*

"A patentee is estopped from arguing that matter added in a CIP application is not new matter 'when a clear, unambiguous rejection [gave] rise to a choice of appealing or accepting the rejection,

and the applicant accept[ed] the rejection and expressly or impliedly conced[ed] its correctness." *Centocor Ortho Biotech, Inc. v. Abbott Laboratories*, 662 F.Supp.2d 584, 591 (E.D. Tex. 2009) (quoting *Waldemar Link*, 32 F.3d at 591). The patentee is deemed to have "acquiesced" to the patent examiner's judgment by impliedly acknowledging that the CIP adds new matter. *See id.* In such a situation, the patentee is "estopped from obtaining a priority date earlier than the filing date of the CIP application." *Waldemar Link*, 32 F.3d at 559. A finding of acquiescence requires "an explicit final rejection under 35 U.S.C. § 112, first paragraph." *Id.*

"The filing of a CIP application to overcome a PTO rejection does not, however, give rise to an irrebuttable presumption of acquiescence in the rejection." *Pennwalt Corp. v. Akzona Inc.*, 740 F.2d 1573, 1578 (Fed. Cir. 1984). "Estoppel only arises when a clear, unambiguous rejection gives rise to a choice of appealing or accepting the rejection, and the applicant accepts the rejection and expressly or impliedly concedes its correctness." *Waldemar Link*, 32 F.3d at 560. "As with any other basis for asserting patent invalidity, [the party asserting invalidity] has the burden of overcoming the presumption of validity . . . by clear and convincing evidence that the filing of a CIP application and its issuance as a patent constituted acquiescence[.]" *Pennwalt*, 740 at 1578-79. However, "once a prima facie case of acquiescence is established, the patentee must come forward with countervailing evidence." *Id.* at 1579. "For example, a patentee can show he filed a CIP application to disclose improvements developed after the filing date of the parent application rather than to obviate a PTO rejection." *Id.* at 1579 n.12. Because "[t]he CIP application ... does not explicitly memorialize the filing date accorded particular claims[,] the trial court must examine closely the prosecution history to discover the proper date for each claim at issue." *Waldemar Link*, 32 F.3d at 559.

### III. DISCUSSION

Defendants argue that they are entitled to judgment as a matter of law on the issue of acquiescence. Defendants' argument is predicated on statements made in the Court's order [ECF No. 1394] denying summary judgment on this issue. In that order, the Court stated "Defendants have established a prima facie case of acquiescence." *Id*. at 9, 13, 15. Based on these statements, Defendants contend that they are entitled to judgment as a matter of law because the Court has already found that they established a prima facie case and Monsanto has failed to present any evidence to rebut the prima facie case.

Defendants argument is unpersuasive. The Court's statements in the June 22, 2012 Order regarding Defendants having established a prima facie case for the purposes of summary judgment does not establish a prima facie case for purposes of trial. In that Order, the Court also found that Monsanto "established genuine disputes of material fact as to whether it filed the '063 CIP application to obviate the PTO's enablement rejection." *Id*. at 13. Thus, the Court concluded that summary judgment was improper and the issue of acquiescence should go to the jury. Monsanto bears no burden to prove that the patent is valid on any theory. Moreover, at the close of Monsanto's case-in-chief, Defendants obviously have not put forth invalidity evidence. If the Court were to adopt Defendants' argument, it would improperly shift Defendants' burden to prove invalidity onto Monsanto. Therefore, this Motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Judgment as a Matter of Law on Issue of Acquiescence is **DENIED**.

Dated this __20th__ day of July, 2012.

_E. Richard Webber_
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE