# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| MONSANTO COMPANY and | ) | |
| MONSANTO TECHNOLOGY LLC, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:09CV00686 ERW |
| | ) | |
| E.I. DUPONT DE NEMOURS AND | ) | |
| COMPANY and PIONEER HI-BRED | ) | |
| INTERNATIONAL, INC., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendants E.I. Du Pont De Nemours and Company and Pioneer Hi-Bred International, Inc.'s (collectively, "Defendants") Motion for Judgment as a Matter of Law Matter of Law on the Issue of Literal Infringement of Claims 125, 103, 128, 104, 105, 107, 108, and 119. The jury trial began on July 10, 2012. Plaintiffs Monsanto Company and Monsanto Technology LLC (collectively, "Monsanto") rested on July 19, 2012. At that time, Defendants raised this Motion. The Court heard arguments on the Motion and ruled from the bench that the Motion would be denied. This Order supplements the Court's oral ruling.

Federal Rule of Civil Procedure 50(a)(2) allows a party to move for judgment as a matter of law anytime before the case is submitted to the jury. Judgment as a matter of law is appropriate "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1). "In both Rule 56 motions for summary judgment and Rule 50 motions for judgment as a matter of law, the inquiry is the same: '[W]hether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter

of law.'" *Linden v. CNH America, LLC*, 673 F.3d 829, 834 (8th Cir. 2012) (quoting *Kinserlow v. CMI Corp.*, 217 F.3d 1021, 1025 (8th Cir. 2000)).

The Court draws "all reasonable inferences in favor of the nonmoving party without making credibility assessments or weighing the evidence." *Penford Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 662 F.3d 497, 503 (8th Cir. 2011) (quoting *Phillips v. Collings*, 256 F.3d 843, 847 (8th Cir. 2001)). "To sustain an entry of judgment as a matter of law, '[t]he evidence must point unswervingly to only one reasonable conclusion. This demanding standard reflects our concern that, if misused, judgment as a matter of law can invade the jury's rightful province.'" Id. (quoting *Gardner v. Buerger*, 82 F.3d 248, 251 (8th Cir. 1996)).

The Court has reviewed the trial transcript and is persuaded by Monsanto's arguments. Drawing all reasonable inferences in favor of Monsanto, the Court finds that judgment as a matter of law would be inappropriate. Monsanto has put forth sufficient evidence that would allow a reasonable jury to find that Defendants literally infringed the aforementioned claims.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Judgment as a Matter of Law Matter of Law on the Issue of Literal Infringement of Claims 125, 103, 128, 104, 105, 107, 108, and 119 is **DENIED.**

Dated this   20th   day of July, 2012.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE