UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MONSANTO COMPANY and <br> MONSANTO TECHNOLOGY LLC, <br>     Plaintiffs, <br><br> vs. <br><br> E.I. DUPONT DE NEMOURS AND <br> COMPANY and PIONEER HI-BRED <br> INTERNATIONAL, INC., <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> )     Case No. 4:09CV00686 ERW <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants E.I. Du Pont De Nemours and Company and Pioneer Hi-Bred International, Inc.'s (collectively, "Defendants") Motion for Judgment as a Matter of Law Matter of Law on the Issue of Willfulness. The jury trial began on July 10, 2012. Plaintiffs Monsanto Company and Monsanto Technology LLC (collectively, "Monsanto") rested on July 19, 2012. At that time, Defendants raised this Motion. The Court heard arguments on the Motion and ruled from the bench that the Motion would be denied. This Order supplements the Court's oral ruling.

**I.    JUDGMENT AS A MATTER OF LAW STANDARD**

Federal Rule of Civil Procedure 50(a)(2) allows a party to move for judgment as a matter of law anytime before the case is submitted to the jury. Judgment as a matter of law is appropriate "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1). "In both Rule 56 motions for summary judgment and Rule 50 motions for judgment as a matter of law, the inquiry is the same: '[W]hether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter

of law.'" *Linden v. CNH America, LLC*, 673 F.3d 829, 834 (8th Cir. 2012) (quoting *Kinserlow v. CMI Corp.*, 217 F.3d 1021, 1025 (8th Cir. 2000)).

The Court draws "all reasonable inferences in favor of the nonmoving party without making credibility assessments or weighing the evidence." *Penford Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 662 F.3d 497, 503 (8th Cir. 2011) (quoting *Phillips v. Collings*, 256 F.3d 843, 847 (8th Cir. 2001)). "To sustain an entry of judgment as a matter of law, '[t]he evidence must point unswervingly to only one reasonable conclusion. This demanding standard reflects our concern that, if misused, judgment as a matter of law can invade the jury's rightful province.'" Id. (quoting *Gardner v. Buerger*, 82 F.3d 248, 251 (8th Cir. 1996)).

## II.   WILLFUL INFRINGEMENT TEST

The willful infringement test is a two-pronged inquiry. *In re Seagate*, 497 F.3d 1360, 1371 (Fed. Cir. 2007). First, the patentee must satisfy a threshold requirement that the infringer was objectively reckless in infringing the patent at issue. *Id.* at 1371. Second, the patentee must "demonstrate that this objectively-defined risk [] was either known or so obvious that it should have been known to the accused infringer." *Id.* With respect to the first prong, the Federal Circuit acknowledged that "the term [reckless] is not self-defining" and left it "to future cases to further develop the application of this standard." *Id.* (citations omitted).

Recently, the Federal Circuit engaged in a more detailed analysis of the willful infringement test in *Bard Peripheral Vascular, Inc. v. W.L. Gore & Associates, Inc.*, 2012 WL 2149495 (Fed. Cir. June 14, 2012). First, the court addressed the meaning of the "objectively reckless" requirement." *Id.* at *1-2. The court explained that this requirement "tends not to be met where an accused infringer relies on a reasonable defense to a charge of infringement." *Id.* at *1. Rather, it "entails an objective assessment of potential defenses based on the risk presented by the patent." *Id.* at *2.

2

The court should consider defenses that include not only "questions of infringement but also [] questions of validity that are not necessarily dependent on the factual circumstances of the particular party accused of infringement." *Id.* The ultimate question is "whether a reasonable person would have considered there to be a high likelihood of infringement of a valid patent[.]" *Id.* at *4.

Second, the court addressed whether the two-pronged test resides in the province of the judge or the jury. *Id.* at *2-4. Although the court affirmed precedent that the second prong of the willful infringement test is a question of fact, the court held that the threshold "objective determination of recklessness, even though predicated on underlying mixed questions of law and fact, is best decided by the judge as a question of law[.]" *Id.* at *2. The court explained that "[w]hen a defense or noninfringement theory asserted by an infringer is purely legal [], the objective recklessness of such a theory is a purely legal question to be determined by the judge." *Id.* at *3. Additionally, "[w]hen the objective prong turns on fact questions, [] the judge remains the final arbiter of whether the defense was reasonable, even when the underlying fact question is sent to the a jury." *Id.* The court explained,

> the judge may when the defense is a question of fact or a mixed question of law and fact allow the jury to determine the underlying facts relevant to the defense in the first instance, for example, the questions of anticipation or obviousness. But, consistent with this court's holding today, the ultimate legal question of whether a reasonable person would have considered there to be a high likelihood of infringement of a valid patent should always be decided as a matter of law by the judge.

*Id.* at *4.

### III. DISCUSSION

Defendants argue that Monsanto has failed to prove willful infringement and, therefore, they are entitled to judgment as a matter of law on the issue of willfulness. First, Defendants assert that under *Bard*, the Court must decide the objective prong of the willfulness test at this time in the trial. Second, Defendants also contend that *Bard* stands for the proposition that if any reasonable defense

3

is made, the objective prong cannot be satisfied. Defendants argue that because the Court held in summary judgment orders that there were genuine disputes of material fact regarding claims of invalidity and unenforceability, the Court has already found that a reasonable defense exists. Third, Defendants contend that Monsanto failed to prove the subjective prong.

As to the objective prong arguments, *Bard* does not require the Court to make the objective inquiry at this point in the case. *Bard* requires the Court to make this inquiry, just not yet. The Court will make this inquiry at the appropriate time. Moreover, the Court's summary judgment rulings do not amount to a finding that an objectively reasonable defense has been raised.

Regarding the subjective prong, viewing the evidence in the light most favorable to Monsanto, a reasonable jury could find that Monsanto met the subjective requirement of the willfulness test. Defendants argue that Monsanto failed to prove that they knew the DNA sequence contained within the accused product and, therefore, they could not willfully infringe the patent. This DNA sequencing argument is irrelevant to the willfulness inquiry. A person can willfully infringe a patented invention without knowing the exact intricacies of the science involved. In this case, Monsanto put forth evidence that Defendants knew that Roundup Ready technology is covered by a patent, that they did not have stacking rights and sought to acquire those rights, and they stacked the product regardless of this knowledge. The Court will deny Defendants' Motion.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Judgment as a Matter of Law Matter of Law on the Issue of Willfulness is **DENIED**.

Dated this __20th__ day of July, 2012.

_E. Richard Webber_
_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE

4