UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MONSANTO COMPANY and | ) | |
| MONSANTO TECHNOLOGY LLC, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:09CV00686 ERW |
| | ) | |
| E.I. DUPONT DE NEMOURS AND | ) | |
| COMPANY and PIONEER HI-BRED | ) | |
| INTERNATIONAL, INC., | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants E.I. Du Pont De Nemours and Company and Pioneer Hi-Bred International, Inc.'s (collectively, "Defendants") Motion for Judgment as a Matter of Law Matter of No Infringement under the Doctrine of Equivalents Pursuant to Fed. R. Civ. P. 50(a) [ECF No. 1526]. The jury trial began on July 10, 2012. Plaintiffs Monsanto Company and Monsanto Technology LLC (collectively, "Monsanto") rested on July 19, 2012. At that time, Defendants raised this Motion. The Court heard arguments on the Motion and the parties submitted briefs on the issue.

**I.   JUDGMENT AS A MATTER OF LAW STANDARD**

Federal Rule of Civil Procedure 50(a)(2) allows a party to move for judgment as a matter of law anytime before the case is submitted to the jury. Judgment as a matter of law is appropriate "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1). "In both Rule 56 motions for summary judgment and Rule 50 motions for judgment as a matter of law, the inquiry is the same: '[W]hether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter

of law.'" *Linden v. CNH America, LLC*, 673 F.3d 829, 834 (8th Cir. 2012) (quoting *Kinserlow v. CMI Corp.*, 217 F.3d 1021, 1025 (8th Cir. 2000)).

The Court draws "all reasonable inferences in favor of the nonmoving party without making credibility assessments or weighing the evidence." *Penford Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 662 F.3d 497, 503 (8th Cir. 2011) (quoting *Phillips v. Collings*, 256 F.3d 843, 847 (8th Cir. 2001)). "To sustain an entry of judgment as a matter of law, '[t]he evidence must point unswervingly to only one reasonable conclusion. This demanding standard reflects our concern that, if misused, judgment as a matter of law can invade the jury's rightful province.'" Id. (quoting *Gardner v. Buerger*, 82 F.3d 248, 251 (8th Cir. 1996)).

## II. DISCUSSION

Defendants present three arguments for judgment as a matter of law on the issue of non-infringement under the doctrine of equivalents ("DOE") of the SEQ ID NO:3 claims (claims 1, 2, 10, 57, 69, 70, 71, 131, and 143). First, Defendants contend that because SEQ ID NO:70 was foreseeable at the time the patent application was filed, Monsanto now is barred from arguing DOE to cover the SEQ ID NO:70 claims. Second, Defendants argue that Monsanto's DOE theory fails as a matter of law under the all elements rule. Third, Defendants assert that Monsanto has failed to prove and demonstrate that SEQ ID NO:70 functions in the same way and with the same result as SEQ ID NO:3.

"The scope of a patent is not limited to its literal terms but instead embraces all equivalents to the claims described." *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 732, (2002). "The doctrine of equivalents is designed to protect inventors from unscrupulous copyists and unanticipated equivalents." *Wm. Wrigley Jr. Co. v. Cadbury Adams USA LLC*, --- F.3d ---, 2012 WL 2367047, *8 (Fed. Cir. 2012). "Under the doctrine of equivalents, 'a product or process that

does not literally infringe upon the express terms of a patent claim may nonetheless be found to infringe if there is 'equivalence' between the elements of the accused product or process and the claimed elements of the patented invention.'" *Honeywell Intern., Inc. v. Hamilton Sundstrand Corp.*, 523 F.3d 1304, 1312 (Fed. Cir. 2008) (quoting *Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 21 (1997)). The doctrine of equivalents preserves the value of patents by acknowledging that "[t]he language in the patent claims may not capture every nuance of the invention or describe with complete precision the range of its novelty." *Festo*, 535 U.S. at 731. Without the doctrine of equivalents, "[u]nimportant and insubstantial substitutes for certain elements" could essentially copy the patented invention without incurring the repercussions of infringement. *Id.* at 731-32. Thus, "[t]he scope of a patent is not limited to its literal terms but instead embraces all equivalents to the claims described." *Id.* at 732.

Defendants contend that because SEQ ID NO:70 was foreseeable at the time the patent application was filed, Monsanto now is barred from arguing doctrine of equivalents ("DOE") to cover the SEQ ID NO:70 claims. Defendants' argument essentially is a creative application of the unforeseeability exception to an allegation of prosecution history estoppel. "[T]he doctrine of prosecution history estoppel prevents a patent owner from recapturing through the doctrine of equivalents subject matter surrendered to acquire the patent." *Duramed Pharmaceuticals, Inc. v. Paddock Laboratories, Inc.*, 644 F.3d 1376, 1380 (Fed. Cir. 2011). Specifically, prosecution history estoppel dictates that "[w]hen [] the patentee originally claimed the subject matter alleged to infringe but then narrowed the claim in response to a rejection, he may not argue that the surrendered territory comprised unforeseen subject matter that should be deemed equivalent to the literal claims of the issued patent." *Festo Corp.*, 535 U.S. at 733-34.

Unforeseeable subject matter provides an exception to the doctrine of prosecution history estoppel. A patent owner may rebut a presumption of prosecution history estoppel by showing that "the alleged equivalent would have been unforeseeable at the time of the amendment[.]" *Duramed*, 644 F.3d at 1380 (internal citations omitted). "The goal of the principle is to ensure that the claims continue to define patent scope in all foreseeable circumstances, while protecting patent owners against insubstantial variations from a claimed element in unforeseeable circumstances." *Honeywell*, 523 F.3d at 1313.

Generally, a claim is foreseeable if one with skill in the art would have known that the alleged equivalent "existed in the field of art as defined by the original claim scope, even if the suitability of the alternative for the particular purposes defined by the amended claim scope were unknown." *Honeywell*, 523 F.3d at 1312-13 (internal citations omitted); *Duramed*, 644 F.3d at 1381. "An alternative is foreseeable if it is disclosed in the pertinent prior art in the field of the invention." *Duramed*, 644 F.3d at 1380. Normally, if the alleged equivalent constitutes newly-developed technology, then it would not have been foreseeable. *Festo Corp.*, 344 F.3d at 1369. "In contrast, old technology, while not always foreseeable, would likely have been foreseeable." *Id.*

Defendants' "foreseeability" argument is a novel and somewhat questionable approach to the unforeseeable subject matter exception. Defendants want the Court to fault Monsanto for not claiming SEQ ID NO:70 in the '435 patent when Monsanto knew that this DNA sequence was in the commercial product. Their argument completely ignores the fact that both parties agree that SEQ ID NO:70 was contained within claim 4. SEQ ID NO:70 was claimed in the '435 patent. Even if Defendants accurately portrayed this doctrine, the doctrine is utterly irrelevant because SEQ ID NO:70 *was claimed by claim 4.*

Defendants next argue that Monsanto's DOE theory fails as a matter of law under the all elements rule. "Under the 'all-elements rule,' a patentee may not assert 'a theory of equivalen[ce] [that] would entirely vitiate a particular claim element.'" *Trading Techs. Int'l, Inc. v. eSpeed, Inc.*, 595 F.3d 1340, 1355 (Fed. Cir. 2010) (quoting *Warner–Jenkinson Co., Inc. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 39 n.8 (1997)). Defendants assert that allowing Monsanto to replace SEQ ID NO:3 element with SEQ ID NO:70 through DOE renders SEQ ID NO:3 completely meaningless thus vitiating claim 1.

The Court is unpersuaded by Defendants' argument. Defendants rely on cases that instruct that a finding of infringement under the DOE is not tenable when the patentee seeks to use DOE to encompass subject matter or a concept opposite to the subject matter or concept encompassed by the asserted claim. *E.g. Seachange Int'l Inc. v. C-COR, Inc.*, 413 F.3d 1361, 1375 (Fed. Cir. 2005). SEQ ID NO:3 and SEQ ID NO:70 are not opposites by any stretch of the imagination. Moreover, allowing this DOE argument does not vitiate claims reciting SEQ ID NO:3 because an equivalents argument does not change the fact that claims reciting SEQ ID NO:70 still require a change in the second amino acid from serine to leucine.

Lastly, Defendants assert that Monsanto has failed to prove and demonstrate that SEQ ID NO:70 functions in the same way and with the same result as SEQ ID NO:3. The Federal Circuit recognizes two tests for equivalence:

> Under the insubstantial differences test, "[a]n element in the accused device is equivalent to a claim limitation if the only differences between the two are insubstantial." *Honeywell Int'l Inc. v. Hamilton Sundstrand Corp.*, 370 F.3d 1131, 1139 (Fed. Cir.2004). Alternatively, under the function-way-result test, an element in the accused device is equivalent to a claim limitation if it "performs substantially the same function in substantially the same way to obtain substantially the same result." *Schoell v. Regal Marine Indus., Inc.*, 247 F.3d 1202, 1209-10 (Fed. Cir. 2001).

5

*Voda v. Cordis Corp.*, 536 F.3d 1311, 1326 (Fed. Cir. 2008). The Federal Circuit does not require that both tests be satisfied. The tests are merely two articulations of one concept. *See id.*

Drawing all reasonable inferences in favor of Monsanto, the Court finds Monsanto has put forth ample evidence, specifically from Dr. Dellaporta, Dr. Barry, and Dr. Padgett, that would allow reasonable jurors to find that the alleged infringing product is both insubstantially different from SEQ ID NO:3 claims, and "performs substantially the same function in substantially the same way to obtain substantially the same result" as the SEQ ID NO:3 claim. See ECF No. 1542 at 7-10. Thus, judgment as a matter of law is inappropriate.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Judgment as a Matter of Law Matter of No Infringement under the Doctrine of Equivalents Pursuant to Fed. R. Civ. P. 50(a) [ECF No. 1526] is **DENIED**.

Dated this   30th   day of July, 2012.

                                                           E. RICHARD WEBBER
                                                           SENIOR UNITED STATES DISTRICT JUDGE