UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| MONSANTO COMPANY and | ) | |
|---|---|---|
| MONSANTO TECHNOLOGY LLC, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:09CV00686 ERW |
| | ) | |
| E.I. DUPONT DE NEMOURS AND | ) | |
| COMPANY and PIONEER HI-BRED | ) | |
| INTERNATIONAL, INC., | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiffs Monsanto Company and Monsanto Technology LLC's (collectively, "Monsanto") Motion to Enforce the Court's Order Regarding Defendants' Third Amended Answer and Counterclaims [ECF No. 1304].

## I. FACTUAL AND PROCEDURAL BACKGROUND

On May 2, 2012, the Court granted Defendants E.I. Du Pont de Nemours and Company and Pioneer Hi-Bred International, Inc. (collectively, "Defendants") leave to amend their Second Amended Answer and Counterclaims ("SAAC") [ECF No. 1168]. The Court permitted Defendants 1) to add a claim of False Advertising under the Lanham Act; 2) to withdraw "the claims and allegations regarding corn product and the ongoing DOJ antitrust investigation,"; and 3) "to amend [ ] allegations only to reflect Defendants' decision to terminate plans to commercialize RR/OGAT stacked soybeans." ECF No. 1168. All other requests for leave to amend were denied. The Court also requested that Defendants note each claim and allegation that had been stricken by the Court in its December 21, 2011 Order. *Id*.

Defendants filed their Third Amended Answer and Counterclaims ("TAAC") on May 14, 2012 [ECF No. 1275].

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) states that courts should freely grant leave to amend pleadings "when justice so requires." "[P]arties do not have an absolute right to amend their pleadings, even under this liberal standard." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008) (internal citation omitted). "A district court appropriately denies the movant leave to amend if there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Id.* at 715 (internal quotations and citation omitted). A proposed amendment is futile where the court concludes that the newly-pled claim could not survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Cornelia I. Crowell GST Trust v. Possis Med., Inc.*, 519 F.3d 778, 784 (8th Cir. 2008). That said, "the Eighth Circuit has been clear that a district court should be reluctant to deny a motion to amend based on the merits of the asserted claim or defense," and that denial based on futility should therefore only occur where the amendments assert "clearly frivolous claims or defenses." *See Monsanto Co. v. Genesis AG, Ltd.*, 2007 WL 45789, at *2 (E.D. Mo. 2007) (citing *Becker v. Univ. of Nebraska at Omaha*, 191 F.3d 904, 908 (8th Cir. 1999); *Gamma-10 Plastics, Inc. v. Am. President Lines, Ltd.*, 32 F.3d 1244, 1255 (8th Cir. 1994)).

Defendants requested leave to amend their SAAC after the amendment deadline imposed by the Amended Case Management Order[1] (CMO) has passed. [ECF No. 282]. Therefore, the Court consulted and applied Rule 16(b)(4), which provides that a scheduling order may be modified only for good cause. *Morrison Enters., LLC v. Dravo Corp.*, 638 F.3d 594, 610 (8th Cir. 2011) ("When

---

[1] The Amended Case Management Order [ECF No. 282] is not the most recent Case Management Order (CMO). However, the most recent CMO relating to the antitrust case, the First Amended CMO Antitrust Counterclaims [ECF No. 934], does not address amendments to the pleadings.

2

a party moves for leave to amend outside the district court's scheduling order, Fed. R. Civ. P. 16(b), 'not the more liberal standard of [Fed. R. Civ. P. 15(a)],' governs and requires the party to show good cause to modify the schedule."); *Trim Fit, LLC v. Dickey*, 607 F.3d 528, 531 (8th Cir. 2010); *Sherman*, 532 F.3d at 716. "The primary measure of good cause is the movant's diligence in attempting to meet the [CMO]'s requirements." *Sherman*, 532 F.3d at 716-17 (8th Cir. 2008) (quoting *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006)). A court may deny the motion based on undue prejudice to the non-moving party. *Trim Fit*, 607 F.3d at 531. However, while prejudice to the non-moving party is a relevant factor, it need not be considered if the movant has not demonstrated diligence. *Sherman*, 532 F.3d at 717.

In addition, the Court has inherent power to enforce its orders. *See Chambers v. NASCO*, 501 U.S. 32, 44-45 (1991) (noting the district courts' inherent authority to enforce their orders); *see also Thompson v. Edward D. Jones & Co.*, 992 F.2d 187, 189 (8th Cir. 1993) ("District courts have an inherent authority to enforce their injunctions.").

## III. DISCUSSION

Monsanto asserts that Defendants have not complied with the Court's May 2, 2012 Order by adding or amending claims that do not comport with the Court's instructions. Specifically, Monsanto contends that Defendants 1) added language that Monsanto is foreclosing competition from products containing generic Roundup Ready ("RR") as opposed to only stand-alone generic RR; 2) added language that Monsanto is foreclosing competition by refusing access to regulatory data required for regulatory approval; 3) added language alleging a new product that would compete in the corn market; and 4) failed to denote all of the allegations and that had been stricken by the December 21, 2011 Order.

Having reviewed the TAAC, the Court finds that Defendants have added unauthorized material. The complained-of additions are beyond the leave sought and granted by the Court. Under Rules 15 and 16, once leave is granted to amend the pleadings, the amendments must fall within the scope of the Court's authorization. *See Scott v. Suburban Journals*, 2009 WL 2252585 *3 (E.D. Mo. July 29, 2009). Without this implicit requirement that the amended pleadings comport with a court's order that allowed the amendment, Rule 15 and 16's explicit requirement that party have court authorization to amend pleadings is meaningless.

In this case, the Court specifically allowed for the addition of only the False Advertising claim. ECF No. 1168 at 11. Other allowances required Defendants to withdraw claims and to modify language to reflect Defendants' current intent not to commercialize RR/OGAT products. Defendants' amendments go well beyond the Court's Order. For example, Defendants added the phrase "soybean products containing" to the existing language "generic Roundup Ready®" to a few paragraphs. *See* TAAC ¶¶ 455, 456, 457, 459. In the SAAC, only generic RR products were captured by the allegations. *Cf.* SAAC ¶¶ 473, 474, 475, 477. This additional language changes the meaning of the allegations to encompass products beyond generic RR, including stacked soybean products that contain generic RR and other traits. Defendants state that this language merely reflects what is contained in other allegations. Although some of the sentiments expressed by the added language are contained in other allegations, Defendants did not seek leave to make this amendment and the Court did not and will not grant such leave. Therefore, language added in TAAC ¶¶ 12, 14, 20, 450, 455, 456, 457, 459, 464 will be stricken.

Regarding the added language that addresses Monsanto's regulatory conduct, this language is an end-run around the Court's May 2, 2012 Order that specifically denied leave to add allegations about denied letters of access. Therefore, TAAC ¶¶ 18, 52, 465, and 468 will be stricken.

4

In addition, Defendants did not seek leave to add the allegation contained in TAAC ¶ 40. Therefore, that paragraph will be stricken.

Finally, the Court finds that Defendants properly noted the allegations stricken by the December 21, 2011 Order.

## IV. CONCLUSION

Defendants added allegations and language beyond the scope of the leave granted by the May 2, 2012 Order. Therefore, this Motion will granted in part. Defendants are to file a Fourth Amended Answer and Counterclaims ("FAAC") that comports with this order by **September 21, 2012**. Because the FAAC should not add any additional claims, Monsanto will not be need to file a responsive pleading. If Monsanto feels the FAAC does not comport with this Order, Monsanto may file a motion to strike non-compliant portions.

Accordingly,

**IT IS HEREBY ORDERED** that Monsanto's Motion to Enforce the Court's Order Regarding Defendants' Third Amended Answer and Counterclaims [ECF No. 1304] is **GRANTED in part**.

**IT IS FURTHER ORDERED** that by **September 21, 2012**, Defendants shall file their Fourth Amended Answer and Counterclaims that comports with the instructions herein.

**IT IS FURTHER ORDERED** that Monsanto will not be allowed to file a responsive pleading to Defendants' Fourth Amended Answer and Counterclaims.

Dated this  30th  day of August, 2012.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE