UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MONSANTO COMPANY and ) | |
| MONSANTO TECHNOLOGY LLC, ) | |
|     Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:09CV00686 ERW |
| ) | |
| E.I. DUPONT DE NEMOURS AND ) | |
| COMPANY and PIONEER HI-BRED ) | |
| INTERNATIONAL, INC., ) | |
|     Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants E.I. Du Pont de Nemours and Company and Pioneer Hi-Bred International, Inc. (collectively, "Defendants") Motion to Strike Monsanto's Amended Counterclaims [ECF No. 1448].

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On May 2, 2012, the Court granted Defendants E.I. Du Pont de Nemours and Company and Pioneer Hi-Bred International, Inc. (collectively, "Defendants") leave to amend their Second Amended Answer and Counterclaims ("SAAC"). The Court permitted Defendants 1) to add a claim of False Advertising under the Lanham Act; 2) to withdraw "the claims and allegations regarding corn product and the ongoing DOJ antitrust investigation,"; and 3) "to amend [ ] allegations only to reflect Defendants' decision to terminate plans to commercialize RR/OGAT stacked soybeans." ECF No. 1168. All other requests for leave to amend were denied. The Court also requested that Defendants note each claim and allegation that had been stricken by the Court in its December 21, 2011 Order. *Id.*

Defendants filed their Third Amended Answer and Counterclaims ("TAAC") on May 14, 2012 [ECF No. 1275]. On May 31, 2012, Plaintiffs Monsanto Company and Monsanto Technology

LLC's (collectively, "Monsanto") filed a its answer and counterclaims to Defendants' TAAC [ECF No. 1303] as well as a motion to enforce the Court's Order granting leave to file the TAAC [ECF No. 1304].

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) states that courts should freely grant leave to amend pleadings "when justice so requires." "[P]arties do not have an absolute right to amend their pleadings, even under this liberal standard." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008) (internal citation omitted). "When a party moves for leave to amend outside the district court's scheduling order, Fed. R. Civ. P. 16(b), 'not the more liberal standard of [Fed. R. Civ. P. 15(a)],' governs and requires the party to show good cause to modify the schedule."*Morrison Enters., LLC v. Dravo Corp.*, 638 F.3d 594, 610 (8th Cir. 2011); *Trim Fit, LLC v. Dickey*, 607 F.3d 528, 531 (8th Cir. 2010); *Sherman*, 532 F.3d at 716. "The primary measure of good cause is the movant's diligence in attempting to meet the [CMO]'s requirements." *Sherman*, 532 F.3d at 716-17 (8th Cir. 2008) (quoting *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006)). A court may deny the motion based on undue prejudice to the non-moving party. *Trim Fit*, 607 F.3d at 531. However, while prejudice to the non-moving party is a relevant factor, it need not be considered if the movant has not demonstrated diligence. *Sherman*, 532 F.3d at 717.

## III.   DISCUSSION

Defendants move the Court to strike the counterclaims Monsanto added in its Answer and Counterclaims [ECF No. 1303] to Defendants' TAAC. In its Answer and Counterclaims, Monsanto added six counterclaims and several supporting allegations: 1) a Lanham Act - False Advertising claim, 2) a Delaware Deceptive Trade Practices Act claim, 3) a Common Law Unfair Competition claim, 4) a Fraudulent Misrepresentation claim, 5) a Negligent Misrepresentation claim, and 6) a

Lanham Act - Trademark Infringement claim. Defendants contend that Monsanto should have moved for leave to file these counterclaims. In addition, even if Monsanto had moved for leave, Monsanto cannot show the diligence required by Rule 16 that would permit the amendments. Therefore, Monsanto's counterclaims should be stricken.

The Federal Rules of Civil Procedure are clear that Monsanto was entitled to file an *answer* to Defendants' TAAC. Federal Rule of Civil Procedure 8(b) requires a party to respond "in short and plain terms its defenses to each claim asserted against it[.]" If a court grants leave to amend pleadings, a required response must be made within 14 days after service of the amended pleading. Fed. R. Civ. P. 15(a)(3). An answer to a complaint and an answer to a counterclaim are responsive pleadings. Fed. R. Civ. P. 7(a).

Monsanto did not just file an answer; it also filed new counterclaims. "An amendment to add a counterclaim will be governed by Rule 15." Fed. R. Civ. P. 13, comment 2009 Amendments; *see also* Fed. R. Civ. P. 15 comment 2009 Amendments ("Abrogation of Rule 13(f) establishes Rule 15 as the sole rule governing amendment of a pleading to add a counterclaim."). Under the Court's scheduling order the time to amend pleadings have passed, therefore, Rule 16 also applies.

The Eighth Circuit has not decided whether leave is required to file new claims responding to an amended complaint. Therefore, the Court looks to other circuits for guidance. "Once permission to amend has been granted, the opposing party is entitled to plead in response within specific time periods." *Wechsler v. Hunt Health Systems, Ltd.*, 186 F. Supp.2d 402, 415 (S.D.N.Y. 2002) (quoting *Chrysler Corp. v. Fedders Corp.*, 540 F. Supp. 706, 712 (S.D.N.Y. 1982)).

> An answer to an amended complaint is not itself an amended pleading. A defendant filing such an answer is not amending his original answer, he is instead responding for the first time to new issues raised in the plaintiff's amended pleading. An amended complaint represents a plaintiff's second bite at the apple, and a defendant should be accorded the same privilege.

*Deutsch v. Health Ins. Plan of Greater New York*, 573 F. Supp. 1443, 1445 (S.D.N.Y. 1983). However, if a party adds new claims that are not merely responsive to the amended answer and counterclaim, the party should obtain leave from the Court to file such claims. *Wechsler*, 186 F. Supp.2d at 415.

Monsanto responds that it was entitled, as a matter of right, to file as a responsive pleading to Defendants' TAAC. Under Rule 15(a)(3), Monsanto is required to respond to the TAAC, an amended pleading, within 14 days after service of the TAAC. Monsanto's response, however, was not merely responsive. It also added counterclaims, which Monsanto contends are compulsory. A compulsory counterclaim is one that arises "out of the transaction or occurrence that is the subject matter of the opposing party's claim" and it "does not require adding another party over whom the court cannot acquire jurisdction." Fed. R. Civ. P. 13(a)(1)(A)-(B). "A party that does not assert a compulsory counterclaim waives its right to bring the counterclaim and is forever barred from asserting that claim in future litigation." *Schinzing v. Mid-States Stainless, Inc.*, 415 F.3d 807, 813 (8th Cir. 2005). Four tests are used for determining whether counterclaims are compulsory:

> (1) the issues of fact and law raised by the claim and counterclaim are largely the same;
> (2) res judicata would bar a subsequent suit on defendant's claim absent the compulsory counterclaim rule;
> (3) substantially the same evidence will support or refute plaintiff's claim as well as defendant's counterclaim; and
> (4) there is a logical relation between the claim and the counterclaim.

*Tullos v. Parks*, 915 F.2d 1192, 1194 (8th Cir.1990). Those counterclaims that are not compulsory are permissive. Fed. R. Civ. P. 13(b).

The terms of Rule 13 do not limit a litigant to asserting counterclaims only in response to the opposing party's pleading. *S. New England Tel. Co. v. Global NAPS, Inc.*, 2007 WL 521162, at *3 (D. Conn. Feb. 14, 2007). A party may utilize Rule 15 to assert counterclaims with leave of the

4

Court. Fed. R. Civ. P. 15 comment 2009 Amendments ("Abrogation of Rule 13(f) establishes Rule 15 as the sole rule governing amendment of a pleading to add a counterclaim.")

The Court finds that Monsanto's counterclaims are not responsive to the TAAC. Regardless of whether the counterclaims are compulsory or permissive, if the counterclaims are not merely responsive, Rule 15 and 16 apply. Both Rule 15 and 16 require a party to move for leave to add claims; however, each rule imposes a different standard that the Court must apply in considering whether to grant the motion. Monsanto did not move for leave to file. The Court will treat Monsanto's response to this Motion as a motion for leave to amend under Rule 15 and 16.

Under Rule 16, Monsanto must show good cause and diligence to bring this additional counterclaims. *Sherman*, 532 F.3d at 716-17. A diligent party brings all viable claims as soon as it is able. In the special circumstance of causes of action that impose heightened pleading standards, a diligent party brings claims when it has enough factual support to allege with the requisite specificity. The Lanham Act False Advertising claim, Delaware Deceptive Trade Practices Act claim, Common Law Unfair Competition claim, Fraudulent Misrepresentation claim, and Negligent Misrepresentation claim all are premised on public statements made between approximately 2006 and 2009. In light of the Rule 9(b) specificity requirement, Monsanto could not assert these claims until it could "state with particularity the circumstances constituting fraud[.]"[1] Fed. R. Civ. P. 9(b).

---

[1] Under federal notice pleading standards, allegations in a complaint only need to be facially plausible. *See* Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). However, courts are divided as to whether Lanham Act False Advertising claims must meet the Rule 9(b) specificity requirement. *Super 8 Worldwide, Inc. v. Riro, Inc.*, 2011 WL 5827801, *3 (D. Neb. 2011) (declining to adopt a heightened pleading requirement, but nevertheless finding that the complaint satisfied Rule 9(b)); *Axcan Scandipharm Inc. v. Ethex Corp.*, 585 F. Supp. 2d 1067, 1084 (D. Minn. 2007) (recognizing split of authority on this issue while stating that there are "persuasive reasons why Lanham-Act claims should not be subject to any pleading-with-particularity rule"); *but see Conditioned Ocular Enhancement, Inc. v. Bonaventura*, 458 F. Supp. 2d 704, 709 (N.D. Ill. 2006) ("Claims that allege. . . false advertising under the Lanham Act are subject to the heightened pleading requirements of Fed. R. Civ. P.

The exhibits show that Monsanto realized that Defendants allegedly knew these statements were false and were concealing their falsity by, at the latest, January 2012. Monsanto received most of the documents on which it relies to support these claims by April 2011. Moreover, Monsanto completed depositions of Pioneer and DuPont executives on this topic by January 15, 2012. ECF No. 1529 at 5 (citing ECF Nos. 1529-1 - 1529-4). These claims, therefore, could have been asserted months ago. For whatever tactical reason, Monsanto opted not to do so.[2] Monsanto's tactical choice does not demonstrate good cause or diligence. A district court does not abuse its discretion to deny a motion for leave to file a compulsory counterclaim when the failure to file the counterclaim within the deadlines imposed by a Rule 16 case management order was a tactical decision. *SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1519 (10th Cir. 1990). Therefore, the Court will not allow these counterclaims.

The Court also finds that Monsanto did not diligently pursue the Lanham Act Trademark Infringement claim. That claim alleges that "Defendants' use of the 'Y Series' mark caused a likelihood of confusion because of the visual similarity of the "Y Series' mark to Monsanto's Roundup Ready 2 Yield mark[.]" The Y Series products were launched in 2008. When Monsanto filed the original complaint in May 2009, it had all the information necessary to assert this cause of

---

9(b).").

[2] On March 22, 2012, in its response to Defendants' motion for leave to file the TAAC, Monsanto made statements that it intended to bring new counterclaims if the Court granted Defendants leave to file its Lanham Act False Advertising claim. ECF No. 1077 at 21. The Court noticed these comments while it was deciding the merits of that motion. In Monsanto's response to the pending motion, Monsanto noted those comments and classifies them as notice to Defendants. Then and now, the Court perceived those statements as a threat to file new claims in retaliation. It smacks of gamesmenship and undermines any argument that Monsanto diligently attempted to meet the scheduling order's requirement and bring the claims in timely manner.

6

action.  Monsanto has not demonstrated diligence to pursue this claim and comport with the Court's scheduling order.

Defendants also argue that the Court should strike all references to the December 21, 2011 Sanctions Order pursuant to Federal Rule of Civil Procedure 12(f).  Rule 12(f) provides that a district court may strike from a pleading "immaterial, impertinent, or scandalous matter."  These motions to strike are generally "viewed with disfavor and are infrequently granted."  *Stanbury Law Firm v. Internal Revenue Serv.*, 221 F.3d 1059, 1063 (*citing Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir.1977)).  Because Monsanto asserts that these allegations support its new counterclaims that the Court will not allow, ECF No. 1529 at 17-18, these allegations will be stricken as well.

## IV.     CONCLUSION

Monsanto's counterclaims are not responsive to Defendants' TAAC.  Therefore, Monsanto should have moved for leave to file these counterclaims.  Regardless of whether the counterclaims are compulsory or permissive, Monsanto's actions do not show a diligent effort to comply with the Court's scheduling order.  Therefore, under the authority of Rule 16, the Court will strike these claims.  Defendants' Motion will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Strike Monsanto's Amended Counterclaims [ECF No. 1448] is **GRANTED**.

**IT IS FURTHER ORDERED** that Monsanto shall file an Answer that comports with this Order by **September 21, 2012**.

**IT IS FURTHER ORDERED** that both parties shall file redacted versions of their respective pleadings suitable for public viewing by **September 21, 2012**.

Dated this  30th  day of August, 2012.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE